**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __Texas__
                              (State)

Case number (If known): _____  Chapter __11__

☐ Check if this is an amended filing

---

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Tehum Care Services, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Corizon Health Services, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 3 – 2 1 0 8 8 5 3 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 205 Powell Place<br>*Number  Street*<br>Suite 104<br>Brentwood    TN    37027<br>*City         State    ZIP Code* | _____<br>*Number  Street*<br><br>_____<br>*P.O. Box*<br><br>_____<br>*City         State    ZIP Code* |
| Williamson<br>*County* | **Location of principal assets, if different from principal place of business**<br><br>_____<br>*Number  Street*<br><br>_____<br>*City         State    ZIP Code* |

5. **Debtor's website** (URL)  _____

Debtor    Tehum Care Services, Inc.
          _____
          Name                                              Case number *(if known)*_____

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>8129 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply*:<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

Debtor    Tehum Care Services, Inc.           Case number *(if known)* _____
       Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.   District _____ When _____ Case number _____
                                     MM / DD / YYYY

             District _____ When _____ Case number _____
                                     MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☒ No
    ☐ Yes.   Debtor _____ Relationship _____
              District _____ When _____
                                                  MM / DD / YYYY
              Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                               Number      Street
    _____
    _____     _____ _____
    City                                   State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____
               Contact name _____
               Phone _____

---

**Statistical and administrative information**

Debtor      Tehum Care Services, Inc.
            _____
            Name

Case number (*if known*)_____

| 13. | **Debtor's estimation of available funds** | Check one:<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|---|

| 14. | **Estimated number of creditors** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☑ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|
| 15. | **Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☑ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| 16. | **Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>I have been authorized to file this petition on behalf of the debtor.<br><br>I have examined the information in this petition and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on  02/13/2023<br>         MM / DD / YYYY<br><br>✘ /s/ Russell A. Perry                              Russell A. Perry<br>Signature of authorized representative of debtor      Printed name<br><br>Title  Chief Restructuring Officer |
|---|---|---|

Debtor  Tehum Care Services, Inc.
Name

Case number (if known)

**18. Signature of attorney**

✗ /s/ Jason S. Brookner

Signature of attorney for debtor

Date  02/13/2023
MM / DD / YYYY

Jason S. Brookner
Printed name

Gray Reed
Firm name

1300 Post Oak Blvd., Suite 2000
Number    Street

Houston                              TX        77056
City                                 State     ZIP Code

469.320.6132                         jbrookner@grayreed.com
Contact phone                        Email address

24033684                             TX
Bar number                           State

## TEHUM CARE SERVICES, INC.

### Certificate of Resolutions

At a special meeting of the Board of Directors of Tehum Care Services, Inc., a Texas corporation, (the "Company") held on February 13, 2023, the following resolutions were consented to and duly adopted in accordance with the requirements of the Texas Business Organizations Code.

RESOLVED, that, in the good faith exercise of reasonable business judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders, and other interested parties that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED, that Isaac Lefkowitz and Russell Perry (each, an "Authorized Signatory"), be and hereby are authorized, empowered, and directed, to execute, file, or cause to be filed, deliver and verify any and all voluntary petitions and amendments thereto under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"), to cause the same to be filed in a court of proper jurisdiction (the "Bankruptcy Court"), and to execute and file or cause to be filed with the Bankruptcy Court all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that he deems necessary or proper to obtain necessary relief;

RESOLVED, that the law firm of Gray Reed & McGraw LLP ("Gray Reed") be and hereby is employed as bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Gray Reed's services;

RESOLVED, that Ankura Consulting Group be and hereby is employed to provide the Company with a Chief Restructuring Officer ("CRO"), who shall be Russell Perry, and such other personnel as may be necessary or appropriate to assist the CRO and otherwise to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain Ankura's services;

RESOLVED, that the CRO shall have sole decision-making authority for all restructuring matters, any matter where the Sole Director identified below has or may have a conflict or interest, and for such other matters as the Sole Director may otherwise delegate to the CRO

RESOLVED, that the Authorized Signatory be, and hereby is, authorized and

directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary;

RESOLVED, that the Authorized Signatory, and any employees or agents (including counsel) designated by or directed by the Authorized Signatory (each such designee an "Authorized Designee," and collectively, the "Authorized Designees," and together with the Authorized Signatory, the "Authorized Persons"), be, and each hereby is, authorized, empowered and directed, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and to take and perform any and all further acts and deeds which he or she deems necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of such case;

RESOLVED, that, in connection with the commencement of the Chapter 11 Case, the Authorized Signatory is authorized and directed to (a) borrow and/or receive funds from and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions") and the Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, including without limitation, the debtor-in-possession financing agreement, with any party, including existing lenders and sureties, on such terms as may be approved by the Authorized Signatory as reasonably necessary for the continuing conduct of affairs of the Company and (b) pay related fees and grant security interests in and liens on some, all, or substantially all of the Company's assets, as may be deemed necessary by the Authorized Signatory, in connection with such borrowings;

RESOLVED, that, in connection with the commencement of the Chapter 11 Case, the Authorized Signatory is authorized and directed to seek approval of a cash collateral order in interim and final form ("Cash Collateral Order") and the Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the Cash Collateral Order, as well as any additional or further agreements for the use of cash collateral in connection with the Company's Chapter 11 Case, which agreement(s) may require the Company to grant liens to the Company's existing lenders;

RESOLVED, that in addition to the specific authorizations previously conferred upon the Authorized Signatory, the Authorized Signatory (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge and deliver any and all such agreements, certificates, instruments and other documents as may be necessary, advisable or desirable to fully carry out and accomplish the purposes of these Resolutions; and

2

3

RESOLVED, that any and all past actions heretofore taken by the Authorized Signatory in the name and on behalf of the Company in furtherance of any or all of the preceding Resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

IN WITNESS WHEREOF, the undersigned, being the directors of the Company, hereby certify that the foregoing accurately reflects the resolutions adopted by the Board of Directors.

_____
Isaac Lefkowitz
Sole Director