**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TEHUM CARE SERVICES, INC.,[1] | ) | Case No. 23-90086 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | (Emergency Hearing Requested) |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN**
**ORDER (I) EXTENDING TIME TO FILE (A) THE CREDITOR**
**MATRIX, AND (B) SCHEDULES OF ASSETS AND LIABILITIES,**
**SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES,**
**STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF**

---

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN FEBRUARY 20, 2023.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

---

Tehum Care Services, Inc., the above-captioned debtor and debtor in possession (the "Debtor") respectfully states the following in support of this motion (this "Motion"):

**Relief Requested**

1.      The Debtor seeks entry of an order, substantially in the form attached hereto (the "Order") (i) extending the deadline by which the Debtor must file its: (a) list of creditors (the "Creditor Matrix") by a total of 14 days from the Petition Date, through and including February 27, 2023, and (b) schedules of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements")

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

by 31 days, for a total of 45 days from the Petition Date (defined below), through and including

March 30, 2023, without prejudice to the Debtor's ability to request additional extensions for

cause shown; and (ii) granting related relief.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this

is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 521 of title 11 of

the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 1007(c), 6003, and

9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1075-

1 and 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy

Local Rules").

### Background

5.      On February 13, 2023 (the "Petition Date"), Debtor filed its voluntary petition for

relief under chapter 11 of the Bankruptcy Code.  The Debtor is managing its assets as a debtor in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the

appointment of a trustee or examiner has been made in this chapter 11 case, and no committees

have been appointed or designated.[2]

### Basis for Relief

6.      The requirements of section 521 of the Bankruptcy Code and Bankruptcy

Rules 1007(a) and 1007(c) ordinarily require debtors to file their Creditor Matrix along with their

petition on the petition date and the Schedules and Statements within 14 days after their petition

---

[2] The Debtor intends to file additional pleadings in the next few days that will provide the Court with a more detailed background of the company, its assets and liabilities.

date.  Pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court has authority to extend the time required for filing of the Creditor Matrix and Schedules and Statements "for cause."  Fed. R. Bankr. P. 1007(c) and 9006(b). The Debtor submits that ample cause exists to grant the relief requested herein.  The Debtor only recently engaged its proposed bankruptcy counsel, and counsel has been working diligently to ensure the accuracy of the Debtor's filings in compliance with its administration obligations.  As of the filing of this Motion, the Debtor was aware of several hundreds of ongoing disputes with various service providers, vendors and customers.  Due to the significant number of pending lawsuits and ongoing disputes, and the Debtor and its proposed counsel have been unable to file a complete Creditor Matrix with all contact information for all known creditors.  Moreover, the Debtor and its professionals believe that they will require some additional time to compile and file accurate Schedules and Statements.

7.     To prepare the Creditor Matrix and the Schedules and Statements, the Debtor will have to compile information from books, records, and documents relating to numerous claims, assets, leases, and contracts from each Debtor entity.  Accordingly, collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors and their representatives.  As a result, the Debtor anticipates significant additional challenges and delays related to accessing all of the information required to prepare the Creditor Matrix and Schedules and Statements and ensuring that all information is accurate.  Additionally,

8.     If the Debtor is forced to file the Creditor Matrix before February 27, 2023, and the Schedules and Statements before March 30, 2023, it is highly likely that the Debtor would have to later supplement, revise and make substantial amendments to the Creditor Matrix and Schedules and Statements.  Doing so will only increase the Debtor's administrative expenses and cause confusion to third parties, as well as complicate the Debtor's case administrative efforts.  Thus,

the Debtor respectfully submits that its requested extension of time to file the Creditor Matrix and Schedules and Statements be approved by the Bankruptcy Court.  The Debtor does not believe that any creditors will be prejudiced by the extension of time requested herein.  To the contrary, creditors will be benefited by a more efficient administration of these cases in the long-run.  Based on the foregoing, the Debtor respectfully submits that cause exists for granting the Debtor's requested extension of time to file the Creditor Matrix and the Schedules and Statements.

### Emergency Consideration

9.      Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtor respectfully requests emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  As set forth in this Motion, an immediate and orderly transition into chapter 11 is critical to the ability of the Debtor to maximize the value of its estate, and this emergency Motion is necessary to prevent unnecessary delay in this chapter 11 case.  Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtor's operations and efforts at this critical juncture.  Accordingly, the Debtor submits that it has satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

### Notice

10.     The Debtor will provide notice of this Motion to the following parties:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtor; (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) the state attorneys general for states in which the Debtor conducts business; and (f) any party that has requested notice pursuant to

4885-8346-7089

Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

11.     No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of this page intentionally left blank*]

4885-8346-7089

WHEREFORE, the Debtor respectfully requests that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 15th day of February, 2023.

**GRAY REED**

By:  */s/ Jason S. Brookner*
      Jason S. Brookner
      Texas Bar No. 24033684
      Aaron M. Kaufman
      Texas Bar No. 24060067
      Lydia R. Webb
      Texas Bar No. 24083758
      Amber M. Carson
      Texas Bar No. 24075610
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone:    (713) 986-7127
Facsimile:    (713) 986-5966
Email:      jbrookner@grayreed.com
            akaufman@grayreed.com
            lwebb@grayreed.com
            acarson@grayreed.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

## Certificate of Service

I certify that on February 15, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner