IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TEHUM CARE SERVICES, INC.,[1] | ) ) ) | Case No. 23-90086 (CML) |
| Debtor. | ) ) ) | **Re: Docket No. __** |

**ORDER GRANTING DEBTOR'S
EMERGENCY MOTION TO EXTEND AND ENFORCE THE AUTOMATIC STAY**

Upon the motion (the "Motion")[2] of Tehum Care Services, Inc., the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), (a) confirming that the automatic stay applies, or extending the automatic stay, to cover the Non-Debtor Indemnified Parties in the Lawsuits, (b) enforcing the protections of sections 362 in each of the Lawsuits, and (c) granting related relief, all as more fully set forth in the Motion; and upon the *Declaration of Russell A. Perry in Support of Debtor's Emergency Motion to Extend and Enforce the Automatic Stay*; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

4854-3183-7777

opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to sections 105 and 362 of the Bankruptcy Code, the automatic stay of section 362(a) of the Bankruptcy Code is hereby extended to cover, and now applies to protect, the Non-Debtor Indemnified Parties, effective immediately.

2. All claims seeking to hold CHS TX, Inc. and YesCare Corp. liable for claims against the Debtor, including, but not limited to, claims for successor liability, alter ego, piercing the corporate veil, and fraudulent transfer claims, are automatically stayed pursuant to section 362(a) of the Bankruptcy Code.

3. All claims asserted in the Lawsuits against entities holding contractual indemnity rights against the Debtor are stayed pursuant to section 362(a) of the Bankruptcy Code, effective immediately.

4. Unless otherwise ordered by the Court, pursuant to the express terms of Section 362(a) of the Bankruptcy Code, subject to sections 362(b), 555, 556, and 560 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division,

department, agency, instrumentality or service thereof and those acting on their behalf), are hereby stayed, restrained and enjoined from:

    a) Commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtor or any Non-Debtor Indemnified Party that was or could have been commenced before the commencement of the Debtor's chapter 11 case or recovering a claim against the Debtor or any Non-Debtor Indemnified Party that arose before the commencement of the Debtor's chapter 11 case;

    b) Enforcing against (i) the Debtor or against property of its estate, or (ii) any Non-Debtor Indemnified Party or such party's property, any judgment or order obtained before the commencement of the Debtor's chapter 11 case;

    c) Taking any action to obtain possession of property of the Debtor's estate or property of any Non-Debtor Indemnified Party, or to exercise control over property of the estate or property of a Non-Debtor Indemnified Party or interfere in any way with the conduct by the Debtor of its business;

    d) Taking any action to create, perfect, or enforce any lien against property of the Debtor's estate or of any Non-Debtor Indemnified Party;

    e) Taking any action to create, perfect, or enforce against property of the Debtor or any Non-Debtor Indemnified Party any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtor's chapter 11 case;

    f) Taking any action to collect, assess, or recover from the Debtor or any Non-Debtor Indemnified Party a claim against the Debtor or such Non-Debtor Indemnified Party that arose prior to the commencement of the Debtor's chapter 11 case; or

    g) Offsetting any debt owing to the Debtor that arose before the commencement of the Debtor's chapter 11 case against any claim against the Debtor.

5. This Order shall not affect the exceptions to the automatic stay contained in sections 362(b) and 362(f) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

6. This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge, nor modify the rights and obligations of any party under section 362, 365, 525, and 541(c) of the Bankruptcy Code.

7.  The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, 2023

_____
Christopher M. Lopez
United States Bankruptcy Judge

4854-3183-7777