**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES, INC., | Case No. 23-90086 (CML) |
| Debtor. | |

**RESPONSE OF HECTOR GARCIA, JR., ADAM BAKER, ANTONIO REALI, DAVID WICHTERMAN, JR., EILEEN MCNAMARA, AND CLARENCE DEAN TO DEBTOR'S EMERGENCY MOTION TO EXTEND AND ENFORCE THE AUTOMATIC STAY**

Hector Garcia, Jr., Adam Baker, Antonio Reali, David Wichterman, Jr., Eileen McNamara, and Clarence Dean (collectively, the "Claimants"), tort claimant creditors of the Debtor in the above-captioned chapter 11 case, respond to the *Debtor's Emergency Motion to Extend and Enforce the Automatic Stay* [ECF No. 7] (the "Motion")[1] as follows:

**PRELIMINARY STATEMENT**

1.      The Debtor's request to extend the automatic stay to the Non-Debtor Indemnified Parties should be denied. The Debtor cannot establish the elements necessary to extend the automatic stay, blanket extension of the automatic stay is neither necessary nor appropriate under the circumstances at this time, and the relief set out in the proposed order accompanying the Motion (the "Proposed Order") is overbroad and ambiguous. It is also doubtful that the Motion was served on all affected parties.

2.      Courts may extend the automatic stay to non-debtors only where there is such an identity of interests that that the debtor is the real party in interest and any judgement would be in effect a judgement against the debtor. *E.g.*, *Reliant Energy Servs., Inc. v. Enron Canada Corp.*,

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion.

349 F.3d 816, 825 (5th Cir. 2003). Indemnification creates an identity of interest only where the non-debtor party "is entitled to ***absolute indemnity*** by the debtor on account of any judgment that might result against them in the case." *In re Divine Ripe, L.L.C.*, 538 B.R. 300, 312 (Bankr. S.D. Tex. 2015) (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)) (emphasis added). According to the representations in the Motion, however, the typical indemnity is not absolute but rather (a) limited to liability and costs arising from actions of the Debtor's predecessor and (b) excepts from the indemnity "any injury or damage caused by or resulting from the sole or partial negligence of the [customer]." Motion ¶ 14. This is not the kind of absolute indemnity that would justify extending the automatic stay to non-debtors.

3.      Even *if* extension of the automatic stay is appropriate in certain proceedings involving the Non-Debtor Indemnified Parties, the blanket, permanent extension requested in the Motion is neither necessary nor appropriate. Bankruptcy Code § 362(a) already prevents the continuation or filing of actions against the Debtor. The Debtor seeks to preempt plaintiffs from asserting that Debtor is not a necessary party to litigation and proceeding only against non-debtor parties rather than allowing the trial court or this Court to evaluate the particular cause of action and allegations in the litigation. This is particularly problematic because the relief requested in the Motion would arguably shift the burden on plaintiffs to seek relief from the stay with respect to non-debtors rather than on the Debtor to establish that the automatic stay should apply. These are issues that must be addressed on an individual basis under applicable law.

4.      The Proposed Order is also overbroad and ambiguous. The persons and entities constituting the "Indemnified Clients" are not specified in the Motion or the Proposed Order. Entry of the Proposed Order would therefore create confusion and uncertainty about whether the stay has been extended to any particular cause of action. Further, the Proposed Order would

2

seemingly—and inappropriately—prevent continuing proceedings entirely unrelated to the alleged indemnities or the actions of the Debtor or its predecessor. The relief requested would have the practical effect of preventing plaintiffs from pursuing actions against *anyone* with a business relationship with the Debtor or its predecessor. It would even go so far as to prevent execution of an existing judgement against the property of a non-debtor. This would lead to entirely absurd results.

