IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRYANT NEIL BROWN,

    Plaintiff,

v.

HON. WALTER McNEIL, as Sheriff of Leon County, Florida, and CORIZON, LLC, a Health Services Corporation, and MARIA LILIANA GARCIA, M.D., CELESTE MACDONALD, and DEBBIE SELLERS, individually,

    Defendants.

CASE NO. 4:19-cv-345

## COMPLAINT FOR DAMAGES

Plaintiff sues Defendants and alleges:

### Jurisdiction and Venue

1. Plaintiff's claim for relief is based on 42 U.S.C. §§ 1983 and 1988.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue is asserted in the Northern District of Florida as the events sued upon occurred within this district.

4. All conditions precedent to this action have been performed or waived.

### Parties

5. At all times material hereto, BRYANT NEIL BROWN was a citizen of Florida and resident of Leon County, Florida.

6. At all times material hereto, WALTER McNEIL, or his predecessor, was Sheriff of Leon County, the constitutional officer who operates the Leon County Detention Center ("Jail") and has a non-delegable duty to provide health care to his prisoners. He is sued in his official capacity.

7. At all times material hereto, CORIZON LLC, aka CORIZON HEALTH, INC., was a health services company contracted to provide care to prisoners.

8. At all times material hereto, MARIA LILIANA GARCIA, M.D., was the physician at the Jail and is sued in her individual capacity.

9. At all times material hereto, DEBBIE SELLERS was Health Care Administrator at the Jail and is sued in her individual capacity.

10. At all times material hereto, CELESTE MACDONALD, ARNP was a Corizon medical provider at the Jail, sued in her individual capacity.

11. All the above Defendants were acting under color of law.

## Common Allegations of Fact

12. On July 27, 2015, Bryant Brown was booked into the Leon County Jail.

13. Mr. Brown suffers from Multiple Sclerosis (MS), a serious medical condition.

14. On entering the Jail, Mr. Brown requested to receive his MS medication.

15. Corizon, a health services contractor at the Jail, failed to timely provide Mr. Brown the medication that he required to treat his MS.

16. Mr. Brown had previously been prescribed medication for his condition but

Corizon medical staff refused to continue the treatment.

17. Because of this refusal, Mr. Brown was denied the medication in jail from July 27, 2015 through December 13, 2016, at great cost to his health.

18. Mr. Brown repeatedly declared medical emergencies at the Jail.

19. On August 27, 2015, Mr. Brown grieved the denial of Multiple Sclerosis (MS) medications prescribed to him by Ricardo Ayala, M.D.

20. Corizon Health Services Administrator (HSA) Deborah Sellers responded that the records from Dr. Ayala were reviewed with Dr. Maria Garcia.

21. Corizon failed to have Mr. Brown taken to his neurologist, Dr. Ricardo Ayala, for examination and renewal of his prescriptions.

22. On January 20, 2016, a Leon Circuit judge ordered the Jail to provide the medication for Multiple Sclerosis "immediately. Defendants did not comply.

23. On May 22, 2016, Mr. Brown once again grieved the failure to provide the medication for the symptoms of Multiple Sclerosis he was experiencing.

24. HSA Deborah Sellers responded that Corizon's "plan of care" for Mr. Brown was explained and documented on May 26, 2016.

25. The "plan of care" did not include appropriate treatment for Plaintiff's MS although HSA Sellers was aware of this serious medical condition.

26. ARNP Celeste MacDonald was also aware of Mr. Brown's history of MS but failed to take any action to abate the risk from failure to treat.

27. Mr. Brown grieved the failure to receive medication for Multiple Sclerosis once again on June 7, 2016, and was once again denied.

28. On September 11, 2016, Mr. Brown wrote a medical services request reporting that he has been experiencing Multiple Sclerosis symptoms.

29. On November 22, 2016, Mr. Brown requested a low bunk pass because he had trouble climbing to top bunk due to numbness caused by MS.

30. On December 4, 2016, Mr. Brown grieved once again that he was not getting MS medication though an MRI showed progression of the disease.

31. As of December 4, 2016, Mr. Brown still hadn't been taken for a promised visit to his neurologist despite increasing MS symptoms.

