UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 10 2023

Nathan Ochsner, Clerk of Court

TYRONE ANTHONY BELL,
Secured Creditor/Interested Party

-v-

CORIZON HEALTH, INC. d/b/a
Yes Care Corp
CHS TX and
Tehum Care Service Inc.
Debtor
_____/

Hon.
Mag.
Case No. 23-90086

Secured Creditor/Interested Party's Request For Relief From Stay

Now Comes, Tyrone-Anthony: Bell, secured creditor/interested party, pro se litigant request for this Honorable court to grant a Relief From Stay, pursuant to 11 USC § 362(d); <u>Hous. Bluebonnet LLC v JP Morgan Chase Bank (In Re Hous. Bluebonnet LLC)</u> 586 BR 837, 849 (S.D. Tex 2018), for the following:

1.] Tyrone-Anthony: Bell is a party of interest, secured creditor due to the pending litigation against Corizon Health Inc. now known as Tehum Care Service Inc. a/d/a Yes Care and CHS TX. The cases are pending in the United States District Court for the Eastern District of Michigan under case numbers 21-cv-10399; 21-cv-10705 and 21-12481 as well as in the United States Court of Appeals for the Sixth Circuit under case no. 22-2132.

2.] Mr. Bell is incarcerated presently in the Michigan Department of Correction, location, Lapeer Correctional Facility, 3225 John Conely, Lapeer, Michigan 48446

3.] Mr. Bell could not appear in court pursuant to 11 USC § 341(a).

4.] Corizon has filed for bankruptcy under chapter 11 in bad faith which is grounds to lift the stay pursuant to 11 USC § 362(d)(1), which provides that the Section 362(a) automatic stay can be lifted for cause. See <u>In Re Little Creek Development Co</u> 779 F2d 1068, 1072 (5th Cir 1986)

5.] Corizon Health, Inc has organized a merger which caused them to be

-1-

relieved of a majority of their assets and financial which created a business status for which they have committed fraudulent/viodable transfer which are subject to suit under 11 USC §§ 544; 548.

5.] The transfer of Corizon's property, assets, contracts and other property are valued over $800 million dollars.

6.] A creditors hearing should be conducted pursuant to 11 USC § 341(a) for which Mr. Bell should be allowed to attend via video conferencing technology.

7.] The court should grant Mr. Bell's request for relief from stay because the actions proposed will not affect the property of Corizon health now doing business as Tehum Care Service Inc., Yes Care and CHS TX Inc.

8.] The civil action is a personal injury action against Corizon Health and its employees and will more than likely be paid off by the issuance company.

9.] Mr. Bell has not received a copy of Corizon's Bankruptcy Schedule, therefore Mr. Bell is being thwarted from filing proper objections within 30 days of petition pursuant to Federal Rule of Bankruptcy Procedures 4003(b); 11 USC § 522(1) and Taylor v Freeland and Kronz 503 US 608 (1992).

10.] The automatic stay should be lifted, permitting movants to pursue whatever remedies are available to them in any available forum. Borokini Inv Corp v Punlabs Quality Prods (In re Punlabs Quality Prods) 586 BR 837, 849 (S.D Tex 2018)

11.] Mr. Bell has established a prima facie case for cause due to the lack of adequate protection, where Corizon has interacted in a merger where it transferred its assets (i.e properties, contracts, and financials). In re Box 324 BR 290, 292 (S.D. Tex 2005); In re Kowalsky 235 BR 590, 594-95 (Bankr E.D. Tex 1999)

12.] The prinicpal purpose of the bankruptcy code it to grant a "fresh start" to the "honest but unfortunate debtor." Marrama v Citizen Bank 549 US

365, 367 (2007); <u>Grogan v Garner</u> 498 US 279, 286, 287; 111 Sct 654 (1991)

13.] The court must resolve whether a debtor has acted in good faith and is qualified to be a debtor in the desired bankruptcy filing. <u>Foster v Holder (In re Foster)</u> 530 BR 650, 653-34 (Dist N.D. Tex 2015)

14.] The automatic stay should be lifted, permitting movant to pursue whatever remedies are available to him in any available forum. <u>Borokini Inv. Corp v Punlabs Quality Prods (In re Punlabs)</u> 210 BR 723, 726 (S.D. Tex 1996)

VERIFICATION

I, Tyrone-Anthony: Bell declare (state, verify, and certify) that the aforementioned it true and correct under the penalty of perjury pursuant to 28 USC § 1746.

