**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| TEHUM CARE SERVICES, INC.,[1] | ) Case No. 23-90086 (CML) |
| Debtor. | ) (Emergency Hearing Requested) |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING
AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE,
(III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM,
(IV) APPROVING NOTICE OF BAR DATES, AND (V) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 11:00 A.M. (CENTRAL TIME) ON MARCH 17, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A VIRTUAL HEARING WILL BE CONDUCTED ON THIS MATTER MARCH 17, 2023 AT 11:00 A.M. (CENTRAL TIME). YOU MAY PARTICIPATE IN THE HEARING BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE LOPEZ'S CONFERENCE ROOM NUMBER IS 590153. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LOPEZ'S HOME PAGE. THE MEETING CODE IS "JUDGELOPEZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LOPEZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

The above-captioned debtor and debtor in possession (the "Debtor") respectfully states the following in support of this motion (this "Motion"):[2]

**Relief Requested**

1. The Debtor seeks entry of an order, substantially in the form attached hereto (the "Bar Date Order"), approving the following relief:

   a. ***Claims Bar Date***. ***Establishing May 31, 2023***, as the last date and time for each entity[3] to file proofs of claim based on prepetition claims ("Proofs of Claim") against the Debtor (the "Claims Bar Date");

   b. ***Governmental Bar Date***. Solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code), ***establishing August 14, 2023***, as the last date and time for each such governmental unit to file Proofs of Claim against the Debtor (the "Governmental Bar Date");

   c. ***Rejection Damages Bar Date***. Solely as to claims arising from the Debtor's rejection of executory contracts and unexpired leases, ***establishing the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) the date that is thirty (30) days following entry of the order approving the Debtor's rejection of the applicable executory contract or unexpired lease*** as the last date and time by which claimants holding claims based upon such rejection must file Proofs of Claim against the Debtor (such later date, the "Rejection Damages Bar Date");

   d. ***Amended Schedules Bar Date***. In the event that the Debtor amends its Schedules (as defined herein), ***establishing the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) the date that is thirty (30) days from the date on which the Debtor mails notice of the amendment to the Schedules***, as the last date and time by which claimants holding claims affected by the amendment must file Proofs of Claim against the Debtor (such later date, the "Amended Schedules Bar Date" and, together with the Claims Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, as applicable, the "Bar Date" or "Bar Dates");

---

[2] Capitalized terms used but not yet defined herein have the meanings ascribed to them later in this Motion.

[3] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts) has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

   e.  ***Proof of Claim Form***.  Approving the proposed Proof of Claim Form;

   f.  ***Bar Date Notice***.  Approving the proposed Bar Date Notice; and

   g.  ***Publication Notice***.  Approving the proposed form of publication notice (the "Publication Notice").

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 501, 502, and 1111(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002(a)(7), (f) and (l), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5. The Debtor provided correctional healthcare services across the United States.  In May 2022, the Debtor effectuated a divisional merger pursuant to the Texas Business Organizations Code in which (among other things) assets and liabilities were allocated between CHS TX, Inc. and the Debtor.  The Debtor spent the second half of 2022 attempting to settle and satisfy its allocated liabilities, but ongoing litigation and associated costs have made such efforts impractical.  Through this chapter 11 process, the Debtor aims to maximize the value of its estate and propose a chapter 11 plan that, to the best of the Debtor's ability, provides meaningful recoveries for creditors and other stakeholders.

6.      On February 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case. On March 2, 2023, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 77], as amended on March 3, 2023 [Docket No. 145] (the "Committee").

7.      On March 3, 2023, the Court entered its *Order (I) Extending Time to File (A) the Creditor Matrix, and (B) Schedule of Assets and Liabilities, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs and (II) Granting Related Relief* [Docket No. 113] (the "Extension Order"). Pursuant to the Extension Order, the Court extended the deadline for the Debtor to file its schedules of assets and liabilities and statement of financial affairs (collectively, the "Schedules") through and including March 30, 2023.

**The Bar Dates**

8.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtor that arose prior to the Petition Date, and whose claim is not scheduled in the Schedules or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim. Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim.

