IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| TEHUM CARE SERVICES, INC.,[1] | ) Case No. 23-90086 (CML) |
| Debtor. | ) |

### NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM

TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST TEHUM CARE SERVICES, INC.

**PLEASE TAKE NOTICE THAT:**

On February 13, 2023 (the "Petition Date"), Tehum Care Services, Inc. f/k/a Corizon Health, Inc., as debtor and debtor in possession (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

On _____, 2023 the Court entered an order [Docket No. \_\_] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtor must file proofs of claim ("Proofs of Claim").

As used in this notice (the "Notice"), the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

4882-0337-8513

**I.     THE BAR DATES.**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in this chapter 11 case (collectively the "Bar Dates").

    a.    *The Claims Bar Date*.  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units) holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date ***are required to file Proofs of Claim by May 31, 2023***.  Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtor that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

    b.    *The Governmental Bar Date*.  Pursuant to the Bar Date Order, ***all governmental units holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date are required to file Proofs of Claim by August 14, 2023***.  The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

    c.    *The Rejection Damages Bar Date*.  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtor's rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the date that is ***the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease*** of the Debtor.

    d.    *Amended Schedules Bar Date*.  Pursuant to the Bar Date Order, all entities holding claims affected by the amendment to the Debtor's Schedules are required to file Proofs of Claim by the date that is ***the later of (a) the Claims Bar Date or the Governmental Bar Date***, as applicable, and ***(b) the date that is thirty (30) days from the date on which the Debtor mails notice of the amendment to the Schedules***.

**II.     WHO MUST FILE A PROOF OF CLAIM.**

Except as otherwise set forth herein, the following entities holding claims against the Debtor that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

    a.    any entity whose claim against the Debtor is ***not*** listed in the Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity

      desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

b.     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.     any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation.

**III. PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.**

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need ***not*** file Proofs of Claims:

a.     any entity whose claim is listed on the Schedules if: (i) the claim is ***not*** scheduled by the Debtor as any of "disputed," "contingent," or "unliquidated"; (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the Debtor against which the claim is listed in the Schedules;

b.     any entity whose claim has previously been allowed by a final order of the Court;

c.     any entity whose claim is solely against any non-Debtor affiliates;

d.     any entity whose claim has been paid by the Debtor pursuant to a Court order;

e.     any entity holding a claim for which a separate deadline is fixed by this Court;

f.     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course;

g.     any entity holding an equity interest in the Debtor; and

h.     any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtor's use of cash collateral or access to postpetition financing (if any).

4882-0337-8513

**IV.     INSTRUCTIONS FOR FILING PROOFS OF CLAIM.**

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a. ***Contents***.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b. ***Electronic Signatures Permitted***.  Only *original* Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

c. ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtor's counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such writings to Debtor's counsel upon request no later than ten (10) days from the date of such request.

d. ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at www.kccllc.net/tehum or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date or the Governmental Bar Date, or other applicable Bar Date, at the following addresses:

**If by First-Class Mail:**

Tehum Care Services, Inc. Claims Processing Center
c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

4

4882-0337-8513

**If by Hand Delivery or Overnight Mail:**

Tehum Care Services, Inc. c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

  e. ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

**V.** **CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

  a. YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

  b. THE DEBTOR AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

  c. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM; AND

  d. YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION FOR THE DEBTOR ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

**VI.** **RESERVATION OF RIGHTS.**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtor's right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

4882-0337-8513

**VII. THE DEBTOR'S SCHEDULES AND ACCESS THERETO.**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

**VIII. ADDITIONAL INFORMATION**.

Copies of the Debtor's Schedules, the Bar Date Order, and other information regarding this chapter 11 case are available for inspection free of charge on the Debtor's website at www.kccllc.net/tehum. The Schedules and other filings in this chapter 11 case also are available for a fee through the Court's Public Access to Court Electronic Records ("PACER") database located at https://ecf.txsb.uscourts.gov/. A login identification and password are required for PACER access. Information regarding PACER can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in this case also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, 5th Floor, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, please visit www.kccllc.net/tehum to submit an inquiry.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**