STEWART, MARK - 203381

ASPC-Eyman/South Unit

P.O. Box 8400

Florence, Arizona 85132

United States Courts
Southern District of Texas
FILED

APR 03 2023

Nathan Ochsner, Clerk of Court

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES, INC., | Case No. 23-90086 (CML) |
| Debtor | Re: Doc. No. 118 |

MOTION TO LIMIT STAY, BUT PERMIT COLLATERAL CIVIL COURT PROCEEDINGS INVOLVING AS ONE DEFENDANT THE BANKRUPTCY DEBTOR CORIZON AND OTHER CIVIL COURT PARTIES PRIMARILY LIABLE

The Civil lawsuit in question: STEWART v. RYAN et al. (Corizon Health Inc., Dorothy Igwe, Bobby Hahn, Leslie Allen), No. 2:20-cv-01376-ROS-DMF U.S. District Court for the District of Arizona, is brought by Plaintiff, an inmate in the custody of ADCRR which is lawfully responsible for all of the Plaintiff's healthcare. The civil lawsuit alleges that Corizon, as the health care provider under contract with the State of Arizona at the time of question

failed to provide constitutionally adequate necessary medical services to Plaintiff, and upon notice of inmate's need, did not perform its contractually required services to Plaintiff, and was deliberately indifferent in such failure to perform said services. This failure to act by the other defendants, acting on behalf of Corizon, deprived Plaintiff of his constitutional right to be protected from cruel and unusual punishment that such failure to treat Plaintiff (movant in this motion) causing him a loss of necessary treatment, deterioration of his good health and causing extreme pain and suffering and much disability, such consequences of Corizon's failure thus constitutes cruel and unusual punishment in violation of the United States Constitution's 8th and 14th Amendment.

   Even though these factual matter in value the debtor Corizon's failure to act and deliberate indifference, the liability for such behaviors violate the state of Arizona's and U.S. Constitutional obligation and duties. Whether any corrective treatment is awarded by the Civil Court is awarded is the primary obligation of the state of Arizona. The payment of any award for damages is likewise the obligation of the state of Arizona, thus allowing the civil lawsuit to proceed will not define Corizon's liability, if any, owed to the state of Arizona for the damages awarded by the Civil Court against the named defendants.

   Similary Corizon does have contractual obligations to indemnify its agents, employees and contractors for civil damages by this Civil Court to Plaintiff. However, any claim for indemnification by Corizon to any such co-defendants in the civil suit for any part

of Plaintiff's damages is collateral to that lawsuit and resoluable in the bankruptcy proceeding. The priority of claims against debtor Corizon compared to the other creditors must be resolved in the bankruptcy court. Also, any indemnification between Corizon and its employees, agents, or contractors may or may not have defences. An agent is liable to third parties, without the Doctrine of Respondent Superior applying only if the agent was acting within his or her domain of agency, etc. These are also collateral issues not primary to the pending litigation. They are not function of Plaintiff's claim against the State of Arizona for failure to protect the inmates right to basic, necessary health care required by the 8th Amendment.

Thus, the basic lawsuit can go forward without fundamental erosion of Corizon's U.S. Bankruptcy protections. For these reasons the stay should be lifted, at least conditionally.

Conclusion

It is true that the Plaintiff herein is an inmate in prison. He seeks this Bankruptcy Court's Order lifting the stay as to his existing litigation against the State of Arizona for violation of his civil rights and his remedy pursuant to U.S.C. 42 § 1983 and the due process protections of the 14th and 8th Amendment protection against cruel and unusual punishment. The U.S. District Court has original Jurisdiction over such matters. Plaintiff in the civil lawsuit has no ability to participate in the U.S. Bankruptcy Court proceedings. And the Bankruptcy

Court might not be set up securely to bring an inmate into its court for its proceedings. Let the U.S. District Court first do it's job. That will result in first determining if the Plaintiff's claim is valid against the State of Arizona and determine the amount of damages and would impose upon the State of Arizona's Department of Corrections any junctive relief. Corizon is not now the provider of health services to ADCRR and these parties could then proceed to getting Plaintiff his required treatment. These matters should be resolved outside of this U.S. Bankruptcy for debtor Corizon.

Respectfully Submitted this 20th day of March 2023.

*Mark-Leon: Stewart*
"Mark-Leon: Stewart"

## CERTIFICATE OF SERVICE

I hereby Certify that on this 20th day of March, 2023, I mailed the above document to the United States Bankruptcy Court, Southern District of Texas, Clerk of the Court and United States Bankruptcy Judge Christopher Lopez. Copies also mailed this same day to the following recipients:

Tehum Care Services, Inc.
c/o KCC
222 N. Pacific Coast Hwy. Ste. 300
El Segundo, California 90245

\* A second copy was mailed to Tehum Care Services Inc. for the Bankruptcy Trustee.

Jason S. Brookner
Office of Gray Reed
1300 Post Oak Blvd. Suite 2000
Houston, Texas 77056

Clerk of the Court, U.S. Bankruptcy Court
Southern District of Texas, Houston Div.
P.O. Box 61010
Houston, Texas 77208

Honorable Judge Christopher M. Lopez
Bob Casey United States Courthouse
515 Rusk Ave.
Houston, Texas 77002

Honorable Judge Roslyn O. Silver
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC-1
Phoenix, Arizona [85003-2118]

Notice of Service in Bankruptcy Court sent to:
Clerk of the Court, United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 W. Washington St., SPC-1
Phoenix, Arizona [85003-2118]

Alyssa R. Illsley
Quintairos, Prieto, Wood & Boyer
8802 E. Raintree Dr., Suite 100
Scottsdale, Arizona [85260]

Michelle Lombino
Arizona Assistant Attorney General
2005 N. Central Ave.
Phoenix, Arizona [85004]

Respectfully Submitted this 20th day of March, 2023

Merck-Leoni Stewart

6 of 6

