IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>TEHUM CARE SERVICES, INC.,<br><br>                              Debtor. | Chapter 11<br><br>Case No. 23-90086 (CML) |

**APPLICATION TO EMPLOY STINSON LLP AS COUNSEL
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS APPLICATION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADINGS AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors ("Committee") hereby submits this application ("Application") requesting entry of an Order, substantially in the form attached hereto (the "Order"), authorizing and approving the employment of Stinson LLP ("Stinson") to represent the Committee in all capacities in the bankruptcy case of Tehum Care Services, Inc. (the "Debtor"), effective as of March 9, 2023. In support of this Application, the Committee submits the Declaration of Nicholas Zluticky ("Zluticky Declaration"), a partner at Stinson, filed concurrently herewith. In further support of this Application, the Committee represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application case pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

3. The statutory predicates for the relief requested herein are sections §§ 327 and 1103 of Title 11 of the United States Code ("Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas ("Local Rules").

**BACKGROUND**

4. On February 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned bankruptcy case (the "Bankruptcy Case").

5. On February 15, 2023, the Debtor filed its Notice of Designation as Complex 11 Bankruptcy Case [ECF No. 4] on the basis that Debtor's debt totals more than $10 million and that there are more than 50 parties in interest in this case. On February 16, 2023, the Court granted complex case treatment [ECF No. 6].

6. On March 2, 2023, the United States Trustee noticed the *Appointment of Official Committee of Unsecured Creditors* [ECF No. 77], as amended on March 6, 2023 through an *Amended Notice of Appointment of Creditors' Committee* [ECF No. 145].

7. On March 9, 2023, the Committee held a meeting (the "Initial Meeting") and, among other things, voted to retain Stinson as legal counsel to the Committee, subject to Court approval.

8. Since the Initial Meeting, Stinson has continued to meet with the Committee and has filed *The Official Committee of Unsecured Creditors' Objection to the Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtor to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [ECF No. 224], on the Committee's behalf.

**RELIEF REQUESTED**

9.     By this Application, the Committee respectfully requests that the Court enter an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain Stinson as its bankruptcy counsel in this Bankruptcy Case.

10.    The Committee has selected Stinson to represent its interest in this Bankruptcy Case, effective as of March 9, 2023 as Stinson began providing services to the Committee as of such date. The Committee believes that such retention is appropriate and necessary in this Bankruptcy Case.

**STINSON'S QUALIFICATIONS AND SERVICES TO BE RENDERED**

11.    The Committee has selected and seeks to retain Stinson as its counsel due to Stinson's extensive experience and knowledge in the field of complex business reorganization under Chapter 11 of the Bankruptcy Code. Stinson has expertise, experience, and knowledge practicing before numerous bankruptcy courts, including this Court, and has represented debtors, trustees, committees, investors, shareholders and purchasers in virtually all aspects of insolvency cases, including representation of debtors-in-possession and committees. Stinson is a full-service law firm with broad experience and expertise in numerous legal practice areas that will be relevant and advantageous to the Committee during this reorganization, in addition to reorganizing and restructuring, including litigation and transactional specialties.

12.    The Committee anticipates that Stinson will render general legal services to the Committee as needed throughout the course of this Chapter 11 proceeding, including bankruptcy/restructuring, corporate, tax and litigation assistance and advice. In particular, it is anticipated that Stinson will provide, among other services, the following legal services to the Committee:

(a) consulting with the Debtor and the Office of the United States Trustee regarding administration of the case;

(b) advising the Committee with respect to its rights, powers, and duties as they relate to the case;

(c) investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor;

(d) assisting the Committee in analyzing the Debtor's pre-petition and post-petition relationships with its creditors, equity interest holders, employees, and other parties in interest;

(e) assisting and negotiating on the Committee's behalf in matters relating to the claims of the Debtor's other creditors;

(f) assisting the Committee in preparing pleadings and applications as may be necessary to further the Committee's interests and objectives;

(g) researching, analyzing, investigating, filing and prosecuting litigation on behalf of the Committee in connection with issues including but not limited to avoidance actions or fraudulent conveyances;

(h) representing the Committee at hearings and other proceedings;

(i) reviewing and analyzing applications, orders, statements of operations, and schedules filed with the Court and advising the Committee regarding all such materials;

(j) aiding and enhancing the Committee's participation in formulating a plan;

(k) assisting the Committee in advising its constituents of the Committee's decisions, including the collection and filing of acceptances and rejections to any proposed plan; and

(l) performing such other legal services as may be required and are deemed to be in the interests of the Committee.

### **DISINTERESTEDNESS OF STINSON**

13. To the best of the Committee's knowledge, information, and belief, and based on the Zluticky Declaration attached hereto, neither Stinson nor its attorneys have any connection with any party in interest or their attorneys or accountants in this Case, other than as set forth in the Zluticky Declaration.

14. To the best of the Committee's knowledge, information, and belief, except as provided in the Zluticky Declaration, neither Stinson nor any of its attorneys represent any interest adverse to that of the Committee in the matters on which they are to be retained.

15. To the best of the Committee's knowledge, information and belief, Stinson qualifies as a "disinterested person" as defined in Bankruptcy Code § 101(14). The Committee further submits that the employment of Stinson would be in the best interest of the Committee, the estate, and its creditors.

16. Stinson will periodically review its files during the pendency of this Chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Stinson will use reasonable efforts to identify such further development and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014.

## PROFESSIONAL COMPENSATION

17. Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to Stinson on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Stinson. Stinson's hourly rates charged in this Bankruptcy Case are at or below its standard hourly rates based on its agreement with the Committee:

|  |  |
|---|---|
| **Partners:** | $505-$550 per hour[1] |
| **Associates:** | $405-440 per hour |
| **Paralegals:** | $320 per hour |

18. The rates reflected above may change from time to time in accordance with Stinson's established billing practices and procedures. Stinson will maintain detailed,

---

[1] Stinson has agreed to "cap" its partner rates at $550 per hour.

contemporaneous records of its time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

19. In addition to the hourly rates charged for the services of Stinson professionals, and consistent with Stinson's policy with respect to their other clients, Stinson will also charge for all other charges, expenses and disbursements incurred during representation of the Committee.

20. Stinson intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this Chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the orders of this Court.

## NOTICE

21. Notice of this Application has been provided to (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtor; (c) the United States Attorney's Office for the Southern District of Texas; (d) the Internal Revenue Service; (e) the state attorneys general for states in which the Debtor conducts business; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

22. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests entry of an order authorizing the Committee to employ and retain that Stinson LLP counsel for the Committee, effective as of March 9, 2023, and granting such other and further relief as is just and proper.

Respectfully submitted,

**STINSON LLP**

*/s/ Paul B. Lackey*
Paul B. Lackey (TX Bar No. 00791061)
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
Telephone (214) 560-2201
paul.lackey@stinson.com

Edwin Caldie (*pro hac vice*)
Phillip Ashfield (*pro hac vice*)
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
ed.caldie@stinson.com
phillip.ashfield@stinson.com

Nicholas Zluticky (*pro hac vice*)
Michael Pappas (*pro hac vice*)
Zachary Hemenway (*pro hac vice*)
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone:  (816) 842-8600
nicholas.zluticky@stinson.com
michael.pappas@stinson
zachary.hemenway@stinson.com

Clarissa Brady (*pro hac vice*)
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004
clarissa.brady@stinson.com

***PROPOSED COUNSEL FOR THE COMMITTEE***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 7, 2023 the foregoing document was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System.

/s/ Paul B. Lackey
Paul B. Lackey
Proposed Counsel for the Committee