Case 23-90086   Document 332-29   Filed in TXSB on 04/10/23   Page 1 of 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------X

REMOTE DIAGNOSTIC IMAGING, PLLC,

                              Plaintiff,

               - against -

YITZCHOK LEFKOVITS a/k/a JACK LEFKOVITS
a/k/a JACK LEFKOWITZ; NY MEDSCAN, LLC a/k/a
NEW YORK MEDSCAN, LLC; VETCARE HEALTH,
INC.; and NY MEDSCAN KGL, LLC,

                              Defendants.

---------------------------------------------------------------------X

| Index No.: |
| Date Purchased: |

**SUMMONS**

Venue is based on CPLR 503(a). Plaintiff designates New York County as the place of trial.

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the verified complaint in this action and to serve a copy of your answer or, if the verified complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the verified complaint.

Dated: Uniondale, New York
       January 5, 2016

                                    WESTERMAN BALL EDERER MILLER
                                      ZUCKER & SHARFSTEIN, LLP

By: _____
                                    Greg S. Zucker, Esq.
                                    1201 RXR Plaza
                                    Uniondale, New York 11556
                                    (516) 622-9200
                                    *Attorneys for Plaintiff*

1270296

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

REMOTE DIAGNOSTIC IMAGING, PLLC,                    Index No.

                                        Plaintiff,

                                                        **VERIFIED COMPLAINT**

            - against -

YITZCHOK LEFKOVITS a/k/a JACK LEFKOVITS
a/k/a JACK LEFKOWITZ; NY MEDSCAN, LLC a/k/a
NEW YORK MEDSCAN, LLC; VETCARE HEALTH,
INC.; and NY MEDSCAN KGL, LLC,

                                        Defendants.

-----------------------------------------------------------------------X

Plaintiff, by its attorneys, Westerman Ball Ederer Miller Zucker & Sharfstein, LLP,

complaining of the defendants herein, respectfully states as follows:

## THE PARTIES

1.      Plaintiff Remote Diagnostic Imaging, PLLC ("RDI" or "Plaintiff") is a New York

professional limited liability company with its principal place of business located in New York

County.

2.      Upon information and belief, defendant Yitzchok Lefkovits a/k/a Jack Lefkovits

a/k/a Jack Lefkowitz ("Lefkowitz") is an individual residing in the State of New York.

3.      Upon information and belief, defendant NY Medscan, LLC a/k/a New York

Medscan, LLC ("Medscan") is a New York limited liability company.

4.      Upon information and belief, defendant VetCare Health, Inc. ("VetCare") is a

New York corporation.

5.      Upon information and belief, NY Medscan KGL, LLC is a New York limited

liability company.

## FACTS

6.     RDI provides medical imaging and diagnostic services to patients in the New York City area.

7.     Medscan is a management company and, upon information and belief, Lefkowitz is the principal of Medscan.

8.     Upon information and belief, the other defendants are owned, managed and/or controlled by Lefkowitz and/or are alter egos of Medscan and Lefkowitz.  Upon information and belief, the above entities have an overlap in ownership, officers, managers, employees, representatives, offices and other matters, and are under-capitalized.

9.     Pursuant to a contract, RDI previously retained Medscan to provide certain management and administrative services in connection with RDI's medical practice.  That contractual relationship has been terminated.

10.     Following the termination of the parties' relationship, RDI discovered that defendants had engaged in certain wrongdoing including, but not limited to, purporting to enter into a Product Lease Agreement in 2014 with a company called MailFinance Inc. (the "Lease") under names similar to RDI.

11.     One Lease document, entitled "Product Lease Agreement", named "Remote Diagnostic Imaging LLC" as the lessee.  This document was signed by Lefkowitz as President.

12.     Another Lease document, entitled "Lease Confirmation, Delivery and Acceptance Form" named "Remote Diagnostics Imagine, LLC" as the lessee.

13.     Plaintiff did not agree to the Lease and, in fact, did not even know about the Lease at the time defendants purported to enter into it.

14.     Defendants were not authorized to enter into the Lease on behalf of Plaintiff.

2

15. Plaintiff has not used the products referenced in the Lease, and Plaintiff has not derived any benefit from the Lease.

16. The Lease Confirmation, Delivery and Acceptance Form states that the equipment being leased was installed at the following address:  240 Leigh Farm Rd., Ste. 215, Durham, North Carolina 27707.  Plaintiff has never been to that address and is not familiar with that address.

17. Upon information and belief, defendants are using the products referenced in the Lease in connection with VetCare.

18. Upon information and belief, Lefkowitz owns and/or controls VetCare.

19. Plaintiff has no ownership or other interest in VetCare.

20. Plaintiff only recently learned that defendants had engaged in this improper conduct when plaintiff was contacted by a representative of MailFinance, who indicated that money was owed under the Lease.  Since Plaintiff is not a party to the Lease, did not agree to it, and had no prior knowledge of it, Plaintiff does not owe any money under the Lease and has no other obligations under the Lease.

