UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In Re:                                          Chapter 7

Herja Associates LLC,                           Case No.: 803-86651-511

          Debtor.

------------------------------------------------------------------X
Marc A. Pergament, Chapter 7 Trustee of the     Adv. Proc. No.
Estate of Herja Associates LLC,

          Plaintiff,

        -against-

Jack Lefkowitz, Maskil El Dal Ltd. and
Olympia Capital Group, Ltd,                     **COMPLAINT**

          Defendants.
------------------------------------------------------------------X

      Marc A. Pergament, Chapter 7 Trustee of the Estate of Herja Associates LLC, by his

attorneys, Weinberg, Gross & Pergament LLP, as and for his Complaint herein, respectfully alleges

and represents to this Court as follows:

      1.     This action arises under 11 U.S.C. §§ 541, 544 and 550 and Rules 6009 and

7001 of the Federal Rules of Bankruptcy Procedure and § 270 et seq. of the New York Debtor and

Creditor Law.

      2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157,

as this action arose in and under the pending Chapter 7 case of Herja Associates LLC.

      3.     Venue is proper in this district pursuant to 28 U.S.C. § 1409 (a).

## THE PARTIES

4.     Marc A. Pergament is the duly appointed Chapter 7 Trustee pursuant to 11 U.S.C. § 704, having been appointed after the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, has duly qualified as such, and by operation of law, became the permanent Trustee of this case.

5.     On October 14, 2004 (the "Petition Date"), Herja Associates LLC ("Herja" or the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6.     Upon information and belief, at all relevant times herein, Defendant Jack Lefkowitz ("Lefkowitz") has been a domicillary of the State of New York, residing at 1526 52nd Street, Brooklyn, New York  and is the sole owner and/or shareholder of Defendants Maskil El Dal Ltd. and Olympia Capital Group Ltd. and is not a licensed real estate broker.

7.     Upon information and belief, at all relevant times herein, Defendant Maskil El Dal Ltd. ("Maskil") is a not for profit corporation, duly organized and existing under the laws of the State of New York, with its principal places of business located at 751 Second Avenue, New York, New York and 1526 52nd Street, Brooklyn, New York.

8.     Upon information and belief, at all relevant times herein, Defendant Olympia Capital Group Ltd ("Olympia") is a corporation, duly organized and existing under the laws of the State of New York, with its principal places of business located at 751 Second Avenue, New York, New York and 1526 52nd Street, Brooklyn, New York.

2

FACTUAL BACKGROUND

a. The Non-Parties

9.      Upon information and belief, at all times relevant herein, Ever Ready Medical Supply ("Ever Ready") is a corporation organized and existing under the laws of the State of New York, and is an affiliate of the Debtor.

10.      Upon information and belief, at all times relevant herein, JT Princeton Holding ("JT Princeton") is a limited liability company organized and existing under the laws of the State of New York.

11.      Upon information and belief, at all times relevant herein, Stanev Associates, ("Stanev") is a limited liability company, organized and existing under the laws of the State of New York, and is one of the owners of the real property known as 80 Evergreen Avenue, Brooklyn, New York.

12.      Upon information and belief, at all times relevant herein, Yosef Tabak ("Tabak") is a domiciliary of the State of New York and is the sole owner of JT Princeton and Stanev.

13.      Upon information and belief, at all times relevant herein, Mom and Sons Realty LLP is a limited liability company organized and existing under the laws of the State of New York, is an affiliate of the Debtor, and was the sole owner of the real property known as 80 Evergreen Avenue, Brooklyn, New York ("80 Evergreen").

14.  Upon information and belief, at all times relevant herein, the Debtor was the owner of the real property known as 930 Flushing Avenue, Brooklyn, New York ("930 Flushing Property").

15.  Upon information and belief, at all times relevant herein, Herman Jacobowitz ("Herman") is the sole owner of the Debtor and an owner of Mom and Sons.

16.  Upon information and belief, at all times relevant herein, Eva Silverstein ("Eva") is an officer of Ever Ready, an owner of Mom and Sons, and the mother of Herman.

### b. The Transfer

17.  Upon information and belief, in or about January 2003, Defendant Lefkowitz, at the request of Eva, orally agreed to act as a "consultant" to Ever Ready (the "Oral Consulting Agreement").

