United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TEHUM CARE SERVICES, INC.,[1] | ) | Case No. 23-90086 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**ORDER (I) AUTHORIZING THE RETENTION AND
EMPLOYMENT OF ANKURA CONSULTING GROUP, LLC
AS FINANCIAL ADVISOR AND (II) DESIGNATING RUSSELL A. PERRY
AS CHIEF RESTRUCTURING OFFICER, EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application") of Tehum Care Services, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), for the entry of an order (this "Order") authorizing the Debtor to retain and employ Ankura Consulting, LLC ("Ankura") to provide legal services to the Debtor in the above-captioned chapter 11 case, effective as of the Petition Date, on the terms and conditions set forth in the Engagement Agreement; and upon the Perry Declaration; and this Court being satisfied based on the representations made in the Application and in the Perry Declaration that Ankura represents no interest adverse to the Debtor's estate with respect to the matters upon which they are to be engaged, and that their employment is necessary and in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having jurisdiction over the Application pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the terms and conditions of Ankura's employment set forth

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4874-9043-2852

in the Engagement Agreement as modified by this Order, are reasonable as required by section 327(a) of the Bankruptcy Code; and this Court having found that the Debtor's notice of the Application was appropriate and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, the Debtor is authorized to (a) retain employ Ankura as financial advisor to the Debtor and (b) designate Russell A. Perry as Chief Restructuring Officer, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letter.

2. The terms of the Engagement Letter, including without limitation, the compensation provisions, are reasonable terms and conditions of employment and are hereby approved as set forth herein.

3. Upon employment and retention by the Debtor, Ankura and Mr. Perry shall be empowered and authorized to carry out all duties and responsibilities set forth in the Engagement Letter.

4. Ankura shall file monthly, interim, and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders and procedures of this Court. For billing purposes, Ankura personnel providing services on an hourly rate basis shall keep their time in one

tenth (1/10) hour increments and Ankura shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional information.

5. Prior to any increases in Ankura's rates with respect to this Order and the Application, Ankura shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtor, the U.S. Trustee, and the Committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

6. Upon receiving an updated parties in interest list, Ankura shall review its files to ensure that no conflicts or other disqualifying circumstances exist or arise. In connection with receiving a new parties in interest list, Ankura shall use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

7. To the extent the Debtor and Ankura enter into any additional engagement agreements, the Debtor shall file notices of such additional engagement agreements and serve such notice on the master service list maintained in this chapter 11 case. To the extent any parties object to the additional services to be provided by Ankura within ten (10) days of receipt of such notice and such objection cannot be consensually resolved, the Debtor will promptly seek a hearing before the Court. To the extent no objections are filed within ten (10) days of service of such notice, such additional engagement letters shall be deemed approved pursuant to this Order. All additional services will be subject to the provisions of this Order.

8. To the extent the Application, the Perry Declaration, or the Engagement Agreement are inconsistent with this Order, the terms of this Order shall govern.

9. Notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Debtor to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing and (V) Granting Related Relief*, and any amended or final order entered by the Court in connection therewith (collectively, the "DIP Orders") and the Approved Budget (as defined in the DIP Orders). To the extent there is any inconsistency between the terms of such DIP Orders and any action taken or proposed to be taken hereunder, the terms of such DIP Orders and the Approved Budget shall control.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: April 11, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

4874-9043-2852