United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 02, 2023

Nathan Ochsner, Clerk

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TEHUM CARE SERVICES, INC.,[1] | ) | Case No. 23-90086 (CML) |
|  | ) |  |
| Debtor. | ) | **Re: Docket No. 184** |
|  | ) |  |

### ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (IV) APPROVING <u>NOTICE OF BAR DATES, AND (V) GRANTING RELATED RELIEF</u>

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") for entry of an order (this "<u>Bar Date Order</u>") (a) establishing deadlines for filing proofs of claim in this chapter 11 case, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (c) approving the form and manner for filing such claims, and (d) approving notice of the Bar Dates, and (e) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Capitalized terms used and not defined herein have the meanings ascribed to them in the Motion.

opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

## I.      **The Bar Dates and Procedures for Filing Proofs of Claim.**

1.      Each entity[3] that asserts a claim against the Debtor that arose before the Petition Date shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in the form attached hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Except as explicitly set forth herein, ***all Proofs of Claim, including those held by governmental units, must be filed so that they are actually received on or before August 14, 2023, (the "Claims Bar Date"), at the addresses and in the form set forth herein***, *provided, however*, that on or prior to the Claims Bar Date, the Committee may seek emergency relief to extend the Claims Bar Date for cause shown.  The Claims Bar Date applies to all types of claims against the Debtor that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in the Motion or this Bar Date Order.

---

[3] Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" (including individuals, partnerships, corporations, joint ventures, and trusts)has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4] Copies of Official Form 410 may be obtained by: (a) visiting the Debtor's restructuring website at: www.kccllc.net/tehum; and/or (b) visiting the website maintained by the Court at http://www.txs.uscourts.gov/bankruptcy.

4885-8958-0378

2.      Unless otherwise ordered, all entities asserting claims arising from the Debtor's rejection of executory contracts and unexpired leases shall file a Proof of Claim on account of such rejection by the later of (a) the Claims Bar Date and (b) the date that is thirty (30) days following entry of the order approving the Debtor's rejection of the applicable executory contract or unexpired lease (the "<u>Rejection Damages Bar Date</u>").

3.      If the Debtor amends the Schedules, the Debtor shall give notice by first-class mail of any amendment to holders of claims affected thereby, and, except for entities that are exempt from complying with the applicable Bar Dates, as set forth in this Bar Date Order, the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date and (b) the date that is thirty (30) days from the date the notice of the Schedule amendment is mailed (the "<u>Amended Schedules Bar Date</u>" and together with the Claims Bar Date and the Rejection Damages Bar Date, as applicable, the "<u>Bar Date</u>" or "<u>Bar Dates</u>").

4.      All Proofs of Claim must be filed so as to be ***actually received*** by the Claims and Noticing Agent on or before the applicable Bar Date.  If Proofs of Claim are not received by the Claims and Noticing Agent on or before the Claims Bar Date, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtor and precluded from voting on any plan of reorganization filed in this chapter 11 case and/or receiving distributions from the Debtor on account of such claims in this chapter 11 case.

**II.     <u>Parties Exempted from the Bar Date</u>.**

5.      The following categories of claimants, in the capacities described below, shall not be required to file a Proof of Claim by the Bar Date:

        a.      any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled by the Debtor as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority

of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the Debtor against which the claim is listed in the Schedules;

b.    any entity whose claim has previously been allowed by a final order of the Court;

c.    any entity whose claim is solely against any non-Debtor affiliates;

d.    any entity whose claim has been paid by the Debtor pursuant to a Court order;

e.    any entity holding a claim for which a separate deadline is fixed by this Court;

f.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course;

g.    any entity holding an equity interest in the Debtor; and

h.    any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtor's use of cash collateral or access to postpetition financing (if any).

## III.    Substantive Requirements of Proofs of Claim.

6.    The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.    ***Contents***.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

b.    ***Electronic Signatures Permitted***.  Only ***original*** Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

c.    ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtor's counsel, such Proof of Claim may include a summary of

4885-8958-0378

such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such writings to Debtor's counsel upon request no later than ten (10) days from the date of such request.

d.      ***Timely Service***.   Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at www.kccllc.net/tehum or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date or other applicable Bar Date, at the following addresses:

**If by First-Class Mail:**

Tehum Care Services, Inc. Claims Processing Center
c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**If by Hand Delivery or Overnight Mail:**

Tehum Care Services, Inc. c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

e.      ***Receipt of Service***.   Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

## IV.      <u>Identification of Known Creditors</u>.

7.      The Debtor shall mail notice of the Bar Dates only to its known creditors, and such mailing shall be made to the last known mailing address for each such creditor, as reflected in the Debtor's books and records at such time.

