IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TEHUM CARE SERVICES, INC.,[1] | ) ) | Case No. 23-90086 (CML) |
| Debtor. | ) ) ) |   |

**STIPULATION AND AGREED ORDER
REGARDING APPOINTMENT OF A MEDIATOR AND
GOVERNING RELATED MEDIATION PROCEDURES**

Tehum Care Services, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), the Official Committee of Unsecured Creditors appointed in this chapter 11 case (the "Committee"), M2 LoanCo, LLC, as administrative agent and lender under the DIP Orders (defined below) (the "DIP Lender"), YesCare Corp. ("YesCare"), M2 HoldCo, LLC ("HoldCo"), Perigrove 1018, LLC ("Perigrove"), and Geneva Consulting, LLC ("Geneva" and, together with the Debtor, the Committee, the DIP Lender, YesCare, HoldCo and Perigrove, the "Parties"), hereby enter into this Stipulation and Agreed Order as follows:

WHEREAS, on February 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned chapter 11 case (the "Main Case");

WHEREAS, on March 22, 2023, the Court held a hearing and entered the *Interim DIP Order (I) Authorizing Debtor to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims for Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related*

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4864-6094-8837

*Relief* [Docket No. 243] (the "First Interim DIP Order"), which has been amended and supplemented pursuant to Docket No. 476 (the "Second Interim DIP Order") and Docket No. 579 (the "Third Interim DIP Order" and, together with the First Interim DIP Order and Second Interim DIP Order, the "DIP Orders");

WHEREAS, the DIP Orders contemplate releases of estate causes of action as against the Releasees (as defined in the DIP Orders), subject to the Debtor's and Committee's rights during the Challenge Period (as defined in the DIP Orders);

WHEREAS, the Debtor and the Committee are conducting investigations of the claims potentially being released under the DIP Order;

WHEREAS, on March 23, 2023, the Debtor filed its (i) *Complaint Seeking (I)(A) a Declaratory Judgment that the Automatic Stay Applies to Certain Claims and Causes of Actions Asserted Against Certain Non-Debtors and (B) an Extension of the Automatic Stay to Certain Non-Debtors, or in the Alternative, (II) a Preliminary Injunction Related to Such Actions* [Adv. No. 23-03049, Docket No. 1] (the "Adversary Complaint") and (ii) *Motion for an Order (I)(A) Declaring that the Automatic Stay Applies to Certain Claims and Causes of Action Asserted against Certain Non-Debtors and (B) Extending the Automatic Stay to Certain Non-Debtors, or in the Alternative, (II) Preliminary Enjoining Such Actions* [Adv. No. 23-03049, Docket No. 2] (the "Adversary Stay Motion"), whereby the Debtors commenced Adversary Proceeding No. 23-03049 (the "Adversary Proceeding"); and

WHEREAS, the Parties desire to negotiate a consensual resolution of this chapter 11 case including, but not limited to, certain issues and disputes relating to the releases contemplated under the DIP Orders, the maximization of assets to be distributed through a chapter 11 plan and the relief requested in the Adversary Complaint and Adversary Stay Motion (collectively, the

2

4864-6094-8837

"Mediation Topics"), all in the hopes of allowing the Debtor exit chapter 11 expeditiously and maximize distributions to creditors;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. Judge David R. Jones is appointed as mediator (the "Mediator") in the Main Case. At all times in the performance of his mediation duties, Judge Jones will be acting in his official capacity as a United States Bankruptcy Judge, with all of the privileges and immunities of a United States Bankruptcy Judge. Mediation in the Main Case will be governed by Paragraph S of the *Procedures for Complex Cases in the Southern District of Texas (Effective January 1, 2023)*, which provides as follows:

   a. Time and Place of Mediation. The mediator will schedule a time and place for the mediation and any pre-mediation conferences.

   b. Submission Materials. Each party must submit directly to the mediator such materials (the "Submission") in form and content as the mediator directs. Prior to the mediation, the mediator may talk with the participants to determine what materials would be helpful. The Submission must not be filed with the Court.

