# EXHIBIT A

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of ____Texas, Houston Division____

In re ____Tehum Care Services, Inc.____
                    Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __23-90086 (CML)__

Chapter __11__

_____
                    Plaintiff
                      v.
_____
                    Defendant

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: __Perigrove 1018, LLC_____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Jones Murray LLP, 602 Sawyer St., Suite 400, Houston, TX 77007; paul.lackey@stinson.com; nicholas.zluticky@stinson.com; zachary.hemenway@stinson.com | June 22, 2023 at 9:00 a.m. (CT) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __June 14, 2023__

CLERK OF COURT

OR

_____       ____/s/Nicholas Zluticky_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 23-90086   Document 692-1   Filed in TXSB on 06/14/23   Page 3 of 15

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 23-90086   Document 692-1   Filed in TXSB on 06/14/23   Page 4 of 15

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1. "You", "Your", or "Yours" shall mean Perigrove 1018, LLC or any other entity affiliated in any way with the Perigrove family office along with each of its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

2. "Abraham Goldberger" shall mean Abraham Goldberger along with each of his agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on his behalf.

3. "Alan Rubenstein" shall mean Alan Rubenstein along with each of his agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on his behalf.

4. The terms "Communication" or "Communications" mean the statement or transmission of facts, information, advice, counsel, and/or inquiry from one person to another, whether orally, in writing, by acts or actions, by signs, by appearances, electronically, telephonically, or otherwise.

5. "Combination Merger" means the combination merger occurring between Tehum Care Services, Inc. f/k/a Corizon Health, Inc. and the Merger Parties, which became effective on May 5, 2022 and whereby the Debtor became the sole surviving entity.

6. "CHS" shall mean CHS TX, Inc. along with each of its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf."

1

2

7. "Credit Agreement" means the *Senior Secured Superpriority Debtor-in- Possession Credit Agreement* authorizing the Debtor to obtain senior secured postpetition financing on a superpriority basis pursuant to the terms and conditions of the DIP Orders.

8. "David Gefner" shall mean David Gefner along with each of his agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on his behalf.

9. "Debtor" shall mean Tehum Care Services, Inc. f/k/a Corizon Health, Inc. along with each of its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

10. "Divisional Merger" means the divisional merger providing that CHS would be formed and that documented which the Debtor's assets and liabilities were to remain with the Debtor and which were to be allocated to CHS, which became effective on May 5, 2022.

11. "DIP Orders" refers to the Interim and Final Orders requested in the *Debtor's Emergency Motion for Entry of an Interim and Final Orders (I) Authorizing the Debtor to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superiority Administrative Expense Status, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*.

12. "Document" shall be given the broadest possible interpretation consistent with the applicable rules of procedure, including, but not limited to, the original or a copy of any graphic material of any kind or nature whatsoever, including electronically stored information, however produced or reproduced, any writing, drawing, graph, chart, photograph, telephone-record, tape recording, video tape, or other data compilation in which information can be reproduced or obtained, including computer tapes, disc, or print-outs which are in your possession, custody,

control, or known by you to exist, including, without limiting the generality of the foregoing, all drafts, contracts, diaries, calendars, desk pads, correspondence, communications, emails, telegrams, teletypes, memoranda, notes, studies, reports, lists, minutes and entries in books of any account relating or referring in any way to the subject matter of these requests. The term "Document" shall also mean all copies of documents by whatever means made, except where a document is identified or produced, identical copies which do not contain any markings, additions, or deletions, different from the original document, need not be separately identified or produced

13. "Flacks" means the Flacks Group along with each of its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf

14. "Funding Agreement" means the funding agreement by and between M2LoanCo and the Debtor.

15. "Geneva" means Geneva Consulting LLC along with each of its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

16. "Isaac Lefkowitz" shall mean Isaac Lefkowitz along with each of his agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on his behalf.

17. "Levi Vogel" shall mean Levi Vogel along with each of his agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on his behalf.

18. "M2 LoanCo" shall mean M2 LoanCo, LLC along with each of its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf

19. "Merger Parties" means Corizon, LLC, Valitas Health Services, Inc., and Corizon Health of New Jersey along with each of their agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on their behalf.

20. "Person" has the meaning set forth in 11 U.S.C. § 101(41).

21. "Pre-Petition Credit Agreement" means the Third Amended and Restated Credit Agreement dated as of August 17, 2020 and all changes in terms, amendments, modifications and other documents, instruments and agreements executed in connection therewith or otherwise relating thereto.

22. "Signature Bank Account" shall mean the account held at Signature Bank in the name of Corizon, LLC as of February 28, 2022 and having account number 1504369087.

23. "YesCare" shall mean YesCare Corp. along with each of its agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on its behalf.

24. "Zalman Shapiro" shall mean Zalman Shapiro along with each of his agents, employees, attorneys, representatives, affiliates, consultants, and all other persons acting or purporting to act on his behalf

25. The terms "and" and "or" shall be interpreted in every instance as meaning "and/or" and shall not, in either instance, be interpreted disjunctively to exclude any document or information otherwise within the scope of any description or request herein.

