IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES, INC.,[1] | Case No. 23-90086 (CML) |
| Debtor. |  |

**MOTION PURSUANT TO 11 U.S.C. §§ 105(a) & 502
AND BANKRUPTCY RULES 3007 & 9019(b) FOR ENTRY OF
AN ORDER ESTABLISHING PROCEDURES FOR RESOLUTION
OF A CERTAIN CLASS OF CLAIMS WITH RIGHTS UNDER CERTAIN
ARIZONA INSURANCE POLICIES ISSUED BY LONE STAR ALLIANCE**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Tehum Care Services, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), respectfully states the following in support of this motion (this "Motion"):

**Preliminary Statement**

1. On July 13 and 14, 2023, the Debtor attended a mediation with the Hon. David R. Jones (as mediator), the Official Committee of Unsecured Creditors (the "Committee") and Lone Star Alliance, Inc. ("LSA," and together with the Committee and the Debtor, the "Parties"). The mediation resulted in an agreed set of procedures for resolution of certain claims that fall within the LSA Arizona Policies (defined below). By this Motion, the Parties seek Court approval of the

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4870-2158-6544

Claims Resolution Procedures (defined below) outlined herein, which will provide optionality for the impacted tort claimants and will allow them to choose their own remedies while, at the same time, maximizing the use of available policy proceeds under the LSA Arizona Policies to satisfy such claims.

2. The Parties are supportive of the Claims Resolution Procedures as set forth below and in the proposed form of agreed order attached to this Motion (the "Order").

### Jurisdiction and Venue

3. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this Motion are sections 105(a), 502, and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), and rules 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

5. On February 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 2, 2023, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 77], as amended on March 6, 2023 [Docket No. 145].

6. On May 22, 2023, the Court entered its *Stipulation and Agreed Order Regarding Appointment of a Mediator and Governing Related Mediation Procedures* [Docket No. 603].

7. Before the Petition Date, LSA issued the following professional liability policies for the Debtor's activities in the State of Arizona: 4-100109, 4-100167, 4-453898, 4-454898, and

2

4870-2158-6544

4-455388, effective March 4, 2016, through July 7, 2021 (collectively, the "LSA Arizona Policies"). The LSA Arizona Policies require the Debtor to fund certain self-insured retention obligations before LSA is obligated to provide coverage.

8. The Parties agree that the aggregate claims, as alleged, may in some cases exceed the available coverage under LSA Arizona Policies, warranting some form of agreed claims resolution process to maximize the available coverage to all claimants in the respective policy years and available policy proceeds for the benefit of LSA and the Debtor's estate. Accordingly, with the assistance of Judge Jones, the Parties have agreed to the following Claims Resolution Procedures for the LSA Arizona Policies.

## The Claims Resolution Procedures

9. By this Motion, the Debtor (with the agreement of the Committee and LSA) seeks approval of the following procedures (the "Claims Resolution Procedures") for any and all persons who have asserted individual, prepetition claims that may be covered by the LSA Arizona Policies (each, a "Class Claimant, " and collectively, the "Class Claimants"):

    a. Elective Settlement: All Class Claimants shall have the opportunity to accept an immediate $5,000 cash payment (the "Elective Settlement"), to be paid by LSA, in exchange for a full and final satisfaction and release of all claims against the Debtor's bankruptcy estate (or its successor in interest), LSA, and all insureds under the LSA Arizona Policies. The proposed form of notice and release is attached to the Proposed Order as Exhibit 1.

    b. Mandatory Mediation. All Class Claimants who do not accept the Elective Settlement must proceed to mandatory mediation, as detailed below:

        i. Hon. David R. Jones will be the mediator unless the parties (including the Debtor and LSA) agree otherwise or he is unavailable. If the parties cannot agree on an alternative mediator, Judge López will select the mediator.

        ii. The order approving these Claims Resolution Procedures shall contain appropriate provisions to authorize Class Claimants who are incarcerated individuals and the representatives of the Parties, including

       LSA, to participate in mediation by video, telephone, or other available means.

    iii. LSA shall cover all costs of the mandatory mediation process and shall attend each mediation, as set forth above.

    iv. At mediation, if the Class Claimant agrees to accept an amount proposed to be paid by LSA, then payment of 95% of such amount to the Class Claimant shall be in full and final satisfaction and release of all claims against the Debtor's bankruptcy estate (or its successor in interest), LSA, and all insureds under the LSA Arizona Policies. The remaining 5% of such agreed amount shall be paid to the Debtor's bankruptcy estate (or its successor in interest) to help offset the administrative costs related to the Claims Resolution Procedures.

