## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| TEHUM CARE SERVICES, INC., | ) | Case No. 23-90086 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### NON-PARTY ALFRED VELA'S REPLY IN SUPPORT OF HIS MOTION TO APPROVE LITIGATION SETTLEMENT AND AUTHORIZE PAYOUT

Non-Party ALFRED VELA, through one of his attorneys, Blake Horwitz, respectfully replies in support of his motion or the court to approve a litigation settlement and authorize payout, and in support thereof, states as follows:

1.  The debtor's objections should be overruled or, in the alternative, the Court should compel the production of information and documents relevant to Carol Dillon's authority to make the settlement, since defense counsel appears to represent the debtor and consented to the resolution.

2.  The debtor objects on four independent grounds, but none of those objections have merit: 1) the debtor did not agree to the settlement; 2) the debtor's mediation; 3) the timing of the settlement; and 4) the certificate of service.

3.  As the debtor admits, "the proceeds of liability insurance policies are typically not property of the estate." Dkt. 793, Objection, p. 7, ¶ 21.

4.  Corizon purchased the policy at issue to benefit its employees and pay for their liability, and as the debtor admits, the proceeds are not part of the bankruptcy estate, even if the policies are. To that end, Corizon is not a party to the underlying litigation in this instance, the litigation was not stayed, and the automatic stay does not apply.

5. In any event, the debtor communicated with Alfred Vela through defense counsel Carol Dillon, who advised Plaintiff to file the motion presently before the Court.  *See* Ex. 2 to Vela's Motion.  Mr. Vela did not expect the debtor to object, because as counsel for the debtor, Carol Dillon has been in communication with the debtor and reflected that "Corizon consented to the resolution."  *See* Ex. 2 to Vela's Motion.

6. Defense counsel's communications with Plaintiff's counsel and the Northern District of Indiana conflict with the bankruptcy debtor's objection to the settlement.

7. Defense counsel reflected that "Corizon has consented to the resolution," and that AIG/Lexington required a motion to approve the settlement because it would dissipate the available insurance proceeds.  Ex. 2, Defense Counsel Email.  The debtor "denies that it agreed to any settlement subsequent to the petition date."  Dtk. 793, Objection, p. 2, ¶ 6.

8. Defense counsel is a named partner in the law firm Bleeke Dillon Crandall, P.C., who the debtor retained to perform legal work on behalf of the debtor.  *See* Dkt. 812, Declaration of Disinteredness Of Bleeke Dillon Crandall, P.C, attached hereto as Exhibit 3.

9. To the extent the debtor means to reflect that debtor's counsel had no authority to represent to the federal judge in the Northern District of Indiana that Corizon consented to the resolution, the Court should hold a hearing to determine whether under Indiana law Ms. Dillon had authority to enter into the settlement.

10. The authority of an attorney to settle a case is governed by Indiana law.  *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000).  Under Indiana law, "in order to bind

a client to a settlement, an attorney must have either express, implied or apparent authority, or must act according to the attorney's inherent agency power." *Id.*

11. "[B]oth apparent authority and inherent agency power may be created by actions of the client in its dealings with third parties even if the attorney knows there is no actual authority.  Under these circumstances, the client is bound even if it is a breach of the attorneys' professional obligations to make the commitment." *Id.* (quoting *Koval v. Simon Telelect, Inc.*, 693 N.E.2d 1299, 1301 (Ind. 1998)).

12. Under Indiana law, "a principal will be bound by a contract entered into by the principal's agent on his behalf only if the agent had actual or apparent authority to bind him, or if the principal subsequently ratifies the agreement." *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996) (citations omitted).

13. Counsel for the debtor's sentiment that her "understanding though from reading through the lines of things is that the Bankruptcy Court is likely to overrule Corizon's objection to this settlement," is not comforting.

14. Her claim that her law firm is "exploring options to potentially withdraw" because of an "utter breakdown in communication between me and my client," Ex. 4, 7/19/23 Defense Counsel Email, p. 2, is at odds with her law firm's declaration that it does not have any relationship with any person "that would be adverse to the Debtor or its estate . . .." Ex. 3, Dkt. 812, p. 1, ¶ 3.

15. Ms. Dillon's claim that she cannot identify who told her to consent to the resolution on behalf of Corizon or identify her communications on the basis of attorney client privilege is unfounded, and without a hearing, untestable.

16. Her claim that "confusion over Corizon's consent was that apparently the powers that be at Corizon had but not the Trustee" appear unfounded, since defense counsel did not even appear to need advance authorization, and her law firm understands that written authorization is required by the Debtor's Chief Restructuring Officer,

17. The Estate of Dr. Thompson, who defense counsel also represents in the Northern District of Indiana case, needs the liability insurance purchased by Corizon for the doctor's benefit to settle this matter, and the Estate's attorney refuses to seek such approval because of an evident conflict created by her binding representations on behalf of the debtor.  This appears in conflict with her law firm's declaration that no partner of Bleeke Dillon Crandall, P.C. "represents any interest adverse to the Debtor or its estate . . .." Ex. 3, Dkt. 812, p. 2, ¶ 6.

18. The settlement of this matter took place after the Corizon bankruptcy, and defense counsel had actual, apparent, and implied authority to settle this matter, to tell Plaintiff Corizon consented, and to tell the Northern District of Indiana federal judge the same.

19. In fact, the Debtor's objection ignores Ms. Dillon's authority to bind the debtor altogether and fails to account for their communications.

20. Thus, the debtor's objection is unfounded, or, in the alternative, the Court should hold a hearing to determine whether and to what extent Ms. Dillon had authority to enter into the settlement.

21. Whether and to what extent defense counsel was authorized by Corizon, the bankruptcy Estate, and/or the insurance companies to finalize the settlement in this case is now at issue.

22. If Corizon and the bankruptcy Estate told defense counsel to represent that she had authority to settle this case along the terms agreed to, then the Bankruptcy Estate has waived any objection, especially because the objection suggests that proceeds from the insurance will be used to pay attorneys' fees for the bankruptcy counsel.  Ex. 2, Objection, p. 6, ¶ 21.

23. It would be extremely problematic, and potentially unlawful and/or unconstitutional, for the State of Indiana to permit Indiana's prison medical provider to finance a bankruptcy at the expense of prisoners like Mr. Vela who suffered life-long medical problems on account of the deliberate indifference of their doctors.

24. Neither Corizon nor the debtor is a party to the underlying litigation at issue, and relief from the automatic stay is not required.  The July 2023 mediation is thus irrelevant to this issue, as movant is not attempting to win a race to anywhere.

25. To the extent defense counsel claims the motion was not served, defense counsel in the underlying litigation was provided a copy, and is being made aware of the underlying events through Corizon's bankruptcy counsel and the electronic filings of which her law firm receives notice.  In any event, undersigned counsel certifies that he served a copy of all relevant documents on Ms. Dillon as of today's date.

26. To the extent Mr. Vela did not attach a proposed order, Mr. Vela respectfully seeks leave to submit a proposed order, to the extent he is required to do so.


WHEREFORE, Mr. Vela requests that this Court approve the settlement and authorize payout and for any such other and further relief as this Court deems appropriate.

Respectfully Submitted,

**_s/Blake Horwitz_**
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St., Ste. 1611
Chicago, IL 60602
T: 312-676-2100
E: jared@jaredlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on July 25, 2023, the attached pleading was served on all counsel of record via this Court's electronic filing system.

**_s/Blake Horwitz_____**