IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>TEHUM CARE SERVICES, INC.,<br><br>Debtor. | Case No. 23-90086 (CML)<br>(Chapter 11) |

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES INDIVIDUALLY AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, ET AL., v. JOSH TEWALT, ET AL., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER**

The Class of Idaho Department of Corrections Inmates and their attorneys of record (the "Class" or "IDOC Inmates"), by and through their undersigned counsel hereby files their reply to the Debtor's Objection to Motion for Limited Relief from the Automatic Stay by Reuben Cortes Individually and as Class Representative, and Hearn Law, PLC. as Class Counsel in Cortes, et al., v. Josh Tewalt, et al., Pending in the United States District Court for the District Of Idaho, Case No. 1:18 -Cv-00001-BLW.

## INTRODUCTION

The Debtor (Tehum/Corizon) has filed an objection to the IDOC inmates' motion for limited relief from the automatic stay, and the so-called State of Idaho Parties have filed a limited joinder and statement in support of said Debtor's objection. Initially it should be observed that both objections are in direct violation of the express promises made on behalf of the objectors when the original Settlement Agreement and the Amended Settlement Agreement were executed by the parties. Paragraph 3.10.1 in each of the agreements provides as follows:

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 1**

    3.10.1  The Parties shall at all times during the Final Approval process cooperate, exercise good faith, and take reasonable efforts necessary to present this Agreement to the Court and obtain the Court's Final Approval.

By its very terms, the obligations of this provision are clearly not dependent on the district court's final approval of the Amended Settlement Agreement.  Apparently, these promises have little meaning to the objectors when acting before a different federal court, but such actions should implicate the candor and credibility of the objectors' representations to this Court.

The substantive argument of both objections is based upon the bald assertion that one or more entirely mysterious indemnification claims may be asserted by IDOC or some other State of Idaho parties.  Any such indemnification claim is completely unidentified, unspecified, undefined, unsubstantiated, and totally lacking evidentiary support.  The most that can be gleaned from the written objections is that at some point in time, some State of Idaho party paid something to somebody, that the payment was somehow related to the underlying federal district court action and somehow entitled the State of Idaho party to reimbursement from the Debtor, and that any such indemnification claim would somehow be affected by the district court's approval of the Settlement Agreement as jointly requested by the objectors and movants.  Why all the mystery?  It seems that either the objectors have little or no idea what the indemnification claims are or are simply reluctant to disclose them and expose the fallacies of their arguments to the scrutiny of the movants and of this Court.  Movants submit that the objections are so lacking in substance that not even a temporary denial of the motion can be justified.

### DEBTOR'S OBJECTION

In response to paragraphs 5 through 14 of the subject motion, Debtor responds that it ". . . is without sufficient information or knowledge to admit or deny the allegations . . ." and therefore

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 2**

denies the same. The subject matter of paragraphs 5 through 14 relates to the initiation and settlement of the litigation, and the status of joint efforts of all parties to have the settlement approved by the district court. Corizon was IDOC's contracted medical provider for years prior to and during the underlying litigation. Corizon officials, agents, and employees have knowledge of the litigation and underlying facts and were represented in the litigation by two (2) law firms. It is unclear what, if any, reasonable inquiry was made to support the good faith interjection of denial based on insufficient information or knowledge.

In their motion, at paragraph 15, movants identified the only three provisions of the Settlement Agreement relevant to the Debtor and the limited relief requested in the motion. Debtor responded at paragraph 10 of its objection that it denied that only those three provisions were relevant. However, instead of identifying what other provisions of the agreement are relevant, the Debtor simply remains silent.

## ANALYSIS AND ARGUMENT

### Reply to Debtor's Objections

Debtor asserts that it is a party to an unverified indemnification agreement with the IDOC (Idaho Department of Corrections) "related to the underlying lawsuit (p. 4 of objection) (the "Indemnification Agreement")," that through counsel in this chapter 11 bankruptcy proceeding. IDOC has expressed to Debtor's counsel IDOC's (*belief that*) it holds indemnification rights against the Debtor under the Indemnification Agreement, and because the Settlement Agreement requires IDOC "to pay tens of millions of dollars," permitting the district court litigation to proceed may result in a very significant (fixed) indemnification claim filed against the Debtor's estate. For several reasons, this objection is demonstrably meritless.

