**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TEHUM CARE SERVICES, INC.,[1] | ) | Case No. 23-90086 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**JOINT EMERGENCY MOTION TO CONTINUE HEARING ON**
**VARIOUS CREDITORS' MOTION TO APPOINT A CHAPTER 11 TRUSTEE**

> **EMERGENCY RELIEF HAS BEEN REQUESTED.  RELIEF IS REQUESTED NOT LATER THAN 10:00 A.M. (CENTRAL TIME) ON SEPTEMBER 1, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Tehum Care Services, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), and the Official Committee of Unsecured Creditors (the "Committee") jointly file this motion (this "Motion") and respectfully state the following in support thereof:

**Preliminary Statement**

1. The Debtor and Committee have worked cooperatively in good faith to maximize creditor recoveries in this case.  As announced at the status conference held on August 25, 2023, the mediation parties have reached a global settlement and are now working to incorporate those terms into a joint plan of liquidation (the "Plan"), which the Debtor and Committee intend to file on or before September 25, 2023.

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

2.      On June 30, 2023, certain creditors filed a motion seeking the appointment of a chapter 11 trustee in this case.  *See Various Creditors' Motion to Appoint a Chapter 11 Trustee* [Docket No. 731] (the "Trustee Motion").  The Court scheduled a hearing on the Trustee Motion for September 5, 2023 (the "Trustee Hearing").  By this Motion, and for the reasons set forth herein, the Debtor and the Committee seek a continuance of the Trustee Hearing and adjournment of all related deadlines to allow the Trustee Motion to be considered contemporaneously with Plan confirmation.

### Jurisdiction and Venue

3.      This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334.  This is a core matter pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this Motion are sections 105(a) and 1104 of title 11 of the United States Code (the "Bankruptcy Code"), and rules 2007.1 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

5.      On February 13, 2023, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 2, 2023, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 77], as amended on March 6, 2023 [Docket No. 145].

6.      On May 22, 2023, the Court entered its *Stipulation and Agreed Order Regarding Appointment of a Mediator and Governing Related Mediation Procedures* [Docket No. 603] (the "Mediation Order").

7.      On August 23, 2023, following a three-day mediation with the Honorable David R. Jones, United States Bankruptcy Judge for the Southern District of Texas, the Debtor and Committee finalized the principal terms of a global settlement with the other Mediation Parties (as defined in the Mediation Order).  As a result of such negotiations, the Debtor and Committee have agreed to file the Plan.  The Debtor and Committee chose to seek approval of the settlement via a chapter 11 plan so that all provisions may be approved by the Court, after a full and fair opportunity of other parties in interest to review, object and cast ballots for or against the Plan.  Such a process ensures that creditors are given an opportunity to voice their opinions in support of or in opposition to the Plan and related settlement negotiated by the Debtor and Committee.  While the terms of the global settlement remain confidential, the Debtor and the Committee both believe that the global settlement resolves the issues raised in the Trustee Motion.  Most importantly, the nature of the Plan and the Committee's central role in drafting and filing the Plan addresses any concerns regarding control of the Debtor's estate and prosecution of the estate's claims.

8.      On June 30, 2023, various creditors filed the Trustee Motion.  The Trustee Motion contains allegations of prepetition activities that, if true, could form the basis of estate claims against some or all of the Mediation Parties.  On July 28, 2023, the Debtor filed its *Initial Objection to Various Creditors' Motion to Appoint a Chapter 11 Trustee* [Docket No. 835] (the "Initial Objection").

### Relief Requested

9.      By this Motion, the Debtor and the Committee seek continuance of the Trustee Hearing and adjournment of the Trustee Motion until further notice.  The Trustee Motion should be adjourned so that all matters raised therein may be considered in conjunction with confirmation of the Plan.  Such relief is necessary to allow the Debtor and Committee to marshal their resources to ensure the timely filing of a Plan.

4891-9002-3291

**Basis for Relief**

10.     This Court has broad discretion to manage its docket and determine the order in which it addresses motion and plans before it.  *See U.S. Abatement Corp. v. Mobil Expl. & Producing U.S., Inc. (In re U.S. Abatement Corp.)*, 39 F.3d 556, (5th Cir. 1994) (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)).  Motions to continue are reviewed by appellate courts for abuse of discretion, and the Fifth Circuit will not substitute its own judgment for this Court's judgment unless an appellant can demonstrate prejudice by the denial of such a continuance.  *See In re Wood*, 199 Fed. Appx. 328, 335-36 (5th Cir. 2006) (quoting *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000)).

