

Ian Cross <ian@lawinannarbor.com>

---

## Tehum (23-90086) - Debtor's initial objection to Trustee Motion

**Aaron Kaufman** <akaufman@grayreed.com>                                                                    Mon, Aug 14, 2023 at 12:52 PM
To: Ian Cross <ian@lawinannarbor.com>
Cc: "Blake.m@carsoncoil.com" <Blake.m@carsoncoil.com>, "jjp@walkerandpatterson.com" <jjp@walkerandpatterson.com>, "thackney@hodlawyers.com" <thackney@hodlawyers.com>, "meheard@heardlawfirm.net" <meheard@heardlawfirm.net>, "lrifkin@rifkinlawoffice.com" <lrifkin@rifkinlawoffice.com>, Amy Whelan <AWhelan@nclrights.org>, TehumBK <tehumbk@grayreed.com>, "Nicholas Zluticky (nicholas.zluticky@stinson.com)" <nicholas.zluticky@stinson.com>, "Zachary H. Hemenway - Stinson LLP (zachary.hemenway@stinson.com)" <zachary.hemenway@stinson.com>

Ian –

The assumptions and self-serving statements in your e-mail below are not accurate, but it's not productive to debate them by e-mail here.  Debtor's counsel is not available for depositions during the week of August 28 (whether or not you understood this from our phone call or prior e-mail exchanges).

I reiterate the Debtor's prior request to take depositions of all witnesses that you and the other movants intend to call in support of your trustee motion.  Please let us know dates in advance of the hearing date (other than the week of August 28) when we can make this happen.  As you know, we are in mediation Monday – Wednesday next week, so depositions will have to take place this week, late next week or the week after Labor Day.

Regarding your comment on the urgency of depositions and the hearing, you are mistaken.  Please review Paragraph 18 of the DIP Order at docket 243.  The "Challenge Period" for individual creditors like your client and the other movants expired on **May 15, 2023**.  If a trustee is appointed, that trustee's Challenge Period will be **21 days after the appointment** (unless extended by agreement with M2 LoanCo).

Your reference to **September 18, 2023**, relates to an agreement between the DIP Lender and the Committee to extend the Committee's Challenge Period.  That period does not apply to any of the movants and would not apply to a trustee, if appointed.  In short, your statement about a "rapidly-closing challenge period" for a trustee to get up to speed and file a lawsuit against insiders is just wrong and does not justify the need to conduct depositions during a week when Debtor's counsel is unavailable.

While we appreciate the solutions you've suggested in your e-mail below, we must decline.  The Debtor has the right to take discovery in advance of the hearing, and that is all we are requesting here.  In light of our scheduling conflicts and the lack of actual urgency, we demand that you work with us to schedule depositions in advance of the hearing.  If you insist on proceeding as you propose, despite these scheduling conflicts and the lack of any actual urgency, we will have no choice but to seek relief in the bankruptcy court, which may include (but is not limited to) objecting to your use of such witnesses at the hearing or seeking to continue the hearing to allow for reasonable discovery as requested.

I have proposed a scheduling conference to discuss these discovery matters.  I re-urge that request here.  Let me know when you and your team are available to speak on these matters.  I have some pockets of availability tomorrow 8/15 and some more flexibility Wednesday-Friday of this week.

Thanks,

amk

---

**From:** Ian Cross <ian@lawinannarbor.com>
**Sent:** Sunday, August 13, 2023 8:14 PM
**To:** Aaron Kaufman <akaufman@grayreed.com>
**Cc:** Blake.m@carsoncoil.com; jjp@walkerandpatterson.com; thackney@hodlawyers.com; meheard@heardlawfirm.net; lrifkin@rifkinlawoffice.com; Amy Whelan <AWhelan@nclrights.org>; TehumBK <tehumbk@grayreed.com>; Nicholas Zluticky (nicholas.zluticky@stinson.com) <nicholas.zluticky@stinson.com>; Zachary H. Hemenway - Stinson LLP (zachary.hemenway@stinson.com) <zachary.hemenway@stinson.com>
**Subject:** Re: [EXTERNAL] Re: Tehum (23-90086) - Debtor's initial objection to Trustee Motion

Aaron,

Thank you for providing the Ankura retention agreement.

