SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------x

1528 56TH STREET, LLC

                         Plaintiff,

-against-

MOSHE PREIZLER and RIVKY PREIZLER, individually, and as Trustees of the MRP 1-09 Trust,

                         Defendants.

-----------------------------------------------------------------x

INDEX NO. _____

**AFFIDAVIT OF ISAAC LEFKOWITZ**

STATE OF NEW YORK    )
COUNTY OF ~~KINGS~~ New York ) ss:

ISAAC LEFKOWITZ, being duly sworn deposes and states:

1. I am over the age of 18 and a member of the Plaintiff named above, which is a limited liability company formed in the State of New York.

2. I submit this affidavit in support of the within Order to Show Cause seeking to temporarily restrain and preliminarily enjoin the Defendants, who are my immediate neighbors, from (a) on a daily basis, trespassing onto Plaintiff's Property [1] for the purpose of depositing household garbage bags in and around the front steps of Plaintiff's Property, and (b) from thwarting our attempts to install a garden fence wholly within the borders of Plaintiff's Property, by scaring the fence contractor even calling the police when my fence contractor arrives.

---

[1] References to defined terms in this affidavit refer to such terms a defined in the Complaint, which is annexed as Exhibit "A".

1

977656

*Background*

3. Plaintiff is the owner of a 3-family home located at and known as 1528 56th Street, Brooklyn, NY 11219 ("**Plaintiff's Property**").

4. Based my review of a deed recorded in the New York City Register's Office as CRFN 2009000023396, defendants Moshe Preizler and Rivky Preizler (the "**Individual Defendants**") are trustees of MRP 1-09 Trust (the "**Trust**").

5. The Trust owns the home located at 1532 56th Street, Brooklyn, New York ("**Defendants' Property**").

6. The Plaintiff's Property and the Defendant's Property are adjacent to each other.

7. Plaintiff caused the Plaintiff's Property to be renovated and my family and I took occupancy of the completed home on Plaintiff's Property in December, 2022.

*The Conduct Complained of and my attempts to resolve the matter*

8. Since we took occupancy our neighbors, the Individual Defendants, have, on a daily basis, left bags of household trash on and around the front steps leading to our home. The situation is reflected in the photographs I annex hereto as Exhibit 1.

9. The photographs in Exhibit 1 are taken on different days - April 30, 2023, May 14, 2023 and May 22, 2023, and are merely representative of what is a daily occurrence, except on the sabbath.

10. Prior to bringing this action, I met the Individual Defendants, and I have asked them several times to stop this habitual trespass. made every effort to resolve this dispute with Defendants.

11. On multiple occasions I spoke with Defendant Moshe Preizler and Rivky Preizler and specifically requested that he stop entering onto Plaintiff's Property generally, and specifically demanded that he stop leaving garbage on Plaintiff's Property.

12. On April 30, 2023 I sent a cease and desist letter to Defendants on behalf of Plaintiff again requesting that they stop depositing garbage and other refuse onto Plaintiff's Property. A copy of this letter is annexed as Exhibit "2".

13. In trying to exhaust every avenue of resolution, I even suggested that the Individual Defendants and I attempt to resolve the matter with the Beit Din court that many members of our community use to resolve disputes[2]. The Individual Defendants refused such a resolution and rather demanded that I pay them $250,000 for them to consider stopping their offensive behavior. They have never explained why they believe they can ignore my rights in this manner.

14. The demand by the Individual Defendants for such payment felt like extortion for something they should not be doing in the first place.

15. At no time have I ever authorized or permitted Defendants to come onto Plaintiff's Property.

16. At no time have I ever authorized or permitted Defendants to leave garbage or other refuse on Plaintiff's Property.

17. New York City provides specific Set-Out Times for trash to be collected from the Curb for residents. On the evening before your scheduled trash collection day, trash should be set out between 6 PM and midnight if contained in a bin with a secured lid, otherwise trash should be placed outside between 8 PM and midnight.

---

[2] "Beit Din" is a Jewish court of law which members of our community use to arbitrate disputes. But participation in a beit din is voluntary. See:
https://www.chabad.org/library/article_cdo/aid/3582308/jewish/What-Is-a-Beit-Din.htm

3

977656

18. Defendants have no impediment to setting out their trash in accordance with New York City's regulations for free trash pick-up.

19. Despite the NYC Department of Sanitation pick up schedule, Defendants continually use Plaintiffs Property to leave their garbage.

20. In our neighborhood, the New York City Department of Sanitation picks up household trash from the curb twice weekly, but the DOS will not pick up trash from the location where the Defendants leave it, since they deposit their trash on private property (mine).

21. The Defendants' household trash blocks the stairs of Plaintiff's Property, creates an odor which enters Plaintiff's Property and disturbs its occupants and generally interferes with the use and enjoyment of Plaintiff's Property.

22. The household trash attracts rats and vermin.

*My Attempts to Install a Garden Fence*

23. On several occasions I have sought to install a garden fence on Plaintiff's Property. The dates of attempted installation were April 25, 2023, May 2, 2023 and May 23, 2023.

24. On each of these dates the Individual Defendants have harassed or otherwise engaged in behavior that forced the contractors to leave without installing any fence, fearful that the police would be called or that they would be sued.

25. During the May 23, 2023 attempted installation the Individual Defendants actually did call the Police. Needless to say, the fence was not installed because the responding officers recommended that we go to court to clarify our rights to install a garden fence.

977656

26. The Individual Defendants have no basis to harass any persons hired by Plaintiff to install any fence on Plaintiff's Property.

27. For the reasons set forth in the accompanying memorandum of law and my attorney's affirmation, as well as the verified complaint, I ask that this court issue an order which will temporarily restrain and preliminarily enjoin the Defendants from continuing to interfere with the use of Plaintiff's Property and for any other further relief the court deem just and proper.

28. No prior request for the relief sought herein has been made.

_____
Isaac Lefkowitz

Sworn to before me
this __27__ day of May, 2023

_____
Notary Public

RUBEN GODINEZ
Notary Public - State of New York
NO. 02GO6426691
Qualified in New York County
My Commission Expires Dec 13, 2025