**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TEHUM CARE SERVICES, INC.,[1] | ) | Case No. 23-90086 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | (Emergency Hearing Requested) |

**JOINT EMERGENCY MOTION OF THE DEBTOR AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE JOINT CHAPTER 11 PLAN, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF**

> **EMERGENCY RELIEF HAS BEEN REQUESTED.  RELIEF IS REQUESTED NOT LATER THAN 1:00 P.M. ON OCTOBER 17, 2023.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 17, 2023, AT 1:00 P.M. (PREVAILING CENTRAL TIME) IN COURTROOM 401, 4TH FLOOR, 515 RUSK STREET, HOUSTON, TEXAS 77002.  YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AUDIO/VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY.  YOU MAY ACCESS THE FACILITY AT (832)-917-1510.  ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER.   JUDGE LÓPEZ'S CONFERENCE ROOM NUMBER IS 590153.  VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE LÓPEZ'S HOME PAGE.  THE MEETING CODE IS "JUDGE LOPEZ".  CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS.  TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE LÓPEZ'S HOME PAGE.  SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

Tehum Care Services, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), and the Official Committee of Unsecured Creditors (the "Committee," and together with the Debtor, the "Movants"), respectfully state the following in support of this motion (this "Motion"):[2]

## Relief Requested

1.     The Movants seek entry of an order, substantially in the form attached hereto (the "Order") granting the following relief and such other relief as is just and proper:

a.      ***Disclosure Statement.***    Conditionally approving the Disclosure Statement (the "Disclosure Statement"), substantially in the form attached to the Order as Schedule 1, as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

b.      ***Solicitation and Voting Procedures.***   Approving procedures for: (i) soliciting, receiving, and tabulating votes to accept or reject the *Debtor and Official Committee of Unsecured Creditors' Joint Chapter 11 Plan* (as may be amended, supplemented, or modified from time to time, the "Plan"); (ii) voting to accept or reject the Plan; and (iii) filing objections to the Plan (the "Solicitation and Voting Procedures"), substantially in the form attached to the Order as Schedule 2;

c.      ***Ballots.***   Approving the Class 3 ballot, Class 4 ballot, and Class 5 ballot, each of which include the opportunity to opt out of the Third-Party Releases (collectively, the "Ballots"), substantially in the forms attached to the Order as Schedules 3A, 3B, and 3C, respectively;

d.      ***Non-Voting Status Notices.***   Approving: (i) the form of notice applicable to Holders of Claims that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan; (ii) the form of notice applicable to Holders of Claims and Interests that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan; and (iii) the form of notice applicable to Holders of Disputed Claims and who are not entitled to vote the disputed portion of such Claim, each of which include the opportunity to opt out of the Third-Party

---

[2] Capitalized terms used but not yet defined herein shall have the meanings set forth later in this Motion, the Disclosure Statement, or the Plan, as applicable.

Releases (each, a "<u>Non-Voting Status Notice</u>"), substantially in the forms attached to the Order as <u>Schedule 4</u>, <u>Schedule 5</u>, and <u>Schedule 6</u>, respectively;

e.   ***Solicitation Package.***  Finding that the solicitation materials and documents included in the solicitation package (the "<u>Solicitation Package</u>") comply with Rules 3017(d) and 2002(b) of the Bankruptcy Rules;

f.   ***Cover Letter.***  Approving the form of letter (the "<u>Cover Letter</u>") that the Committee will send to Holders of Claims entitled to vote to accept or reject the Plan urging such parties to vote in favor of the Plan, substantially in the form attached to the Order as <u>Schedule 7</u>;

g.   ***Combined Hearing Notice.***  Approving the form and manner of notice of the combined hearing to consider the adequacy of the Disclosure Statement and confirmation of the Plan (the "<u>Combined Hearing</u>," and the notice thereof, the "<u>Combined Hearing Notice</u>") pursuant to section 1129 of the Bankruptcy Code, substantially in the form attached to the Order as <u>Schedule 8</u>;

h.   ***Plan Supplement Notice.***  Approving the notice related to the filing of the Plan Supplement (the "<u>Plan Supplement Notice</u>"), substantially in the form attached to the Order as <u>Schedule 9</u>;

