IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| TEHUM CARE SERVICES, INC.,[1] | § | Case No. 23-90086 (CML) |
| | § | |
| | § | |
| DEBTOR | § | |

**THE UNITED STATES TRUSTEE'S EMERGENCY
MOTION FOR STATUS CONFERENCE**

TO THE HONORABLE CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE:

EMERGENCY RELIEF HAS BEEN REQUESTED.
RELIEF IS REQUESTED NOT LATER THAN 5:00 P.M. ON NOVEMBER 14, 2023.

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), through his undersigned attorneys, hereby submits his *Emergency Motion for Status Conference* (the "Motion"), and requests, pursuant to Section 105(d)(1) of the Bankruptcy Code, that the Court set an emergency status hearing regarding the *Stipulation and Agreed Order Regarding Appointment of Judge Christopher S. Sontchi (Ret.) as Mediator and Governing Related Mediation Procedures,* (the "Stipulation and Agreed Order"), ECF No. 1095.

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

1

## INTRODUCTION

1.   The U.S. Trustee seeks an order setting a status conference on an emergency basis to consider the Stipulation and Agreed Order filed by the Tehum Care Services, Inc. (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee"). The U.S. Trustee requests that the Court does not approve the Stipulation and Agreed Order prior to the status conference. The status conference will ensure transparency by allowing all parties in interest sufficient opportunity to weigh in on any issues related to a second mediation  The U.S. Trustee previously stated in his Disclosure Statement Objection that there are serious questions about the propriety of the first mediation and the settlement that resulted from it included in the proposed plan, given that the mediation was tainted by Judge David Jones presiding over a mediation in which his live-in intimate partner represented a critical litigation target without any disclosure of the relationship by either Judge Jones or Ms. Freeman.  Thus, a "do over" seems warranted, but the second mediation should not be approved on a rushed basis without giving parties ample opportunities to weigh in. In addition, there are open questions about who should bear the costs and fees associated with a second mediation precipitated by professional misconduct.

2.   The U.S. Trustee seeks this conference on an emergency basis because the Debtor and Committee are seeking to conduct a second mediation during the week of November 13, 2023, and the issues raised below require immediate attention.

## RELIEF REQUESTED

3.   Section 105(d)(1) of the Bankruptcy Code provides, in pertinent parts, that "the court, on its own motion or on the request of a party in interest – shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case." 11 U.S.C. § 105(d)(1).

4. The Stipulation and Agreed Order provide that Judge Christopher S. Sontchi (Ret.) would be appointed as a mediator at a rate of "$1,500 per hour plus expenses, without the need for any further filings with the Court and without the need for any further court orders." Stipulation and Agreed Order, ¶ 8. Further, the Stipulation and Agreed Order provide that the Debtor will be responsible and is authorized to pay the mediator's fees, which contravenes paragraph 50 of the *Procedures for Complex Cases in the Southern District of Texas (Effective January 1, 2023)*, which states that "in all other matters, the fees and costs of the mediator will be shared equally by the parties." The Court should conduct a status conference to determine whether (1) the rate and procedures for payment to the mediator are appropriate under the circumstances of this case, (2) the cost of the second mediation should be borne solely by the bankruptcy estate, and (3) YesCare Corporation or The Office of Liz Freeman LLC should bear the cost of the second mediation since the undisclosed relationship tainted the initial mediation.

5. In addition, on November 2, 2023, the U.S. Trustee received a request by several personal injury claimants for the formation of an additional committee, specifically a Tort Claimants' Committee ("Tort Committee"), pursuant to 11 U.S.C. § 1102(a). The personal injury claimants have asserted that they are not adequately represented by the Committee and requested an opportunity to be represented at any further mediation by an additional committee of tort claimants. The U.S. Trustee, in the exercise of his statutory duties, is presently evaluating the request. The Court should not rush to order mediation while the U.S. Trustee determines whether he should appoint an additional committee or take other action to address adequate representation concerns, if any. The U.S. Trustee will, of course, act expeditiously, and the Court should briefly delay ordering a second mediation to give the U.S. Trustee an opportunity to review the request and to allow the parties to be heard on the terms and conditions of the second mediation.

6.     Accordingly, it is in the best interest of the estate and creditors, and in the interest of ensuring transparency in the second mediation that was lacking in the first, for the Court to consider this Motion on an emergency basis and to schedule a status conference. The U.S. Trustee respectfully request the Court's expedited consideration of this Motion and for any and all further relief as is equitable and just.

Dated: November 8, 2023,                                    KEVIN M. EPSTEIN
                                                            UNITED STATES TRUSTEE


                                                            */s/ Ha Nguyen*
                                                            Ha Nguyen, Trial Attorney
                                                            California Bar #305411
                                                            E-mail: Ha.Nguyen@usdoj.gov
                                                            Office: 713-718-4655
                                                            Cell: 202-590-7962

                                                            */s/ Andrew Jiménez*
                                                            Andrew Jiménez, Trial Attorney
                                                            District of Columbia Bar 991907
                                                            E-mail:Andrew.Jimenez@usdoj.gov
                                                            Office: 713-718-4668

                                                            United States Department of Justice
                                                            Office of the United States Trustee
                                                            515 Rusk Street, Suite 3516
                                                            Houston, Texas 77002
                                                            Facsimile: 713-718-4670