Case 23-90086   Document 1278   Filed in TXSB on 01/22/24   Page 1 of 8

United States Courts
Southern District of Texas
FILED

JAN 22 2024

Nathan Ochsner, Clerk of Court

23-90086

PROPOSED SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release mase this <u>29th</u> day of <u>November</u>, 2023, by and between Robert D. Blaurock, K.D.O.C. No. 86516 (Releasor); and (a) the debtor, i.e. Tehum Care Services, Inc., f.k.a. Corizon,Inc./Corizon,LLC.; (b) M2 LoanCo.,LLC; (c) YesCare Corp.; (d) Perigrove 1018,LLC., (e) Perigrove,LLC.; (f) M2 HoldCo.; (g) Geneva Consulting,LLC.; and (h) PharmaCorrLLC. (Settlement Parties) collectively, including all "released Parties" as described within the Second Amended Disclosure Statement dated October 27, 2023, page 94, para. A., subsection 100; (a-z) and (aa).

## DEFINIIONS

A. The term "Releasor" means Robert D. Blaurock, K.D.O.C. No. 86516, and his heirs, executors; administrators; successors; and assigns.

B. The term "Releasee", "Released Parties"; and/or "Settlement Parties" means (a) the Debtor, (b) Russell Perry, the Debtor's Chief Restructuring Officer; (c) the Committee and it's members; (d) the Liquidation Trustee; (e) Personal Injury Trustee; (f) the Settlement Parties; (g) M2 EquityCo.LLC.; (h) Valitas Intermediate Holdings,Inc.; (i) Valitas Health Services,Inc.; (j) M2 Pharmacorr Equity Holdings LLC.; (k) Pharmacorr/M2 LLC; (l) Pharmacorr Holdings LLC.; (m) Endeavor Distribution LLC.; (n) Yes Care Holdings LLC.; (o) Sigma RM,LLC: (p) DG Realty Management LLC; (q) Scaracor LLC; (r) Yitzckak Lefkowitz a/k/a Issac Lefkowitz; (s) Sara Ann Trishwell; (t) Ayodeji Olawale Ladele; (u) Beverly Michelle Rice; (v) Jeffrey Scott King; (w) Jennifer Lynee Finger; (x) Frank Jeffrey Sholey; (y) for each Entity listed in (a) through (x), each of their respective current and former officers, directors, and managers; (z) for each Entity listed in (b) through (x), each of their respective

current and former employees and agents; and (aa) for each Entity listed in (d) through (x), each of their respective attorneys and other professional advisors, provided, however, as determined by the Court that James Gassenheimer, Charles Gassenheimer; James Hyman; and Michael Flacks shall not be a released party.

Additionally, the following Entities and persons, defendants Southwind Surgical Group, Brandon S. Cunningham,M.D.; Alaina D. Dresslar,P.A.; C.R. Bard,Inc./Davol Inc.; and Centurion of Kansas, LLC., which are involved in a seperate civil action with Releasor are not a released party.

C. The term "incident" means the incidents involving Releasor as described in the Complaint or Amended Complaint, filed in the: Butler County, Kansas District Court, Case No. BU-22-CV-173; removed to United States District Court (D. of KS.) Case No. 6:22-CV-1196-JWB-GEB; (CTO 98) to United States Judicial Panel on Multidistrict Litigation, Case No. ("MDL 2846") a./k./a. 2:18-md-2846-EAS-KAJ, now United States District Court, (D. of Ohio)(Eastern Division) Case No. 2:22-CV-04381-EAS-KAJ.

D. The term "Released Claims" includes any and all claims, demands, damages; actions; causes of action; obligations; debts of what so ever kind of nature, known or unknown; which arises or may arise, or which arose or may have arisen; as a result of, or in any way growing out of injuries or damages incurred as a result of the "INCIDENT", whether or not they are in contemplation at the present time and whether or not they arise following execution of this release.

E. The term "Released Claims" specifically includes, but not limited to, any and all claims for compensatory or punitive dameages, including bodily or mental injury, lost wages; attorney fees; litigation costs; expenses of any kind; and interests; and includes, but is not limited to, any claims based upon alleged violations arising under: (1) the United States or Kansas and Constitutions, (2) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000; (3)

42 U.S.C. § 1981 et.seq.; (4) any other federal, state, or local equal employment opportunity; civil rights; or wage law; statute; or local law; statute; order; public policy; or regulation affecting or related to the claims or rights of employees or former employees; and (5) claims of medical malpractice, medical negligence under K.S.A. § 60-513(7)(c), personal injury tort.

