**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| TEHUM CARE SERVICES, INC.,[1] | ) ) ) | Case No. 23-90086 (CML) |
| Debtor. | ) ) | |

**NOTICE OF REVISED PROPOSED ORDER**

**PLEASE TAKE NOTICE** that attached to this Notice is a revised proposed order granting the *Joint Motion for Entry of an Order (I) Authorizing and Approving the Settlement by and Among the Debtor, the UCC, and the Parties to the Settlement Agreement and (II) Granting Related Relief* [Docket No. 1259] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that attached to this Notice as **Exhibit A** is a redline of the revised proposed order marked against the version filed at Docket No. 1259.

**PLEASE TAKE FURTHER NOTICE** that attached to this Notice as **Exhibit B** is a redline of paragraphs 6 and 9 of the Settlement Agreement (as defined in the Motion) marked against the version filed at Docket No. 1259.

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4879-0439-1851

Respectfully submitted this 5th day of March, 2024.

**GRAY REED**

By:  /s/ Jason S. Brookner
      Jason S. Brookner
      Texas Bar No. 24033684
      Aaron M. Kaufman
      Texas Bar No. 24060067
      Lydia R. Webb
      Texas Bar No. 24083758
      Amber M. Carson
      Texas Bar No. 24075610
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone:     (713) 986-7127
Facsimile:     (713) 986-5966
Email:         jbrookner@grayreed.com
              akaufman@grayreed.com
              lwebb@grayreed.com
              acarson@grayreed.com

*Counsel to the Debtor
and Debtor in Possession*

-and-

**STINSON**

By:  /s/ Nicholas Zluticky
      Nicholas Zluticky
      Zachary Hemenway
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone:     (816) 842-8600
Email:         nicholas.zluticky@stinson.com
              zachary.hemenway@stinson.com

*Counsel to the Committee*

## Certificate of Service

I certify that on March 5, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties authorized to receive electronic notice in this case.

                                    */s/ Jason S. Brookner*
                                    Jason S. Brookner

4879-0439-1851

## Exhibit A

## Redline of Revised Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| TEHUM CARE SERVICES, INC.,[1] | ) Case No. 23-90086 (CML) |
| Debtor. | ) |
| | ) **Re: Docket No.** ⎯⎯**1259** |

**ORDER APPROVING JOINT MOTION FOR ENTRY OF
AN ORDER (I) AUTHORIZING AND APPROVING THE SETTLEMENT
BY AND AMONG THE DEBTOR, THE UCC, AND THE PARTIES TO THE
SETTLEMENT AGREEMENT AND (II) GRANTING RELATED RELIEF**

Upon the joint motion (the "Motion")[2] of Tehum Care Services, Inc., the above-captioned debtor and debtor in possession (the "Debtor") and the Official Committee of Unsecured Creditors (the "UCC") for entry of an order (this "Order"), which is the result of a mediated settlement with the Settlement Parties, approving and authorizing the Debtor and the UCC to enter into and perform under the Settlement Agreement attached hereto as **Exhibit 1**, and granting related relief, all as set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4884-3980-8683 4870-0909-1498 4884-3980-8683

and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's Estate, its creditors, and other parties in interest; and this Court having reviewed the Motion, and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein are overruled with prejudice; and the Court having determined that the legal and factual bases set forth in the Motion and the record of the hearing on the Motion conducted on March 1, 5 and ___, 2024 (the "Hearing") ~~on the Motion~~ establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, and based on the Court's findings of fact and conclusions of law made at the Hearing, which are incorporated herein by reference,

IT IS HEREBY FOUND AND DETERMINED THAT:[3]

    A.    The terms and conditions of the Settlement Agreement (attached hereto as **Exhibit 1**), as amended herein, including the total consideration to be realized by the Debtor pursuant thereto, is fair and reasonable, and the transactions are in the best interest of the Debtor, its creditors, and its estate. The Debtor and the UCC have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for entering into the Settlement Agreement. The Debtor's and the UCC's entry into the Settlement Agreement reflects the Debtor's and the UCC's exercise of prudent business judgment consistent with their fiduciary duties.

