**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES,[1] | Case No. 23-90086 (CML) |
| Debtor. | Re Dkt. Nos. 1493 & 357 |

**OBJECTION OF THE OFFICIAL COMMITTEE
OF TORT CLAIMANTS TO DEBTOR'S MOTION
FOR (I) ENTRY OF AN ORDER AMENDING PROCEDURES
FOR INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR PROFESSIONALS, AND (II) GRANTING RELATED
RELIEF AND CROSS MOTION OF THE OFFICIAL COMMITTEE
OF TORT CLAIMANTS FOR (I) ENTRY OF AN ORDER AMENDING
PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR PROFESSIONALS, AND (II) GRANTING RELATED RELIEF**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

The Official Committee of Tort Claimants, the estate fiduciary for tort claimants

(the "TCC"), hereby objects (the "Objection") to the *Debtor's Motion for (I) Entry of an Order*

---

[1]    The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

*Amending Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, and (II) Granting Related Relief* (Dkt. No. 1493) (the "Debtor's Motion") and files its cross motion (the "Cross Motion") for entry of an order (the "Proposed Amended Order"), substantially in the form attached hereto as **Exhibit A**: (a) amending this Court's prior *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (Dkt. No. 357) (the "Interim Compensation Order"); and (b) granting related relief. Attached hereto as **Exhibit A** is a redline of the proposed changes between the Proposed Amended Order and the Interim Compensation Order. In support of this Objection and this Cross Motion, the TCC respectfully states as follows.

## SUMMARY

1.      This case is presently being administered for the benefit of Mr. Isaac Lefkowitz, the Debtor's sole director, and his non-debtor companies. Mr. Lefkowitz, who also controls M2 LoanCo, apparently believes estate professionals should be compensated in this case if, and only if, they support a settlement under which he and his non-debtor companies are discharged of their tort liability. As the U.S. Trustee has observed, the objective of this case is to obtain nonconsensual third-party releases for YesCare, CHS TX, Mr. Lefkowitz, and other non-debtor parties.

2.      The TCC's professionals do not and will not take direction from Mr. Lefkowitz. The TCC—which is comprised of individual tort victims and their representatives—directs the TCC's professionals in this case. The TCC's understanding of its fiduciary obligations to tort victims compels it to vigorously oppose the settlement that Mr. Lefkowitz demands. It is for this reason that the Debtor has been instructed to object to the payment of the TCC's professionals' fees and expenses.

3.      The Debtor and its professionals have and always will comply with Mr. Lefkowitz's instructions in this case.  The problem for the Debtor's professionals is that they **missed the deadline** set forth in the Interim Compensation Order to object to the fees and expenses identified in the Monthly Fee Statements filed by Berry Riddell, Brown Rudnick, and Province (collectively, the "TCC Professionals") on or before March 12, 2024. *See* Dkt. Nos. 1310, 1416, 1437, 1443, 1444. 1445.  Unlike the Debtor's and the UCC's professionals, the TCC Professionals have publicly filed Monthly Fee Statements in this case.  In contrast, the work performed by the Debtor's and the UCC's professionals is shrouded in secrecy from both the TCC and claimants, who would ordinarily get the benefit of seeing what work is being performed by estate fiduciaries.

4.      Mr. Lefkowitz is obviously not pleased that the Debtor missed the deadline to object.  To remedy this problem, the Debtor is proposing to amend the Interim Compensation Order to effectively give itself and the UCC a do-over and revive an expired deadline.

5.      The primary purpose of the Debtor's Motion is set forth in Paragraph 11.c, which explains that under the Debtor's proposed amended order both the Debtor and the UCC will be granted a ***second*** 14-day period to object to the Monthly Fee Statements filed by the TCC Professionals on or before March 12, 2024.  This objective is further set forth in Paragraph 3 of the proposed order attached to the Debtor's Motion.

6.      The TCC does not take issue with amending the Interim Compensation Order to update e-mail addresses or remove parties who are no longer actively involved in the case.  The Proposed Amended Order attached to this Cross Motion reflects these changes but does not include the addition of the Debtor's version of Paragraph 3, which the TCC refers to as the Debtor's "Mulligan Paragraph."