5.      Finally, service of the Motion appears deficient. In its Supplemental Certificate of Service [ECF No. 8], Second Supplemental Certificate of Service [ECF No. 26], and Third Supplemental Certificate of Service [ECF No. 27], the Debtor indicated that it served a copy of the Motion on thirty-nine (39) parties listed as plaintiffs. But in the Motion the Debtor says that there were several hundred pending lawsuits throughout the country and it faces exposure to possibly hundreds of professional liability claims. *See* Motion ¶¶ 3 & 15. Extension of the automatic stay to claims of parties who did not receive notice of the Motion would be inappropriate. Bankruptcy Local Rule 9013-1(d) requires service of motions on the parties against whom relief is sought and their counsel, if know. That does not appear to have happened.

6.      Taken together, the Court should deny the Motion without prejudice. While many of the problems in the Proposed Order could likely be resolved in a manner that protects the Debtor's bankruptcy estate, provides for equality of distribution for plaintiffs, and maintains plaintiffs' rights with respect to non-debtors, that work needs to be done. The best mechanism to do so would be an official committee empowered to consider and balance the interests of the affected parties.

## ARGUMENT

**A. The Debtor Cannot Establish the Elements Required for Extension of the Automatic Stay.**

7.     Bankruptcy Code § 362 "is rarely . . . a valid basis on which to stay actions against non-debtors." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001). The stay should be extended "to non-bankrupt co-defendants only when there is a formal or contractual relationship between the debtor and non-debtors such that a judgement against one would in effect be a judgment against the other." *In re Divine Ripe, L.L.C.*, 538 B.R. 300, 312 (Bankr. S.D. Tex. 2015) (citing *Arnold*, 278 F.3d at 436). Indemnification forms the basis for extending the automatic stay only where the non-debtor party "is entitled to ***absolute indemnity*** by the debtor on account of any judgment that might result against them in the case." *Id.* (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)) (emphasis added).

8.     *A.H. Robins* illustrates the kind of absolute indemnity that could form the basis for extending the automatic stay to a non-debtor. Where the guarantor of a debtor's obligation is entitled to indemnification from the debtor on account of any judgment rendered against him because of his guaranty extension of the automatic stay is appropriate because any judgement against the guarantor would be in effect a judgment against the debtor. *A.H. Robins Co. v. Piccinin*, 788 F.2d at 999; *see also Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (indicating that the Fifth Circuit has adopted the exception to the general rule only where there is such an identity of interests that that the debtor is the real party in interest and the judgement would be in effect a judgement against the debtor). The point is that a judgement against the guarantor in that situation automatically liquidates a claim against the debtor and its estate.

9.     The typical client indemnity described in the Motion is not the kind of absolute indemnity that creates an identity of interest. The typical indemnity for which the Debtor seeks

4

extension of the automatic stay is limited to liabilities and costs "arising out of the acts, actions, neglect, omission and/or failure to act by Corizon" and expressly excepts from the indemnity "any injury or damage caused by or resulting from the sole or partial negligence of the [customer]." Motion ¶ 14. Unlike an indemnity of a guarantor for any judgement under the guaranty, the typical indemnity here requires that (a) the liability derive from actions of the Debtor's predecessor and (b) not derive from any negligence at all on the part of the indemnitee. The extension of the automatic stay requested in the Motion should therefore be denied on the merits.

**B.  A Blanket, Permanent Extension of the Automatic Stay is Neither Necessary nor Appropriate.**

10.     While extension of the automatic stay to certain of the Non-Debtor Indemnified Parties may be appropriate if properly limited, the scope of the requested extension is not. The Debtor seeks a permanent extension of the automatic stay to all Non-Debtor Indemnified Parties. In effect, this would preempt plaintiffs from asserting that Debtor is not a necessary party to litigation and proceeding only against non-debtor parties.