32. During this time, Mr. Brown suffered extreme anxiety and suffered panic attacks on a very frequent basis throughout the time his MS was untreated.

33. Finally, on December 13, 2016, Mr. Brown was taken to see his neurologist, Dr. Ricardo Ayala, and was re-prescribed his medication.

34. It took Mr. Brown about a year-and-a-half to see his neurologist, Dr. Ricardo Ayala and to get the medication for his MS.

35. As a result, Mr. Brown suffered multiple health crises with lasting effects.

36. On his visit to Dr. Ayala, it was noted that he was "trembling quite a bit from the right side especially and walking unsteadily, shaking."

37. Dr. Ayala noted: "Gait: Spastic" and impaired sensation in his feet.

38. Plaintiff suffers what are called intention tremors, something he didn't have before going to jail, pains all through both legs, as well as headaches, and loss of vision all related to the refusal to timely provide medication.

39. Dr. Ayala prescribed Copaxone, 1 cc 3 times per week and Benztropine Mesylate 2 mg tabs, ½ tab twice per day by mouth.

40. Dr. Ayala ordered Magnetic Resonance Imaging (MRI) as follow-up.

41. On May 15, 2017, Plaintiff saw Dr. Ayala again.

42. Dr. Ayala noted left facial numbness and vertigo.

43. Plaintiff suffers numbness in extremities, lower back pain, tremors, chronic fatigue, declining vision, emerging thyroid problems, and brain lesions.

44. As a result of long-term refusal to provide treatment for his MS, Mr. Brown has experienced serious irreversible medical decline.

45. As a result of the failure to treat by Corizon, the Jail, and individual medical providers, Plaintiff has suffered physical injury, mental distress, and further physical decline now and in the future.

## Causes of Action:

I. **Claims under 42 U.S.C. 1983, Failure to Treat (McNeil)**

46. Plaintiff is entitled to relief against Defendant McNeil, as Sheriff, for policies leading to violation of the Fourteenth Amendment to the U.S. Constitution.

47. Bryant Brown had a Fourteenth Amendment right to receive treatment for Multiple Sclerosis, a known serious medical condition.

48. Although the Sheriff had contracted with a health care company for medical and mental health treatment for prisoners, he had a non-delegable duty for the provision of those services through oversight of contract performance.

49. The Sheriff was made aware of problems with the medical department:

    a. The Sheriff was made aware that the Corizon and the Jail medical staff were delaying and denying care serious medical conditions at the Jail.

    b. The Sheriff, or his predecessor, had negotiated a contract with Corizon to treat prisoners knowing their policy of denying and delaying care.

    c. The Sheriff cooperated in Corizon's policy of delaying medical care so prisoners would be released or transferred before costly care was needed.

    d. The Sheriff cooperated in Corizon's policy of short-staffing positions and short-supplying medications and medical supplies.

    e. The Sheriff knew of a substantial risk Corizon's delay and denial of care would cause serious lifelong medical problems for persons like Plaintiff.

    f. The Sheriff was deliberately indifferent to the immediate and serious threat to Mr. Brown's health by failure to provide timely medical treatment.

50. As a result of the failure to provide care, Plaintiff suffered severe pain and suffering, permanent physical injury, mental distress, and further physical decline now and in the future

51. Because of the injury to Mr. Brown's health, he has been forced to retain legal counsel and is entitled to reasonable attorneys' fees as well as costs.

WHEREFORE, Plaintiff prays for judgment as noted below.

## II. Claims under 42 U.S.C. 1983: Failure to Treat (Corizon)

52. Plaintiff is entitled to relief against Defendant Corizon, based on violation of the Fourteenth Amendment to the U.S. Constitution.

53. Bryant Brown, had a right under the Fourteenth Amendment to the U.S. Constitution to receive care for a known serious health condition.

54. Corizon had a policy of deliberate indifference to providing timely needed care for serious medical conditions to reduce costs and maximize profits.

55. Corizon had a policy and practice of indifference to serious health needs, by delaying outside referrals and administration of medication.