Respectfully Submitted,

*[signature]*
Tyrone-Anthony: Bell
In Pro Per
MDOC No. 240434
Lapeer Correctional Fac.
3225 John Conley
Lapeer, Michigan 48446

Date: 3/3, 2023

# TABLE OF CONTENTS

pages:

INDEX OF AUTHORITIES..................................................i

Most Controlling Authorities and Statutes............................ii

QUESTIONS PRESENTED.................................................iii

Statement of Case.....................................................1

Statement of Proceedings..............................................3

Standard of Review....................................................3

Discussion............................................................3

Plaintiff Reason To Lift the Automatic Stay...........................4

The likelihood of prevailing on appeal................................4

Movant will not suffer irreparable injury if stay is not granted......5

Plaintiff will suffer a substantional harm if stay is granted.........5

Public Interest Will Be harmed if the stay is granted.................5

Bankruptcy Was Raised in bad Faith....................................5

Conclusion and Relief Requested.......................................9

INDEX OF AUTHORITIES

<u>Cases</u>                                                                                                                   <u>pages</u>

Baum v Earl Millikin Inc (In re Baum) 359 F2d 811, 814 (7th Cir 1996)..........7
Borokini Inv Corp v Punlabs Quality Prods (In re Punlabs Prods) 210 BR 723, 726 (S.D. Tex 1996)..................................................................5
Chalik v Moorefielf (In re Chalik) 748 F2d 616, 619 (11 Cir 1984)..............6
Cussano v Klein (In re Cussano) 431 BR 726, 736 (B.A.P. 6th Cir 2010)..........3
Edwards v Balisok 520 US 641, 647 (1997)......................................1
Estelle v Gamble 429 US 97, 105 (1976).........................................4
Fed Deposit Ins Corp v Henderson (In re Henderson) 51 BR 781, 788 (Bankr E.D. Tenn 1985).....................................................................7
Hampton v Hobbs 106 F3d 1281, 1287 (6th Cir 1997)..............................3
Hous Blubonnet LLC v JP Morgan Chase Bank (In re Hous Bluebonnet LLC) 586 BR 837 849 (S.D. Tex 2018)..................................................4
In re Bommgarden 780 F2d 675 (7th Cir 1985)....................................5
In re Charfoos 979 F2d 390, 392 (6th Cir 1992).................................5
In re D'Agnese 86 F3d 732, 734 (7th Cir 1996)..................................7
In re DoLorean Motor Company 755 F2d 1223, 1228 (6th Cir 1985).................4
In re Gateway N. Estate Inc 165 BR 427, 428 (E.D. Mich 1994)...................3
In re Grand Traverse Dev Co Ltd Partnership 151 BR 792, 798 (W.D. Mich Feb 16, 1993).........................................................................6
In re Little Creek Development Co 779 F2d 1068, 1072 (5th Cir 1986)............6
In re Mendoza 111 F3d 1264 (5th Cir 1997)......................................6
In re Oultlook/Century Ltd 127 Bankr 650 (Bankr N.D. Cal 1991).................5
In re Reitnauer 152 F3d 341, 343 n. 4 (5th Cir 1998)...........................6
In re TMT Procurement Corp 534 BR 912, 917 (S.D. Tex 2015).....................7
In re Urbanco Inc 122 Bankr 513, 515 (Bankr W.D. Mich 1991)....................4
In re Washtenaw/Huron Inv. Corp No 8 160 B.R. 74, 79 (E.D. Mich April 12, 1993)8
In re WGMJR INC 435 BR 423, 432 (S.D. Tex 2010)................................3
In re Winshall Settler's Trust 758 F2d 1136, 1137 (6th Cir 1985)...............5
Jackson v Corizon 2:19-cv-13382..............................................7,8
Johnson v California 543 US 499, 509-15 (2005).................................2
Kentucky v Williams 534 US 184, 197-98 (2002)..................................1
Laguna Assocs Ltd Pshp v Aetna Cas & Sur Co (In re Laguna Assocs Ltd Pshp) 30 F3d 734, 737 (6th Cir 1994).....................................................5
Matter of Canal Place Ltd Partnerhsip 921 F2d 569 (5th Cir 1991)...............5