9.      The Debtor proposes to allow creditors other than governmental units until *May 31, 2023*, and governmental units until *August 14, 2023*, to file Proofs of Claim. The Debtor anticipates that its Schedules will be on file approximately 60 days before the Debtor's proposed

4

Claims Bar Date and 137 days before the Governmental Bar Date. The proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

### A. The Claims Bar Date.

10. The Debtor requests that the Court establish *May 31, 2023* as the Claims Bar Date. The Claims Bar Date would be the date and time by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim so that such Proofs of Claim are **actually received** by Kurtzman Carson Consultants LLC (the "Claims and Noticing Agent"), unless such entity's claim falls within one of the exceptions set forth in this Motion. Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtor that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in this chapter 11 case.

### B. The Governmental Bar Date.

11. Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ." 11 U.S.C. § 502(b)(9). The Debtor, therefore, requests that *August 14, 2023*, be established as the Governmental Bar Date in this chapter 11 case. The Governmental Bar Date would apply to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party. All governmental units holding such claims against the Debtor would be required to file Proofs of Claim so that such Proofs of Claim are actually received by the Claims and Noticing Agent by the Governmental Bar Date.

### C. The Rejection Damages Bar Date.

12. In addition to the Claims Bar Date and Governmental Bar Date, the Debtor requests that the Court establish the Rejection Damages Bar Date for filing claims arising from the Debtor's rejection of executory contracts and unexpired leases, pursuant to section 365 of the Bankruptcy Code, or claims otherwise related to such agreements, on the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) date that is thirty (30) days following entry of the order approving the Debtor's rejection of the applicable executory contract or unexpired lease.

### D. Amended Schedules Bar Date.

13. In the event that the Debtor amends its Schedules in accordance with Bankruptcy Local Rule 1009-1, the Debtor requests that the Court establish the Amended Schedules Bar Date as the deadline by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claims so that such Proofs of Claim are **actually received** by the Claims and Noticing Agent as of the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty (30) days from the date on which the Debtor mails notice of the amendment to the Schedules.

## Procedures for Filing Proofs of Claim

### A. Parties Required to File Proofs of Claim.

14. Except as otherwise set forth herein, the Debtor requests that the Court require each of the following entities holding claims against the Debtor arising prior to the Petition Date to file Proofs of Claim on or before the applicable Bar Date:

    a. any entity whose claim against a Debtor is not listed in the Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

    b. any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its

4882-0337-8513

        claim allowed in a different classification or amount other than that identified in the Schedules; and

    c.    any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation.

**B.     Parties Not Required to File Proofs of Claim by the Claims Bar Date.**

15.    The Debtor requests that the Court exempt the following entities, to the extent required by the Bankruptcy Code, and in the capacities described below, from any requirement to file a Proof of Claim prior to the Claims Bar Date:

    a.    any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled by the Debtor as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the Debtor against which the claim is listed in the Schedules;

    b.    any entity whose claim has previously been allowed by a final order of the Court;

    c.    any entity whose claim is solely against any non-Debtor affiliates;

    d.    any entity whose claim has been paid by the Debtor pursuant to a Court order;

    e.    any entity holding a claim for which a separate deadline is fixed by this Court;

    f.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course;

    g.    any entity holding an equity interest in the Debtor; and

    h.    any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtor's use of cash collateral or access to postpetition financing (if any).

4882-0337-8513

    **C.**    **Form of Proof of Claim.**

16.    The Debtor has prepared, and requests that the Court approve, a form for filing a Proof of Claim based on Official Form 410 that the Debtor has modified, substantially in the form attached as <u>Exhibit 1</u> to the Bar Date Order (the "<u>Proof of Claim Form</u>").