21. Lefkowitz previously agreed to defend, indemnify and hold harmless Plaintiff (and its principal) from any and all claims, lawsuits, demands, causes of action, liability, loss, damage and/or injury, of any kind whatsoever (including, without limitation, all claims for monetary loss, property damage, equitable relief, personal injury and/or wrongful death), whether brought by an individual or other entity, or imposed by a court of law or by administrative action of any federal, state or local governmental body or agency, arising out of, in any way whatsoever, any acts, omissions, negligence or willful misconduct on the part of Lefkowitz, his officers, owners, personnel, employees, agents, contractors, invitees or

3

volunteers; and this indemnification included, without limitation, the payment of all penalties, fines, judgments, awards, decrees, attorneys' fees, and related costs or expenses, and any reimbursements for all legal fees, expenses and costs incurred.

22.     Plaintiff's investigation of defendants' misconduct is ongoing, and Plaintiff reserves the right to amend this Verified Complaint as further wrongdoing is discovered.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Declaratory Judgment)

23.     Plaintiff repeats and realleges the foregoing allegations as if the same were set forth at length herein.

24.     There is a genuine controversy as to whether the Lease is valid and binding on Plaintiff, whether defendants can bind Plaintiff to any contract, agreement, transaction or otherwise, and whether Plaintiff can be liable for debts or obligations incurred by defendants.

25.     Plaintiff seeks and is entitled to a declaration from the Court that the Lease is not valid and binding on Plaintiff, that defendants cannot bind Plaintiff to any contract, agreement, transaction or otherwise, that Plaintiff is not liable for any debts or obligations incurred by defendants, and that defendants are required to indemnify, defend and hold harmless plaintiff (and its principal) from all liabilities, claims and damages of any kind relating to or arising out of the Lease.

26.     Plaintiff has no adequate remedy at law.

4

## AS AND FOR A SECOND CAUSE OF ACTION

### (Permanent Injunction)

27.     Plaintiff repeats and realleges the foregoing allegations as if the same were set forth at length herein.

28.     Defendants have no authority to enter into leases or agreements on Plaintiff's behalf, sign any documents on Plaintiff's behalf, bind Plaintiff to any contract or transaction, incur any debts or obligations on Plaintiff's behalf, or take any other actions on Plaintiff's behalf.

29.     Plaintiff seeks and is entitled to a permanent injunction from the Court enjoining defendants from entering into leases or agreements on Plaintiff's behalf, signing any documents on Plaintiff's behalf, binding Plaintiff to any contract or transaction, incurring any debts or obligations on Plaintiff's behalf, using Plaintiff's name, or taking any other actions on Plaintiff's behalf.

30.     Plaintiff has no adequate remedy at law, and defendants' conduct is causing Plaintiff irreparable harm.  Plaintiff is also entitled to all incidental damages caused by defendants' conduct, along with its attorneys' fees and costs.

**WHEREFORE,** Plaintiff respectfully requests judgment in its favor as follows:

(a)     on the first cause of action, for a declaration that the Lease is not valid and binding on Plaintiff, that defendants cannot bind Plaintiff to any contract, agreement, transaction or otherwise, that Plaintiff is not liable for any debts or obligations incurred by defendants, and that defendants are required to indemnify, defend and hold harmless plaintiff (and its principal) from all liabilities, claims and damages of any kind relating to or arising out of the Lease;

5

(b)     on the second cause of action, for an injunction enjoining defendants from entering into leases or agreements on Plaintiff's behalf, signing any documents on Plaintiff's behalf, binding Plaintiff to any contract or transaction, incurring any debts or obligations on Plaintiff's behalf, using Plaintiff's name, or taking any other actions on Plaintiff's behalf, together with awarding Plaintiff all incidental damages relating to or arising out of defendants' conduct, along with Plaintiff's attorneys' fees and costs; and

(c)     for an award of all sums incidental to defendants' misconduct, plus the costs, attorneys' fees, disbursements and other expenses incurred by Plaintiff in this action, together with such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
January 5, 2016

WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP

By: _____
Greg S. Zucker, Esq.
1201 RXR Plaza
Uniondale, New York 11556
(516) 622-9200
*Attorneys for Plaintiff*

6

## VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK  )


      KAROLYN KERR, being duly sworn, deposes and says:

      I am a member of Remote Diagnostic Imaging, PLLC, the plaintiff in the within action. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

KAROLYN KERR

Sworn to before me this
~~day of December, 2015~~ 5th January 2016

_____
Notary Public

ALESYA O GERSHTEYN
Notary Public - State of New York
NO. 01GE6310595
Qualified in New York County
My Commission Expires Aug 25, 2018

1270299

7