18.  Upon information and belief, the Oral Consulting Agreement consisted of assisting Ever Ready in resolving its financial difficulties with its lender.

19.  Upon information and belief, the Oral Consulting Agreement did not provide for a fee to be paid to Defendant Lefkowitz.

20.  Upon information and belief, Defendant Lefkowitz did not retain any outside consultants with respect to the Oral Consulting Agreement.

21.  Upon information and belief, on or about June 16, 2003, the Debtor sold the 930 Flushing Property.

22.  Upon information and belief, on or about June 23, 2003, Mom and Sons sold the 80 Evergreen Property.

4

23.    Upon information and belief, Ever Ready and Tabak facilitated the transfer from the Debtor to Defendant Lefkowitz of the sum of one million ($1,000,000.00) dollars from the revenues of the sale of the 80 Evergreen Property and/or the 930 Flushing Avenue Property (the "Transfer").

24.    Upon information and belief, the Transfer was made by two checks drawn on the account of JT Princeton and Stanev, one payable to Defendant Maskil in the amount of $375,000.00, and one payable to Olympia in the amount of $625,000.00.

25.    Upon information and belief, Defendant Lefkowitz rendered no services in consideration for the Transfer.

26.    Upon information and belief, Defendant Maskil rendered no services in consideration for the Transfer.

27.    Upon information and belief, Defendant Olympia rendered no services or consideration for the Transfer.

28.    Upon information and belief, the Transfer diminished the assets of the Debtor's estate.

## AS AND FOR A FIRST CLAIM FOR RELIEF

29.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this Complaint as if more fully set forth at length herein.

30.    Upon information and belief, the Debtor was either insolvent at the time of the Transfer to Defendants Lefkowitz, Maskil and Olympia or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

5

31.     Upon information and belief, at or about the time of the Transfer, or as a result thereof, the fair market value of all of the Debtor's assets was less than the amount required to pay the Debtor's existing debts as such debts became absolute and mature.

32.     Upon information and belief, the Debtor did not receive any consideration in exchange for the Transfer to the Defendants within the meaning of New York Debtor and Creditor Law § 272.

33.     Upon information and belief, by reason of the Transfer to Defendants Lefkowitz, Maskil and Olympia, without sufficient consideration, the Debtor was insolvent or rendered insolvent.

34.     Upon information and belief, the Transfer was made to Defendants Lekfowitz, Maskil and Olympia, with the actual intent to hinder, delay or defraud creditors of this bankruptcy estate.

35.     Upon information and belief, on the date that the Debtor filed its Petition, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the Transfer to Defendants Lefkowitz, Maskil and Olympia under New York Debtor and Creditor Law § 273.

36.     Upon information and belief, the Transfer to Defendants Lefkowitz, Maskil and Olympia was a fraudulent transfer pursuant to § 270 et seq. of New York Debtor and Creditor Law since the Debtor did not receive sufficient consideration for the transfer.

6

37. By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 278 setting aside the Transfer or awarding the Plaintiff $1,000,000.00, plus interest from June 16, 2003.

## AS AND FOR A SECOND CLAIM FOR RELIEF

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this Complaint as if more fully set forth at length herein.

39. Upon information and belief, on the date of the Transfer to Defendants Lefkowitz, Maskil and Olympia without sufficient consideration, the Debtor knew or should have known that it would incur debts beyond its ability to pay such debts as they matured.

40. Upon information and belief, the Debtor's knowledge of such inability to pay such debts requires the Transfer to be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

41. Upon information and belief, on the date of the filing of the Debtor's bankruptcy petition, there were actual existing creditors of the Debtor who could have avoided the Transfer under New York Debtor and Creditor Law § 275.

42. By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 278 setting aside the Transfer or awarding the Plaintiff damages in the sum of $1,000,000.00, plus interest from June 16, 2003.

## AS AND FOR A THIRD CLAIM FOR RELIEF

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this Complaint as if more fully set forth at length herein.

7

44.     Upon information and belief, the Transfer to Defendants Lefkowitz, Maskil and Olympia was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

45.     By virtue of the foregoing, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 278 setting aside the Transfer or awarding the Plaintiff damages in the sum of $1,000,000.00, plus interest from June 16, 2003.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

46.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "28" of this Complaint as if more fully set forth at length herein.