4885-8958-0378

V.     **Procedures for Providing Notice of the Bar Date.**

A.     **Mailing of Bar Date Notices.**

8.     By the later of (i) three (3) business days after entry of this Bar Date Order and (ii) May 5, 2023, the Debtor shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 2** (the "Bar Date Notice") and a Proof of Claim Form (together, the "Bar Date Package") to be mailed via first class mail to the following entities:

   a.     the United States Trustee for the Southern District of Texas;

   b.     all creditors and other known holders of Claims against the Debtor as of the date of entry of the Bar Date Order;

   c.     all entities that have requested notice of the proceedings in this chapter 11 case pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

   d.     all entities that have filed Proofs of Claim in this chapter 11 case as of the date of the Bar Date Order;

   e.     all known non-Debtor equity and interest holders of the Debtor as of the date the Bar Date Order is entered;

   f.     all entities who are party to executory contracts and unexpired leases with the Debtor;

   g.     all entities who are party to active litigation with the Debtor;

   h.     all current and former employees who were employed by the Debtor in the 2 years prior to the Petition Date (to the extent that contact information for former employees is available in the Debtor's records);

   i.     all regulatory authorities that regulate the Debtor' business;

   j.     the Office of the Attorney General for the state of Texas and each of the states in which the Debtor conducts business;

   k.     the Internal Revenue Service;

   l.     all other taxing authorities for the jurisdictions in which the Debtor maintains or conducts business;

   m.     the United States Securities and Exchange Commission; and

   n.     the Office of the United States Attorney for the Southern District of Texas.

9.       No later than two (2) business days after filing its Schedules, the Debtor shall cause the Bar Date Package to be mailed via first class mail to any parties appearing on the Schedules that were not previously served with a Bar Date Package.

10.      After the initial mailing of the Bar Date Packages, the Debtor may, in its discretion, make supplemental mailings of notices or packages, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtor may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**B.      Publication of Bar Date Notice.**

11.      The Debtor shall cause notice of the Claims Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtor and creditors whose identities are known but whose addresses are unknown by the Debtor.  The Debtor shall cause the Bar Date Notice to be published as soon as reasonably practicable after entry of the Bar Date Order, modified for publication in substantially the form annexed hereto as **<u>Exhibit 3</u>** (the "<u>Publication Notice</u>"), on one occasion in the national edition of the *Wall Street Journal*, the *New York Times*, *Prison Legal News*, and any such other publications that the Debtor deem appropriate and disclose in its Affidavit of Service.

12.      Notice of the Bar Dates as set forth in this Bar Date Order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtor may send from time to time) constitutes adequate and

4885-8958-0378

sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**VI.      Consequences of Failure to File a Proof of Claim.**

13.      Any entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a Proof of Claim with respect thereto) and the Debtor and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.

14.      Any such entity that is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in this chapter 11 case, participating in any distribution in this chapter 11 case on account of such claim, or receiving further notices regarding such claim.

**VII.     Miscellaneous.**

15.      The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Bar Date Order in accordance with the Motion.

16.      The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

17.      Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

18.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

19.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

4885-8958-0378

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

Signed:  May 02, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

9

4885-8958-0378

## __Exhibit 1__

**Proof of Claim Form**

Your claim can be filed electronically on KCC's website at **https://epoc.kccllc.net/Tehum.**

| Fill in this information to identify the case: |
| --- |

Debtor     <u>Tehum Care Services, Inc.</u>

United States Bankruptcy Court for the Southern District of Texas

Case number     <u>23-90086</u>

## Official Form 410
# Proof of Claim
<div align="right">04/22</div>

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No

☐ Yes.   From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Name

Number    Street

City      State      ZIP Code

Country

Contact phone _____

Contact email _____

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City      State      ZIP Code

Country

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims registry (if known) _____     Filed on _____

                                                                     MM  /   DD  /   YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes. Who made the earlier filing? _____

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ___  ___  ___  ___

**7. How much is the claim?**

$ _____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

    ☐ Motor vehicle

    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:** $_____

    **Amount of the claim that is secured:** $_____

    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:** $_____

    **Annual Interest Rate** (when case was filed)_____%

    ☐ Fixed

    ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | | Amount entitled to priority |
|---|---|---|---|

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. **Check all that apply:**

        ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).      $_____

        ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).      $_____

        ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).      $_____

        ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).      $_____

        ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).      $_____

        ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.      $_____

    * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:**  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
       First name           Middle name           Last name

Title  _____

Company  _____
       Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
       Number        Street

       _____
       City                  State       ZIP Code       Country

Contact phone  _____     Email  _____

---

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                                12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

---

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
18 U.S.C. §§ 152, 157 and 3571

---

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

Tehum Care Services, Inc. Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/Tehum.