   c. Protection of Information Disclosed at Mediation. The mediator and the participants in mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties in the course of the mediation. No person may rely on or introduce as evidence in any arbitral, judicial or other proceeding, evidence pertaining to any aspect of the mediation effort, including but not limited to: (A) views expressed or suggestions made by a party with respect to a possible settlement of the dispute; (B) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator, (C) proposals made or views expressed by the mediator; (D) statements or admissions made by a party in the course of the mediation; and (E) documents prepared for the purpose of, in the course of, or pursuant to the mediation. Without limiting the foregoing, the parties are bound by (i) FED. R. EVID. 408, and (ii) any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediations or other alternative dispute resolution procedures. Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the mediation.

  d. <u>Discovery from Mediator</u>.  The mediator may not be compelled to disclose to the Court or to any person any of the records, reports, summaries, notes, communications or other documents received or made by the mediator while serving in such capacity.  The mediator may not testify or be compelled to testify regarding the mediation in connection with any arbitral, judicial or other proceeding.  The mediator will not be a necessary party in any proceedings relating to the mediation.  Nothing contained in this paragraph prevents the mediator from reporting (i) the status, but not the substance, of the mediation effort to the Court; or (ii) whether a party failed to participate in good faith in the mediation.

  e. <u>Protection of Proprietary Information</u>.  The parties, the mediator and all mediation participants shall protect proprietary information.

  f. <u>Preservation of Privileges</u>.  The disclosure by a party of privileged information to the mediator does not waive or otherwise adversely affect the privileged nature of the information.

  g. <u>Service of Process</u>.  No party may be served with a summons, subpoena, notice or other pleading during the mediation or at the location where the mediation is occurring.

2. The Parties hereto are hereby denoted "<u>Key Participants</u>," and each shall attend the Mediation in-person, via one or more authorized representatives (the "<u>Key Participant Representatives</u>").  The Key Participant Representatives shall have settlement authority (if additional authority is needed at the Mediation, the Key Participants Representatives may obtain such additional authority).  All other Parties (other than the Key Participants) and counsel for such other Parties may appear at the mediation in-person, via Zoom or other remote means, using the virtual links to be provided prior to such mediation date(s).

3. The Court may invite or order additional parties in interest to participate in the Mediation, who shall then be deemed "Parties" under this Stipulation and Agreed Order.

4. The Debtor shall invite its liability insurance carriers to the mediation by written notice sent within 14 days of the entry of this Stipulation and Agreed Order.  Such notice will include a copy of this Stipulation and Order and will provide insurance carriers 14 days to advise the Debtor whether they will participate in the Mediation.  Any insurance carrier that elects to

participate in the Mediation shall be deemed a "Party" under this Stipulation and Agreed Order. On or before the expiration of the insurance carriers' 14-day response deadline, the Debtor will file a notice with the Court identifying which of the insurance carriers will be participating in the mediation and which of its carriers have declined to participate.

5. The Mediator is authorized to mediate any issues and disputes concerning the Mediation Topics, as well as any other topics that the Mediator determines to be in the best interests of the Debtor, its estate and creditors.

6. Parties may communicate with other Parties and/or the Mediator regarding the Mediation Topics, and no other Party may compel disclosure of the substance of such settlement communications from the Mediator or Parties.

7. The specific location(s), time(s), and additional procedures for the mediation will be determined by the Mediator, following such consultation with the parties as he deems appropriate. The Key Participants and any other participants shall use their good faith best efforts to complete the mediation contemplated herein on or before July 31, 2023.

8. The Mediator is authorized to report to the Court on whether a settlement is reached, whether the Key Participants have participated in the mediation in good faith, and/or whether the Court should grant an extension beyond July 31, 2023, to allow the Parties to continue settlement discussions.

9. The Parties are authorized and empowered to take all actions necessary to effectuate the relief granted in this Stipulation and Agreed Order.

10. Each of the Parties represents and warrants that it is duly authorized to enter into and be bound by this Stipulation and Agreed Order.

11. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation of this Stipulation and Agreed Order.