## INSTRUCTIONS

For the purposes of these discovery requests, the following instructions shall apply:

1.      The information requested herein is not restricted to Your personal knowledge, but includes information in the possession of or available to any of Your agents, representatives and/or attorneys.

2.      To the extent that a Request calls for more detailed information than is available, respond to such Request by providing any and all responsive information which is available and an explanation of why the remaining information is not available to You.  A negative response to a Request will be understood to be a representation that You have no responsive information in any lesser detail.

3.      With respect to electronically stored information ("ESI") that is covered by this request, produce such ESI in a manner that preserves the integrity of the files, including, but not limited to, the contents of the file and the Meta-Data (including System Meta-Data, Substantive Meta-Data, and Embedded Meta-Data related to the file, and the file's creation date and time). The general process to preserve the data integrity of a file may include one or more of the following procedures:  (a) duplication of responsive files in the file system (*i.e.*, creating a forensic copy, including a bit image copy, of the file system or pertinent portion), (b) performing a routine copy of the files while preserving Meta-Data (including, but not limited to creation date and time), and/or (c) using reasonable measures to prevent a file from being, or indicate that a file has been, modified, either intentionally or unintentionally, since the collection or production date of the files. Some Native Files contain, in addition to Substantive Meta-Data and/or System Meta-Data, Embedded Meta-Data, which for purposes of this subpoena, means the text, numbers, content, data, or other information that is directly or indirectly inputted into a Native File by a user and which is not typically visible to the user viewing the output display of the Native File on screen or

5

as a print out. Examples of Embedded Meta-Data include, but are not limited to, spreadsheet formulas that display as the result of the formula operation, hidden columns, externally or internally linked files (*e.g.*, hyperlinks to HTML files or URLs) references and fields (*e.g.*, the field codes for an auto-numbered document), and certain database information if the data is part of a database (*e.g.*, a date field in a database will display as formatted date, but its actual value is typically a long integer).

4. Responsive Documents maintained as electronically stored information shall be produced as either a .pdf or .tiff file that show all text and images visible to a reader using the native software with an accompanying extracted text file taken directly from the native file including all of the following metadata and coding fields that can be extracted in processing:

> ProdBeg
> ProdEnd
> BegAttach
> EndAttach
> Custodian/Source
> DocumentType (recommend field be populated with EMAIL, EDOC, etc.)
> EmailSubject
> DateSent
> To
> From
> CC
> BCC
> AttachFilename
> FileName
> Title
> Subject
> DateCreated
> TimeCreated
> DateLastMod
> TimeLastMod
> DateRcvd
> TimeRcvd
> TimeSent
> SourceFilePath
> Author
> MD5Hash

6

       Importance
       Redacted
       ParentID
       AttachIDs

5.    Excel or equivalent spreadsheets shall be produced in native format with cell data and formulas populated. Where the native file is in color the .pdf and .tiff files shall be in color. All imbedded sound files shall be produced.

6.    All Documents shall be produced in an orderly manner (and with appropriate markings or other identification) so that the Committee will be able to identify the source of the Document, the file in which the Document is or was maintained, the person to whom such file belongs or belonged, and the specific Request to which the Document is responsive.

7.    Electronic productions shall be produced via FTP or similar data transfer to counsel at the following email addresses: Nicholas.zluticky@stinson.com, Zachary.hemenway@stinson.com and paul.lackey@stinson.com.

8.    If any Document responsive to any Request is no longer in Your possession, custody, control or care, state whether the Document: (a) is missing or lost; (b) has been destroyed; (c) has been transferred voluntarily or involuntarily to others; or (d) has been otherwise disposed of or discarded. In each such situation, set forth the facts surrounding such disposition, identify the person(s) directing or authorizing the disposition and list the disposition date.

9.    If You object to any part of a Request, answer all parts of such Request as to which You do not object, and as to each part to which You do object, set forth the basis for the objection.

10.    All objections or answers to these Requests, which fail or refuse to respond fully on the ground of any claim of privilege of any kind whatsoever or other basis for nondisclosure, shall:

7

a. State the nature of the claim of privilege or nondisclosure and the basis for the claim;

b. A description of all Documents, including:

　　i. The date of the Document;

　　ii. The name and job title of its author(s) or preparer(s);

　　iii. The name and job title of each person to whom the Document was sent or who has seen, had access to, or custody of the Document;

　　iv. The Request to which the Document is responsive; and

　　v. In the case of any Document that relates in any way to an oral communication, identify the participants and attendees of such communication.

c. Identify all persons on whose behalf the claim of privilege or nondisclosure is being asserted;

d. Identify all persons having knowledge of any facts related to the claim of privilege or nondisclosure; and

e. State all facts relied upon in support of or related to the assertion of privilege or nondisclosure.

## **REQUESTS**

1. All Documents identifying Your current officers, directors, partners, or managers.

2. All Documents identifying any of Your former officers, directors, partners, or managers.

3. All Documents identifying Your current members and the amount of membership interest and date membership interest was acquired.