    v. If any claim does not settle at mediation, the automatic stay will lift, and the Class Claimant may proceed to litigation on the terms set forth below.

c. <u>Litigation</u>: If a Class Claimant proceeds to litigation under these Claims Resolution Procedures, the following process shall govern such litigation:

    i. The Class Claimant will look only to available insurance proceeds under the LSA Arizona Policies to satisfy any claim against the Debtor, LSA, and additional insureds under such policies.

    ii. If a Class Claimant establishes (whether by settlement or final judgment) a claim against the Debtor and/or additional insureds for which the LSA Arizona Policies provide coverage (each, a "<u>Covered Claim</u>"), LSA shall pay to the Debtor's bankruptcy estate (or its successor in interest), within 30 days after the settlement or judgment becomes final, the amount of the Covered Claim, up to any available limits under the LSA Arizona Policies, and such payment shall be held in trust (the "<u>LSA Arizona Claim Personal Injury Trust</u>").

    iii. After all remaining claims under the LSA Arizona Policies have been adjudicated, the amounts held in the LSA Arizona Claim Personal Injury Trust shall be distributed pro rata to the Class Claimants who have proceeded to litigation and successfully established Covered Claims hereunder. Such distributions shall constitute full and final satisfaction and release of all claims against the estate (or its successor in interest), LSA, and all insureds under the LSA Arizona Policies. For the avoidance of doubt, LSA will not make payment into the LSA Claim Personal Injury Trust on account of any claims not covered under the LSA Arizona Policies. Nothing herein is intended to affect any claims against third parties not covered by the applicable insurance policies.

10. While the Parties contemplate that these procedures will be effective immediately upon entry of the Proposed Order, the Parties also contemplate that any chapter 11 plan proposed in this case will incorporate the Claims Resolution Procedures. To that end, LSA has asserted its own general unsecured claims in this case, and has agreed to support a chapter 11 plan that incorporates the Claims Resolution Procedures and contains provisions consistent with the terms set forth herein, provided that LSA's support remains subject to its right to be heard on any specific issue that may arise during the confirmation process.

## Basis for Relief Requested

11. Rule 9019(b) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that "[a]fter a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b). Rule 9019 empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 119 F.3d 349, 355 (5th Cir. 1997) (quoting *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995) (citation omitted)); *see also Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 754 (5th Cir. 1995) (stating that "the 'fair and equitable' determination does not give the bankruptcy court jurisdiction over settlement conditions that do not bear on the court's duties to preserve the estate and protect creditors.").

12. In particular, rule 9019(b) is designed to permit courts "to deal efficiently with a case in which there may be a large number of settlements." Fed. R. Bankr. P. 9019 Advisory Committee Notes; *see also In re Applegate*, No. 05-67759, 2007 WL 4365681, at *2 (Bankr. N.D. Ohio Dec. 12, 2007) (finding "[t]he appropriateness of invoking Rule 9019(b) [was] not in

question" where eighty-six proceedings were at issue); *In re NJ Affordable Homes Corp.*, No. 05-60442, 2007 WL 3166950, at *13 (Bankr. D.N.J. Oct. 22, 2007) (approving settlement under 9019(b) and noting that the purpose of rule 9019(b) "is practicality and efficiency").

13. A decision to accept or reject a compromise or settlement is within the sound discretion of the Court. *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602–03 (5th Cir. 1980)); *In re ASARCO LLC*, No. 05-21207, 2009 WL 8176641, at *10 (Bankr. S.D. Tex. June 5, 2009). "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (internal citation and quotation marks omitted); *In re Idearc Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009), *aff'd*, 662 F.3d 315 (5th Cir. 2011).

14. Furthermore, a proposed settlement "need not result in the best possible outcome for the debtor, but must not fall beneath the lowest point in the range of reasonableness." *In re Idearc Inc.*, 423 B.R. at 182 (quoting *Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) (internal quotation marks omitted)). The court "does not have to decide the numerous questions of law and fact[.] The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Id.* (quoting *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994)). "Basic to" the process of evaluating proposed settlements, then, "is the need to compare the terms of the compromise with the likely rewards of litigation." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968).