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 3**

First, by its very terms the Indemnification Agreement applies only to monetary damage claims and the Settlement Agreement pending approval in the district court litigation involves only injunctive relief. The Indemnification Agreement (Ex. A to Debtor's objection) specifically provides:

> **<u>INDEMNIFICATION AND HOLD HARMLESS AGREEMENT</u>**
>
> For due and good consideration, which Indemnitor Corizon, LLC ("Corizon") hereby acknowledges, Corizon hereby promises to indemnify, defend, and hold harmless the State of Idaho, Idaho Board of Correction, Idaho Department of Correction (IDOC), and the IDOC's officers, agents, employees, (collectively, the "Indemnitees"), from and against any and all liability, claims, damages, losses, expenses, actions, attorney fees and costs, and lawsuits **related to the money damages claims asserted or brought by any of the eighty-eight (88) named individual Plaintiffs in** *Turney, et al. v. Atencio, et al*. **Case No. 1:18-cv-00001-BLW ("Lawsuit"), filed in the United States District Court for the District of Idaho**, arising out of the same nucleus of operative facts as the claims in said Lawsuit or that could have been brought in said Lawsuit as relates to said nucleus of operative facts.

(Emphasis Added).

As indicated at paragraphs 5 and 7 of the instant motion, all of the money damages claims asserted or brought by the individual Plaintiffs in the underlying *Turney* case were settled prior to seeking the district court's approval of the Settlement Agreement for injunctive relief only. These claims were dismissed with prejudice by the district court. Settlement and release documents were signed by all of these Plaintiffs and provided to Corizon's attorneys, and although no money damages claims were pursued against any of the State of Idaho parties, mutual releases of damage claims were also individually signed and delivered to their attorneys. All of the damage settlements were paid by Corizon and/or its insurer(s), and none was paid by the State of Idaho parties which potentially could have supported a reimbursement (indemnity) claim. Even if it is assumed for

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 4**

purposes of analysis only, that the State of Idaho parties have reimbursement (indemnity) claims for other things than the payment of the settlement amounts (such as expenses, attorney fees and costs), under the authorities cited in Debtor's objection, any such claims would already be "fixed" and not subject to disallowance. In short, granting the limited stay relief requested and allowing the Idaho district court to rule on the pending joint motion for approval of the Settlement Agreement (providing injunctive relief only) can have no effect on any such indemnity claim that may be asserted by the State of Idaho parties.

In its order of September 29, 2022 (Dist. Ct. Docket 167), the district court ruled as follows:

> The class was created and authorized only for purposes of settlement of the injunctive relief claims. Prior to certification of the class, the individual plaintiffs were represented by the attorneys who became class counsel. Prior to certification, the individual plaintiffs settled their own monetary damages claims against Defendants. The Settlement Agreement, the Class Action Notice, and this Court's Order made it abundantly clear that all inmates retain their right to file individual lawsuits to pursue monetary damages that arose "prior to the effective date of this Agreement," ¶ 3.12.3

(Idaho Dist. Ct. Docket 167, pp. 28-29)

Because movants are unaware of any other active or on-going Hep C lawsuits, again assuming for purposes of analysis only, that one or more prisoners have filed lawsuits against both Corizon and the State of Idaho parties for money damages arising out of claims for bodily harm or physical injury resulting from the treatment or failure to treat their HCV, the existence of any such lawsuits does not support Debtor's objection. First, any such claims would necessarily have to based on the conduct of Corizon or its employees prior to September 30, 2021, when Corizon was still IDOC's contracted healthcare provider. Given the applicable two year statute of limitations the chances of there being any such viable claims at this time are extremely small and speculative.

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 5**

Much more significant, however, is the fact that all parties in the underlying action, including the two objectors to the instant motion, represented to the district court and the district court has held that the Settlement Agreement(s) pertains only to the injunctive relief claims. Accordingly, the district court's approval of the Amended Settlement Agreement can have no legal effect upon individually filed claims for monetary damages.

Debtor's assertion in its objection that because the prepetition settlement agreement requires IDOC to pay "tens of millions of dollars" which could result in a significant "fixed" indemnification claim against the bankruptcy estate, borders on deception and is simply wrong. The reference to millions of dollars required by the Amended Settlement Agreement obviously pertains to the prospective injunctive relief provided for in the agreement at paragraph 3.6, entitled "Expenditures and Treatment Obligations." That paragraph and its subparts require IDOC and its officers and employees to spend "millions of dollars" in fiscal years 2021 through 2028 "exclusively for the purpose of providing DAA treatment to all inmates with chronic HCV." The money is clearly and expressly <u>not</u> for payment of money damages claims. To put it quite simply, the Indemnification Agreement specifies as follows:

> This indemnification and Hold Harmless Agreement applies to damages claims brought by any of the named individual Plaintiffs arising out of the same nucleus of operative facts as the claims in the Lawsuit, **but does not apply to any injunctive claims in the Lawsuit**.

(Emphasis Added). See Ex. A to Debtor's objection document 797. Debtor's reliance upon this Indemnification Agreement to support its argument is absurd.