11.     This Motion is the first request to continue the hearing Trustee Motion.  The Debtor and Committee seek adjournment so that the issues raised in the Trustee Motion may be heard in conjunction with confirmation of the Plan to be filed in the coming weeks.  This Court has broad discretion to do so as a matter of efficient docket management.

12.     In terms of balancing the potential prejudice of the parties, the Debtor and Committee would show that the denial of a continuance would be significantly prejudicial to the estate, as it would delay the Debtor and Committee's efforts to finalize the terms of the Plan if professionals are forced to prepare for and attend a contested hearing on the Trustee Motion on September 5, 2023.  Moreover, denial of this Motion would prejudice the estate by forcing the estate to incur administrative costs for such preparation and attendance of the hearing on the Trustee Motion, which will require presentation of evidence on the very same issues that will be raised at Plan confirmation.

13.     To ensure the timely filing of the Plan, disclosure statement and solicitation materials by September 25, 2023, the Debtor and Committee professionals must remain focused on the Plan without distraction or delay.  The time and expense required to prepare for the Trustee

Hearing will be costly to the estate, and such delay will bring the estate no closer to final resolution of the disputes raised in the Trustee Motion.

14.     On the other hand, if the Court grants a continuance as requested in this Motion, there will be no prejudice to the movants who filed the Trustee Motion.  Confirmation of a Plan and the related settlement terms would resolve the same issues raised in the Trustee Motion.  The Debtor and the Committee respectfully submit that judicial efficiency requires a continuance of the Trustee Hearing.  Such a continuance would conserve valuable estate resources and allow the Debtor and Committee to focus on filing a Plan that will provide meaningful recoveries to the Debtor's creditors and expeditiously exit this chapter 11 case.

15.     The concerns raised in the Trustee Motion will be addressed in the Plan to be filed by the Debtor and the Committee; therefore, it is in the best interests of the estate and its creditors to take up the Trustee Motion together with the Plan to give all parties in interest the opportunity to review and, if applicable, vote on the Plan prior to a ruling on the Trustee Motion.

16.     To promote judicial efficiency, allow estate professionals to devote sufficient resources toward the Plan, and avoid potential inefficiencies from duplicative contested hearings to address the same disputes, the Debtor and Committee jointly seek a continuance of the Trustee Hearing and all matters related to the Trustee Motion.

### Emergency Consideration

17.     Pursuant to Bankruptcy Local Rule 9013-1(i), the Debtor and the Committee respectfully requests emergency consideration of this Motion.  The Trustee Hearing is set for September 5, 2023.  In order to allow parties in interest adequate time to respond to this Motion, and to conserve estate and judicial resources, the Debtor and the Committee respectfully request that the Court hear the Motion on an emergency basis in connection with the existing setting in this chapter 11 case on September 1, 2023.

## **Reservation of Rights**

18.     The Debtor reserves the right to supplement or modify the Initial Objection any time prior to any hearing on the Trustee Motion.  The Debtor and the Committee further reserve the right to present further evidence at any hearing or status conference on the Trustee Motion.

## **Notice**

19.     The Debtor and the Committee will provide notice of this Motion to the following parties:  (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtor; (c) counsel to the movants who filed the Trustee Motion; (d) the United States Attorney's Office for the Southern District of Texas; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor and the Committee submit that, in light of the nature of the relief requested, no other or further notice need be given

WHEREFORE, the Debtor and the Committee respectfully request that the Court enter an order, substantially in the form attached to this Motion, continuing the Trustee Hearing, adjourning all matters related to the Trustee Motion, and granting such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 28th day of August, 2023.

**GRAY REED**

By:   */s/ Jason S. Brookner*
     Jason S. Brookner
     Texas Bar No. 24033684
     Aaron M. Kaufman
     Texas Bar No. 24060067
     Lydia R. Webb
     Texas Bar No. 24083758
     Amber M. Carson
     Texas Bar No. 24075610
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone:   (713) 986-7127
Facsimile:    (713) 986-5966
Email:          jbrookner@grayreed.com
              akaufman@grayreed.com
              lwebb@grayreed.com
              acarson@grayreed.com

*Counsel to the Debtor*
*and Debtor in Possession*

and

**STINSON**

By:   */s/ Nicholas Zluticky*
     Nicholas Zluticky
     Zachary Hemenway
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone:    (816) 842-8600
Email:          nicholas.zluticky@stinson.com
              zachary.hemenway@stinson.com

*Counsel to the Committee*

### Certificate of Service

I certify that on August 28, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Jason S. Brookner*
Jason S. Brookner

4891-9002-3291