Regarding any conversations you had about your team's availability on the week of August 28th, I think you may be confusing me with someone else. You've only talked to me on one occasion, so you certainly couldn't have explained anything to me more than once. The one time we have spoken to each other outside of a hearing was when you called my office on the afternoon of August 4th. As I recall that conversation, you told me that the majority of the Debtor's lawyers could not make a hearing on September 1st because two of your colleagues were going to an out-of-state conference, and you will be unavailable because you will be entertaining friends who will be in town for your son's bar mitzvah. Then, we argued a bit about your request that I consent to an August 30th deadline for the debtor to file a sur-reply. I don't think we had any discussions about the availability of the other four members of the Grey Reed bankruptcy team, or about your availability or anyone else's availability between August 25th and August 30th. I assumed that if you wanted to file a sur-reply on August 30th, someone on your team had some time available between the end of mediation and the 30th.

The urgency here is due to the rapidly-closing challenge period, which last I heard was extended only to September 18th. With a September 5 hearing date, that leaves very little time for a trustee to get up to speed and file suit against the insiders.

The reason I think we need to take depositions, at least of Hyman and Chapman, is because we have a declaration from Hyman and a complaint from Chapman, both of which may be inadmissible absent a stipulation. I recently learned that the people in control of your client have settled with Hyman. That settlement agreement probably contains a clause prohibiting Hyman from voluntarily assisting or participating in litigation against the insiders, thus, we will have to subpoena him. But Hyman lives in Connecticut, so we cannot subpoena him to Houston. We have a similar problem with Chapman, who lives in Michigan and Florida.

One solution is to take Hyman's testimony via deposition in Connecticut at some point prior to the hearing and admit it under Fed. R. Civ. P. 32(a)(4)(b), which operates as an independent exception to the hearsay rule. See, e.g. Fletcher v. Tomlinson, 895 F.3d 1010, 1020 & n.9 (2018). Rule 32(a)(4)(b) should be applicable here under Rules 2007.1, 9014(c), and 7032. I don't expect a long deposition; I will probably be done with him in about an hour. Another solution, if no one at your firm has any availability before the hearing date, is to take his testimony live at the hearing. You would have to stipulate to the witness appearing remotely. Yet another solution is for you to stipulate to admission of his declaration as substantive evidence under Rule 43(c). I am open to any of those options for getting his testimony admitted.

Let me know your thoughts.

Thanks,

Ian

On Fri, Aug 11, 2023 at 4:55 PM Aaron Kaufman <akaufman@grayreed.com> wrote:

> Ian –
>
> While I appreciate the "FYI" given below, this is the first you've noticed the Debtor regarding the movants' intentions to take three significant depositions in support of the trustee motion. I have already explained to you (more than once) that the week of 8/28 is not available to any of the Debtor's professionals working on this matter. It is surprising to us that you would try to schedule depositions that week knowing this. We would insist that you find another week to allow the Debtor to participate in these depositions.
>
> If you would like to schedule those three depositions for the following week and reschedule the 9/5 hearing on your motion, this will allow the parties sufficient time to take the depositions on fair notice. We are happy to work with you on this. Given the extreme remedy you are seeking, and the timing of your motion several months into the case, we respectfully dispute the existence of any real urgency warranting the need to schedule these depositions as you are proposing to do. We reserve the right to cross notice the deponents and would also reserve the right to object to the admissibility of any depositions at the hearing.

Please also accept this e-mail as the Debtor's request to depose any other witnesses that you intend to use in support of your motion.

Regarding Monday's deposition link, you should contact Committee counsel. The Debtor does not object to your attendance as "listen only" as discussed.

Regarding Ankura's EL, please see attached. The omission was inadvertent. We did not realize this until the UST requested it from us in June, and we provided it to them upon their request.

I look forward to hearing back from you on the scheduling of these depositions. Happy to schedule a conference with your group and the committee if you think that would be more productive and efficient.