i.   ***Assumption Notice.***  Approving the notice related to assumption of Executory Contracts and Unexpired Leases (the "<u>Assumption Notice</u>"), substantially in the form attached to the Order as <u>Schedule 10</u>; and

j.   ***Confirmation Timeline.***  Establishing the following dates and deadlines with respect to Confirmation, subject to modification as necessary (the "<u>Confirmation Timeline</u>"):

| Event | Date | Description |
|---|---|---|
| Voting Record Date | October 17, 2023, or such other date that the Court enters an order conditionally approving the Disclosure Statement | Date for determining (i) which Holders of Claims in the Voting Classes, as defined herein, are entitled to vote to accept or reject the Plan and (ii) whether Claims have been properly assigned or transferred to an assignee under Bankruptcy Rule 3001(e) such that the assignee or transferee, as applicable, can vote to accept or reject the Plan as the Holder of a Claim (the "<u>Voting Record Date</u>"). |

| Event | Date | Description |
|---|---|---|
| Solicitation Deadline | Within four (4) days of entry of the Order conditionally approving the Disclosure Statement | Deadline for Kurtzman Carson Consultants LLC ("KCC"), the notice, claims, and solicitation agent retained by the Debtor in this chapter 11 case (the "Solicitation Agent") to distribute Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline"). |
| Publication Deadline for Combined Hearing Notice | October 23, 2023 | Date by which the Movants will submit the Combined Hearing Notice for publication in a format modified for publication (the "Publication Notice"). |
| Deadline to File Plan Supplement | Seven (7) days prior to the Objection Deadline | Date by which the Movants shall file the Plan Supplement. |
| Voting Deadline | December 22, 2023 | Deadline by which **all** Ballots and Opt-Out Forms must be properly executed, completed, and delivered so that they are **actually received** by KCC (the "Voting Deadline"). |
| Objection Deadline | December 22, 2023 | Deadline by which objections to the Plan and/or adequacy of the Disclosure Statement must be filed with the Court and served so as to be **actually received** by the appropriate notice parties (the "Objection Deadline"). |
| Deadline to File Confirmation Brief and Reply to Objections | January 2, 2024 | Date by which the Movants shall file their brief in support of confirmation response to objections to the Plan and final approval of the Disclosure Statement (the "Confirmation Brief Deadline"). |
| Deadline to File Voting Report | January 2, 2024 | Date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court. |
| Combined Hearing Date | Week of January 8, 2024 | Date and time for the hearing at which the Court will consider final approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing Date"). |

4876-4149-2350

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (L).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105, 1125, 1126, and 1128 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2002-1, 3016-1, 3016-2, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and Section P of the Procedures for Complex Cases in the Southern District of Texas (the "Complex Case Procedures").

**Background**

5.      On February 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is managing its estate as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 2, 2023, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 77], as amended on March 6, 2023 [Docket No. 145].

6.      On May 22, 2023, the Court entered its *Stipulation and Agreed Order Regarding Appointment of a Mediator and Governing Related Mediation Procedures* [Docket No. 603] (the "Mediation Order").

7.      On August 21, 22, and 23, 2023, pursuant to the Mediation Order, the Debtor and Committee attended a three-day mediation with the Mediation Parties (as defined in the Mediation Order) before the Honorable David R. Jones, United States Bankruptcy Judge for the Southern

4876-4149-2350

District of Texas.  As a result of the mediation, the Debtor and Committee have reached a global settlement with the Mediation Parties (the "Global Settlement"), the terms of which are incorporated into the Plan.  The Movants chose to seek approval of the Global Settlement via the Plan so that all provisions may be put to a creditor vote and approved by the Court, after a full and fair opportunity for parties in interest to review, object, and cast their ballots for or against the Plan.

## Plan Summary

8.    The Plan incorporates the terms of the Global Settlement.  Under the Global Settlement, the Debtor will receive a total of $37 million in cash, plus releases of certain claims made against the Debtor.  In exchange for the $37 million and release of claims, the Plan provides releases in favor of the Released Parties listed in the Plan.