F. The term "Litigation" includes the civil lawsuit filed by Releaser against the Releasee caption: In re: Tehum Care Services, Inc. f./k./a. Corizon.LLC./Corizon,Inc., further identified and filed in: the Butler County, Kansas District Court, Case No. BU-22-CV-173, removed to the United States District Court (D. of KS.) Case No. 6:22-CV-1196-JWB-GEB; (CTO 98) to United States Judicial Panel on Multidistrict Litigation, Case No. ("MDL 2846") a./k./a. 2:18-2846-EAS-KAJ; now United States District Court, (D. of Ohio)(Eastern Division) Case No. 2:22-CV-04381-EAS-KAJ.; including all related Court actions filed by the Releasor or Releasee. Note! The defendants,et.al. Tehum Care Services,Inc.(Debtor) a Chapter 11, Case No. 23-90086(CML) in the United States Bankruptcy Court for the Southern District of Texas, Houston Division is the subject matter applicable to this proposed settlement agreement and release "specifically."

## RECITALS

WHERE AS, Releasor filed suit in the Courts listed within C and F of this proposed settlement agreement and release, or in the U.S.D.Ct. (D. of KS.) Case No. 6:22-CV-JWB-GEB, then U.S.D.Ct. (D. of Ohio)(Eastern Division) Case No. 2:22-CV-04381-EAS-KAJ.

WHERE AS, Releasor's complaint and any amendments thereto alleged that he was entitled to recover damages pursuant to: K.S.A. § 60-513(7)(c), e.g. medical malpractice and negligence for alleged violations of his U.S.C.A. 8 and 14 right to adequate healthcare for an incarcerated person, and to be free from per say cruel and unusual punishments, i.e. 13-year delay in treatment for a documented serious medical condition.

WHERE AS, the "Releasees", "Released Parties", and/or "Settlement Parties" deny any and all liability for the causes of action asserted by the Releasor; in any and all cases alleged specifically arising out of the incidents involving [o]nly Tehum Care Services, Inc. f./k./a. Corizon,LLC./Corizon,Inc. inbetween the date of Jan. 07, 2014 throughout Jan. o6, 2020 with [***esp] emphasis placed upon the November 02, 2018, double, s/p bilateral open inguinal hernia repair; with mesh surgical procedure, delayed aftercare treatment therefrom, and revision/replacement hernia mesh surgical procedure dated May 06, 2022.

WHERE AS, Releasor, Releaseees; Released Parties; and/or Settlement Parties have, in an effort to avoid further litigation expenses, reached a settlement of all claims at issue, applicable only to Tehum Care Services,Inc., Corizon,LLC., Corizon,Inc.

## PROVISIONS

NOW, THEREFORE, in consideration of the foregoing recitals and for other good and valuable consideration as in more fully described below, it is AGREED:

1. Incorporation of Recitals: The Recitals to this Settlement Agreement are incorporated by references herein.

2. Dismissal with Prejudice: Releasor agrees to the dismissal with prejudice as against the Releasee, Released Parties, or Settlement Parties in the Civil Action, the Civil Lawsuit captioned formerly as: Medical Malpractice/Medical Negligence/ Personal Injury Tort, filed first in the Butler County, Kansas District Court, Case No. BU-22-CV-173, removed to the United States District Court(D. of KS.) Case No. 6:22-CV-1196-JWB-GEB, (CTO 98) to United States Judicial Panel on Multidistrict Litigation, Case No. ("MDL 2846"); a/k/a 2:18-md-2846-EAS-KAJ, now United States District Court(D. of Ohio)(Eastern Division) Case No. 2:22-CV-04381 EAS-KAJ, " in as much, and [o]nly applicable to the claims alleged against Corizon,LLC./Corizon, Inc." All other defendants,et.al named therein are not parties to this proposed settlement agreement and release.

4.

The stipulation of dismissal shall be filed by Releasor within 48 hours after receipt of the sum described in paragraph 3.

3. PAYMENT: The debtor, Tehum Care Services,Inc. f/k/a Corizon, Inc./Corizon,LLC. including M2 LoanCo.LLC; YesCare Corp.; Perigrove 1018,LLC.; Perigrove,LLC.; M2 HoldCp.; Geneva Consulting,LLC.; Pharmacorr,LLC. any subsidiaries thereof identified in the Second Amended Disclosure Statement and/or their insurers, or from the Global Settlement Plan, Id. as the Released Parties or Settlement Parties shall pay the sum of $ 50,000.00 to Releasor in the form of a check payable to Robert-Dean Blaurock, K.D.O.C. # 86516, within (30) Thirty days of approved and authorizing agents signature.

   IN THE ALTERNATIVE, the Released Parties or Settlement Parties, following additional negotiations with the Releasor and/or mandatory mediator assigned to such matters, in in regards to a different settlement amount to be agreed upon, will pay said amount to the Releasor within (30) Thirty days.