    B.    The Settlement Agreement has been negotiated by the Debtor, the UCC and the Settlement Parties (and their respective affiliates and representatives) in good faith, at arm's length,

---

[3] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such. See Bankruptcy Rule 7052.

and without collusion or fraud. The Debtor, the UCC and the Settlement Parties will be acting in good faith if they proceed to consummate the transactions contemplated by the Settlement Agreement at any time after entry of this Order, subject to the terms and conditions of this Order and the Settlement Agreement, as applicable.

    C.    Pursuant to *In re Foster Mortg. Corp.*, 68 F.3d 914, 918 (5th Cir. 1995), the Court has given due and adequate deference to the reasonable views of creditors in considering the proposed settlements and compromises embodied in the Settlement Agreement.

Now, therefore, upon the record of the Hearing and any related proceedings held before this Court with respect to the Motion, the evidence adduced at the Hearing, and the statements of counsel during such Hearing, and based upon all such findings and conclusions, IT IS HEREBY ORDERED THAT:

    1.    The Motion is granted subject to the terms of this Order.

    2.    Paragraph 9 of the Settlement Agreement is stricken and replaced in its entirety with the following:

> 9.    Conditions Precedent.
>
>     a.    The effectiveness of this Agreement is conditioned upon the entry of an order of the Court, in form and substance acceptable to the M2 Parties, approving this Agreement pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure and the entry of a final order of the Court that is not the subject of an appeal confirming a chapter 11 plan containing, to the fullest extent permitted by applicable law, the following provisions:
>
> > i.  Every creditor shall be enjoined from pursuing any and all claims and causes of action against the Released Parties that are property of the Debtor's estate released under Paragraph 7 of this Agreement (each, an "Estate Claim"). If there is a dispute between a creditor and the Debtor or its successor in interest or the Released Parties as to whether a claim or cause of action alleged by a creditor against one or more of the Released Parties is an Estate Claim released under this Agreement, such creditor shall be prohibited from pursuing

        such claim or cause of action unless such creditor first seeks authority from the Court, upon motion, and secures a final order of this Court that is not the subject of an appeal finding that such creditor's claims or causes of action are direct claims that were not an Estate Claim released pursuant to Paragraph 7 of this Agreement, as the same shall be incorporated into a confirmed chapter 11 plan.

  ii.     For the avoidance of doubt, nothing herein is intended to, nor shall it, preclude or affect any (A) direct claims against third parties arising on or after May 5, 2022 or (B) claims that were allocated to CHS TX, Inc. through the May 2022 divisional merger and as to which, as a result, the Debtor no longer has any liability;

  iii.    approval of the M2 Releases described in Paragraph 6 of this Agreement;

  iv.    exculpations, plan injunctions and required gatekeeping provisions substantially similar to those that are in the current Plan to ensure the finality of the Plan and confirmation order; and

  v.     that contracts that were not allocated to YesCare Corp. and its wholly owned subsidiaries (including CHS TX, Inc.) under the May 2022 divisional merger but under which YesCare is still operating post-divisional merger are not executory contracts of the Debtor, or, that to the extent that such contracts are determined to be executory by final order of the Court, such contract counterparty must file a proof of claim within 30 days of the later of the Effective Date or entry of such final order.

3.     Paragraph 6 of the Settlement Agreement is revised to read as follows:

**6.  M2 Parties' Release of Claims.**

On the Plan Effective Date, all of the Released Parties (defined below) shall release and waive, and shall be deemed to have released and waived, all claims and causes of action against the Debtor's estate, including, but not limited to (i) the DIP Lender's claims under all DIP Orders, (ii) the Geneva Proof of Claim, and (iii) the M2 LoanCo Proof of Claim, all of which claims (i)-(iii) shall be disallowed for all purposes and expunged from the claims register (collectively, the "M2 Releases"); *provided*, *however*, that the Parties do not release any claims related to this Agreement, including for breach of the representations and warranties contained herein.

2.4. The Global Settlement is approved pursuant to the Settlement Agreement attached hereto as **Exhibit 1**,(as revised herein), *provided*, *however*, that the releases contemplated under the Settlement Agreement shall remain subject to entry of an order confirming the Movants'an amended joint plan to be filed by Movants and the occurrence of the Effective Date of such joint plan.

3.5. The Movants are hereby authorized to enter into the Settlement Agreement (as revised herein) and to enter into, perform, execute, and deliver all documents, and take all actions, necessary or desirable to immediately continue and fully effectuate, comply with, and implement the Global Settlement in accordance with the terms, conditions, and agreements set forth in the Settlement Agreement (as revised herein) and this Order.