7.      If this Court is inclined to give the Debtor and the UCC a Mulligan (or a second opportunity to object to certain fees and expenses of the TCC Professionals after the objection deadline already expired), then the TCC submits that it too should be granted an opportunity to object to fees and expenses that are the subject of Monthly Fee Statements previously submitted by the Debtor's and the UCC's professionals (but which, to date, have not been filed with the Court or disclosed to the TCC).

8.      The TCC proposes that the Interim Compensation Order be amended in three ways. **First**, the Debtor's and the UCC's professionals should be required to **publicly** file all their Monthly Fee Statements in this case. *See* Proposed Amended Order at ¶ 3. This would apply to all *past* and *future* Monthly Fee Statements. This case could benefit from more transparency.

9.      The TCC learned at the hearing on the Rule 9019 Motion that the UCC's counsel failed to inform the Chair of the UCC of the TCC's desire to mediate with the UCC back in January of 2024.[2] The TCC does not know what other information the UCC's counsel has failed to pass onto their client in this case. Likewise, the TCC does not know what analysis has been performed by the Debtor's and the UCC's professionals on the causes of action that exist against Mr. Lefkowitz and his non-debtor companies, including how much time has been spent analyzing such causes of action. If the Debtor's and the UCC's professionals are required to publicly file all their Monthly Fee Statements in this case, the TCC and other parties in interest may finally gain

---

[2]     Following the Debtor's filing of its Rule 9019 Motion (Dkt. No. 1259) on January 16, 2024, the TCC offered to engage in further mediation. *See* Dkt. No. 1303 at ¶ 11. And the TCC suggested that the parties agree to a stay of litigation and discovery while mediation took place so that no estate resources would be spent on discovery and trial preparation while mediation took place. *Id.* The UCC and the Debtor rejected this proposal and demanded to move forward with the Rule 9019 Motion. Mr. Barton, the Chair of the UCC, appeared to be completely unaware that the TCC had made this proposal when he testified on March 27, 2024, at the hearing on the Rule 9019 Motion. *See* Mar. 27th Hr'g Tr. at 97:2-99:3. The rush to litigation may have been motivated by the case deadlines imposed by M2 LoanCo (*i.e.*, Mr. Lefkowitz) in the proposed Fifth Interim DIP Order (Dkt. No. 1258), which makes the Court's approval of the proposed settlement a condition precedent to the advancement of funds to pay the Debtor's and the UCC's professionals. *See* Dkt. No. 1258, Proposed Order at ¶ 5.

some visibility into the work that the Debtor's and the UCC's professionals have allegedly performed. The current interim compensation procedures appear to permit the Debtor's and the UCC's professionals to operate without an appropriate level of transparency. This should end.

10.     **Second**, if parties are going to be afforded extra time to object to professionals' fees and expenses, the TCC should be afforded 14-days to object to the fees and expenses included in the Monthly Fee Statements submitted by the Debtor's and the UCC's professionals once they are publicly filed with the Court and disclosed to the TCC. *See* Proposed Amended Order at ¶ 3.

11.     If the Debtor and the UCC are granted a Mulligan or a second shot at objecting to the fees and expenses of the TCC Professionals, the TCC should be granted an equal opportunity to object to the fees and expenses of the Debtor's and the UCC's professionals. The TCC's version of Paragraph 3 grants each of the estate fiduciaries an opportunity to object. *See id.*

12.     **Third**, the paragraph in the Interim Compensation Order that purports to make interim compensation payments conditioned upon the DIP Orders and the Approved Budget should be removed. As set forth in the *Motion of the Official Committee of Tort Claimants for an Order (I) Allowing and Requesting the Debtor to Disburse the Amounts Due and Owing to the TCC Professionals or, in the Alternative, (II) Dismissing the Case* (Dkt. No. 1475), whether the Debtor has an obligation to pay an administrative expense claim and whether the Debtor has DIP funding available to pay an administrative expense claim are two different things.

13.     If the Debtor wants to remain in chapter 11, it must be able to fund the costs of administering its chapter 11 case. The Debtor's obligation to pay its post-petition obligations, as they arise in the ordinary course of business, does not depend on whether M2 LoanCo (as controlled by Mr. Lefkowitz) has or will approve a budget for professionals in this case who

oppose him and his affiliated entities.  This paragraph serves no legitimate purpose in the Debtor's chapter 11 case and should be removed from the Interim Compensation Order.