11.     The relief requested is unnecessary under the circumstances.  Bankruptcy Code § 362(a) already prevents the continuation or filing of actions against the Debtor. To continue litigation in which the Debtor is a party against non-debtors, plaintiffs would need to seek the severance of the cause of action against the Debtor and the non-debtor parties. The relevant trial court would be able to evaluate the particular cause of action in the litigation to determine whether the Debtor is a necessary party and the Debtor would be able to seek extension of the automatic stay with respect to that litigation. Similarly, for newly filed litigation, the non-debtor parties would be able to assert that the Debtor is a necessary party.  And if the cause of action against the Non-Debtor Indemnified Party *would* in effect establish the liability of the Debtor's estate, the Debtor could seek to extend the stay to that particular cause of action. The blanket relief sought

through the Motion attempts to remove the inquiry from the particular operative facts and allegations of the relevant lawsuits—where it should be—and instead focus on generalities. There is no need to do that here.

12.     This is particularly problematic because the relief requested in the Motion and the Proposed Order would arguably shift the burden to plaintiffs to seek relief from the stay with respect to non-debtors. But the Debtor is the party that has the burden to establish that the automatic stay should apply to any particular non-debtor. Shifting the burden to plaintiffs is inappropriate and unsupported by applicable law. Extension of the automatic stay to a non-debtor can and should be determined on an individualized basis and placing the burden of proof on the proper party.

**C.  The Proposed Order is Overbroad and Ambiguous.**

13.     In addition to the problems above, the Proposed Order should not be entered in its current form. The relief that would be granted is overbroad and ambiguous. In addition to being improper relief, the resulting uncertainty and subsequent litigation would destroy any efficiencies from addressing extension of the automatic stay through a blanket order.

14.     The "Indemnified Clients" constituting one part of the "Non-Debtor Indemnified Parties" are not specified in the Motion or the Proposed Order. Paragraph 6 of the Motion defines the Indemnified Clients as the "non-debtor former clients and/or their employees[.]" The Motion and the Proposed Order are silent about who that entails. Extending the automatic stay to unspecified non-debtors is inappropriate not only because the Debtor cannot possibly establish that the Debtor has an identity of interests with these parties but also because the order is not practically enforceable. A plaintiff taking the automatic stay and this Court's orders seriously would have to

presume that *any* former client of the Debtor as to *any* action was covered and seek clarification from the Court.[2]

15.    This ambiguity is compounded by the breadth of the relief requested in the Motion and Proposed Order. Paragraph 4 of the Proposed Order would prevent a plaintiff or potential plaintiff from commencing or continuing any action against any of the Non-Debtor Indemnified Parties that arose before the Petition Date. Taken literally, this would prohibit, among other things, (a) pursuing a cause of action for the independent wrongdoing of any the Indemnified Clients entirely outside of any potential indemnification; (b) enforcing an existing judgement against the Indemnified Clients; or (c) pursuing a cause of action against YesCare Corp. for actions occurring after the Divisional Merger but before the Petition Date.[3] The Debtor probably does not even *want* relief that broad, but that is what the Proposed Order would arguably provide.

16.    The problem is not merely hypothetical. The Claimants each either assert or could assert claims against the Debtor's former clients independent from their asserted claims against the Debtor.[4] These include, among other things, claims under 42 U.S.C. § 1983 for deliberate indifference and/or *Monell* claims.[5] With respect to Wichterman, the U.S. District Court for the Eastern District of Pennsylvania has already determined that there is a genuine issue of material

---

[2] Even if the Debtor agreed that a particular party was not an Indemnified Client, a wary plaintiff would still likely be compelled to seek an order of the Court confirming this was the case.

[3] While the Debtor filed an amended proposed order, the language in paragraph 4 remains unchanged.

[4] Dean has not yet filed a lawsuit for his claims. Garcia elected to proceed solely against Corizon Health, Inc. (the Debtor's predecessor) to expedite the case without prejudice to seeking recovery from the Dona Ana County Board of Commissioners or other governmental entities. Both may decide to pursue causes of action against non-debtor parties for causes of action entirely independent of the actions of the Debtor or its predecessor.