56. Corizon deliberately disregarded the immediate and serious threat to inmates' well-being and exhibited deliberate indifference to their serious medical needs by denying and unreasonably delaying access to care, in that:

   a. Corizon has a history of failing to provide medication for existing medical conditions for prisoners at their facilities;

   b. Corizon had a policy of slow-walking medical care in hopes that prisoners would be released or transferred to prison before costly medical care had to be provided;

   c. Corizon failed to follow up self-reporting with review of prisoner health histories to take advantage of the work of prior health professionals;

   d. Corizon's limitations, denials, and delays in care were motivated primarily by a desire to minimize costs and maximize profits;

   e. Corizon failed to implement needed medical protocols with full knowledge that prisoners would suffer serious health declines;

   f. Corizon's failure to timely address Plaintiff's MS symptoms amounted to

no care or care so cursory as to amount to no medical care at all.

57. In light of the aforementioned, Bryant Brown suffered from both an objectively and subjectively substantial risk of serious harm while under Corizon's care and Corizon unreasonably failed to abate that risk.

58. It is more likely than not that Corizon's derelictions as alleged above were the cause of Bryant Brown's medical decline.

59. As a result of the failure to provide care, Plaintiff suffered severe pain and suffering, permanent physical injury, mental distress, and further physical decline now and in the future

60. Because of the injury to Mr. Brown's health, he has been forced to retain legal counsel and is entitled to reasonable attorneys' fees as well as costs.

WHEREFORE, Plaintiff prays for judgment as noted below.

### III. Claims under 42 U.S.C. 1983: Failure to Treat: (Maria Garcia, Deborah Sellers, Celeste MacDonald)

61. Plaintiff is entitled to relief against Maria Garcia, Deborah Sellers, and Celeste MacDonald under 42 U.S.C. § 1983, based on violation of the Fourteenth Amendment to the U.S. Constitution.

62. Defendants Garcia, Sellers, and MacDonald became aware of a serious risk to Plaintiff from a serious medical condition, Multiple Sclerosis (MS).

63. Defendants Garcia, Sellers, and MacDonald were aware that MS was a serious medical condition that would get worse without treatment by failed to act

reasonably to abate the risk of harm to Bryant Brown.

64. Defendants Garcia, Sellers, and MacDonald deliberately disregarded the immediate and serious threat to Bryant Brown's health and well-being, and exhibited deliberate indifference to his serious health needs, by:

   a. Cooperating in Corizon's policy of failing to provide prisoners medication or treatment for existing health conditions;

   b. Cooperating in Corizon's policy of slow-walking medical care in hopes that prisoners would be released or transferred to prison before costly medical care had to be provided;

   c. denying or unreasonably delaying medical care appropriate to Bryant Brown's serious, urgent health care needs;

   d. failing to order or perform diagnostic testing, to prescribe and administer needed medication, treatment and therapy.

   e. failing to order a referral to Plaintiff's neurologist for an updated examination and prescription of needed medication;

   f. in the absence of timely medication and treatment, Plaintiff suffered permanent irreversible decline in his state of health.

65. Given their knowledge of Plaintiff's serious medical condition, the failure of Defendants Garcia, Sellers, and MacDonald to provide care by trained health professionals was so grossly inadequate as to amount to no medical care at all.

66. In light of the above, Bryant Brown suffered from an objectively and subjectively substantial risk of serious harm while the care given by Defendants Garcia, Sellers, and MacDonald was inadequate and unreasonable.

67. It is more likely than not that the deliberate indifference of Defendants Garcia,

Sellers, and MacDonald were the cause of Bryant Brown's health decline.

68. As a result of the failure to provide care, Plaintiff suffered severe pain and suffering, permanent physical injury, mental distress, and further physical decline now and in the future

69. Because of the injury to Mr. Brown's health, he has been forced to retain legal counsel and is entitled to reasonable attorneys' fees as well as costs.

WHEREFORE, Plaintiff prays for judgment as noted below.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs seek judgment as follows:

A. Compensatory damages against each of the defendants herein;

B. Punitive damages against defendants sued individually;

E. Attorney's fees pursuant to 42 U.S.C. § 1988 and costs of litigation;

F. A trial by jury on all issues so triable;

G. Such further relief as the Court deems just and proper.

Respectfully Submitted,

*s/James V. Cook*_____
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

ATTORNEY FOR PLAINTIFF