Michigan Coalition of Radioactive Material Users, Inc v Griepentrog 945 F2d 150, 153 (6th Cir 1991)..................................................................4
NAFCO Fed Credit Union v Lawson (In re Lawson) 308 BR 417, 426 (Bankr D. Neb 2004)..................................................................................7
Patterson v Mintzes 717 F2d 284, 289 (6th Cir 1983).............................2
Sanders v Borgert 711 F. Supp 889, 893 (E.D. Mich) aff'd 891 F2d 292 (6th Cir 1989).....................................................................................2
Schilling v O'Bryan (In re O'Bryan) 246 BR 271, 279 (Bankr W.D. Ky 1999)........6
Stahopoulous v Bostrum (In re Bostrum) 286 BR 352, 364-65 (Bankr ND Ill 2002)..7
Trident Assocs Ltd. P'Ship v Metro Life Ins Co (In re Trident Assocs Ltd. P'Ship ) 52 F3d 127, 131 (6th Cir 1995)..................................................3
West v Atkins 487 US 42, 56 n.14 (1988).........................................4
Wolff v McDonnell 418 US 539, 556-59,566 (1974).................................1

STATUTES

11 USC 109 (g)..................................................................3
11 USC 349(a)...................................................................3
11 USC 362(d)(1)................................................................6
11 USC 362 (d)(4)...............................................................7
11 USC 362(g)...................................................................8
11 USC 727 (a)(5)...............................................................6
11 USC 1109(b)..................................................................8
11 USC 1112(b)..................................................................6

-iii-

## MOST CONTROLLING AUTHORITIES AND STATUTES

PAGES:

Borokini Inv Corp v Punlabs Quality Prods (In Re Punlabs Qaulity Prods) 210 BR 723, 726 (S.D. Tex 1996)..................................................5

Hous Bluebonnet LLC v JP Morgan Chase Bank (In re Hous Bluebonnet LLC) 586 BR 837, 849 (S.D. Tex 2018)..............................................4

Marrama v Citizen Bank 549 US 365, 367 (2007).................motion..pgs2-3

QUESTIONS PRESENTED

I. SHOULD DEFENDANT CORIZON BE ALLOWED TO HIDE ALL OF ITS ASSETS TO CREATED AN ENVIRONMENT OF BANKRUPTCY IN ORDER TO AVOID PAY FOR THE INJUSTICE INFLICTED ON PLAINTIFF?

          **Plaintiff answer "NO"**
        Bankruptcy Court has not answered

II. DID CORIZON CREATED THE BANKRUPTCY BY HIDING ALL OF ITS ASSETS UNDER ANOTHER COMPNAY AFTER PLAINTIFF HAD FILED HIS CIVIL LAWSUIT?

          **Plaintiff answers "YES"**
        Bankruptcy Court has not answered

III. BECAUSE CORIZON CREATED ITS OWN BANKRUPTCY BY HIDING A MAJORITY OF ITS ASSETS UNDER THE DISGUISE OF A MERGER, DID CORIZON FILE FOR BANKRUPTCY IN BAD FAITH?

          **Plaintiff answers "YES"**
        Bankruptcy Court has not answered

IV. SHOULD THE BANKRUPTCY COURT DENY CORIZON PETITION FOR BANKRUPTCY DUE TO THE BAD FAITH FILING?

          **Plaintiff answers "YES"**
        Bankruptcy court has not answered

V. HAS CORIZON PROVIDE THE BANKRUPTCY WITH TANGIBLE COMPANY RECORD THAT SHOWS THAT IT DID NOT HIDE ITS ASSETS AND FINANCIAL UNDER DIFFERENT COMPANIES IN ORDER TO FILE FOR BANKRUPTCY?

          **Plaintif answers "NO"**
        Bankruptcy court has not answered

VI. WOULD THE INTEREST OF JUSTICE BE SERVED BY ALLOWING A COMPANY TO CREATE AN ENVIRONMENT OF BANKRUPTCY IN ORDER TO AVOID PAYING CITIZENS FOR VIOLATING THEIR CONSTITUTIONAL RIGHTS?

          **Plaintiff answers "NO"**
        Bankruptcy court has not answered

VII. DID CORIZON FILE FOR BANKRUPTCY UNDER CHAPTER 11 IN GOOD FAITH WHEN PRIOR TO FILING FOR BANKRUPTCY CORIZON PARTICIPATED IN A MERGER WHERE IT TRANSFERRED A MAJORITY OF ITS ASSETS, CONTRACTS, AND FINANCIALS UNDER THE NAMES OF OTHER COMPANIES?