    **D.**    **Requirements for Preparing and Filing Proofs of Claim.**

17.    With respect to preparing and filing of a Proof of Claim, the Debtor proposes that each Proof of Claim be required to be consistent with the following:

    a.    ***Contents***.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

    b.    ***Electronic Signatures Permitted***.  Only ***original*** Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

    c.    ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtor's counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such writings to Debtor's counsel upon request no later than ten (10) days from the date of such request.

    d.    ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at www.kccllc.net/tehum or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the applicable Bar Date at the following addresses:

4882-0337-8513

**If by First-Class Mail:**

Tehum Care Services, Inc. Claims Processing Center
c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**If by Hand Delivery or Overnight Mail:**

Tehum Care Services, Inc. c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

e. *Receipt of Service*. Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

**Consequences of Failure to File a Proof of Claim**

18. Pursuant to Bankruptcy Rule 3003(c)(2), the Debtor proposes that any entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Claim with respect thereto) and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Such creditor shall be prohibited from voting to accept or reject any plan filed in this chapter 11 case, participating in any distribution in this chapter 11 case on account of such claim, or receiving further notices regarding such claim.

**Procedures for Providing Notice of the Bar Dates**

19. The Debtor proposes the following procedures for providing mailing and publication notice of the Bar Dates.

A. **Mailing of Bar Date Notices.**

20. Pursuant to Bankruptcy Rule 2002(a)(7), by the later of (i) three (3) business days after entry of the Bar Date Order and (ii) March 22, 2023, the Debtor will cause written notice of the Bar Dates, substantially in the form attached as <u>Exhibit 2</u> to the Bar Date Order (the "<u>Bar Date Notice</u>"), and a Proof of Claim Form (collectively, the "<u>Bar Date Package</u>") to be mailed via first class mail to the following entities (or their respective counsel, if known):

a. the United States Trustee for the Southern District of Texas;

b. all creditors and other known holders of Claims against the Debtor as of the date of entry of the Bar Date Order;

c. all entities that have requested notice of the proceedings in this chapter 11 case pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

d. all entities that have filed Proofs of Claim in this chapter 11 case as of the date of the Bar Date Order;

e. all known non-Debtor equity and interest holders of the Debtor as of the date the Bar Date Order is entered;

f. all entities who are party to executory contracts and unexpired leases with the Debtor;

g. all entities who are party to active litigation with the Debtor;

h. all current and former employees who were employed by the Debtor in the 2 years prior to the Petition Date (to the extent that contact information for former employees is available in the Debtor's records);

i. all regulatory authorities that regulate the Debtor's business;

j. the Office of the Attorney General for the state of Texas and each of the states in which the Debtor conducts business;

k. the Internal Revenue Service;

l. all other taxing authorities for the jurisdictions in which the Debtor maintains or conducts business;

m. the United States Securities and Exchange Commission; and

n. the Office of the United States Attorney for the Southern District of Texas.

21. No later than two (2) business days after filing its Schedules, the Debtor will cause the Bar Date Package to be mailed via first class mail to any parties appearing on the Schedules that were not previously served with a Bar Date Package.

22. The proposed Bar Date Notice will notify the parties of the Bar Dates and will contain information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. The Debtor requests the Court approve the use of the Bar Date Notice as set forth in this Motion.

### B. Supplemental Mailings.

23. After the initial mailing of the Bar Date Package, the Debtor may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[4] (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing; and (c) additional potential claimants or parties in interest become known as the result of the Bar Date noticing process. In this regard, the Debtor requests that the Court permit the Debtor to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

### C. Publication Notice.

24. In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtor proposes to provide notice of the Bar Dates by publication. The Debtor proposes to publish the Bar Date

---

[4] To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtor respectfully requests that it should not be required to mail additional notices to such creditors.

4882-0337-8513

Notice as soon as reasonably practicable after entry of the Bar Date Order and in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form attached as <u>Exhibit 3</u> to the Bar Date Order (the "<u>Publication Notice</u>"), on one occasion in the national edition of the *Wall Street Journal*, the *New York Times*, *Prison Legal News* and any such other publication that the Debtor deems appropriate and disclose in its Affidavit of Service.

25. The proposed Publication Notice includes a telephone number creditors may call to obtain copies of the Proof of Claim Form, the URL for a website maintained by the Debtor's Claims and Noticing Agent at which creditors may obtain a copy of a Proof of Claim Form, information concerning the procedures and appropriate deadlines for filing Proofs of Claim, and contact information for the Debtor regarding questions about the Debtor's claims process.