47.     Upon information and belief, the Transfer to Defendants Lefkowitz, Maskil and Olympia was made with the intent to hinder, delay, or defraud present or future creditors of the Debtor pursuant to New York Debtor and Creditor Law § 276.

48.     By reason of the actual intent of Defendants Lefkowitz, Maskil and Olympia to defraud the creditors of the Debtor, Plaintiff is entitled to his legal fees incurred in this action pursuant to New York Debtor and Creditor Law § 276-a.

WHEREFORE, Marc A. Pergament, Plaintiff-Trustee respectfully requests that this Court enter judgment against Defendants Jack Lefkowitz, Maskil El Dal Ltd. and Olympia Capital Group Ltd. jointly and severally as follows:

a.     As to the First Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 270 et. seq. and 278 setting aside the Transfer to Defendants Lefkowitz, Maskil and

8

Olympia; or in the alternative, awarding the Plaintiff damages in the sum of $1,000,000.00, plus interest from June 16, 2003;

b.    As to the Second Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 275 and 278, setting aside the Transfer to Defendants Lefkowitz, Maskil, and Olympia; or in the alternative, awarding the Plaintiff damages in the sum of $1,000,000.00, plus interest from June 16, 2003;

c.    As to the Third Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 276 and 278, setting aside the Transfer to Defendants Lefkowitz, Maskil and Olympia; or, in the alternative, awarding the Plaintiff damages in the sum of $1,000,000.00, plus interest from June 16, 2003.

d.    As to the Fourth Claim for Relief, pursuant to New York Debtor and Creditor Law §§ 276-a, Plaintiff's legal fees incurred in this adversary proceeding;

e.    Together with the costs and disbursements incurred herein; and

f.    Such other and further relief as this Court deems just and proper.

Dated:    Garden City, New York
          September 27, 2004

Weinberg, Gross & Pergament LLP
Attorneys for Plaintiff-Trustee

By:    _____
       Marc A. Pergament (MP-6183)
       400 Garden City Plaza, Suite 403
       Garden City, New York  11530
       (516) 877-2424

9

| B 104<br>(Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Marc A. Pergament, Chapter 7 Trustee of the Estate of Herja Associates LLC, | Jack Lefkowitz, Maskil El Dal Ltd. and Olympia Capital Group, Ltd. |

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Weinberg, Gross & Pergament LLP<br>400 Garden City Plaza, Suite 403<br>Garden City, New York 11530<br>(516) 877-2424 | ATTORNEYS (If Known) |
|---|---|

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This action arises under 11 U.S.C. Sections 541, 544 and 550 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and Section 270 et seq. of the New York Debtor and Creditor Law. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1334, 28 U.S.C. Section 157, as this action arose in and under the pending Chapter 7 case of Herja Associates LLC. Venue is proper in this district pursuant to 28 U.S.C. Section 1409(a).

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☒ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

| **ORIGIN OF PROCEEDINGS**<br>(Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| **DEMAND**<br>$ 1,000,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND<br>Check only if demanded in complaint |
|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Herja Associates LLC | BANKRUPTCY CASE NO.<br>803-86651-511 |
|---|---|

| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District | DIVISIONAL OFFICE | NAME OF JUDGE<br>Hon. Melanie L. Cyganowski |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)  ☐ FEE ATTACHED  ☐ FEE NOT REQUIRED  ☒ FEE IS DEFERRED

| DATE<br>September 27, 2004 | PRINT NAME<br>MARC A. PERGAMENT | SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Marc A. Pergament |
|---|---|---|

B 104

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self explanatory.

**Parties.** Give the names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. § 544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause of action fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

> 1. Original Proceeding.
> 2. Removed from a State or District Court.
> 4. Reinstated or Reopened.
> 5. Transferred from Another Bankruptcy Court.

**Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, Fed. R. Civ. P., as made applicable by Rule 7023, Fed. R. Bankr. P.

**Demand.** In this space enter the dollar amount being demanded in the complaint. If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Jury Demand.** Check the box only if a jury trial is demanded in the complaint.

**Bankruptcy Case in Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee.) There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not presented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.