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at http://www.kccllc.net/Tehum

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received.
11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

**<u>Exhibit 2</u>**

**Proposed Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TEHUM CARE SERVICES, INC.,[1] | ) | Case No. 23-90086 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM</u>

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST TEHUM CARE SERVICES, INC. F/K/A CORIZON HEALTH, INC.**

**PLEASE TAKE NOTICE THAT:**

On February 13, 2023 (the "<u>Petition Date</u>"), Tehum Care Services, Inc. f/k/a Corizon Health, Inc., as debtor and debtor in possession (the "<u>Debtor</u>"), filed a voluntary petition for relief under chapter 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Court</u>").

On _____, 2023 the Court entered an order [Docket No. __] the ("<u>Bar Date Order</u>")[2] establishing certain dates by which parties holding prepetition claims against the Debtor must file proofs of claim ("<u>Proofs of Claim</u>").

As used in this notice (the "<u>Notice</u>"), the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas.  In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code:  (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

4885-8958-0378

## I.     THE BAR DATES.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in this chapter 11 case (collectively the "Bar Dates").

a.     ***The Claims Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities (including governmental units) holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date ***are required to file Proofs of Claim by August 14, 2023***.  Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtor that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

b.     ***The Rejection Damages Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtor's rejection of executory contracts and unexpired leases are required to file Proofs of Claim by the date that is ***the later of (a) the Claims Bar Date***, and ***(b) the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease*** of the Debtor.

c.     ***Amended Schedules Bar Date***.  Pursuant to the Bar Date Order, all entities holding claims affected by the amendment to the Debtor's Schedules are required to file Proofs of Claim by the date that is ***the later of (a) the Claims Bar Date***, and ***(b) the date that is thirty (30) days from the date on which the Debtor mails notice of the amendment to the Schedules***.

## II.     WHO MUST FILE A PROOF OF CLAIM.

Except as otherwise set forth herein, the following entities holding claims against the Debtor that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.     any entity whose claim against the Debtor is ***not*** listed in the Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in this chapter 11 case or share in any distribution in this chapter 11 case;

b.     any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules; and

c.     any former or present full-time, part-time, salaried, or hourly employees must submit Proofs of Claim relating to any grievance prior to the Claims Bar Date to the extent grounds for such grievances arose on or prior to the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation.

## III.     PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM.

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need ***not*** file Proofs of Claims:

   a.     any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled by the Debtor as any of "disputed," "contingent," or "unliquidated"; (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the Debtor against which the claim is listed in the Schedules;

   b.     any entity whose claim has previously been allowed by a final order of the Court;

   c.     any entity whose claim is solely against any non-Debtor affiliates;

   d.     any entity whose claim has been paid by the Debtor pursuant to a Court order;

   e.     any entity holding a claim for which a separate deadline is fixed by this Court;

   f.     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course;

   g.     any entity holding an equity interest in the Debtor; and

   h.     any holder of a claim for any fees, expenses, or other obligations arising under any interim or final order approving the Debtor's use of cash collateral or access to postpetition financing (if any).

## IV.     INSTRUCTIONS FOR FILING PROOFS OF CLAIM.

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

   a.     ***Contents***.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

   b.     ***Electronic Signatures Permitted***.  Only ***original*** Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative

of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

c.    ***Supporting Documentation***.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of the Debtor's counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that received such written consent shall be required to transmit such writings to Debtor's counsel upon request no later than ten (10) days from the date of such request.

d.    ***Timely Service***.  Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at www.kccllc.net/tehum or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be ***actually received*** by the Claims and Noticing Agent on or before the Claims Bar Date, or other applicable Bar Date, at the following addresses:

**If by First-Class Mail:**

Tehum Care Services, Inc. Claims Processing Center
c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**If by Hand Delivery or Overnight Mail:**

Tehum Care Services, Inc. c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

e.    ***Receipt of Service***.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by the Claims and Noticing Agent must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Claims and Noticing Agent) and (ii) a self-addressed, stamped envelope.