Signed: May 22, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS 22ND DAY OF MAY, 2023:**

| | |
|---|---|
| */s/ Jason S. Brookner* | */s/ Nick Zluticky (with permission)* |
| **GRAY REED** | **STINSON LLP** |
| Jason S. Brookner (TX Bar No. 24033684) | Paul B. Lackey (TX Bar No. 00791061) |
| Aaron M. Kaufman (TX Bar No. 24060067) | 2200 Ross Avenue, Suite 2900 |
| Lydia R. Webb  (TX Bar No. 24083758) | Dallas, TX 75201 |
| Amber M. Carson (TX Bar No. 24075610) | Telephone: (214) 560-2201 |
| 1300 Post Oak Boulevard, Suite 2000 | Email: paul.lackey@stinson.com |
| Houston, Texas 77056 | |
| Telephone: (713) 986-7126 | Edwin Caldie |
| Facsimile: (713) 986-5966 | Phillip Ashfield |
| Email: jbrookner@grayreed.com | 50 South Sixth Street, Suite 2600 |
| akaufman@grayreed.com | Minneapolis, MN 55402 |
| lwebb@grayreed.com | Telephone: (612) 335-1500 |
| acarson@grayreed.com | Email: ed.caldie@stinson.com |
| | phillip.ashfield@stinson.com |
| **Counsel to the Debtor** | |
| **and Debtor in Possession** | Nicholas Zluticky |
| | Michael Pappas |
| | Zachary Hemenway |
| | 1201 Walnut, Suite 2900 |
| | Kansas City, MO 64106 |
| | Telephone: (816) 842-8600 |
| | Email: nicholas.zluticky@stinson.com |
| | michael.pappas@stinson |
| | Zachary.hemenway@stinson.com |
| | |
| | **Counsel to the Committee** |

-and-

| | |
|---|---|
| */s/ Kristian Gluck (with permission)* | */s/ Melissa S. Hayward (with permission)* |
| **NORTON ROSE FULBRIGHT LLP** | **HAYWARD PLLC** |
| Kristian Gluck (TX Bar No. 24038921) | Melissa S. Hayward (TX Bar No. 24044908) |
| Julie Harrison (SBT 24092434) | 10501 N. Central Expy., Suite 106 |
| 1301 McKinney Street, Suite 5100 | Dallas, Texas 75231 |
| Houston, TX 77010 | Telephone: (972) 755-7100 |
| Telephone: (713) 651-5151 | Facsimile: (972) 755-7100 |
| Facsimile: (713) 651-5246 | Email: MHayward@HaywardFirm.com |
| Email: kristian.gluck@nortonrosefulbright.com | |
| Email: julie.harrison@nortonrosefulbright.com | **Counsel to M2 HoldCo, LLC,** |
| | **and  Perigrove 1018, LLC** |
| **Counsel to the DIP Lender** | |

-and-

[*Signature Page to Mediation Stipulation and Agreed Order*]

| | |
|---|---|
| */s/ Timothy A. "Tad" Davidson II (with permission)* | */s/ Liz Freeman (with permission)* |
| **HUNTON ANDREWS KURTH, LLP** | **LAW OFFICE OF LIZ FREEMAN** |
| Timothy A. "Tad" Davidson II (TX Bar No. 24012503) | Elizabeth C. Freeman (TX Bar No. 2400922) |
| Joseph P. Rovira (Texas Bar No. 24066008) | PO Box 61209 |
| Philip M. Guffy (Texas Bar No. 24113705) | Houston, TX 77208-1209 |
| 600 Travis Street, Suite 4200 | Telephone: (832) 779-3580 |
| Houston, Texas 77002 | Email: liz@lizfreemanlaw.com |
| Telephone:    713-220-4200 | |
| Facsimile:    713-220-4285 | ***Counsel to YesCare Corp.*** |
| Email:  TadDavidson@HuntonAK.com | |
|              JosephRovira@HuntonAK.com | |
|              PGuffy@HuntonAK.com | |
| | |
| ***Counsel to Geneva Consulting, LLC*** | |

[*Signature Page to Mediation Stipulation and Agreed Order*]