4. A copy of your organizational chart and ownership structure.

5. All Documents related to the Funding Agreement, including records of payments, payment schedules, approvals of any payments made thereunder, debts/obligations the Funding

8

Agreement went towards, Documents relating to negotiation of its terms and negotiation of any amendments or potential amendments.

6. All Communications between or among You and the Debtor, Merger Parties, CHS, YesCare, Geneva, M2LoanCo, David Gefner, Levi Vogel, Abraham Goldberger, Zalman Shapiro, Isaac Lefkowitz and Alan Rubenstein in any way relating to the Funding Agreement.

7. All Documents that reflect the amounts funded under the Funding Agreement.

8. All Documents in any way relating to the Combination Merger, including, but not limited to, all agreements and transfer documents (including all drafts thereof) effectuating the Combination Merger.

9. All Communications between or among You and the Debtor, Merger Parties, CHS, YesCare, Geneva, M2LoanCo, David Gefner, Levi Vogel, Abraham Goldberger, Zalman Shapiro, Isaac Lefkowitz and Alan Rubenstein in any way relating to the Combination Merger.

10. All Documents in any way relating to the Divisional Merger, including, but not limited to all agreements and transfer documents (including all drafts thereof) effectuating the Divisional Merger.

11. All Communications between or among You and the Debtor, Merger Parties, CHS, YesCare, Geneva, M2LoanCo, David Gefner, Levi Vogel, Abraham Goldberger, Zalman Shapiro, Isaac Lefkowitz and Alan Rubenstein in any way relating to the Divisional Merger.

12. All Documents in any way relating to the Credit Agreement and/or any transfer of funds by or between You or M2LoanCo and the Debtor, including, but not limited to, the Credit Agreement itself and any drafts thereof.

13. All Documents in any way relating to the Credit Agreement, including, but not limited to, records of payments, loan documents, documents pertaining to transfer of the Credit

9

Agreement itself, payment schedules, satisfaction of the obligations evidenced by such agreement, documents relating to negotiation of its terms and negotiation of any amendments or potential amendments.

14. All Communications between or among You and the Debtor, Merger Parties, CHS, YesCare, Geneva, M2LoanCo, David Gefner, Levi Vogel, Abraham Goldberger, Zalman Shapiro, Isaac Lefkowitz and Alan Rubenstein in any way relating to the Credit Agreement.

15. All Documents in any way relating to any financing You or M2LoanCo provided to the Debtor including, but not limited to, any and all promissory notes, security instruments, and loan agreements.

16. All Communications between or among You and the Debtor, Merger Parties, CHS, YesCare, Geneva, M2LoanCo, David Gefner, Levi Vogel, Abraham Goldberger, Zalman Shapiro, Isaac Lefkowitz and Alan Rubenstein in any way relating to the to any financing You or M2LoanCo provided to the Debtor.

17. All Communications between or among You and the Merger Parties, CHS, YesCare, the Debtor, Geneva, M2LoanCo, Flacks, David Gefner, Levi Vogel, Abraham Goldberger, Zalman Shapiro, Isaac Lefkowitz and Alan Rubenstein relating in any way to the Debtor, Merger Entities, CHS, YesCare, Geneva, M2 LoanCo or Flacks.

18. All Documents in any way related to Geneva.

19. All Documents in any way related to the Pre-Petition Credit Agreement, including, but not limited to, all drafts and negotiations.

20. All Documents in any way related to the holder and borrower under the Pre-Petition Credit Agreement, including, but not limited to, all Documents evidencing a transfer and/or assignment of the Pre-Petition Credit Agreement.

10

21. All Communications between or among You and the Merger Parties, CHS, YesCare, the Debtor, Geneva, M2LoanCo, Flacks, David Gefner, Levi Vogel, Abraham Goldberger, Zalman Shapiro, Isaac Lefkowitz and Alan Rubenstein in any way related to the Pre-Petition Credit Agreement.

22. All Documents in any way relating to payment or payments between or among You, the Merger Parties, CHS, YesCare, M2LoanCo, Geneva, or the Debtor.

23. All Documents relating to the operations of the Merger Entities prior to the Divisional Merger and the operations of YesCare after the Divisional Merger, including, but not limited to, payroll, contracts, marketing materials, organizational charts, lists of officers, directors, managers or employees and ownership structure.

24. All Documents in any way relating to the Signature Bank Account, including, but not limited to, transfer Documents, bank statements and Documents evidencing a secured interest in the account.

25. All Communications between or among You and the Debtor, Merger Parties, CHS, YesCare, Geneva, M2LoanCo, Flacks, David Gefner, Levi Vogel, Abraham Goldberger, Zalman Shapiro, Isaac Lefkowitz and Alan Rubenstein in any way relating to the Signature Bank Account.

26. All Communications between or among You and the Merger Parties, CHS, YesCare, the Debtor, Geneva, M2LoanCo, Flacks, David Gefner, Levi Vogel, Abraham Goldberger, Zalman Shapiro, Isaac Lefkowitz and Alan Rubenstein in any way related to the Merger Entities, to the extent not subsumed by a prior request.