15. To determine whether a settlement is fair and equitable, this Court should consider and evaluate the following factors: "(1) [t]he probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) [t]he complexity and likely duration of the

6

litigation and any attendant expense, inconvenience and delay, and (3) [a]ll other factors bearing on the wisdom of the compromise. *Cajun Electric*, 119 F.3d at 356 (citing *In re Jackson Brewing Co.*, 624 F.2d at 602); *In re Foster Mortg. Corp.*, 68 F.3d at 917; *In re Wright*, 545 B.R. 541, 561 (Bankr. S.D. Tex. 2016); *see also TMT Trailer Ferry, Inc.*, 390 U.S. at 424–25 (providing that in determining whether a settlement is fair and equitable, a court should consider "the probabilities of ultimate success should the claim be litigated…[,] the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.").

16. Factors "bearing on the wisdom of the compromise" include: (a) "the paramount interest of creditors with proper deference to their reasonable views"; and (2) "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *In re Foster Mortg. Corp.*, 68 F.3d at 917–18; *Cajun Electric*, 119 F.3d at 356; *In re Wright*, 545 B.R. at 561.

17. The Debtor submits (supported by the Committee and LSA) that the Claims Resolution Procedures provide an efficient and meaningful way to maximize these Class Claimants' share of the potential proceeds for Covered Claims from the LSA Arizona Policies, which avoids costly and time consuming litigation over complex insurance issues that could arise if the Debtor (or Class Claimants) were to pursue other means of recovering available policy proceeds in this case. The Parties acknowledge that a certain degree of uncertainty always exists with respect to litigation, as well as the interpretation of certain language in the LSA Arizona Policies, and that the issues before the Court regarding insurance coverage and the number of claims under each of the Policies are complex and unresolved. Therefore, the Parties have

attempted to achieve a resolution that minimizes the potential risk to all parties yet, at the same time, treats all Class Claimants under the LSA Arizona Policies similarly.

18. The Debtor has determined that this Court's approval and authorization to implement the Claims Resolution Procedures is in the best interest of the estate, as such procedures were negotiated at arms-length and provide a fair, equitable, and reasonable method to efficiently resolve a significant class of claims. The Claims Resolution Procedures offer Class Claimants several reasonable alternatives to maximize the recovery on their claims without forcing the estate (or Class Claimants) to incur substantial costs to object to and litigate such claims.

19. The Claims Resolution Procedures are the product of good faith negotiations among the Parties at mediation. In light of the foregoing, the Court should approve this Motion.

WHEREFORE, the Debtor respectfully requests that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 17th day of July, 2023.

        **GRAY REED**

By: */s/ Jason S. Brookner*
Jason S. Brookner
Texas Bar No. 24033684
Aaron M. Kaufman
Texas Bar No. 24060067
Lydia R. Webb
Texas Bar No. 24083758
Amber M. Carson
Texas Bar No. 24075610
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7127
Facsimile: (713) 986-5966
Email: jbrookner@grayreed.com
akaufman@grayreed.com
lwebb@grayreed.com
acarson@grayreed.com

*Counsel to the Debtor
and Debtor in Possession*

**Certificate of Service**

I certify that on July 17, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason S. Brookner*
Jason S. Brookner

4870-2158-6544

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TEHUM CARE SERVICES, INC.,[1] | ) Case No. 23-90086 (CML) |
| | ) |
| Debtor. | ) |
| | ) **Re: Docket No. ___** |

**AGREED ORDER APPROVING PROCEDURES
FOR RESOLUTION OF A CERTAIN CLASS OF CLAIMS WITH RIGHTS UNDER
CERTAIN ARIZONA INSURANCE POLICIES ISSUED BY LONE STAR ALLIANCE**

Upon the motion (the "Motion")[2] of Tehum Care Services, Inc., the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), which is the result of a mediated settlement with the Official Committee of Unsecured Creditors (the "Committee") and Lone Star Alliance, Inc. ("LSA," and together with the Committee and the Debtor, the "Parties"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4870-2158-6544

the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The following procedures (the "Claims Resolution Procedures") are effective immediately. The Debtor is hereby authorized, without further order of the Court, to resolve claims asserted by any and all persons that have asserted individual, prepetition claims potentially are covered by the LSA Arizona Policies (each, a "Class Claimant," and collectively, the "Class Claimants"), as follows:

   a. Elective Settlement: All Class Claimants shall have the opportunity to accept an immediate $5,000 cash payment (the "Elective Settlement") to be paid by LSA, in exchange for a full and final satisfaction and release of all claims against the Debtor's bankruptcy estate (or the estate's successor in interest), LSA, and all insureds under the LSA Arizona Policies. The proposed form of notice and release is attached hereto as **Exhibit 1**.