Next, Debtor states that no insurance is available to fund its defense costs in the district court. The Indemnification Agreement expressly required Corizon to add and maintain the State

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 6**

of Idaho parties as additional insured under all commercial general liability insurance, automobile liability insurance, and commercial umbrella or excess policies, including without limitation for tail coverage, carried at any time for purposes of Corizon business operations in the State of Idaho. (Ex. A to Debtor's objection doc. 797).  Be that as it may, other than signing a stipulation for dismissal of the district court action if the Amended Settlement Agreement is approved, there is nothing more for defense counsel to do in the district court to support the settlement or protect its rights.  The district court's approval or denial of the Amended Settlement Agreement is already pending and the parties are simply awaiting that determination.  Debtor has no interest in the reasonable fees and costs the district court may award because those will be paid from the "millions of dollars" IDOC is required to spend for DAA treatment (paragraph 3.6 and 3.8 of the Amended Settlement Agreement).  Finally, on June 20, 2023, John Migliori, a named defendant in the underlying district court action and at the relevant time was an officer, agent, or contractor for Corizon providing medical services at the IDOC, filed a Notice.  The docket entry for which reads:

> Notice of Electronic Filing
> The following transaction was entered on 6/21/2023 at 12:25 PM MDT and filed on 6/20/2023
> Case Name:        Cortes et al v. Tewalt et al
> Case Number:      1:18-cv-00001-BLW
> Filer:            John Migliori
> Document Number:  179
> Docket Text:
> NOTICE – "This is to notify the Court that I am currently self-representing my Defense in two cases (pro-se).  This notification will remain in place until Sigma, the risk management group hired by Corizon in their Chapter 11 bankruptcy, engages legal representation on my behalf or I seek my own legal counsel.  I will notify the Court of any changes if and when they occur" by John Migliori re dkt. [177] Order. (ac)

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 7**

Similarly, on June 23, 2023, Idaho attorney David W. Knotts filed a Notice of Appearance, the docket entry for which reads:

Notice of Electronic Filing
The following transaction was entered on 6/23/2023 at 2:17 PM MDT and filed on 6/23/2023
Case Name:        Cortes et al v. Tewalt et al
Case Number:      1:18-cv-00001-BLW
Filer:            Corizon Incorporated
                  April Dawson
                  John Migliori
                  Murray Young
Document Number:  180
Docket Text:
NOTICE of Appearance by David W. Knotts on behalf of Corizon Incorporated, April Dawson, John Migliori, Murray Young (Knotts, David)

Movants submit that the Debtor doth protest too much.

Movants respectfully request this Court to overrule Debtor's objection and grant their motion for limited relief.

### Reply to the State of Idaho Parties' Limited Joinder and Statement in Support of Debtor's Objection

With respect to the issues of indemnification claims by the State of Idaho parties against the Debtor, the state parties confirm that Debtor is a party to the Indemnification Agreement "related to the Idaho District Court case." They then assert without any description, evidence, or legal analysis "that certain of the State of Idaho parties have claims against Debtor under that agreement. (Idaho Parties' Joinder and Statement, paragraph 3, p. 3, TXSB document 799). As with the Debtor's assertions, the state parties either don't know or don't want to disclose (1) the "certain" state parties that have the claims under the indemnity agreement, (2) the nature of the claims and legal analysis of how and why they fall under the indemnity agreement, and (3) how

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 8**

any such claims under that agreement are effected by the district court's approval of the injunctive-relief-only Amended Settlement Agreement. Therefore, the state's position on the mysterious indemnity claims must be seen to suffer from the same infirmities as that of the Debtor and should be summarily rejected.

The state then further suggests without explanation or legal analysis that "Further proceedings in the Idaho District Court case <u>may</u> lead to <u>increased</u> claims against the Debtor." (Emphasis added). It is unknown to movants whether the reference to "increased claims" means a greater number of claims, a greater number of the existing mysterious claim, or both. In any event, the state declares that "Proof of those claims, among others, will be filed in this bankruptcy case. To an outside observer, the state's position on the "increased claims" that may result from further proceedings in the Idaho district court, may seem a bit curious. One would think it might be in the best interests of the State of Idaho parties that their claims may be increased. Nevertheless, as demonstrated above in movant's reply to Debtor's objections, there is no showing that the state parties have any claim under the Indemnity Agreement related to the Idaho district court case, and/or that such claim would be affected in anyway by the district court's approval of the Amended Settlement Agreement. The substantial documentary record in the Idaho action and in this Court fully support the conclusion that Debtor's objections and the state parties' joinder must be overruled.