Regards,

amk

---

**From:** Ian Cross <ian@lawinannarbor.com>
**Sent:** Friday, August 11, 2023 2:37 PM
**To:** Aaron Kaufman <akaufman@grayreed.com>
**Cc:** Blake.m@carsoncoil.com; jjp@walkerandpatterson.com; thackney@hodlawyers.com; meheard@heardlawfirm.net; lrifkin@rifkinlawoffice.com; Amy Whelan <AWhelan@nclrights.org>; TehumBK <tehumbk@grayreed.com>; Nicholas Zluticky (nicholas.zluticky@stinson.com) <nicholas.zluticky@stinson.com>; Zachary H. Hemenway - Stinson LLP (zachary.hemenway@stinson.com) <zachary.hemenway@stinson.com>
**Subject:** Re: [EXTERNAL] Re: Tehum (23-90086) - Debtor's initial objection to Trustee Motion

Hi Aaron,

FYI, I plan on taking depositions of James Hyman, Ronald Chapman, Sr., and David Gefner the week of August 28th, and admitting portions of the depositions into evidence at the trustee motion hearing under FRCP 32(a)(4)(B). We will have to make that week work because it is the only time that is after the mediation and before the hearing. Let me know if you have any evidentiary objections to that procedure.

I would also like to watch the 30(b)(6) deps of Geneva, Perigrove 1018, and Pharmacorr, like we did at the M2 LoanCo dep. I do not need to question the witnesses. Please send me the zoom links and times those depositions are taking place.

Also, I would like you to send me the Engagement Agreement between the debtor and Ankura. In the application to retain Ankura (Doc. 188) it says that there is an Engagement Agreement "between the Debtor and Ankura, a copy of which is attached to the Order as Exhibit 1." but I cannot find Exhibit 1 on either the application, the proposed order (Doc. 188-1) or the signed order (Doc. 340).

Thanks,

Ian

On Tue, Aug 1, 2023 at 12:34 PM Aaron Kaufman <akaufman@grayreed.com> wrote:

> Ian –
>
> Thank you for reaching out. The Committee has requested Rule 2004s of certain non-debtor entities. The debtor has not agreed to Rule 2004 depositions at this time, but we have been working with counsel for others (Perigrove, Geneva, etc.) to facilitate an agreed set of narrowed topics to aid discussions at mediation in the next few weeks.
>
> Given that you now have a pending motion that gives rise to a contested matter, we suggest you consult the rules for contested matters and work with us on dates for separate depositions under those rules. As we sit here today, there is no hearing set on your trustee motion and Judge Lopez has instructed us to keep our focus on mediation. If you would like to revisit this after mediation, we would be happy to schedule a time to confer on such discovery.
>
> Regards,
>
> amk
>
> ---
>
> **From:** Ian Cross <ian@lawinannarbor.com>
> **Sent:** Tuesday, August 1, 2023 11:10 AM
> **To:** Aaron Kaufman <akaufman@grayreed.com>
> **Cc:** Blake.m@carsoncoil.com; jjp@walkerandpatterson.com; thackney@hodlawyers.com; meheard@heardlawfirm.net; lrifkin@rifkinlawoffice.com; Amy Whelan <AWhelan@nclrights.org>; TehumBK <tehumbk@grayreed.com>; Nicholas Zluticky (nicholas.zluticky@stinson.com) <nicholas.zluticky@stinson.com>; Zachary H. Hemenway - Stinson LLP (zachary.hemenway@stinson.com) <zachary.hemenway@stinson.com>
> **Subject:** [EXTERNAL] Re: Tehum (23-90086) - Debtor's initial objection to Trustee Motion

Aaron,

As you suggested in the last two 341s, I would like to take 2004 depositions of Lefkowitz and Gefner. I think the easiest way to do this will be to conduct them on the same days that the committee is deposing those individuals. Depending on what the committee asks, I may not have that many additional questions. Let me know your thoughts on dates/timing.

Thanks,

Ian

On Fri, Jul 28, 2023 at 6:28 PM Aaron Kaufman <akaufman@grayreed.com> wrote:

> Ian, Blake, Johnny, Thomas, M.E., Lori and Amy –
>
> Please see the attached courtesy copy of the Debtor's initial objection to the motion to appoint a ch 11 trustee (dkt 731), filed in the above referenced case.  I'm e-mailing you because you each appear on the signature blocks at the end of the motion.  Please share this document with the other parties who you've listed as movants in your motion (I do not have all of their addresses handy, though KCC will be serving them formally).
>
> Have a great weekend.
>
> -amk
>
> **Aaron Kaufman**
> **Partner**
> Tel 469.320.6050  | Fax 469.320.6886 | akaufman@grayreed.com
> 1601 Elm St., Suite 4600 | Dallas, TX 75201
> grayreed.com | Connect with me on LinkedIn
>
> 
>
> **CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is
> intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please

contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

**logo_2ae552f4-f7fd-481b-9e82-8e233ab81b9e.jpg**
5K