9.    The Plan divides General Unsecured Claims into two categories—Personal Injury Claims and Non-Personal Injury Claims—and establishes two different trusts to manage the administration and distributions for each group of claims.

a.    The Personal Injury Trustee will receive a portion of the $37 million Settlement Payment, as well as all of the Debtor's rights under its professional liability insurance policies.  The Personal Injury Trustee will be responsible for managing these assets to provide recoveries for the Personal Injury Claimants.

b.    The Liquidation Trustee will receive a portion of the $37 million Settlement Payment and all other assets of the Estate.  The Liquidation Trustee will be responsible for administering all other Claims.

10.    The Disclosure Statement provides a description of the causes of action being settled under the Global Settlement, as well as the terms of the proposed releases under the Plan. The Disclosure Statement contains adequate information regarding the terms and treatment of Allowed Claims under the Plan, ensuring that Holders of Claims entitled to vote on the Plan receive information of a kind, and in sufficient detail, to make an informed judgment regarding acceptance

6

or rejection of the Plan.  Additionally, the proposed schedule and procedures to confirm and consummate the Plan move this chapter 11 case forward expeditiously and effectively while respecting, to the fullest extent possible under the circumstances and limited liquidity available, the due process and other procedural safeguards mandated under applicable law.

11.     The Plan contemplates full payment of unclassified Allowed Administrative Claims and Allowed Priority Claims.  The following chart represents the Classes of Claims and Interests and their status under the Plan:

| Class | Claim or Interest | Status | Voting Rights |
|:---:|:---|:---:|:---:|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Deemed to Accept) |
| 3 | Convenience Claims | Impaired | Entitled to Vote |
| 4 | Non-Personal Injury Claims | Impaired | Entitled to Vote |
| 5 | Personal Injury Claims | Impaired | Entitled to Vote |
| 6 | Contingent Indemnification Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Interests in the Debtor | Impaired | Not Entitled to Vote (Deemed to Reject) |

12.     Based on the foregoing (and as discussed in greater detail herein), the Movants propose to solicit votes to accept or reject the Plan from Holders of Claims in Classes 3, 4, and 5 (each, a "Voting Class," and collectively, the "Voting Classes").  The Movants do **not** propose to solicit votes from Holders of Claims and Interests in Classes 1, 2, 6, and 7 (each a "Non-Voting Class," and collectively, the "Non-Voting Classes").  Notwithstanding the foregoing, by this Motion and the proposed Solicitation and Voting Procedures, the Movants **do** seek authority to send Non-Voting Status Notices to Holders of Claims in the Non-Voting Classes, with such notices

giving such Holders the opportunity to opt out of the Third-Party Releases contained in the Plan by making an election on the Third-Party Release Opt-Out Form (the "Opt-Out Form") included with the Non-Voting Status Notices. Recipients of Ballots will have the same opportunity to opt out of the Third-Party Releases. In this way, all parties in interest will have a full and fair opportunity to opt out of such releases under the Plan, and any party in interest that declines to affirmatively opt out will be a Consenting Creditor under the Plan.

**Basis for Relief**

**I.     The Court Should Conditionally Approve the Disclosure Statement and Authorize an Expanded 60-Day Period for Objections and Solicitation of Votes.**

13.     The Movants are seeking conditional approval of the Disclosure Statement on an expedited (two-week) timeline; *provided*, *however*, that such conditional approval remains subject to an **expanded 60-day objection period** and solicitation period for votes in favor of the Plan.  If approved, the Movants seek to schedule a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan in early January, following a full 60-day solicitation period.

14.     Such relief is warranted under the circumstances of this chapter 11 case. Rule 3016-2 of the Bankruptcy Local Rules and Section P of the Complex Case Procedures permit a plan proponent to move for conditional approval of a disclosure statement and a combined hearing to consider final approval of the disclosure statement and confirmation of the plan.