4. Release of Released Parties or Settlement Parties: Releasor in full and final resolution of this Civil Lawsuit captioned as former: BU-22-CV-173, U.S.D.Ct.(D. of KS.) Case No. 6:22-CV-1196-JWB-GEB; U.S.J.P.M.L. (MDL 2846); and U.S.D.Ct. (D.Ohio) (Eastern Division) Case No. 2:22-CV-04381-EAS-KAJ. as filed in these above identified Courts, including all related Court Actions filed by Releasor, and specifically applicable [o]nly to Tehum Care Services,Inc.(Debtor) f./k./a. Corizon,LLC or Corizon,Inc. the releasees (the "Litigation") agree to release and forever discharge said Releasees, Released Parties, or Settlement Parties and their insurers from the Released Claim.

   Nothing in the general release set forth above shall preclude a party from seeking to enforce the terms of this Settlement Agreement and Release.

5. Denial of Liability" Releasee, Released Parties or Settlement Parties, by reason of agreeing to this compromise, deny liability of any sort and have made no agreement or promise to do or omit to do any act or thing not herein set forth, and further state

that this Settlement Agreement is made as a compromise to avoid the expense of litigation and to terminate all controversies and/or claims for injury or damages of what so ever nature, known or unknown, in any way growing out of or in connection with the Litigation or the Incident giving rise to it.

6. Acknowledgment: Releasor acknowledges that no representation of fact or opinion has been made by Releasee, Released Parties or Settlement Parties to induce this compromise with respect to the extent or nature of any injuries or damages or as to the likelihood of further complications steming from this Incident, and that the consideration set forth herein solely by way of compromise of the disputed claims, and to foreclose all possibilities of any future claim based upon acts, errors or omissions which relate to the Incident, whether known or unknown, and that in determining said consideration, there has been taken into consideration the fact that unexpected consequences may result, known and unknown, and it is therefore, specifically agreed that this Agreement shqll be a complete bar to all claims of suit for injuries or damages of what so ever nature relating to, resulting, or to result, from the Litigation of the Incidents giving rise to it.

7. Covenant Not To Sue: Releasor hereby covenants and agrees not to sue Releasee, Released Parties or Settlement Parties for any claims, demands, damages; actions; causes of action or suit at law or in equity of what ever kind of nature, whether known or unknown; existing now or to arise in the future; arising out of or relating to, in any way, the claims alleged or which could have been alleged in the Litigation.

8. Miscellaneous:
A. Entire Agreement: The Settlement Agreement constitures the complete, final and entire understanding of the parties hereto, and they shall not be bound to any terms, conditions; covenants or representations not expressley herein contained.

B. Modification: This Settlement Agreement may not be modified or changed orally, but only by agreement in writing, signed by all parties.

C. **Consultation with Counsel:** The parties represent that prior to signing this Settlement Agreement, each has read it, understood it's terms and conditions; consulted with counsel; and voluntarily signed it. However, the Releasor has no counsel to consult with and is represented pro se.

D. **Counterparts:** This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same agreement and fascimile or electronically scanned signatures shall be treated as original signatures.

E. **Change of Facts:** In entering into this Agreement, the parties acknowledge and agree that claims or facts in addition to or different from what they know now, believe or suspect to exist might hereafter be discovered; nevertheless; the parties acknowledge and agree that the Releasees, Released Parties, or Settlement Parties set forth herein have been negotiated and and agreed upon in light of this situation and expressly waive any and all claims which either party does not know or suspect to exist in it'e favor at the time of executing this release, which, if known by the party may have materially affected it's settlement with the other party, and right to such claims under state act; federal statute; or legal principle of similar effect.

F. **Private Settlement Agreement:** This Agreement is a Private Settlement Agreement within the meaning of 18 U.S.C. § 3526. It is the intent of the parties this Agreement will not, under any circumstances be considered a conset decree or it's equivalent.

G. **Effective Date:** The effective date of this Agreement is the date the parties sign, both Releasor, Releasees; Released Parties or Settlement Parties. The Releasee, Released Parties, or Settlement Parties has two weeks to agree and sign this Settlement Agreement, from the issued date, to only be extended through written request sent to the Releasor, the U.S. Bankruptcy Court(S.D. Texas) Houston Division Mediator.

EXECUTED:

<u>Robert Dean Blaurock # 86516</u>       <u>November 29th, 2023</u>

 <u>                   </u>      Date

Plaintiff.

EXECUTED:

<u>                   </u>      <u>                   </u>

                            Date

Defendants, or Defendant's Counsels

8.