4.6. Pursuant to sections 105 and 363(b) of the Bankruptcy Code, Bankruptcy Rule 9019, and all applicable law, the Settlement Agreement (as revised herein) and the terms and provisions included therein are approved in their entirety. The Settlement Agreement (as revised herein) is valid, binding, and enforceable against the Debtor, the UCC and the Settlement Parties in accordance with its terms. The Settlement Agreement (as revised herein) satisfies all applicable requirements of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Rule 9019.

5.7. The failure to describe specifically or include any particular provision of the Settlement Agreement (as revised herein) in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Debtor's and the UCC's entry into and performance under the Settlement Agreement (as revised herein) is approved in its entirety.

~~6.~~8.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of the Settlement Agreement (as revised herein) and this Order.

Signed: _____, 2024

_____
Christopher M. López
United States Bankruptcy Judge

# Exhibit 1

## Settlement Agreement

## Exhibit B

**Redline of Paras. 6 & 9 of the Settlement Agreement**

6. **M2 Parties' Release of Claims**.

On the Plan Effective Date, all of the M2Released Parties (defined below) shall release and waive, and shall be deemed to have released and waived, all claims and causes of action against the Debtor's estate, including, but not limited to (i) the DIP Lender's claims under all DIP Orders, (ii) the Geneva Proof of Claim, and (iii) the M2 LoanCo Proof of Claim, all of which claims (i)-()-(iii) shall be disallowed for all purposes and expunged from the claims register (collectively, the "M2 Releases"); *provided*, *however*, that the Parties do not release any claims related to this Agreement, including for breach of the representations and warranties contained herein.

9. **Conditions Precedent**.

a. The effectiveness of this Agreement is conditioned upon the entry of an order of the Court, in form and substance acceptable to the M2 Parties, approving this Agreement pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure and the entry of ana final order of the Court that is not the subject of an appeal confirming a chapter 11 plan containing, to the fullest extent permitted by applicable law, the following provisions:

   i. all creditorsEvery creditor shall be enjoined from pursuing any and all claims orand causes of action against the Released Parties in accordance with the scopethat are property of the releases herein;

   ii.i. any parties who opt out of the settlement outlined in Debtor's estate released under Paragraph 7 of this Agreement shall not be authorized to receive distributions from the Settlement Payments(each, an "Estate Claim"). If there is a dispute between a creditor and the Debtor or its successor in interest or pursue claims or causes of action against the Released Parties as to whether a claim or cause of action alleged by a creditor against one or more of the Released Parties is an Estate Claim released under this Agreement, such creditor shall be prohibited from pursuing such claim or cause of action unless theysuch creditor first seekseeks authority from the Court, upon motion, and securesecures a final order of this Court order that is not the subject of an appeal finding that such creditor's claims or causes of action are direct claims that were not an Estate Claim released or otherwise enjoined underpursuant to Paragraph 7 of this Agreement, as the same shall be incorporated into a confirmed chapter 11 plan;.

   ii. For the avoidance of doubt, nothing herein is intended to, nor shall it, preclude or affect any (A) direct claims against third parties arising on or after May 5, 2022 or (B) claims that were allocated to CHS TX, Inc. through the May 2022 divisional merger and as to which, as a result, the Debtor no longer has any liability;

   iii. approval of the M2 Releases described in Paragraph 6 of this Agreement;

iv. ~~approval of releases substantially similar to the releases in Paragraph 7 and that are in the current Plan in favor of the Released Parties by all creditors that do not opt-out of the settlement outlined in this Agreement;~~

~~v.~~ iv. exculpations, plan injunctions and required gatekeeping provisions substantially similar to those that are in the current Plan to ensure the finality of the Plan and confirmation order; and

v. that contracts that were not allocated to YesCare Corp. and its wholly owned subsidiaries (including CHS TX, Inc.) under the May 2022 divisional merger but under which YesCare is still operating post-divisional merger are not executory contracts of the Debtor, or, that to the extent that such contracts are determined to be executory by final order of the Court, such contract counterparty must file a proof of claim within 30 days of the later of the Effective Date or entry of such final order.

~~vi.~~