## JURISDICTION

14.     This Court has jurisdiction to consider this Cross Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are sections 105(a) and 331 of the Bankruptcy Code.

## RELIEF REQUESTED

15.     By this Cross Motion, the TCC seeks an order substantially in the form attached hereto as **Exhibit A** amending this Court's prior Interim Compensation Order and granting related relief.   The TCC also objects to the Debtor's Motion.   Any amendment to the Interim Compensation Order should either exclude the Debtor's Mulligan Paragraph or should include a version of Paragraph 3 that affords the TCC, the UCC, and the Debtor with an opportunity to object to all prior Monthly Fee Statements submitted in this case.

## BASIS FOR RELIEF REQUESTED

16.     Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Bankruptcy Court permits.  In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying the Court's inherent equitable powers.  11 U.S.C. § 105(a).

17.     Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors . . . ."  *See In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation).

18.     The TCC agrees that the interim compensation procedures are appropriate in this case.  The TCC does not take issue with amending the Interim Compensation Order to update e-mail addresses or remove parties who are no longer actively involved in the case.  However, the lack of visibility into the work performed by the Debtor's and the UCC's professionals to date is cause for significant concern.  The TCC submits that all the estate professionals should be required to publicly disclose their Monthly Fee Statements.

19.     If any party is going to be afforded additional time to object to professional fees and expenses, then all parties should be granted an extension.  Further, the Debtor's obligation to pay estate professionals in this case should not depend on what funding Mr. Lefkowitz decides to make available to the Debtor.  If the Debtor is to remain in chapter 11 (and the TCC, of course, maintains that this case should be dismissed), it should pay for the costs of administering its case.  The proposed amended procedures will significantly aid the efficient and transparent administration of this chapter 11 case.  Accordingly, the requested relief is in the best interests of the Debtor's estate, creditors, and parties in interest.

## NOTICE

20.     Notice of this Cross Motion has been served on:  (a) the U.S. Trustee; (b) counsel to the Debtor; and (c) all persons who have formally appeared in this chapter 11 case and requested service pursuant to Bankruptcy Rule 2002.  Considering the nature of the relief requested herein, the TCC respectfully submits that no other or further notice need be provided.

## CONCLUSION

21.     The Debtor's Motion should be denied, and this Cross Motion should be granted.

Dated: April 9, 2024
      New York, New York

*/s/ Eric R. Goodman*                      Michael W. Zimmerman, Esquire
David J. Molton, Esquire               BERRY RIDDELL, LLC
Eric R. Goodman, Esquire             6750 E. Camelback Rd. Suite #100
Gerard T. Cicero, Esquire             Scottsdale, AZ 85251
Susan Sieger-Grimm, Esquire         (480) 385-2727
BROWN RUDNICK LLP              mz@berryriddell.com
7 Times Square                     *Co-Lead Counsel to the Tort Claimants'*
New York, NY 10036              *Committee*
(212) 209-4800; (212) 209-4801 (f)
dmolton@brownrudnick.com
egoodman@brownrudnick.com
gcicero@brownrudnick.com
ssieger-grimm@brownrudnick.com
*Co-Lead Counsel to the Tort Claimants'*
*Committee*

**EXHIBIT A**

**PROPOSED AMENDED ORDER**[1]

---

[1] The redline below was derived from the redline filed with the Debtor's Motion (Dkt. No. 1493). The TCC does not have access to the word document that was used to generate the Interim Compensation Order that was submitted to the Court in April of 2023 (prior to the TCC's formation).

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES,[1] | Case No. 23-90086 (CML) |
| Debtor. | Re Dkt. No. 357 |

## AMENDED ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the cross motion (the "Motion")[2] of ~~Tehum Care Services, Inc., the above-captioned debtor and debtor in possession (the "Debtor"),~~ the Official Committee of Tort Claimants in the above-captioned case for entry of an order (this "Order") ~~authorizing the Debtor to (a) establish procedures for interim compensation and reimbursement of~~ amending the Court's previously entered Order Establishing Procedures for Interim Compensation and Reimbursement of ~~expenses~~ Expenses for Professionals [Docket No. 357], and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the ~~Debtor's~~ notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Any legal and other professional advisor retained by the Debtor, the UCC, or the TCC pursuant to section 327 of the Bankruptcy Code in this chapter 11 case (each a "Professional" or collectively, the "Professionals") are hereby subject to the following procedures regarding interim compensation.