[5] Section 1983 provides a cause of action for depriving a person of his or her constitutional rights under the color of state law. There is liability under this statute where an incarcerated person had a serious medical need and that acts or omissions by the state entity incarcerating the person indicate a deliberate indifference to that need. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (discussing *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)). Another relevant basis for liability—a "*Monell* claim"—is where "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy" deprives a person of constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

fact with respect to his asserted *Monell* claims against one of the Debtor's former clients—the City

of Philadelphia—and denied summary judgement on that claim.[6] The automatic stay should not

be extended to prevent Wichterman, the other Claimants, or similarly situated tort claimants from

pursuing their independent claims against the Debtor's former clients. That a blanket extension of

the automatic stay is easier for the Debtor is not sufficient.

### D.  Service of the Motion is Deficient for the Relief Requested.

17.    It does not appear that the Debtor served a copy of the Motion on all parties that

would be affected by the relief requested. The Court should not extend the automatic stay where

affected parties have not received notice and an opportunity to respond and there is no entity in

the bankruptcy case representing their interests.

18.    Bankruptcy Local Rule 9013-1(d) requires that service of motions on the party

against whom relief is sought and its counsel if known. In the Motion the Debtor indicates that

there were several hundred pending lawsuits throughout the country and that there were possibly

hundreds of professional liability claims. *See* Motion ¶¶ 3 & 15. In its Supplemental Certificate of

Service [ECF No. 8], however, the Debtor indicated that it served a copy of the Motion on only

twenty-two (22) parties indicated as plaintiffs.  In its Second Supplemental Certificate of Service

[ECF No. 26], the Debtor lists an additional thirteen (13) parties indicated as plaintiffs. And in its

Third Supplemental Certificate of Service [ECF No. 27], the Debtor lists an additional eight (8)

plaintiffs, for a total of thirty-nine (39) plaintiffs. It does not appear proper and the expansive relief

---

[6] A copy of the memorandum opinion of the U.S. District Court for the Eastern District of Pennsylvania is attached hereto as Exhibit A (the "Wichterman Opinion"). The district court denied the City of Philadelphia's motion for summary judgement with respect to Wichterman's *Monell* claims. *See* Wichterman Opinion at p. 21 ("For the foregoing reasons, that part of the City defendants' Motion for Summary Judgement on plaintiff's *Monell* claim is denied.").

sought in the Motion and Proposed Order should not be granted absent full and proper service or at least input from an entity representing their interests.

<u>**CONCLUSION**</u>

19.     Based on the foregoing, the Court should deny the Motion without prejudice to (a) the Debtor seeking to extend the automatic stay to specified parties or specified causes of action or (b) pursuing a global extension of the stay after the appointment of one or more official committee able to protect the interests of all the parties that would be affected. The Debtor may be able to establish that certain particular causes of action against a Non-Debtor Indemnified Party should be subject to the automatic stay. But the Court should not grant the blanket, permanent extension requested in the Motion absent input from someone representing the rights of existing and potential tort claimants. While many of the problems in the Proposed Order could likely be resolved in a manner that protects the Debtor's bankruptcy estate, provides for equality of distribution for plaintiffs, and maintains plaintiffs' rights with respect to non-debtors the relief the Debtor currently requests should not be granted.

Dated: March 1, 2023                          **SHANNON & LEE LLP**

/s/ *R. J. Shannon*
Kyung S. Lee
State Bar No. 12128400
klee@shannonleellp.com
R. J. Shannon
State Bar No. 24108062
rshannon@shannonleellp.com
700 Milam Street, STE 1300
Houston, Texas 77002
Tel. (713) 714-5770

*Bankruptcy Counsel to the Claimants for the*
*Limited Purpose of Responding to the Stay*
*Extension Motion*

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was served at the time of filing, by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service in the above captioned case.

*/s/R. J. Shannon*
R. J. Shannon