          **Plaintiff answers "NO"**
        Bankruptcy Court has not answered

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

TYRONE ANTHONY BELL,
Secured Creditor/Interested Party

-v-

CORIZON HEALTH INC d/b/a
YES CARE CORP.
CHS TX and
TEHUM CARE SERVICE INC.
_____/

Hon.
Mag.
Case No 23-90086

United States Courts
Southern District of Texas
FILED
MAR 10 2023
Nathan Ochsner, Clerk of Court

## PLAINTIFF'S BRIEF IN SUPPORT FOR LIMITED DISCOVERY AND REQUEST TO LIFT STAY

### Statement of the Case

Plaintiff, Tyrone-Anthony: Bell, pro se litigant, raises allegations of violation for due process, <u>Wolff v McDonnell</u> 418 US 539, 556-59,566 (1974); <u>Edwards v Balisok</u> 520 US 641, 647 (1997), in direct violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, cruel and unusual punishment in violation of the Eighth Amendment to the United States COnstitution and denial of equipment to an American with a disability 42 USC § 12102(2); <u>Kentucky v Williams</u> 534 US 184, 197-98 (2002) as well as conspiracy to convert funds. While under the custody of the Michigan Department of Corrections, Plaintiff experienced violations of his constitutional rights at both Chippewa Corectional Facility (URF) and Saginaw Correctional Facility (SRF). At URF plaintiff was taken from his cell due to Defendant Eicher writing a fraudulent misconduct report on October 18, 2019. This action caused a chain of unconstitutional events where multiple agents, actors, and employees of the MDOC conspired to placed Plaintiff in segregation under fraudulent intentions and to deny plaintiff his constitutional rights to equal protection and due process. The reporting officer Defendant Eicher, reviewing officer John Doe #1, hearing investigator Defendant McCollum and hearing officer Defendant Theut all

-1-

failed to provide plaintiff with the due process outlined within the MDOC's Hearings Handbook which uses explicit mandatory controlling language. Sanders v Borgert 711 F. Supp 889, 893 (E.D. Mich) aff'd 891 F2d 292 (6th Cir 1989) The action constituted intentional infliction of mental anguish and emotional distress. While in segregation Defendants Ortiz, Miller, Libby, MacDonald, Weems, and Corey-Spiker denied plaintiff the use of a chair in his handicap cell for a period of over 45 days, causing plaintiff to suffer unnecessarily in pain for long duration of time without justification, constituting cruel and unusual punishment. Defendants Miller, Ortiz, Libby, and Corey-Spiker denied plaintiff outside exercise for a period of over 45 days. Patterson v Mintzes 717 F2d 284, 289 (6th Cir 1983) Defendants Miller, Libby, Ortiz, MacDonald, Weems, and Corey-Spiker denied plaintiff heat in his cell from October 18, 2019 til November 4, 2019 constituting intentional infliction of mental anguish and emotional distress which is cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Defendants McCollum, Corey-Spiker, LaLonde, Plumm and Theut displayed actions of invidious discrimination based on race, Johnson v California 543 US 499, 509-15 (2005), in violation of the Fourteenth Amendment to the United States Constitution when they treated Plaintiff and African-American and Forrest Johnson an European-American extremely different whom were similarly situated. These actions violated plaintiff's constitutional rights equal protection under the Fourteenth Amendment of the United States Constitution.

While at SRF numerous agents, actors and employees of the MDOC conspired to fraudulently remove money from plaintiff's prisoner trust account under the disguise of lost and destruction of state property where there is no tangible evidence to support the charge. These actions constitute a conspiracy to defraud by conversion of property. Hampton v Hobbs 106 F3d 1281, 1287 (6th Cir 1997)

## Statement of the Proceeding

On 10/8/21 plaintiff filed a civil complaint in the Eastern District Court. On 10/31/22 the District Court dismissed the case from failure to exhaust available administrative remedies. On 8/4/22 plaintiff filed his appeal with the United States Court of Appeals for the Sixth Circuit. On 2-13-23 Corizon Health Inc filed for bankruptcy under Chapter 11 in United States Bankruptcy Court for the Southern District of Texas, Houston Division under case no 23-90086. On 2-17-23 Corizon Health, Inc filed a motion Suggestion Automatic Stay for the Bankruptcy.