**Basis for Relief**

I. **Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in this Chapter 11 Case.**

26. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21-days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code nor the Bankruptcy Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units). Although the Procedures for Complex Cases in the Southern District of Texas ("<u>Complex Case Procedures</u>"), applicable to this chapter 11 case contain default deadlines for filing proofs of claim, the Complex Case Procedures

also provide that such default deadlines may be modified by court order. *See* Complex Case Procedures ¶ 32.

27. It is well recognized that the claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). The claims bar date "promote[s] the expeditious and efficient administration of bankruptcy cases," thereby permitting the debtor and parties in interest to determine and evaluate the liabilities of the estate. *Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781 (5th Cir. 1990). The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law— "secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

28. The procedures described herein provide creditors with appropriate notice and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow this chapter 11 case to move forward quickly with a minimum of administrative expense and delay, on the other hand.

29. The Debtor's proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtor with flexibility in case of the need for supplemental bar dates or situations

in which a creditor's claim status may change during this chapter 11 case (such as in the event of contract rejections).

## II. The Proposed Notice Procedures Are Reasonable and Appropriate.

30. Bankruptcy Rule 2002(a)(7) requires that the Debtor provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impracticable or is desirable to supplement other notice. Finally, Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

31. In conjunction with setting deadlines to file Proofs of Claim, the Debtor must give appropriate notice to interested parties. The Debtor proposed to mail the Bar Date Notice to its known creditors and, thus, must rely on publication to give notice to its unknown creditors. This procedure is consistent with applicable case law. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950).

32. Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317-18.

33. The Debtor proposes to cause a written notice of the Bar Date Package to be served via email, facsimile, or first-class mail by the later of (i) three (3) business days after entry of the Bar Date Order and (ii) March 22, 2023. This date will provide for approximately 70 days' notice. In addition, parties identified in connection with preparation of the Schedules who were not

14

previously served with a Bar Date Package will be mailed a Bar Date Package no later than two (2) business days after filing the Schedules, providing approximately 60 days' notice to these additional parties. These notice periods are reasonable and in line with notice provided in cases of similar scope and complexity.

34. The Debtor submits that the relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. The Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

35. In the event the Debtor amends or supplement the Schedules, the Debtor shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than thirty (30) days from the date of mailing such notice to file Proofs of Claim with respect to its claims.

36. Unless otherwise ordered by the Court, and in the event the Debtor rejects an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of: (i) the Claims Bar Date or Governmental Bar Date, as applicable; and, (ii) the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease of the Debtor.

37. The Debtor respectfully submits that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

4882-0337-8513

**Emergency Consideration**

38.     Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtor respectfully requests emergency consideration of this Motion.  An immediate and orderly transition into chapter 11 is critical to the Debtor's ability to maximize the value of its estate, and this emergency Motion is necessary to prevent unnecessary delay in this chapter 11 case. Specifically, the Debtor desires to serve out the Bar Date Package as soon as possible, so as to provide parties in interest with sufficient opportunity to file Proofs of Claim while maintaining the case milestones required by the Debtor's postpetition lender.  Accordingly, the Debtor respectfully requests that the Court approve the relief requested in this Motion on an emergency basis.

**Reservation of Rights**

39.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estates; (g) a waiver or limitation of the Debtor's, or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties

in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's or any other party in interest's rights to subsequently dispute such claim.

### Notice

40. The Debtor will provide notice of this Motion to the following parties:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtor; (c) counsel to the Committee; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtor conducts business; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

41. No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtor respectfully requests that the Court enter an order, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Respectfully submitted this 15th day of March, 2023.

        **GRAY REED**

By:   */s/ Jason S. Brookner*
       Jason S. Brookner
       Texas Bar No. 24033684
       Aaron M. Kaufman
       Texas Bar No. 24060067
       Lydia R. Webb
       Texas Bar No. 24083758
       Amber M. Carson
       Texas Bar No. 24075610
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7127
Facsimile: (713) 986-5966
Email: jbrookner@grayreed.com
       akaufman@grayreed.com
       lwebb@grayreed.com
       acarson@grayreed.com

*Proposed Counsel to the Debtor
and Debtor in Possession*

## CERTIFICATE OF SERVICE

I certify that on March 15, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

       */s/ Jason S. Brookner*
       Jason S. Brookner

4882-0337-8513