4885-8958-0378

## V.      CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.      YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.      THE DEBTOR AND ITS PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.      YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM; AND

d.      YOU WILL NOT BE PERMITTED TO VOTE ON ANY PLAN OF REORGANIZATION FOR THE DEBTOR ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.     RESERVATION OF RIGHTS.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtor's right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.    THE DEBTOR'S SCHEDULES AND ACCESS THERETO.

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules.  If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.   ADDITIONAL INFORMATION.

Copies of the Debtor's Schedules, the Bar Date Order, and other information regarding this chapter 11 case are available for inspection free of charge on the Debtor's website at www.kccllc.net/tehum.  The Schedules and other filings in this chapter 11 case also are available for a fee through the Court's Public Access to Court Electronic Records ("PACER") database located at https://ecf.txsb.uscourts.gov/.  A login identification and password are required for PACER access.  Information regarding PACER can be obtained through the PACER Service

4885-8958-0378

Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in this case also may be examined between the hours of 8:00 a.m. and 5:00 p.m., prevailing Central Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, 5th Floor, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, please visit www.kccllc.net/tehum to submit an inquiry.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

4885-8958-0378

**Exhibit 3**

**Proposed Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TEHUM CARE SERVICES, INC.,[1] | ) | Case No. 23-90086 (CML) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM**

<div style="border:1px solid">

**THE CLAIMS BAR DATE IS AUGUST 14, 2023**

</div>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

 ***Deadlines for Filing Proofs of Claim***.  On _____, 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. \_\_] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim ("Proofs of Claim") in the chapter 11 case of Tehum Care Services, Inc. f/k/a Corizon Health, Inc. (the "Debtor").

 ***The Bar Dates***.  Pursuant to the Bar Date Order, *all* entities (including governmental units), including individuals, partnerships, estates, and trusts that have a claim or potential claim against the Debtor that arose prior to February 13, 2023, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before ***August 14, 2023 (the "Claims Bar Date")***.  All entities holding claims arising from the Debtor's rejection of executory contracts and unexpired leases are required to file Proofs of Claim by ***the date that is (a) the later of the Claims Bar Date***, and ***(b) the date that is thirty (30) days following entry of the order approving the Debtor's rejection of the applicable executory contract or unexpired lease (the "Rejection Damages Bar Date")***.  All entities holding claims affected by an amendment to the Debtor's Schedules are required to file Proofs of Claim by ***the later of (a) the Claims Bar Date***, and ***(b) the date that is thirty (30) days from the date on which the Debtor mails notice of the amendment to the Schedules (the "Amended Schedules Bar Date")***.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE CLAIMS BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH**

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.

*Filing a Proof of Claim*.  Each Proof of Claim must be filed, including supporting documentation, by either (i) electronic submission through PACER (Public Access to Court Electronic Records at http://ecf.txsb.uscourts.gov), (ii) electronic submission using the interface available on the Claims and Noticing Agent's website at www.kccllc.net/tehum or (iii) if submitted through non-electronic means, by U.S. Mail or other hand delivery system, so as to be *actually received* by the Claims and Noticing Agent on or before the Claims Bar Date, or any other applicable Bar Date, at the following addresses:

### If by First-Class Mail:

Tehum Care Services, Inc. Claims Processing Center
c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

### If by Hand Delivery or Overnight Mail:

Tehum Care Services, Inc. c/o KCC
222 N Pacific Coast Highway, Suite 300
El Segundo, CA 90245

### PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.

*Contents of Proofs of Claim*.  Each Proof of Claim must: (1) be written in legible English; (2) include a claim amount denominated in United States dollars; (3) clearly identify the Debtor against which the claim is asserted (4) conform substantially with the Proof of Claim form provided by the Debtor or Official Form 410; (5) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink; and (6) include as attachments any and all supporting documentation on which the claim is based.

*Electronic Signatures Permitted*.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

*Additional Information*.  If you have any questions regarding the claims process and/or you wish to obtain a copy of the Bar Date Notice, a proof of claim form or related documents you may do so by: (i) calling the Debtor's restructuring hotline at (866) 967-0491 (Toll-Free) or (310) 751-2691 (International); or (ii) visiting the Debtor's restructuring website at: www.kccllc.net/tehum.

4885-8958-0378