   b. Mandatory Mediation. All Class Claimants who do not accept the Elective Settlement must proceed to mandatory mediation, as detailed below:

      i. Hon. David R. Jones will be the mediator unless the parties (including the Debtor and LSA) agree otherwise or he is unavailable. If the parties cannot agree on an alternative mediator, Judge López will select the mediator.

      ii. The order approving these Claims Resolution Procedures shall contain appropriate provisions to authorize Class Claimants who are incarcerated individuals and the representatives of the Parties, including LSA, to participate in mediation by video, telephone, or other available means.

      iii. LSA shall cover all costs of the mandatory mediation process and shall attend each mediation, as set forth above.

      iv. At mediation, if the Class Claimant agrees to accept an amount proposed to be paid by LSA, then payment of 95% of such amount to the Class Claimant shall be in full and final satisfaction and release of all claims against the Debtor's bankruptcy estate (or its successor in interest), LSA, and all insureds under the LSA Arizona Policies. The remaining 5% of such agreed amount shall be paid to the Debtor's bankruptcy estate (or its successor in interest) to help offset the administrative costs related to the Claims Resolution Procedures.

      v. If any claim does not settle at mediation, the automatic stay will lift, and the Class Claimant may proceed to litigation on the terms set forth below.

    c. <u>Litigation</u>: If the Class Claimant proceeds to litigation under these Claims Resolution Procedures, the following process shall govern such litigation:

        i. The Class Claimant will look only to available insurance proceeds under the LSA Arizona Policies to satisfy any claim against the Debtor, LSA, and additional insureds under such policies.

        ii. If a Class Claimant establishes (whether by settlement or final judgment) a claim against the Debtor and/or additional insureds for which the LSA Arizona Policies provide coverage (each, a "<u>Covered Claim</u>"), LSA shall pay to the Debtor's bankruptcy estate (or its successor in interest), within 30 days after the settlement or judgment becomes final, the amount of the Covered Claim, up to any available limits under the LSA Arizona Policies, and such payment shall be held in trust (the "<u>LSA Arizona Claim Personal Injury Trust</u>").

        iii. After all remaining claims under the LSA Arizona Policies have been adjudicated, the amounts held in the LSA Arizona Claim Personal Injury Trust shall be distributed pro rata to the Class Claimants who have proceeded to litigation and successfully established Covered Claims hereunder. Such distributions shall constitute full and final satisfaction and release of all claims against the Debtor's estate (or its successor in interest), LSA, and all insureds under the LSA Arizona Policies. For the avoidance of doubt, LSA will not make payment into the LSA Claim Personal Injury Trust on account of any claims not covered under the LSA Arizona Policies. Nothing herein is intended to affect any claims against third parties not covered by the applicable insurance policies.

2. The Parties are authorized to take all reasonable actions necessary to effectuate and implement the Claims Resolution Procedures set forth above.

3. LSA shall support any chapter 11 plan filed in this case, provided such plan incorporates the Claims Resolution Procedures and contains provisions consistent with the terms set forth herein, and provided further that LSA's support remains subject to its right to be heard on or object to any specific confirmation issue that may arise during the confirmation process.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Claims Resolution Procedures and this Order.

Signed: _____, 2023

_____
Christopher M. López
United States Bankruptcy Judge

**Agreed as to form and substance:**

| | |
|---|---|
| */s/ Jason S. Brookner* | */s/* |
| **GRAY REED** | **STINSON LLP** |
| Jason S. Brookner (TX Bar No. 24033684) | Paul B. Lackey (TX Bar No. 00791061) |
| Aaron M. Kaufman (TX Bar No. 24060067) | 2200 Ross Avenue, Suite 2900 |
| Lydia R. Webb (TX Bar No. 24083758) | Dallas, TX 75201 |
| Amber M. Carson (TX Bar No. 24075610) | Telephone: (214) 560-2201 |
| 1300 Post Oak Boulevard, Suite 2000 | Email:   paul.lackey@stinson.com |
| Houston, Texas 77056 | |
| Telephone: (713) 986-7126 | Edwin Caldie |
| Facsimile:  (713) 986-5966 | Phillip Ashfield |
| Email:   jbrookner@grayreed.com | 50 South Sixth Street, Suite 2600 |
|    akaufman@grayreed.com | Minneapolis, MN 55402 |
|    lwebb@grayreed.com | Telephone: (612) 335-1500 |
|    acarson@grayreed.com | Email:   ed.caldie@stinson.com |
| | phillip.ashfield@stinson.com |
| *Counsel to the Debtor* | |
| *and Debtor in Possession* | Nicholas Zluticky |
| | Michael Pappas |
| | Zachary Hemenway |
| | 1201 Walnut, Suite 2900 |
| | Kansas City, MO 64106 |
| | Telephone: (816) 842-8600 |
| | Email:   nicholas.zluticky@stinson.com |
| | michael.pappas@stinson |
| | zachary.hemenway@stinson.com |
| | |
| | *Counsel to the Committee* |