Next, the state parties suggest that they have been voluntarily complying with the Settlement Agreement. They refer to statements contained in the Memorandum in Support of Joint Motion for Final Approval of Amended Class Action Settlement (Docket No. 170 in the Idaho action attached as Exhibit 1 to the state's limited joinder and statement, TXSB No. 799), to the

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 9**

effect that the state and IDOC are voluntarily "attempting to comply" with the terms of the agreement. First, it should be understood that the memorandum was a joint memorandum executed by counsel for all the parties, and that IDOC had its input. It was IDOC that produced and supplied the unverified Hep C treatment data sheet that was attached to the memorandum. Additionally, when put in context, the statements regarding voluntary compliance were included to address specific concerns expressed by the district court when it denied approval of the original Settlement Agreement. Representative of those concerns is the following passage in the order:

> The Settlement Agreement does not contain a clear provision to require the IDOC to treat class members who have chronic HCV but are classified in the lower risk subcategories in the event that funds remain available after treating the sickest inmates. The lower-risk subcategory encompasses the majority of HCV sufferers, according to the HCV log produced by the IDOC in 2016. The Court concludes that the Settlement Agreement is unfairly skewed toward the sickest HCV inmates, given that *no* clear provisions are included for low-risk HCV inmates, and that very sick inmates who come into the system are likely to jump ahead of low-risk sufferers in treatment priority.

Accordingly, the data was used to support the idea that the treatment protocols provided in the agreement were resulting in the treatment of an ever-increasing number of the lower-risk inmates.

To be sure, the IDOC defendants certainly haven't complied with the requirements of the agreement. The above-referenced data sheet is in fact the only documentation of compliance that IDOC has ever produced since the agreement was reached. Class counsel has been denied the reporting requirements of the agreement necessary to monitor contract compliance. For example, paragraph 3.4 of the agreement provides:

> 3.4. <u>Hep C Log</u>: While this Agreement is in effect, IDOC shall provide a written log to Class Counsel on a quarterly basis that includes the name, IDOC number, most recent APRI or F-Score, date of any subsequent determinations or assignments

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 10**

> of APRI or F-Score, date treatment with DAA Medications was completed for IDOC inmates with HCV, and any other information required by the 2021, or most current, FBOP Clinical Guidance for the Evaluation and Management of Chronic Hepatitis C Virus (HCV) Infection. The log shall also identify those inmates who refuse DAA Treatment. The log shall be provided to Class Counsel no later than January 15, April 15, July 15, and October 15 of each year and shall contain information current as of the last day of the preceding month. Each iteration of the log shall be marked "Confidential – Attorneys' Eyes Only" and Class Counsel shall maintain the confidentiality of the log pursuant to the Qualified Protective Order (Dkt. 107), entered in the Action on June 21, 2019. A Party is permitted to use the Hep C Log as is necessary in an action before the Court of Enforcement, but only so long as the individually identifiable health information of any Plaintiff, inmate, or other person protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) remains confidential and protected from disclosure to any person other than the Court and counsel of record. Consistent with the foregoing, the Hep C Log may be filed under seal with the Court of Enforcement and/or filed publicly with all redactions necessary to maintain the confidentiality of individuals' identifiable health information.

Class counsel has not received a single Hep C Log.

> Paragraph 3.6.9 provides:
>
> 3.6.9. IDOC shall disclose to Class Counsel the total amount of money IDOC spend on DAA Treatment, and the total number of inmates who began DAA Treatment, for each fiscal year during the Agreement no later than thirty (30) days after the end of each respective fiscal year.

No such disclosures have been made to class counsel.

Additionally, at the time of this writing, class counsel are investigating a report that IDOC may not be complying with the mandatory opt-out testing procedure required by paragraphs 1.25, 3.1, and 3.2. An untested inmate certainly will not be treated. The point is that assurances of compliance by an adverse party are not the equivalent of an enforceable written agreement, and class counsel cannot fulfill their professional responsibilities by relying on such assurances.

**AMENDED REPLY TO DEBTOR'S OBJECTION TO MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY BY REUBEN CORTES Individually AND AS CLASS REPRESENTATIVE, AND HEARN LAW, PLC. AS CLASS COUNSEL IN CORTES, et al., v. JOSH TEWALT, et al., PENDING IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, CASE NO. 1:18 -cv-00001-BLW AND STATE OF IDAHO'S LIMITED JOINDER– 11**

Finally, the state parties indicate that sufficient funds have been appropriated for compliance with the agreement. But creation of a fund is a far cry from actually spending the money in compliance with the agreement.

## CONCLUSION

Movants submit that the objections of Debtor and the State of Idaho parties should be rejected, and respectfully request this Court to grant the limited relief from the automatic stay.

DATED this 28th day of July, 2023.

        RACINE OLSON, PLLP


        By: /s/ Daniel C. Green
          DANIEL C. GREEN (Pro Hac Vice)

**CERTIFICATE OF SERVICE**

    I CERTIFY that on July 28, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties authorized to receive electronic notice in this case.

                                 /s/ Daniel C. Green
                                 DANIEL C. GREEN