15.     By this Motion, the Movants are not seeking to disenfranchise any creditor votes or withhold critical information necessary to allow creditors to make informed decisions regarding the Plan.  On the contrary, the Movants have worked extensively over the past several months to investigate all claims and causes of action relating to the Debtor and the various Settlement Parties (as defined in the Plan).  Following a three-day mediation, the Movants worked diligently to draft a Plan and Disclosure Statement that adequately discloses the terms of the Global Settlement, as

8

well as how the settlement will impact creditors' rights.  The Movants strongly believe the Disclosure Statement contains adequate information to allow creditors to make an informed decision regarding the Plan.

16.     To maximize the value of the Debtor's estate, it is imperative to implement these procedures for confirming the Plan.  The Debtor has limited resources to continue paying ongoing administrative expenses while it continues to manage its affairs in this chapter 11 case. Implementation of the Global Settlement, through the Plan, following an expanded solicitation period and Objection Deadline, is in all creditors' best interests.  The proposed Plan and Disclosure Statement detail many of the issues that were the subject of the mediation and Global Settlement. Most importantly, the Plan gives creditors various options to decide how best to pursue their own recoveries.  As set forth below, the Disclosure Statement contains adequate information and should be approved under section 1125 of the Bankruptcy Code.

**A.      The Standard for Approval of the Disclosure Statement.**

17.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan.  11 U.S.C. § 1125.  Specifically, section 1125(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the Plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the Holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the Plan.

11 U.S.C. § 1125(a)(1).

18.     The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether to vote for the plan.  *See, e.g.*, *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("The primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan."); *In re Phoenix Petroleum, Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) ("[T]he general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed Plan and determine whether to vote in favor of or against that plan."); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987) ("The primary purpose of a disclosure statement is to provide all material information which creditors and equity security holders affected by the plan need in order to make an intelligent decision whether to vote for or against the plan."). Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization.  *Century Glove, Inc.*, 860 F.2d at 100.

19.     "Adequate information" is a flexible standard, based on the facts and circumstances of each case.  11 U.S.C. § 1125(a)(1) ("adequate information means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records").  Determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court.  *See, e.g., Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.)*, 150 F.3d 503, 518 (5th Cir. 1998) ("The legislative history of § 1125 indicates that, in determining what constitutes 'adequate information' with respect to a particular disclosure

statement, 'both the kind and form of information are left essentially to the judicial discretion of the court' and that 'the information required will necessarily be governed by the circumstances of the case.'" (internal citations omitted)), *cert. denied*, 526 U.S. 1144 (1999); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court.").

20.     In making a determination as to whether a disclosure statement contains adequate information, courts typically look for disclosures related to following topics:

      a.    the events which led to the filing of a bankruptcy petition;

      b.    a description of the available assets and their value;

      c.    the anticipated future of the company;

      d.    the source of information stated in the disclosure statement;

      e.    a disclaimer;

      f.    the present condition of the debtor while in Chapter 11;

      g.    the scheduled claims;

      h.    the estimated return to creditors under a Chapter 7 liquidation;

      i.    the future management of the debtor;

      j.    the Chapter 11 plan or a summary thereof;

      k.    the estimated administrative expenses, including attorneys' and accountants' fees;

      l.    the collectability of accounts receivable;

      m.    financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan;

      n.    information relevant to the risks posed to creditors under the Chapter 11 plan;

      o.    the actual or projected realizable value from recovery of preferential or otherwise voidable transfers;

      p.    litigation likely to arise in a non-bankruptcy context;

      q.    tax attributes of the debtor; and

      r.    the relationship of the debtor with the affiliates.

*In re Divine Ripe, L.L.C.*, 554 B.R. 395, 401–02 (Bankr. S.D. Tex. 2016) (citing *In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984)); *In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *c.f. In re Cypresswood Land Partners, I*, 409 B.R. 396, 424 (Bankr. S.D. Tex. 2009) (stating that the disclosure statement at bar had "met the *Metrocraft* standard"). Disclosure regarding all topics is not necessary in every case. *See In re U.S. Brass Corp.*, 194 B.R. at 424; *see also In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