2.      All such Professionals in this case may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

   (a)   On or after the 21st day of each month following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Professional seeking compensation may send a monthly statement (each, a "Monthly Fee Statement") requesting interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month by email to the following parties (each, an "Application Recipient," and collectively, the "Application Recipients"):

      i.    Tehum Care Services, Inc., Attn: Russell Perry (russell.perry@ankura.com);

      ii.   ~~proposed counsel~~Counsel to the Debtor, Gray Reed (tehumbk@grayreed.com), Attn: Jason S. Brookner ~~(jbrookner@grayreed.com)~~, Aaron M. Kaufman ~~(akaufman@grayreed.com)~~, Lydia R. Webb ~~(lwesbb@grayreed.com)~~; and Amber M. Carson ~~(acarson@grayreed.com)~~;

      iii.  the Office of the United States Trustee for the Southern District of Texas, Attn: Ha Nguyen (Ha.Nguyen@usdoj.gov) and Andrew Jimenez (Andrew.Jimenez@usdoj.gov);

      iv.   ~~counsel~~Counsel to M2 LoanCo, LLC, Norton Rose Fulbright, Attn: Kristian W. Gluck (kristian.gluck@nortonrosefulbright.com) ~~and Julie Goodrich Harrison (julie.harrison@nortonrosefulbright)~~;

2

v.   Counsel to the UCC, Stinson LLP, Attn: Nicholas Zluticky (nicholas.zluticky@stinson.com), Zachary Hemenway (Zachary.hemenway@stinson.com), and Phillip Ashfield (Phillip.Ashfield@stinson.com); and

vi.   ~~counsel to the Committee, Stinson LLP, Attn: Nicholas Zluticky (nicholas.zluticky@stinson.com), Phillip Ashfield (Phillip.Ashfield@stinson.com), and Edwin H. Caldie (ed.caldie@stinson.com).~~

vi.   counsel to the TCC, Brown Rudnick LLP (BRTehumTeam@brownrudnick.com), Attn: David J. Molton, Eric R. Goodman, D. Cameron Moxley; and Berry Riddell, LLC, Attn: Michael W. Zimmerman (mz@berryriddell.com).

(b)   Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

(c)   Each Application Recipient will have until 4:00 p.m. (prevailing Central Time) 14 days after service of a Monthly Fee Statement to object to the requested fees and expenses in accordance with paragraph d., below. Upon the expiration of such 14-day period, the Debtor is authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph d., below.

(d)   If any Application Recipient objects to a Professional's Monthly Fee Statement, the objecting party shall, within 14 days of service of the Monthly Fee Statement, serve via email a written notice (the "Notice of Objection to Monthly Fee Statement") upon the respective Professional and each of the Application Recipients setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtor shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Professional and the objecting party) after service of the objection, the objecting party shall file its objection (the "Objection") with the Court within three (3) business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, such Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional

(the "Incremental Amount"), or (ii) forego payment of the Incremental Amount until the next hearing on an Interim Fee Application or Final Fee Application, at which time the parties may request that the Court consider the Objection.

(e)     Beginning with the period ending on May 31, 2023, and at three-month intervals thereafter (each, an "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Application Recipients an Interim Fee Application for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period. Each Interim Fee Application must include (i) a narrative discussion, (ii) a summary of the Monthly Fee Statements that are the subject of such application request, (iii) the amount of fees and expenses paid of date or subject to objection, and (iv) the deadline for parties other than the Application Recipients to file objections. Each Professional shall serve its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on the Application Recipients. The Application Recipients and other parties will have 21 days after service of an Interim Fee Application to object thereto. ~~The first Interim Fee Application should cover the Interim Fee Period from the Petition Date through and including May 31, 2023.~~