## Standard of Review

A bankruptcy court has broad discretion to determine if dismissal of chapter 11 bankruptcy case for cause is warranted. In re Gateway N. Estates Inc. 165 BR 427, 428 (E.D. Mich 1994)

## Discussion

No single test exist for determining whether a bankruptcy petition was filed in good faith. Instead, it is a fact-specific and flexible determination that must be made on a case-by-case basis by looking to a totality of the circumstances. Trident Assocs Ltd. P'Ship v Metro Life Ins Co (In re Trident Assocs Ltd. P'ship) 52 F3d 127, 131 (6th Cir 1995); In re WGMJR Inc 435 BR 423, 432 (S.D. Tex 2010) Taken together, 11 USC §§ 109(g), 349(a) grant a bankruptcy court the authority to prohibit bankruptcy filings for at least 180 days for cause. Cusano v Klein (In re Cusano) 431 BR 726, 736 (B.A.P. 6th Cir 2010)

## Plaintiff Reason to Lift the Automatic Stay

Courts must consider the following factors when determining whether to lift of automatic stay. Hous BlueBonnet LLC v JP Morgan Chase Bank (In re Hous Bluebonnet LLC) 586 BR 837, 849 (S.D. Tex 2018) These factors, which are the same factors considered in determining whether to grant an injunction, as summarized in In re Urbanco, Inc 122 Bankr 513, 515 (Bankr W.D. Mich 1991); In

re DeLorean Motor Company 755 F2d 1223, 1228 (6th Cir 1985). The Court considers whether the moving party has established: (i) a likelihood that the parties seeking the stay will prevail on the merits of the appeal; (ii) the movant will suffer irreparable injury unless the stay is granted; (iii) the parties will suffer no substantial harm if the stay is granted; (iv) the public interest will not be harmed if the stay is granted. In re Urbanco 122 Bankr at 515.

In addition, to considering these factors, the court must consider how the factors should be balanced in light of the overall circumstances of the case. DeLorean 755 F2d 1229. Among the circumstances to be considered is the procedural history. A motion to stay a court's order pending appeal places on the movant a higher burden to establish likelihood of success than does a motion for a preliminary injunction because the appellant must establish the likelihood that is will win reversal on its appeal. Michigan Coalition of Radioactive Material Users, Inc v Griepentrog 945 F2d 150, 153 (6th Cir 1991)

The automatic stay should be lifted, permitting movents to pursue whatever remedies are available to them in any available forum.

## Conclusion of Law

(i) Pursuant to Bankruptcy Rule 2018(a) the court may permit any interested entity to intervene generally or with respect to any specified matter.(ii) When a creditor seeks relief from stay in order to foreclose on property, the creditor has the burden of establishing the Debtor's lack of equity in the property. The Debtor has the burden of proof on all other issues, including adequate protection, and as necessity of property for an effective reorganization absent this evidence, the stay is lifted. 11 USC § 362(g); See Matter of Canal Place Ltd Partnership 921 F2d 569 (5th Cir 1991); In re Boomgarden 780 F2d 657 (7th Cir 1985) (iii) To be necessity to an effective reogranization it is not enough that the property be essential if any

reorganization is to be effected. Instead the Debtor must show that a reorganization can actually be achieved within reasonable period of time. <u>Borokini Inv. Corp v Punlabs Quality Prods (In re Punlabs Prods)</u> 210 BR 723, 726 (S.D. Tex 1996); <u>In re Outlook/Century Ltd</u> 127 Bankr 650 (Bankr N.D. Cal 1991)

i. The likelihood of prevailing on appeal

Plaintiff contends that Defendant Corizon will not prevail on appeal because that action of its medical personnel failed below the standard of modern day decency of medical treatment. <u>Estelle v Gamble</u> 429 US 97, 105 (1976); <u>West v Atkins</u> 487 US 42, 56 n.14 (1988) Plaintiff has X-rays which were taken while in the custody of the MDOC fully detailing that his L4 and L5 had compressed disks. This medical condition caused MDOC medical personnel to issue plaintiff medication for the daily pain and a bottom bunk detail.

ii. Movant will not suffer irreparable injury is stay is not granted

In 2020 Corizon Health Inc made and estimated $800 million dollars. Plaintiff is suing Defendant Corizon for approximately $6 million dollars. Six million dollars does not bankrupt a nearly billion dollar company. Defendant Corizon will survive the suit if they lose.

iii. Plaintiff will suffer a substantial harm if stay is granted

If the court grants the stay it will prolong plaintiff's litigation and causing plaintiff's witnesses to lose their memory of the events.

iv. Public interest will be harmed if the stay is granted.