*-and-*

*/s/*
**STROMBERG STOCK, PLLC**
Mark Stromberg (TX Bar No. 19408830)
8350 N. Central Expressway, Suite 1225
Dallas, Texas 75206
Telephone: (972) 458-5353
Facsimile:  (972) 861-5339
Email:   mark@strombergstock.com

*Counsel for Lone Star Alliance Inc.,*
*A Risk Retention Company, a subsidiary*
*Of Texas Medical Liability Trust*

## Exhibit 1

**Form of Elective Settlement**

4870-2158-6544

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TEHUM CARE SERVICES, INC.,[1] | ) ) ) | Case No. 23-90086 (CML) |
| Debtor. | ) ) ) |  |

NOTICE OF ELECTIVE SETTLEMENT
OPTION RELATING TO LSA ARIZONA POLICIES

**PLEASE TAKE NOTICE** that on _____, 2023, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. __] (the "Claims Procedures Order") establishing procedures for the resolution of claims that may be covered by certain Lone Star Alliance, Inc. professional liability insurance policies for the Debtor's activities in the State of Arizona, which are numbered as follows: 4-100109, 4-100167, 4-453898, 4-454898, and 4-455388, effective March 4, 2016, through July 7, 2021 (collectively, the "LSA Arizona Policies"). The Court's order is attached to this Notice as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that you are receiving this Notice as a person who has asserted an individual prepetition claim that may be covered by the LSA Arizona Policies, and, as such, you may accept **an immediate $5,000 cash payment** in exchange for a full and final satisfaction and release of all claims against Tehum Care Services, Inc. f/k/a Corizon Health, Inc. (the "Debtor"), the Debtor's estate (or the estate's successor in interest), Lone Star Alliance, Inc., and all insureds under the LSA Arizona Policies.

> **EXCEPT AS OTHERWISE SET FORTH IN THE CLAIMS PROCEDURES ORDER, ALL PERSONS WHO HAVE ASSERTED CLAIMS COVERED BY THE LSA ARIZONA POLICIES AND AGREE TO ACCEPT THIS ELECTIVE SETTLEMENT, IN EXCHANGE FOR $5,000.00, WHICH IS ACKNOWLEDGED AS GOOD, ADEQUATE, AND VALUABLE CONSIDERATION, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, AGREE TO EXPRESSLY, CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASE THE DEBTOR, THE DEBTOR'S ESTATE AND ANY SUCCESSOR IN INTEREST TO THE DEBTOR'S ESTATE, LONE STAR ALLIANCE, INC., AND ALL INSUREDS UNDER THE LSA ARIZONA POLICIES FROM ANY AND ALL CLAIMS, INTERESTS, OBLIGATIONS, RIGHTS, SUITS, DAMAGES, CAUSES OF ACTION, REMEDIES, AND LIABILITIES WHATSOEVER, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, MATURED OR UNMATURED, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, CONTRACT, TORT, OR OTHERWISE, BASED ON OR RELATING TO THE DEBTOR.**

**PLEASE TAKE FURTHER NOTICE** that all persons who have asserted claims covered by the LSA Arizona Policies and elect not to accept the $5,000 cash payment and release **must proceed to mandatory mediation** as described in **Schedule 1**.

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4870-2158-6544

**ELECTIVE SETTLEMENT ACCEPTANCE
FORM RELATING TO LSA ARIZONA POLICIES**

**To accept a $5,000 payment in full and final satisfaction of all claims in exchange for the release as described above, please complete the following form**:

| | |
|---|---|
| **By signing this form, I acknowledge that I am releasing any and all claims against the Debtor, its estate (and successors in interest to the Debtor's estate), LSA, and all insureds under the LSA Arizona Policies, and in exchange, I will receive a cash payment of $5,000.00.** | |
| Name of Claimant: | (Print or Type) |
| Signature: | |
| Name of Signatory: | (If other than Claimant) |
| Title: | |
| Address: | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**PLEASE COMPLETE, SIGN, AND DATE THIS FORM AND RETURN
BY ●, 2023 TO:**

**Tehum Care Services, Inc. Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245**

or

**[KCC email address]**

4870-2158-6544

**Schedule 1**

**Claims Procedures Order**

4870-2158-6544