   **B.      The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code.**

   21.     The Disclosure Statement easily satisfies this "adequate information" standard. Specifically, the Disclosure Statement details the terms of the Global Settlement and discloses the issues that were raised by the Committee and various creditor parties in the months leading up to the three-day mediation. The Disclosure Statement also contains the following categories of "adequate information":

| Category of Information | Section(s) of the Disclosure Statement |
|---|---|
| Explanation of confirmation under chapter 11 of the Bankruptcy Code | Section I.F |
| Voting instructions and explanation of the various options on the Ballots | Section I.E |
| The Debtor's corporate history, structure, and business overview, and prepetition capital structure | Section II |
| Events leading to the chapter 11 filing | Section II.E |
| Key events during the chapter 11 case | Sections III |

| Category of Information | Section(s) of the Disclosure Statement |
|---|---|
| Detailed discussion of the Global Settlement, including the terms of the Settlement Payments, as well as the specific parties and the particular claims to be released under the Plan | Section III.B |
| Summary of Claims filed against the Debtor | Section III.E |
| Summary of the Plan, including the treatment of Claims, the Debtor and Third-Party Releases, Injunctions, Exculpations and gatekeeping provisions | Section IV |
| Summary of the Liquidation Trust and Personal Injury Trust, including assets and claims administration process | Section V |
| Discussion of the various risk factors associated with confirmation or denial of the Plan | Section VI |
| Potential tax consequences associated with the Plan | Section VII |
| The Committee and the Debtor's recommendations regarding the Plan | Section VIII |

22.     Based on the foregoing, the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Claims entitled to vote to accept or reject the Plan.   Accordingly, the Movants submit that the Disclosure Statement contains "adequate information" and should be approved.

**II.      The Court Should Approve the Solicitation and Voting Procedures.**

     **A.      The Standard for Approval of Solicitation and Voting Procedures.**

23.     Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a Plan if such Plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designed under subsection (e) of this section, that have accepted or rejected the Plan.

11 U.S.C. § 1126(c).  Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent and conform to the appropriate Official Form."  Fed. R. Bankr. P. 3018(c).  Consistent with these requirements, the Movants propose to use the Solicitation and Voting Procedures, which procedures include specific voting and tabulation requirements and processes, as follows.

### B.        Completion of Ballots.

24.        The Movants propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria.  Specifically, the Solicitation and Voting Procedures provide that the Solicitation Agent may not count a Ballot if it is, among other things, illegible, submitted by a Holder of a Claim that is not entitled to vote on the Plan, unsigned, or not clearly marked.  Further, the Movants, unless otherwise ordered of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report.

### C.        General Ballot Tabulation and Voting Procedures.

25.        The proposed Solicitation and Voting Procedures set forth specific criteria with respect to the general tabulation of Ballots and voting procedures applicable to Holders of Claims, which will facilitate the Plan confirmation process.  The Solicitation and Voting Procedures clarify any obligations of Holders of Claims entitled to vote to accept or reject the Plan and create a straightforward process by which the Movants can determine whether they have satisfied the requirements of section 1126(c) of the Bankruptcy Code.  Accordingly, the Movants submit that the Solicitation and Voting Procedures are in the best interests of the Debtor's estate, Holders of Claims, and other parties in interest, and that good cause supports the relief requested herein.

**D.    The Court Should Approve the Forms of the Ballots.**

26.    In accordance with Bankruptcy Rule 3018(c), all votes to accept or reject the Plan must be cast by using an appropriate Ballot.  Although based on Official Form B314, the Ballots were modified to (a) address the particular circumstances of this chapter 11 case and (b) include certain additional information that is relevant and appropriate for Claims in certain of the Voting Classes.  The proposed Ballots for each Voting Class are annexed as <u>Schedules 3A</u>, <u>3B</u>, and <u>3C</u> to the Order.

27.    In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Movants request authorization to accept Ballots from voters via electronic, online transmissions, solely through a customized online balloting portal on the Debtor's case website to be maintained by the Solicitation Agent ("<u>E-Ballot</u>").  Parties entitled to vote through E-Ballot may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing E-Ballot.  Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

28.    The Movants respectfully submit that the forms of the Ballots comply with Bankruptcy Rule 3018(c) and, therefore, should be approved.