(f)     The Debtor will request that the Court set a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed thereto. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(g)     The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3.     All Monthly Fee Statements (past, current, and future) shall be publicly filed on the Court's docket in the Debtor's chapter 11 case. Within 7 days after the entry of this Order, the Debtor's Professionals and the UCC's Professionals shall each publicly file all Monthly Fee Statements sent by them to an Application Recipient prior to the date of this Order. [Notwithstanding paragraph 2.d above, each Application Recipient shall have 21 days after entry

4

of this Order to serve a Notice of Objection to Monthly Fee Statement with respect to the Monthly Fee Statements filed or served by the Debtor's Professionals, the UCC's Professionals and the TCC's Professionals before the date that is 8 days after the entry of this Order].

4.      Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

5.      In each Interim Fee Application and Final Fee Application, all Professionals shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code; applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules; and any other applicable procedures and orders of the Court.  Such Professionals shall also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Professionals in this chapter 11 case.

6.      The Professionals shall serve (a) Monthly Fee Statements, Interim Fee Applications, and Final Fee Applications only on the Application Recipients and publicly file such statements and applications in the Debtor's chapter 11 case, and (b) Hearing Notices on the

Application Recipients and all other parties that have filed a notice of appearance in this chapter 11 case.

7.    A Professional shall not seek payment in a Final Fee Application for any amounts that such Professional previously sought in a Monthly Fee Statement or Interim Fee Application and which (i) such Professional voluntarily waived or reduced to resolve formal or informal objections or (ii) were disallowed by order of the Court.

8.    All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

9.    ~~Notwithstanding the relief granted in this Order, any payment made by the Debtor pursuant to the authority granted herein shall be subject to and in compliance with the Court's *Interim Order (I) Authorizing the Debtor to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing and (V) Granting Related Relief*, and any amended or final order entered by the Court in connection therewith (collectively, the "DIP Orders") and the Approved Budget (as defined in the DIP Orders). To the extent there is any inconsistency between the terms of such DIP Orders and any action taken or proposed to be taken hereunder, the terms of such DIP Orders and the Approved Budget shall control.~~

10.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

11.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon entry.

12.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, ~~2023~~2024

_____
Christopher López
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

In re:                                                    Chapter 11

TEHUM CARE SERVICES,[1]                                   Case No. 23-90086 (CML)

                                    Debtor.               Re Dkt. No. 357

## AMENDED ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

Upon the cross motion (the "Motion")[2] of the Official Committee of Tort Claimants in the above-captioned case for entry of an order (this "Order") amending the Court's previously entered Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 357], and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for

---

[1]   The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2]   Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Any legal and other professional advisor retained by the Debtor, the UCC, or the TCC pursuant to section 327 of the Bankruptcy Code in this chapter 11 case (each a "Professional" or collectively, the "Professionals") are hereby subject to the following procedures regarding interim compensation.

2. All such Professionals in this case may seek compensation in accordance with the following procedures (collectively, the "Compensation Procedures"):

   (a) On or after the 21st day of each month following the month for which compensation is sought or as soon as is reasonably practicable thereafter, each Professional seeking compensation may send a monthly statement (each, a "Monthly Fee Statement") requesting interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month by email to the following parties (each, an "Application Recipient," and collectively, the "Application Recipients"):

      i. Tehum Care Services, Inc., Attn: Russell Perry (russell.perry@ankura.com);

      ii. Counsel to the Debtor, Gray Reed (tehumbk@grayreed.com), Attn.: Jason S. Brookner, Aaron M. Kaufman, Lydia R. Webb; and Amber M. Carson;

      iii. the Office of the United States Trustee for the Southern District of Texas, Attn.: Ha Nguyen (Ha.Nguyen@usdoj.gov) and Andrew Jimenez (Andrew.Jimenez@usdoj.gov);

      iv. Counsel to M2 LoanCo, LLC, Norton Rose Fulbright, Attn: Kristian W. Gluck (kristian.gluck@nortonrosefulbright.com);

      v. Counsel to the UCC, Stinson LLP, Attn: Nicholas Zluticky (nicholas.zluticky@stinson.com), Zachary Hemenway (Zachary.hemenway@stinson.com), and Phillip Ashfield (Phillip.Ashfield@stinson.com); and

      vi. counsel to the TCC, Brown Rudnick LLP (BRTehumTeam@brownrudnick.com), Attn: David J. Molton, Eric R. Goodman, D. Cameron Moxley; and Berry Riddell, LLC, Attn: Michael W. Zimmerman (mz@berryriddell.com).