Plaintiff contends that it is not in the interest of justice to delay parties day in court

In addition to considering these factors, the court must consider how the factors should be balanced in light of the overall circumstances. <u>DeLorean</u> 755 F2d 1229. Amongst the circumstances to be considered is the procedural history. These proceedings have been ongoing for nearly two years.

## Bankruptcy Was Raised In Bad Faith

Defendant Corizon has created this environment of restricted funds in order to file for bankruptcy. In Jackson v Corizon case no 2:19-cv-13282 plaintiff's counsel detailed how Corizon Health Inc. tragically moved all of its financials and assets into different companies (i.e. Yes Care CHS TX etc) in order to avoid paying out any judgments that may be reached in their pending litigation. Lack of good faith constitutes "cause" for lifting the stay. Laguna Assocs Ltd Pshp v Aetna Cas & Sur Co. (In re Laguna Assocs Ltd Pshp 30 F3d 734, 737 (6th Cir 1994); In re Reitnauer 152 F3d 341, 343 n4 (5th Cir 1998); In re Mendoza 111 F3d 1264 (5th Cir 1997) The Sixth Circuit has long acknowledged that "bad faith may serve as a ground for dismissal of a bankruptcy petition. In re Charfoos 979 F2d 390, 392 (6th Cir 1992); In re Winshall Settlor's Trust 758 f2d 1136, 1137 (6th Cir 1985)("an implicit prerequisite to the right to file is 'good faith' on the part of the debtor, the absence of which may constitute cause for dismissal under 11 USC 1112(b)") Because the Sixth Circuit has not seen any substantive difference between the cause requirment for dismissal of a petition under Section 1112(b) and the cause requirement for relief from a automatic stay under Section 362(d)(1), it necessarily follows under this Court's cases that a lack of good faith constitutes "cause": for lifting an automatic stay. Laguna Id.

Bad faith is grounds for lifting the automatic stay pursuant to 11 USC § 362(d)(1) which provides in section 362(a) automatic stay can be lifted for cause. In re Little Creek Development Co. 779 F2d 1068, 1072 (5th Cir 1986); In re Grand Traverse Dev Co Ltd Partnership 151 BR 792, 798 (W.D. Mich, Feb 16, 1993) Bankruptcy code section 1112(b)(1) provides that court shall dismiss a chapter 11 case "for cause" when dismissal is in the best interest of the creditors. 11 USC 1112 (b)(1). Section 1112(b)(1) contains a non-exclusive list of causes. In re TMT Procurement Corp. 534 BR 912, 917 (S.D Tex 2015) A

bankruptcy court has broad power under 11 USC § 727 (a)(5) to decline to grant a discharge where the bankruptcy debtor does not adequately explain a shortage, loss or disappearance of assets. The initial burden is on Defendant Corizon to establish the loss or deficiency of the assets by demonstrating that (i) at the time not too remote from the bankruptcy, the Defendant Corizon did own or control over $800 million dollars in assets; (ii) on the day that Defenant Corizon commenced the bankruptcy case the Defendant did not fraudulently release their assets to avoid paying a suit; (iii) that Defendant can adequately explain how they made $800 million dollars in 2020 and are now bankrupt in 2023. There must be an adequate explanation for the dispostion of Corizon assets. Schilling v O'Bryan (In re O'Bryan) 246 BR 271, 279 (Bankr W.D. Ky 1999)

Defendant Corizon must provide a satisfactory explanation of the whereabouts of the assets. Chalik v Moorefielf (In re Chalik) 748 F2d 616, 619 (11 Cir 1984). "[A] satisfactory explanation "must consist of more than ... vague, indefinite, and uncorrborated' assertions'" by Defendant Corizon. In re D'Agnese 86 F3d 732, 734 (7th Cir 1996)(quoting Baum v Earl Millikin Inc (In re Baum) 359 F2d 811, 814 (7th Cir 1966), and it must be reasonable and credible such that the court is convinced that Defendant Corizon is acting in good faith. Fed Deposit Ins v Corp v Hendren (In re Henderson) 51 BR 781, 788 (Bankr E.D. Tenn 1985). Furthermore, the explanation must be supported by "at least some documentation ... [that is] sufficient to estimate the need for the Court to speculate as to what happened to all the assets." Stahopoulous v Bostrum (In re Bostrum) 286 BR 352, 364-65 (Bankr ND Ill 2002); see also NAFCO Fed Credit Union v Lawson(In re Lawson) 308 BR 417, 426 (Bankr. D. Neb 2004)("The explanation should be sufficient so that court does not have to speculate as to what happened to the assets or speculate as to the veracity of the explanation.")