**E.    The Court Should Approve the Contents of the Solicitation Package and Distribution to Parties Entitled to Vote on the Plan.**

29.    Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims upon approval of a disclosure statement, including the court-approved Disclosure Statement and Plan and notice of the time within which acceptances and rejections of the Plan may be filed.  Fed. R. Bankr. P. 3017(d).

4876-4149-2350

30.     In accordance with this requirement, the Movants propose to send the Solicitation Packages to provide Holders of Claims in the Voting Classes with the information they need to be able to make informed decisions with respect to how to vote on the Plan.  Specifically, on or before the Solicitation Deadline, the Solicitation Agent will distribute Solicitation Packages electronically or by U.S. first-class mail to those Holders of Claims in the Voting Classes.  Each Solicitation Package will include the following materials:

   a.     a Ballot, together with detailed voting instructions and a pre-addressed, postage-prepaid return envelope;

   b.     the Cover Letter, including instructions to obtain access, free of charge, to the Disclosure Statement and Plan and the Order (without exhibits, except the Solicitation and Voting Procedures) via www.kccllc.net/tehum;

   c.     the Combined Hearing Notice; and

   d.     such other materials as the Court may direct.

31.     Due to the voluminous nature of certain documents, the Movants request authorization to distribute the Disclosure Statement, Plan and the Order (without exhibits, except for the Solicitation and Voting Procedures) to Holders of Claims entitled to vote on the Plan by providing instructions as part of the Solicitation Package for accessing these documents through the Debtor's restructuring website (www.kccllc.net/tehum); *provided*, *however*, that Movants shall serve hard copies of the Solicitation Package, including the Disclosure Statement, Plan and the Order (without exhibits, except for the Solicitation and Voting Procedures), on each incarcerated individual in each Voting Class.  Except as with respect to incarcerated individuals in Voting Classes, **only** the Ballot(s), the Cover Letter, and the Combined Hearing Notice will be provided in paper format.  Given the length of the Plan, the Disclosure Statement, and the proposed Order, distribution in this manner will translate into significant monetary savings for the Debtor's estates and allow the Solicitation Packages to be sent on the earliest possible date.

4876-4149-2350

32.     Any party that receives the materials in electronic format but would prefer paper format may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtor's expense).

33.     On or before the Solicitation Deadline, the Movants shall also cause Solicitation Packages (excluding Ballots) to be served on:  (a) the U.S. Trustee; and (b) all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.

34.     The Movants respectfully request that the Solicitation Agent be authorized (to the extent not authorized by another order of the Court) to assist the Movants in (a) distributing the Solicitation Package, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors and equity holders regarding the Plan.

35.     Accordingly, the Movants request that the Court approve the form of, and the Movants' proposed procedures for distributing, the Solicitation Packages to the Holders of Claims in the Voting Classes.

    **F.     The Court Should Approve Procedures for the Resolution of Disputed Claims for Voting Purposes.**

36.     The Movants have established Solicitation and Voting Procedures, which includes procedures for the treatment of Claims in a Voting Class subject to pending objections.  Such procedures contemplate furnishing the Holder of such Disputed Claim with a Non-Voting Status Notice and deeming the Holder not entitled to vote to accept or reject the Plan on account of such

Claim until the occurrence of a Resolution Event (as such terms are defined in the Solicitation and Voting Procedures).  The Movants respectfully request this Court authorize the procedures for the resolution of Disputed Claims as such procedures are customary and should be approved.

**G.     The Court Should Approve the Notice of Combined Hearing.**

37.     The Combined Hearing Notice will include the following:  (a) instructions as to how to view or obtain copies of the Disclosure Statement, Plan, the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent and/or the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the date by which the Movants will file the Plan Supplement; (d) notice of the Objection Deadline; and (e) notice of the Combined Hearing Date and information related thereto.  The Movants, through the Solicitation Agent, will serve the Combined Hearing Notice on all parties appearing on the Debtor's creditor matrix by no later than the Solicitation Deadline, which will provide all parties in interest with notice of the Objection Deadline and the Combined Hearing.