(b)     Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a Monthly Fee Statement that includes a request for compensation earned or expenses incurred during the previous months.

(c)     Each Application Recipient will have until 4:00 p.m. (prevailing Central Time) 14 days after service of a Monthly Fee Statement to object to the requested fees and expenses in accordance with paragraph d., below. Upon the expiration of such 14-day period, the Debtor is authorized and directed to pay the Professional an amount (the "<u>Actual Monthly Payment</u>") equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "<u>Maximum Monthly Payment</u>") that are not subject to an objection pursuant to subparagraph d., below.

(d)     If any Application Recipient objects to a Professional's Monthly Fee Statement, the objecting party shall, within 14 days of service of the Monthly Fee Statement, serve via email a written notice (the "<u>Notice of Objection to Monthly Fee Statement</u>") upon the respective Professional and each of the Application Recipients setting forth the precise nature of the objection and the amount at issue.  Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis.  If the parties reach an agreement, the Debtor shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses.  If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Professional and the objecting party) after service of the objection, the objecting party shall file its objection (the "<u>Objection</u>") with the Court within three (3) business days and serve such Objection on the respective Professional and each of the Application Recipients.  Thereafter, such Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "<u>Incremental Amount</u>"), or (ii) forego payment of the Incremental Amount until the next hearing on an Interim Fee Application or Final Fee Application, at which time the parties may request that the Court consider the Objection.

(e)     Beginning with the period ending on May 31, 2023, and at three-month intervals thereafter (each, an "<u>Interim Fee Period</u>"), each of the Professionals may file with the Court and serve on the Application Recipients an Interim Fee Application for compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such period. Each Interim Fee Application must include (i) a narrative discussion, (ii) a summary of the Monthly Fee Statements that are the subject of such application request, (iii) the amount of fees and expenses paid of date or subject to objection, and (iv) the deadline for parties other than the Application Recipients to file objections. Each Professional shall

3

serve its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on the Application Recipients. The Application Recipients and other parties will have 21 days after service of an Interim Fee Application to object thereto.

(f)     The Debtor will request that the Court set a hearing on Interim Fee Applications at least once every three (3) months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed thereto. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtor shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(g)     The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3.     All Monthly Fee Statements (past, current, and future) shall be publicly filed on the Court's docket in the Debtor's chapter 11 case. Within 7 days after the entry of this Order, the Debtor's Professionals and the UCC's Professionals shall each publicly file all Monthly Fee Statements sent by them to an Application Recipient prior to the date of this Order. [Notwithstanding paragraph 2.d above, each Application Recipient shall have 21 days after entry of this Order to serve a Notice of Objection to Monthly Fee Statement with respect to the Monthly Fee Statements filed or served by the Debtor's Professionals, the UCC's Professionals and the TCC's Professionals before the date that is 8 days after the entry of this Order].

4.     Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with the Court will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of

expenses of Professionals.  All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

5.      In each Interim Fee Application and Final Fee Application, all Professionals shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code; applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules; and any other applicable procedures and orders of the Court.  Such Professionals shall also make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Professionals in this chapter 11 case.

6.      The Professionals shall serve (a) Monthly Fee Statements, Interim Fee Applications, and Final Fee Applications on the Application Recipients and publicly file such statements and applications in the Debtor's chapter 11 case, and (b) Hearing Notices on the Application Recipients and all other parties that have filed a notice of appearance in this chapter 11 case.

7.      A Professional shall not seek payment in a Final Fee Application for any amounts that such Professional previously sought in a Monthly Fee Statement or Interim Fee Application and which (i) such Professional voluntarily waived or reduced to resolve formal or informal objections or (ii) were disallowed by order of the Court.

8.      All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Local Rules are satisfied by such notice.

10.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon entry.

11.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

12.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____, 2024

_____
Christopher López
United States Bankruptcy Judge