Plaintiff is moving for relief from the automatic bankruptcy stay pursuant to

11 USC § 362(d)(4) bears the initial burden to establish a prima facie case as to all the elements. Under § 362(d)(4), plaintiff must prove the Defendant Corizon engaged in a scheme; (2) to delay, hinder, or defraud plaintiff and; (3) which involved either the transfer of property.

Defendant Corizon took steps towards its divisional merger in April 2022 when it converted to a Texas Corporation, Jackson v Corizon 2:19-cv-13382 (E.D. Mich 2022) ECF No. 83-2, Page Id 3386. Days later, three of its sister companies merged into Corizon Health. Corizon Health then underwent a divisional merger which it survived while creating a new coporation, CHS TX, Incoporated, Jackson. Id ECF No 83-4, Page Id 3408-09) The divisional merger allocated the bulk of Corizon's assets to CHS TX. Specifically CHS TX inherited all of Corizon's employees, all of Corizon's active contracts, and nearly all of Corizoin's cash, equipment, real estate, and other assets. Id ECF No. 83-4, Page Id 3417-28. Both pre-division Corizon and CHS TX were owned by the same, sole-shareholder, and CHS TX also inherited Corizon's CEO and Chair Sara Tirschwell.

Corizon retained all of its expired contracts and their corresponding liabilities. Corizon also held onto one million dollars in cash, the right to collect on its insurance policies, and the right to collect up on to four million dollars under a "funding agreement" with an affiliate of Corizon Health, provided that Corizon met "certain conditions" Id. ECF No 83-4, Page Id 3429-30. All other assets and liabilities passed to CHS TX Id ECF No. 83-45 , Page Id 3417-18. CHS TX does business also under the name YesCare. Corizon later changed its name to Tehum Care Services, Inc.

Corizon has engaged in the divisional mergers and company shifts in order to hide the money for civil litigation and in order to have the ability to file for chapter 11 bankruptcy under bad faith.

Under 11 USC § 362(g) of the bankruptcy code, Corizon bears the burden of

proving that the bankruptcy filing was made in good faith. <u>In re Washtenaw/Huron Inv. Corp No. 8</u> 160 B.R. 74, 79 (E.D. Mich April 12, 1993)

## CONCLUSION and RELIEF REQUESTED

For these reasons raised the court should lift the automatic stay, or in the alternative allow limited discovery of Corizon (a.k.a. Tehum Care Service) of the financial records of the company from Jan 2020 til Feb 2023.

11 USC § 1112(b) provides for dismissal of a chapter 11 bankruptcy case on request of a party in interest §1112(b)(1). 11 USC § 1109(b) provides that a party in interest, may raise and appear and be heard on any issue in a bankruptcy case under chapter 11. Under this definition, plaintiff clearly has standing to request conversion or dismissal of a bankruptcy case.

Respectfully Submitted,

Tyrone-Anthony: Bell, In Pro Per
MDOC No. 240434
Lapeer Correctional Fac.
3225 John Conley
Lapeer, Michigan 48446

Date: 3/3, 2023

-9-

# After Sixth Death in Six Years, Virginia Jail Cuts Ties with Corizon Health

## Corizon Employee Charged with Falsifying Records

*by Jayson Hawkins and Keith Sanders*

ON FEBRUARY 1, 2022, A 41-YEAR-OLD Black man being held on a trespassing charge was found unresponsive in his cell at the jail in Arlington County, Virginia. His death later that day, which is still under investigation, came shortly after Virginia-based MEDIKO took over healthcare provision at the Arlington County Jail (ACJ) on November 15, 2021, when the county fired long-time contractor Corizon Health.