38.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  Therefore, in addition to the foregoing distribution of the Combined Hearing Notice, the Movants will cause publication of the Publication Notice as soon as reasonably practicable after the entry of the Order granting this Motion on one occasion in the national edition of the *Wall Street Journal*, the *New York Times*, *Prison Legal News*, and any such other publications that the Movants deem appropriate.  The Movants believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Order, the Voting Deadline, the Objection Deadline, and the Combined Hearing to parties who did not otherwise receive notice thereof by mail.  Additionally, service and publication of the Combined Hearing Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

4876-4149-2350

H.     **The Court Should Approve the Form of Notices to Non-Voting Classes.**

39.     As discussed above, the Non-Voting Classes are ***not*** entitled to vote on the Plan. As a result, they will ***not*** receive the full Solicitation Package.  Instead, the Movants propose to send such parties a Non-Voting Status Notice and Opt-Out Form, which will still allow such parties to opt out of the Third-Party Releases contained within the Plan.

> a.     ***Unimpaired Claims—Conclusively Presumed to Accept.***   Holders of Claims in Class 1 and Class 2 are not impaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, Holders of such Claims will receive a notice, which includes the opportunity to opt out of certain third-party releases, substantially in the form attached to the Order as Schedule 4, in lieu of a Solicitation Package.

> b.     ***Other Interests and Claims—Deemed to Reject.***   Holders of Claims or Interests in Class 6 and Class 7 are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan and will receive a notice, which includes the opportunity to opt out of certain third-party releases, substantially in the form attached to the Order as Schedule 5, in lieu of a Solicitation Package.

> c.     ***Disputed Claims.***   Holders of Claims that are subject to a pending objection by the Debtor are not entitled to vote the disputed portion of their claim.  As such, Holders of Disputed Claims will receive a notice, which includes the opportunity to opt out of certain third-party releases, substantially in the form attached to the Order as Schedule 6 (which notice shall be served together with such objection).

40.     Each of the Non-Voting Status Notices will include, among other things: (a) instructions as to how to view or obtain copies of the Disclosure Statement, the Plan, the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent free of charge and/or the Court's website via PACER; (b) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article IX of the Plan, and Opt-Out Form; (c) notice of the Objection Deadline; (d) notice of the Combined Hearing Date; and (e) information related thereto.

41.     The Movants believe that the mailing of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d).  Accordingly, the Movants request that the Court approve the form of, and the Movants' proposed procedures for distributing, Non-Voting Status Notices to the Holders of Claims and Interests in the Non-Voting Classes.

### I.     The Court Should Approve the Notices to Contract Counterparties.

42.     Article V.A of the Plan provides that, except as otherwise provided, each Executory Contract and Unexpired Lease not previously rejected or assumed will be deemed rejected as of the Effective Date, unless such contract or lease:  (1) was previously assumed or rejected by the Debtor; (2) previously expired or terminated pursuant to its own terms; (3) is the subject of a pending motion to assume filed on or before the Effective Date; or (4) is identified on the Assumed Executory Contract and Unexpired Lease List.

43.     To ensure that counterparties to Executory Contracts and Unexpired Leases receive notice of assumption of their Executory Contract or Unexpired Lease (and any corresponding cure claim) pursuant to the Plan, the Movants seek authority to notify such counterparties of the proposed assumption and assignment of the applicable Executory Contract or Unexpired Lease in the Plan Supplement and Assumption Notice.  The Movants submit that this provides such counterparties with sufficient notice of the disposition of their Executory Contract or Unexpired Lease pursuant to the Plan.

### J.     The Court Should Approve the Voting Record Date, Voting Deadline, and Objection Deadline.

44.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order

approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Fed. R. Bankr. P. 3018(a).  Similarly, Bankruptcy Rule 3017(c) provides that before approving a disclosure statement, the Court must fix a time within which holders of claims and interests may accept or reject a Plan and may fix a date for the hearing on confirmation of a Plan. *See* Fed. R. Bankr. P. 3017(c).

45.     The Movants request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish October 17, 2023 as the Voting Record Date.  Movants further request that the Court establish December 22, 2023 as both the Voting Deadline and the Objection Deadline.