Corizon Health, a Tennessee-based firm with an estimated $800 million in 2020 revenues, had held the ACJ contract since 2006. It was awarded a five-year extension in late 2020, just before the in-custody death of Darryl Becton, 46, a pre-trial detainee being held on an alleged probation violation stemming from a 2019 felony conviction for "unauthorized use of a motor vehicle." After finding Becton unresponsive in his cell, an Arlington Department of Human Services caseworker and a deputy sheriff tried for thirty minutes to resuscitate him before he died on October 1, 2020.

Exactly one year later, Antoine Smith was charged with falsifying records in the case on October 1, 2021. A local news outlet discovered a person by the name of Antoine Smith who listed his occupation on LinkedIn as a licensed practical nurse employed by Corizon Health. Smith was not accused of causing Becton's death, which a state medical examiner attributed to cardiovascular disease complicated by opioid withdrawal.

It was not Corizon Health's first controversy at ACJ. In 2014, another company nurse was convicted of misdemeanor sexual battery in Arlington General District Court, though he reportedly reached a deal to avoid a jail time. The company has also faced over 1,000 lawsuits around the country and paid out millions in wrongful death suits.

The move to jettison the healthcare firm from ACJ came shortly after another death on October 8, 2021, that of 58-year-old Clyde Spencer, a pre-trial detainee being held for trespassing. The most recent man to die there, Paul Thompson, was also a pre-trial detainee being held for trespassing. Like Becton, Spencer and all but one of the others who died at the lockup since 2015, he was a middle-age Black man.

Julius Spain, president of the Arlington chapter of the NAACP, said that his group wants answers so that others know that "showing up at our detention facility should not be a death sentence."

This follows a familiar pattern where after a number of prisoner deaths from medical neglect attracts media attention, the jail or facility will "fire" the private, for profit medical contractor, then hire another one, wait for the body count to go up again, and repeat. Usually after a few contractor replacements the company that originally had the contract gets hired again, with the same results. ◼

Sources: *WAMU, WJLA, WTOP*

# Sixth Circuit Holds Subjective Prong of Deliberate Indifference Test Inapplicable to Pretrial Detainee's Claims; Reinstates Lawsuit

*by Matt Clarke*

ON SEPTEMBER 22, 2021, IN A CASE with enormous impact on the way jails may treat pretrial detainees, the U.S. Court of Appeals for the Sixth Circuit decided that jail official do not need to have subjective knowledge of a serious risk to a detainee, and so long as they reasonably should be expected to know about the risk they may be held liable for any resulting injury.

Ruling that the subjective prong of the "deliberate indifference" test laid out in *Farmer v. Brennan*, 511 U.S. 825 (1994), does not apply to claims by pretrial detainees, the Court reversed a judgment-as-a-matter-of-law issued by a district court against a woman who claimed officials were deliberately indifferent to her serious medical needs at the Tennessee jail where she was detained.

That woman, Tammy Brawner, arrived at the Scott County Jail on June 29, 2016, when she was screened by a booking officer and recorded a list of her current prescription medications that included three controlled substances: suboxone; clonazepam; and gabapentin. Her treatment with them was interrupted, however, by two jail polices, one that prohibited the administration of controlled substances prior to an intake medical examination and another that allowed delaying such an examination for up to two weeks.

Caught in that Catch-22, along with possible paperwork snafus and staff errors, Brawner then went eight days without receiving her medications or any other treatment. When she began having seizures, she was taken to a hospital, but the hospital was not informed that she had been denied her medications and misdiagnosed her with epilepsy.

Back at the jail, Brawner continued to suffer seizures. A licensed social worker correctly determined that she was suffering from drug withdrawal, but this was ignored by medical staff. Over a nine-day period, she suffered more seizures, resulting in prolonged hospitalization and permanent debilitating injuries.

Brawner then filed a federal civil rights lawsuit in U.S. District Court for the Eastern District of Tennessee, accusing the county of deliberate indifference to her serious medical needs. After she presented her case, the district court granted Defendants' motion for judgment as a matter of law, finding that Brawner had met the objective prong of the deliberate indifference test set forth in *Farmer*. But it said she had failed to meet the subjective prong by showing that

Tyrone Anthony
c/o Lapeer Correctional Facility
3225 John Conley
Lapeer, Michigan

U.S. POSTAGE >> PITNEY BOWES
ZIP 48446 $ 001.93
0000376850 MAR 06 2023

United States Bankruptcy Court
Southern District of Texas
Bob Casey United State Courthouse
515 Rusk Avenue
Houston, TX 77002

Case No. 23-90086