46.     Moreover, the Movants propose that, with respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim ***only if***: (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.

47.     The Movants request that, after the Solicitation Agent's distribution of Solicitation Packages to Holders of Claims entitled to vote on the Plan, the Court require that all Holders of Claims entitled to vote on the Plan complete, execute, and return their customized Ballots so that

4876-4149-2350

they are *actually received* by the Solicitation Agent on or before the Voting Deadline. Similarly, the Movants request that all Opt-Out Forms be completed and returned such that they are ***actually received*** by the Solicitation Agent on or before the Voting Deadline.

48.     The foregoing timing and materials will afford Holders of Claims entitled to vote on the Plan a reasonable amount of time, given the circumstances, to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the Bankruptcy Rules.

### III.    The Court Should Approve the Procedures for Confirming the Plan and Approving the Disclosure Statement on a Final Basis.

49.     Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and provides that parties in interest can object to confirmation. 11 U.S.C. § 1128.  Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan. Fed. R. Bankr. P. 3017(c).  In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code, the Movants request that the Court schedule the Combined Hearing Date for the week of January 8, 2024.  The Movants further request that the Combined Hearing may be continued from time to time by the Court or the Movants without further notice to parties in interest other than such adjournment announced in open court and/or a notice of adjournment filed with the Court and served on the Debtor's master service list.

50.     Rule 2002(b) provides that there should be "not less than "28 days' notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement…" Fed. R. Bankr. P. 2002(b).  In this instance, the Movants are asking for a notice period of *more than* sixty (60) days between the filing of the Disclosure Statement and the

Objection Deadline.  Such an elongated time period will provide ample time for parties in interest to review the Disclosure Statement.

51.     The Movants also request that the Court direct the manner in which parties in interest may object to confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a Plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).  The Combined Hearing Notice will require that objections to confirmation of the Plan, if any, must:

a.      be in writing;

b.      conform to the Bankruptcy Rules, the Local Rules, and any orders of the Court;

c.      state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

d.      be filed with the Court on or before the Objection Deadline.

52.     The Movants also request that they (and other parties in support of the Plan) be permitted to file a reply and/or brief in support of confirmation by January 2, 2024, or the Confirmation Brief Deadline.

53.     The Movants believe that the foregoing deadlines will afford the Court, the Movants, and other parties in interest, adequate time to consider any objections and proposed modifications prior to the Combined Hearing.

## **Non-Substantive Modifications**

54.     The Movants request authorization to make non-substantive changes to the Disclosure Statement, Plan, Combined Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Opt-Out Forms, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Assumption Notice, and related documents without further order of the Court,

including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement and Plan, and any other materials in the Solicitation Packages before distribution.

## **Notice**

55.     The Movants will provide notice of this Motion to the following parties: (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) counsel to M2 LoanCo, LLC, the Debtor's DIP Lender; (c) the holders of the 30 largest unsecured claims against the Debtor; (d) the United States Attorney's Office for the Southern District of Texas; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

56.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Movants respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 29th day of September, 2023.

**GRAY REED**

By:  */s/ Jason S. Brookner*
      Jason S. Brookner
      Texas Bar No. 24033684
      Aaron M. Kaufman
      Texas Bar No. 24060067
      Lydia R. Webb
      Texas Bar No. 24083758
      Amber M. Carson
      Texas Bar No. 24075610
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone:   (713) 986-7127
Facsimile:   (713) 986-5966
Email:       jbrookner@grayreed.com
           akaufman@grayreed.com
           lwebb@grayreed.com
           acarson@grayreed.com

*Counsel to the Debtor*
*and Debtor in Possession*

-and-

**STINSON**

By:  */s/ Nicholas Zluticky*
      Nicholas Zluticky
      Zachary Hemenway
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone:  (816) 842-8600
Email:       nicholas.zluticky@stinson.com
           zachary.hemenway@stinson.com

*Counsel to the Committee*

**<u>Certificate of Service</u>**

I certify that on September 29, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties authorized to receive electronic notice in this case.

/s/ *Jason S. Brookner*
Jason S. Brookner