**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - | § | |
| In re: | § | Chapter 11 |
| | § | |
| TEHUM CARE SERVICES, INC.,[1] | § | Case No. 23-90086 (CML) |
| | § | |
| Debtor. | § | |
| - - - - - - - - - - - - - - - - - - - - | § | |

**APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND**
**RETENTION OF GILBERT LLP AS SPECIAL INSURANCE COUNSEL FOR THE**
**OFFICIAL TORT CLAIMANTS' COMMITTEE *NUNC PRO TUNC* TO JULY 18, 2024**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The Official Tort Claimants' Committee (the "TCC") respectfully submits this application (the "Application") for the entry of an order authorizing the retention of the law firm of Gilbert LLP ("Gilbert") as special insurance counsel to the TCC, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas ("BLR"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (effective June 10, 2019). In support of the Application, the TCC submits the joint declarations of Paris Morgan and Nathan Alvarez, each a Co-Chair of the TCC **Exhibit A** (the

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

"Co-Chair Declarations"), and the declaration of Kami E. Quinn annexed hereto as **Exhibit B** (the "Quinn Declaration"), and respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested are Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rule 2014(a).

## BACKGROUND

3.      On February 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court").  Since the Petition Date, the Debtor has continued to operate and manage its business as debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

4.      On November 20, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") formed the TCC in this Chapter 11 case appointing the following parties as members of the TCC:  (i) Aanda Slocum; (ii) Elizabeth Frederick; (iii) Henry Snook;  (iv) LaTonda  Smith;  (v) Nathan Alvarez;  and  (vi) Paris Morgan.  *See* Notice of Appointment of Committee of Tort Claimants [Dkt. No. 1127].

5.      On July 18, 2024, the TCC selected Gilbert as its proposed special insurance counsel, subject to the Court's approval.

## RELIEF REQUESTED

6.      By this Application, the TCC seeks to employ and retain Gilbert as its special insurance counsel, as of July 18, 2024 (the "Retention Date").  Accordingly, the TCC respectfully

2

requests the entry of an order pursuant to Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rule 2014(a), authorizing the TCC to employ and retain Gilbert to perform legal services as special insurance counsel that will be necessary during this Chapter 11 case on the terms and conditions set forth herein and in the Quinn Declaration, including, *inter alia*, that Gilbert will be compensated in accordance with the hourly rates agreed upon between Gilbert and the TCC, and be reimbursed for expenses in accordance with Gilbert's normal reimbursement policies.

## BASIS FOR RELIEF

7.     The TCC selected Gilbert as special insurance counsel because of its extensive experience and knowledge of complex insurance coverage issues, in particular experience and expertise regarding preservation, evaluation, and maximization of coverage in the context of section 524(g) and other mass-tort bankruptcy proceedings. The potential availability of insurance is an important issue in a mass-tort bankruptcy case, and such insurance may provide a significant source of funding for a trust in these proceedings. The TCC believes Gilbert is well qualified to represent the TCC in this case. For example, and as more fully described in the Quinn Declaration, Gilbert represents or has represented debtors, chapter 7 trustees, official creditors' committees appointed by the U.S. Trustee, and future claimants' representatives in bankruptcies filed in Delaware, New York, Ohio, North Carolina, Pennsylvania, Tennessee, Washington, and other jurisdictions in many complex and prominent Chapter 11 bankruptcy cases over the recent years, including cases that arose from divisive mergers and bankruptcies solely intended to benefit non-debtor affiliates.

8.     Gilbert currently serves as special insurance counsel in various bankruptcy cases, including both the committee and the future claimants' representative in the Imerys Talc America bankruptcy; the committee of asbestos personal injury claimants in the Aldrich Pump LLC, *et al.*,

bankruptcy; Charles M. Forman, chapter 7 trustee in the National Service Industries, Inc. bankruptcy; both the committee and the future claimants' representative in the Endo International, plc bankruptcy; both the committee and the future claimants' representative in the Kidde-Fenwal, Inc. bankruptcy; and both the committee and the future claimants' representative in the Whittaker, Clark & Daniels, Inc., *et al.*, bankruptcy.

9.      Gilbert has previously served as special insurance counsel to the committees and/or future claimants' representatives in various Chapter 11 reorganizations with confirmed Chapter 11 plans, including, but not limited to: Babcock & Wilcox Company; Burns & Roe Enterprises, Inc.; Plibrico Company; Christy Refractories Company, LLC; Geo V. Hamilton; Rapid-American; Duro Dyne; and ON Marine Services LLC.

10.     Gilbert currently serves or has served as insurance counsel for various trusts which were created for the benefit of mass tort claimants pursuant to the plans of reorganization confirmed in Chapter 11 bankruptcies.

## <u>SERVICES TO BE RENDERED</u>

11.     Subject to the direction of the TCC and further order of this Court, the professional services to be rendered by Gilbert to the TCC will include the following:

    a.  Analyzing all insurance policies under which the Debtor may have rights and providing strategic advice to the TCC on steps to be taken to preserve and maximize insurance coverage;

    b.  Attending meetings and negotiating with representatives of the Debtor, their nonbankrupt affiliates, their insurance carriers, and other parties in interest in this Chapter 11 case related to the preservation of insurance coverage and resolution of disputed insurance coverage;

    c.  Assisting the TCC with any insurance-related matters arising in connection with the formulation of a plan of reorganization and funding any trust for the payment of personal injury claims established under a plan of reorganization; and

4

      d.   Performing such other insurance-related tasks as may be necessary during the course of this Chapter 11 case.

12.     The TCC believes that it is necessary to employ special insurance counsel to render the professional services to the TCC as described above so that the TCC may properly fulfill its duties under the Bankruptcy Code. Further, the TCC believes that Gilbert is well qualified to handle the legal work required due to the nature of the tort claims in this Chapter 11 case. The TCC understands that Gilbert intends to work closely with the TCC's other professionals, including Berry Riddell and Brown Rudnick, to ensure that there is no unnecessary duplication of services.

## GILBERT'S DISINTERESTEDNESS

13.     To the best of the TCC's knowledge, and as detailed herein and in the Quinn Declaration: (a) Gilbert is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) Gilbert does not represent any person or entity having an interest adverse to the TCC in connection with this Chapter 11 case; (c) Gilbert does not hold or represent an interest adverse to the interests of the Debtor's estate with respect to matters on which Gilbert is employed; and (d) Gilbert has no connection to the Debtor, its creditors, or any other party in interest except as disclosed in the paragraphs above and the Quinn Declaration. Gilbert will supplement the Quinn Declaration if and when it is necessary to disclose any further relationships that require disclosure in this bankruptcy case. Aside from insurance-related bankruptcy and trust matters, Gilbert has represented, and continues to represent, numerous entities on insurance issues arising from talc, asbestos, other tort and non-tort matters, including in litigation, and will continue to do so. Gilbert also provides general strategic advice to tort defendants concerning, among other things, their mass-tort liabilities.

## PROFESSIONAL COMPENSATION

14.     Subject to Court approval, and in accordance with Bankruptcy Code Section 330(a) and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Fee Guidelines"), and any orders establishing fee procedures for professionals which may be entered in this Chapter 11 case, and as set forth in the Quinn Declaration, the TCC proposes to compensate Gilbert on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Gilbert according to its customary reimbursement policies.  It is anticipated that the primary attorneys who will represent the TCC are Craig Litherland, whose hourly rate is $1,625; Kami E. Quinn, whose hourly rate is $1,525; Lelia Parker, whose hourly rate is $680; and December Huddleston, whose hourly rate is $540.  It is anticipated that other Gilbert attorneys or paraprofessionals will provide legal services on behalf of the TCC.  Gilbert's hourly rates range from $925 to $1,625 per hour for partners, $350 to $1,500 per hour for non-partner attorneys, and $235 to $550 per hour for paraprofessionals.  The hourly rates set forth above are Gilbert's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate Gilbert for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  Gilbert has informed the TCC that its hourly rates are subject to periodic adjustment in accordance with Gilbert's established billing practices and procedures.

15.     Other than as disclosed in the prior paragraph, Gilbert shall file a supplemental declaration with this Court and give not less than ten (10) business days' notice to the Debtor, the U.S. Trustee, and the TCC prior to any increases in the rates set forth herein or in the Quinn Declaration.  The supplemental declaration shall explain the basis for the requested rate increases

in accordance with Bankruptcy Code Section 330(a)(3)(F) and state whether the TCC has consented to the rate increase.

16.     In addition to the hourly rates set forth above, it is Gilbert's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.  The expenses charged to clients include, but are not limited to, major photocopying charges, courier and overnight delivery charges, travel-related charges (including mileage, parking, air or train fare, lodging, meals, and ground transportation), filing fees, and any third-party costs incurred related to a representation.  Gilbert does not write up expenses for a profit.  The TCC has been assured that Gilbert will charge the TCC for these expenses at rates consistent with charges made to other Gilbert clients, and subject to the Local Rules, including the BLR, orders of this Court, and the guidelines of the U.S. Trustee.

17.     Gilbert will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services provided to the TCC as described above, in accordance with applicable rules and guidelines.

18.     Pursuant to Bankruptcy Code Section 328(a), the TCC may retain counsel pursuant to reasonable terms and conditions.  The TCC believes that the hourly rates and expense policies of Gilbert, which are applied to other Gilbert clients, all as specifically described above, constitute fair and reasonable terms and conditions for the retention by the TCC of Gilbert as counsel in accordance with Bankruptcy Code Section 328(a).

19.     Gilbert has not agreed to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

20.     None of Gilbert's professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case.

21.     Gilbert has not represented the TCC in the twelve months preceding the Petition Date.

22.     Gilbert will seek compensation and reimbursement of expenses for services provided on behalf of the TCC consistent with all interim compensation procedures approved by the Court.

23.     The TCC requests that Gilbert be allowed compensation for its services and reimbursement for its expenses in accordance with Bankruptcy Code Sections 330 and 331 and Bankruptcy Rule 2016 upon submission of appropriate applications therefor in compliance with all applicable orders, rules, and guidelines, subject to the review and approval of this Court.

WHEREFORE, the TCC respectfully requests that the Court enter the proposed order annexed hereto as **Exhibit C** authorizing and approving the employment and retention of Gilbert as special insurance counsel to the TCC, and grant the TCC such other and further relief as the Court deems just and proper.

Dated: July 18, 2024
Washington, D.C.

Respectfully submitted,

**THE OFFICIAL TORT CLAIMANTS'
COMMITTEE**

By:   */s/ Paris Morgan*
Paris Morgan, in her capacity as the Co-Chair of
the Official Tort Claimants' Committee


By:   */s/ Nathan Alvarez*
Nathan Alvarez, in his capacity as the Co-Chair of
the Official Tort Claimants' Committee

8

# EXHIBIT A

## Co-Chair Declarations

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES, INC.[1] | Case No. 23-90086 (CML) |
| Debtor. | |

**DECLARATION OF PARIS MORGAN IN SUPPORT OF APPLICATION FOR ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT LLP AS
SPECIAL INSURANCE COUNSEL FOR THE OFFICIAL TORT CLAIMANTS'
COMMITTEE *NUNC PRO TUNC* TO JULY 18, 2024**

I, Paris Morgan, declare under the penalty of perjury:

1.     I am Co-Chair of the TCC of Tort Claimants (the "TCC").

2.     I submit this declaration (the "Morgan Declaration") in support of the *Application for Entry of an Order Authorizing the Employment and Retention of Gilbert LLP as Special Insurance Counsel for the Official Tort Claimants' Committee Nunc Pro Tunc to July 18, 2024.*

3.     On November 20, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") formed the TCC in this chapter 11 case appointing the following parties as members of the TCC: (i) Aanda Slocum; (ii) Elizabeth Frederick; (iii) Henry Snook; (iv) LaTonda Smith; (v) Nathan Alvarez; and (vi) Paris Morgan. See *Notice of Appointment of TCC of Tort Claimants* [Docket No. 1127].

---

[1]   The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4.      On July 18, 2024, the TCC selected Gilbert LLP ("Gilbert") as special insurance counsel, subject to the Court's approval.  In selecting Gilbert as its special insurance counsel, the TCC considered its expertise in the relevant legal issues and experience in similar proceedings.

5.      I believe that the TCC selected Gilbert for its significant experience in resolving issues for tort claimant committees related to insurance in bankruptcy, including its successful representation of tort claimants or future claimants' representatives in some of the most complex mass tort bankruptcies in recent history. I understand that professionals at Gilbert have substantial experience in bankruptcy cases involving asbestos, medical devices, environmental liabilities, pediatric dental services, talc, and other mass-tort insurance issues, and have participated in numerous proceedings before various bankruptcy courts. I understand that Gilbert represents or has represented debtors, chapter 7 trustees, official creditors' committees, and future claimants' representatives in bankruptcies filed in Texas, Delaware, New York, Ohio, Pennsylvania, Michigan, Tennessee, Washington, and other jurisdictions. As I understand it, this bankruptcy case will shortly transition into a plan confirmation phase and I understand the TCC believes that experienced and well regarded special insurance counsel is necessary for finalizing any Chapter 11 plan as well as successfully maximizing value for tort claimants.

6.      I believe that Gilbert has become familiar with the TCC, the TCC's goals, the Debtor, and many of the potential insurance legal issues that may arise in the context of this chapter 11 case. I believe that for this reason, as well as Gilbert's extensive insurance experience and expertise, Gilbert is well qualified to represent the TCC as its special insurance counsel in connection with this chapter 11 case.

7.      Counsel for the TCC has communicated with Gilbert regarding the firm's proposed rates and terms of engagement for the TCC.  Gilbert has informed the TCC that its rates for

bankruptcy representations are comparable to the rates Gilbert charges for nonbankruptcy representations.

8.  The TCC recognizes that it is its responsibility to closely monitor the billing practices of its counsel to ensure the fees and expenses paid by the estates remain consistent with the TCC's expectations and the exigencies of the chapter 11 case.

9.  The TCC will review all applications for compensation submitted by Gilbert to ensure that Gilbert's fees and costs are consistent with the budget, appropriate in scope and amount, and that there has been no duplication with the TCC's other professionals.

10.  The TCC will bring discipline, predictability and accountability to the counsel fees and expenses reimbursement process.  While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

11.  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 23, 2024

By:  /s/ Paris Morgan
Paris Morgan in her capacity as Co-Chair of the Official Tort Claimants' Committee.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES, INC.[2] | Case No. 23-90086 (CML) |
| Debtor. | |

**DECLARATION OF NATHAN ALVAREZ IN SUPPORT OF APPLICATION FOR
ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT LLP
AS SPECIAL INSURANCE COUNSEL FOR THE OFFICIAL TORT CLAIMANTS'
COMMITTEE *NUNC PRO TUNC* TO JULY 18, 2024**

I, Nathan Alvarez, declare under the penalty of perjury:

1.      I am Co-Chair of the TCC of Tort Claimants (the "TCC").

2.      I submit this declaration (the "Alvarez Declaration") in support of the *Application for Entry of an Order Authorizing the Employment and Retention of Gilbert LLP as Special Insurance Counsel for the Official Tort Claimants' Committee Nunc Pro Tunc to July 18, 2024.*

3.      On November 20, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") formed the TCC in this chapter 11 case appointing the following parties as members of the TCC: (i) Aanda Slocum; (ii) Elizabeth Frederick; (iii) Henry Snook; (iv) LaTonda Smith; (v) Nathan Alvarez; and (vi) Paris Morgan. See *Notice of Appointment of TCC of Tort Claimants* [Docket No. 1127].

---

[2]    The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4.      On July 18, 2024, the TCC selected Gilbert LLP ("Gilbert") as special insurance counsel, subject to the Court's approval.  In selecting Gilbert as its special insurance counsel, the TCC considered its expertise in the relevant legal issues and experience in similar proceedings.

5.      I believe that the TCC selected Gilbert for its significant experience in resolving issues for tort claimant committees related to insurance in bankruptcy, including its successful representation of tort claimants or future claimants' representatives in some of the most complex mass tort bankruptcies in recent history. I understand that professionals at Gilbert have substantial experience in bankruptcy cases involving asbestos, medical devices, environmental liabilities, pediatric dental services, talc, and other mass-tort insurance issues, and have participated in numerous proceedings before various bankruptcy courts. I understand that Gilbert represents or has represented debtors, chapter 7 trustees, official creditors' committees, and future claimants' representatives in bankruptcies filed in Texas, Delaware, New York, Ohio, Pennsylvania, Michigan, Tennessee, Washington, and other jurisdictions. As I understand it, this bankruptcy case will shortly transition into a plan confirmation phase and I understand the TCC believes that experienced and well regarded special insurance counsel is necessary for finalizing any Chapter 11 plan as well as successfully maximizing value for tort claimants.

6.      I believe that Gilbert has become familiar with the TCC, the TCC's goals, the Debtor, and many of the potential insurance legal issues that may arise in the context of this chapter 11 case. I believe that for this reason, as well as Gilbert's extensive insurance experience and expertise, Gilbert is well qualified to represent the TCC as its special insurance counsel in connection with this chapter 11 case.

7.      Counsel for the TCC has communicated with Gilbert regarding the firm's proposed rates and terms of engagement for the TCC.  Gilbert has informed the TCC that its rates for

bankruptcy representations are comparable to the rates Gilbert charges for nonbankruptcy representations.

8.     The TCC recognizes that it is its responsibility to closely monitor the billing practices of its counsel to ensure the fees and expenses paid by the estates remain consistent with the TCC's expectations and the exigencies of the chapter 11 case.

9.     The TCC will review all applications for compensation submitted by Gilbert to ensure that Gilbert's fees and costs are consistent with the budget, appropriate in scope and amount, and that there has been no duplication with the TCC's other professionals.

10.     The TCC will bring discipline, predictability and accountability to the counsel fees and expenses reimbursement process.  While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

11.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 23, 2024

By:     /s/ Nathan Alvarez
        Nathan Alvarez in his capacity as Co-Chair
        of the Official Tort Claimants' Committee.

## EXHIBIT B

### Kami E. Quinn Declaration

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| TEHUM CARE SERVICES, INC.,[1] | § | Case No. 23-90086 (CML) |
|  | § |  |
| Debtor. | § |  |
|  | § |  |

### DECLARATION OF KAMI E. QUINN, ESQ. IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT LLP AS SPECIAL INSURANCE COUNSEL FOR THE OFFICIAL TORT CLAIMANTS' COMMITTEE *NUNC PRO TUNC* TO JULY 18, 2024

I, KAMI E. QUINN, declare under the penalty of perjury:

1.    I am a member in good standing of the Bars of the District of Columbia, the Commonwealth of Virginia, and the Third Circuit Court of Appeals, and am a partner and member of the law firm of Gilbert LLP ("Gilbert"), located at 700 Pennsylvania Avenue S.E., Suite 400, Washington, D.C. 20003. I submit this declaration on behalf of Gilbert pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in connection with the application (the "Application") by the Official Tort Claimants' Committee ("TCC") for the entry of an order authorizing the retention of Gilbert as special insurance counsel to the TCC. Unless otherwise stated, I have personal knowledge of the facts hereinafter set forth.

2.    Gilbert serves as special insurance counsel in various bankruptcy cases, including:

   a.  both the committee and the future claimants' representative in the Imerys Talc America, Inc., *et al.*, bankruptcy;

   b.  the future claimants' representative in the Boy Scouts of America and Delaware BSA, LLC bankruptcy;

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

c. the committee of asbestos personal injury claimants in the Aldrich Pump LLC, *et al.*, bankruptcy;

d. the Chapter 7 Trustee, Charles M. Forman, in the National Service Industries, Inc. bankruptcy;

e. both the committee and the future claimants' representative in the Endo International plc, *et al.*, bankruptcy;

f. the committee in the Kidde Fenwal, Inc. bankruptcy; and

g. both the committee and the future claimants' representative in the Whittaker, Clark & Daniels, *et al.*, bankruptcy.

3. Gilbert has previously served as special insurance counsel to the committees and/or future claimants' representatives in various Chapter 11 reorganizations with confirmed Chapter 11 plans, including, but not limited to: Babcock & Wilcox Company; Burns & Roe Enterprises, Inc.; Plibrico Company; Christy Refractories Company, LLC; Geo V. Hamilton; Rapid-American; Duro Dyne; and ON Marine Services LLC.

4. Gilbert currently serves or has served as insurance counsel for various trusts which were created for the benefit of mass tort claimants pursuant to the plans of reorganization confirmed in Chapter 11 bankruptcies.

5. Aside from insurance-related bankruptcy and trust matters, Gilbert has represented, and continues to represent, numerous entities on insurance issues arising from other tort, and non-tort matters, including in litigation, and will continue to do so. The firm does not and will not represent any claimant against the Debtor or any non-debtor related parties.

6. Gilbert is occasionally retained by law firms or other clients in an expert or consulting capacity. None of these engagements relate to the Debtor, but they may relate to insurance for tort-related claims. The firm may continue to provide consulting services to such clients in the future.

7.     The TCC has selected Gilbert as special insurance counsel to provide services with respect to the preservation, evaluation, and maximization of insurance coverage.

## GILBERT'S COMPENSATION

8.     Gilbert has been asked to serve as special insurance counsel to the TCC appointed by the United States Trustee for the Southern District of Texas (the "U.S. Trustee") in the above-captioned Chapter 11 case filed by Tehum Care Services, Inc. as a debtor-in-possession (the "Debtor").

9.     The TCC proposes to compensate Gilbert on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Gilbert according to its customary reimbursement policies.   The following standard hourly rates for Gilbert attorneys and paraprofessionals are currently in effect, but are subject to periodic adjustments:   Gilbert's hourly rates range from $925 to $1,625 per hour for partners, $350 to $1,500 per hour for non-partner attorneys, and $235 to $550 per hour for paraprofessionals.   The hourly rates set forth above are Gilbert's standard hourly rates for work of this nature.   These rates are set at a level designed to compensate Gilbert for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

10.     Other than as disclosed in the prior paragraph, Gilbert shall file a supplemental declaration with this Court, and give not less than ten (10) business days' notice to the Debtor, the U.S. Trustee, and the TCC prior to any increases in the rates set forth herein or in the Quinn Declaration.   The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code Section 330(a)(3)(F), and state whether the TCC has consented to the rate increase.

11.     In addition to the hourly rates set forth above, it is Gilbert's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.   The

expenses charged to clients include, but are not limited to, major photocopying charges, courier and overnight delivery charges, travel-related charges (including mileage, parking, air or train fare, lodging, meals, and ground transportation), filing fees, and any third-party costs incurred related to a representation. Gilbert does not write up expenses for a profit. The TCC has been assured that Gilbert will charge the TCC for these expenses at rates consistent with charges made to other Gilbert clients, and subject to the Local Rules, including the BLR, orders of this Court, and the guidelines of the U.S. Trustee.

12.     Gilbert will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services provided to the TCC as described above, in accordance with applicable rules and guidelines.

13.     Additionally, from time-to-time Gilbert may utilize the services of its wholly owned legal technology subsidiary, Tesseract Data Services ("TDS"), in connection with its services to the TCC. TDS offers a full range of the highest caliber legal technology and advisory services. TDS's services include electronic data storage and other eDiscovery-related services.

14.     Any services provided by TDS in these Chapter 11 cases will be at the direction of Gilbert and with approval by the TCC.

15.     The charges by TDS would be billed as a cost and invoiced at TDS's normal rates, rates that I believe are competitive with the rates as would be charged by other vendors for similar services.

16.     As a wholly owned subsidiary of Gilbert, any TDS conflict check would be subsumed under Gilbert's conflict check.

17.     Gilbert intends to apply for compensation for professional services rendered and for reimbursement of expenses incurred in accordance with applicable provisions of title 11 of the

United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the BLR, orders of this Court, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases.*

18.    Gilbert will seek compensation and reimbursement of expenses for legal services performed on behalf of the TCC consistent with any interim compensation procedures approved by this Court.

19.    Except as described below, neither Gilbert, any member of Gilbert, nor any professional or attorney associated with or employed by Gilbert has received a promise as to payment or compensation in connection with the Debtor's Chapter 11 case. Gilbert does not have any agreement with any other entity to share with any such entity any compensation received by Gilbert.

## GILBERT'S CONNECTIONS IN THIS CASE

20.    In connection with its proposed retention by the TCC in this Chapter 11 case, Gilbert's conflicts department, under the supervision of Gilbert attorneys involved in representing the TCC, has undertaken the procedures described below to determine whether there exists any conflict or other relationship that might cause Gilbert not to be a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and whether Gilbert represents any person or entity having an adverse interest in connection with the case.

21.    Gilbert maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Gilbert to make and maintain these records. The conflict system maintained by Gilbert is designed to include (a) every active matter on which Gilbert is retained; (b) every closed matter on which Gilbert has been engaged since 2001; (c) the entity by which it is now or has been engaged; (d) the identity of related parties; (e) the identity of adverse parties; and (f) the attorney at Gilbert who is knowledgeable about the matter. It is

5

Gilbert's policy that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by Gilbert. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

22.     Gilbert's conflicts department has searched, under the direction of Gilbert attorneys involved in representing the TCC, its electronic database for connections to the entities listed on **Schedule 1** attached hereto (collectively, the "Case Parties"). To the best of my knowledge, the Case Parties list has been used by Debtor's counsel and other professionals in this case for conflicts purposes.

23.     To ascertain Gilbert's "connections", as that term is used in Federal Rules of Bankruptcy Procedure 2014, with the TCC, the Debtors and other parties-in-interest, certain of my colleagues and I reviewed the list of parties in interest and counsel that is attached hereto as **Schedule 1**. The Case Parties include:  (a) the Debtor and the Debtor's bankruptcy professionals; (b) Yes/Care/CHS and Professionals; (c) Non-Debtor Related Parties; (d) Proposed DIP Lender and Counsel; (e) Bankruptcy Judges, Staff and Clerk for the Southern District of Texas; (f) the U.S. Trustee office for the Southern District of Texas; (g) Current and Former D&O; (h) Top 30 Unsecured Creditors/UCC and Counsel; (i) Governmental Agencies; (j) Insurance Parties; (k) Litigation and Notice Parties; (l) Vendors; and (m) the TCC and Professionals. Gilbert also conducted an electronic search of its conflicts database of the parties identified on **Appendix A**.

24.     Gilbert has reviewed all current and former clients for the last five (5) years. In verifying the connections disclosed below, I have relied upon the professionals of Gilbert and the

investigation they have undertaken to compile the information upon which such disclosures are based.

25.     Gilbert has been both aligned with and adverse to various professionals involved in this case in cases that are unrelated to this Chapter 11 case.

26.     One of my partners, Craig Litherland, was a partner at the former law firm of Sheinfeld, Maley & Kay, P.C. in Houston, Texas.   He worked with Millie Aponte Sall, the Assistant U.S. Trustee for the Southern District of Texas.  Mr. Litherland and Ms. Sall have not worked together since 2001.

27.     Other than as set forth above, to the best of my knowledge and information after due inquiry, neither Gilbert nor any of its attorneys has any other interest or connection with the Debtors, their creditors, the United States Trustee or any person employed in that Office, the Judges for the United States Bankruptcy Court for the Southern District of Texas, or any other known party-in-interest.  It is possible that Gilbert will represent in the future, in matters unrelated to this bankruptcy case, entities that are or will become parties in interest herein.

28.     The information listed on **Schedule 1** may have changed without my knowledge, and may change during the pendency of this Chapter 11 case.  Should such information change, Gilbert will promptly review its files against any updated parties list received from the Debtor. Gilbert will update this Declaration, as described below, should Gilbert become aware of new material information during the pendency of this Chapter 11 case pursuant to the procedures described herein.  To the extent any new relevant facts or relationships are discovered or arise in the course of such review, Gilbert will promptly make an additional disclosure to the Court as required by Bankruptcy Rule 2014(a).

29.     Gilbert does not currently employ or intend to employ contract attorneys in this Chapter 11 case.

30.     Approval of the proposed engagement of Gilbert is not prohibited by Bankruptcy Rule 5002. I am not related, and to the best of my knowledge, no attorney at Gilbert is related, to the United States Bankruptcy Judge assigned to this Chapter 11 case, or to the UST for the Southern District of Texas.

31.     To the extent that issues arise that would cause the TCC to be adverse to any of Gilbert clients such that it would not be appropriate for Gilbert to represent the TCC with respect to any insurance-related matters, the TCC will request that this Court allow the TCC to seek approval to employ and retain other insurance coverage counsel.

32.     Notwithstanding the above, I believe that Gilbert is a disinterested person, and does not hold or represent an interest adverse to the Debtor's estates with respect to the matters for which Gilbert is to be employed, as required by Bankruptcy Code Section 328(c).

Based upon the foregoing, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: July 18, 2024
Washington, D.C.

Respectfully submitted,

By:   */s/ Kami E. Quinn*

8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

------------------------------

In re:

TEHUM CARE SERVICES, INC.,[1]

                Debtor.

------------------------------

§
§
§
§
§
§
§
§

Chapter 11

Case No. 23-90086 (CML)

## APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT LLP AS SPECIAL INSURANCE COUNSEL FOR THE OFFICIAL TORT CLAIMANTS' COMMITTEE *NUNC PRO TUNC* TO JULY 18, 2024

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The Official Tort Claimants' Committee (the "TCC") respectfully submits this application (the "Application") for the entry of an order authorizing the retention of the law firm of Gilbert LLP ("Gilbert") as special insurance counsel to the TCC, pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas ("BLR"), and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (effective June 10, 2019). In support of the Application, the TCC submits the joint declarations of Paris Morgan and Nathan Alvarez, each a Co-Chair of the TCC **Exhibit A** (the

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

"Co-Chair Declarations"), and the declaration of Kami E. Quinn annexed hereto as **Exhibit B** (the "Quinn Declaration"), and respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested are Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rule 2014(a).

## BACKGROUND

3.      On February 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court").  Since the Petition Date, the Debtor has continued to operate and manage its business as debtor-in-possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

4.      On November 20, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") formed the TCC in this Chapter 11 case appointing the following parties as members of the TCC:  (i) Aanda Slocum; (ii) Elizabeth Frederick; (iii) Henry Snook;  (iv) LaTonda  Smith;  (v) Nathan  Alvarez;  and  (vi) Paris  Morgan.  *See*  Notice  of Appointment of Committee of Tort Claimants [Dkt. No. 1127].

5.      On July 18, 2024, the TCC selected Gilbert as its proposed special insurance counsel, subject to the Court's approval.

## RELIEF REQUESTED

6.      By this Application, the TCC seeks to employ and retain Gilbert as its special insurance counsel, as of July 18, 2024 (the "Retention Date").  Accordingly, the TCC respectfully

requests the entry of an order pursuant to Bankruptcy Code Sections 328(a) and 1103(a) and Bankruptcy Rule 2014(a), authorizing the TCC to employ and retain Gilbert to perform legal services as special insurance counsel that will be necessary during this Chapter 11 case on the terms and conditions set forth herein and in the Quinn Declaration, including, *inter alia*, that Gilbert will be compensated in accordance with the hourly rates agreed upon between Gilbert and the TCC, and be reimbursed for expenses in accordance with Gilbert's normal reimbursement policies.

## BASIS FOR RELIEF

7.      The TCC selected Gilbert as special insurance counsel because of its extensive experience and knowledge of complex insurance coverage issues, in particular experience and expertise regarding preservation, evaluation, and maximization of coverage in the context of section 524(g) and other mass-tort bankruptcy proceedings. The potential availability of insurance is an important issue in a mass-tort bankruptcy case, and such insurance may provide a significant source of funding for a trust in these proceedings. The TCC believes Gilbert is well qualified to represent the TCC in this case. For example, and as more fully described in the Quinn Declaration, Gilbert represents or has represented debtors, chapter 7 trustees, official creditors' committees appointed by the U.S. Trustee, and future claimants' representatives in bankruptcies filed in Delaware, New York, Ohio, North Carolina, Pennsylvania, Tennessee, Washington, and other jurisdictions in many complex and prominent Chapter 11 bankruptcy cases over the recent years, including cases that arose from divisive mergers and bankruptcies solely intended to benefit non-debtor affiliates.

8.      Gilbert currently serves as special insurance counsel in various bankruptcy cases, including both the committee and the future claimants' representative in the Imerys Talc America bankruptcy; the committee of asbestos personal injury claimants in the Aldrich Pump LLC, *et al.*,

3

bankruptcy; Charles M. Forman, chapter 7 trustee in the National Service Industries, Inc. bankruptcy; both the committee and the future claimants' representative in the Endo International, plc bankruptcy; both the committee and the future claimants' representative in the Kidde-Fenwal, Inc. bankruptcy; and both the committee and the future claimants' representative in the Whittaker, Clark & Daniels, Inc., *et al.*, bankruptcy.

9.      Gilbert has previously served as special insurance counsel to the committees and/or future claimants' representatives in various Chapter 11 reorganizations with confirmed Chapter 11 plans, including, but not limited to: Babcock & Wilcox Company; Burns & Roe Enterprises, Inc.; Plibrico Company; Christy Refractories Company, LLC; Geo V. Hamilton; Rapid-American; Duro Dyne; and ON Marine Services LLC.

10.      Gilbert currently serves or has served as insurance counsel for various trusts which were created for the benefit of mass tort claimants pursuant to the plans of reorganization confirmed in Chapter 11 bankruptcies.

## SERVICES TO BE RENDERED

11.      Subject to the direction of the TCC and further order of this Court, the professional services to be rendered by Gilbert to the TCC will include the following:

   a. Analyzing all insurance policies under which the Debtor may have rights and providing strategic advice to the TCC on steps to be taken to preserve and maximize insurance coverage;

   b. Attending meetings and negotiating with representatives of the Debtor, their nonbankrupt affiliates, their insurance carriers, and other parties in interest in this Chapter 11 case related to the preservation of insurance coverage and resolution of disputed insurance coverage;

   c. Assisting the TCC with any insurance-related matters arising in connection with the formulation of a plan of reorganization and funding any trust for the payment of personal injury claims established under a plan of reorganization; and

4

d.  Performing such other insurance-related tasks as may be necessary during the course of this Chapter 11 case.

12.     The TCC believes that it is necessary to employ special insurance counsel to render the professional services to the TCC as described above so that the TCC may properly fulfill its duties under the Bankruptcy Code.  Further, the TCC believes that Gilbert is well qualified to handle the legal work required due to the nature of the tort claims in this Chapter 11 case.  The TCC understands that Gilbert intends to work closely with the TCC's other professionals, including Berry Riddell and Brown Rudnick, to ensure that there is no unnecessary duplication of services.

## GILBERT'S DISINTERESTEDNESS

13.     To the best of the TCC's knowledge, and as detailed herein and in the Quinn Declaration:  (a) Gilbert is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) Gilbert does not represent any person or entity having an interest adverse to the TCC in connection with this Chapter 11 case; (c) Gilbert does not hold or represent an interest adverse to the interests of the Debtor's estate with respect to matters on which Gilbert is employed; and (d) Gilbert has no connection to the Debtor, its creditors, or any other party in interest except as disclosed in the paragraphs above and the Quinn Declaration.  Gilbert will supplement the Quinn Declaration if and when it is necessary to disclose any further relationships that require disclosure in this bankruptcy case.  Aside from insurance-related bankruptcy and trust matters, Gilbert has represented, and continues to represent, numerous entities on insurance issues arising from talc, asbestos, other tort and non-tort matters, including in litigation, and will continue to do so.  Gilbert also provides general strategic advice to tort defendants concerning, among other things, their mass-tort liabilities.

5

## PROFESSIONAL COMPENSATION

14.     Subject to Court approval, and in accordance with Bankruptcy Code Section 330(a) and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Fee Guidelines"), and any orders establishing fee procedures for professionals which may be entered in this Chapter 11 case, and as set forth in the Quinn Declaration, the TCC proposes to compensate Gilbert on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Gilbert according to its customary reimbursement policies.  It is anticipated that the primary attorneys who will represent the TCC are Craig Litherland, whose hourly rate is $1,625; Kami E. Quinn, whose hourly rate is $1,525; Lelia Parker, whose hourly rate is $680; and December Huddleston, whose hourly rate is $540.  It is anticipated that other Gilbert attorneys or paraprofessionals will provide legal services on behalf of the TCC.  Gilbert's hourly rates range from $925 to $1,625 per hour for partners, $350 to $1,500 per hour for non-partner attorneys, and $235 to $550 per hour for paraprofessionals. The hourly rates set forth above are Gilbert's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate Gilbert for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  Gilbert has informed the TCC that its hourly rates are subject to periodic adjustment in accordance with Gilbert's established billing practices and procedures.

15.     Other than as disclosed in the prior paragraph, Gilbert shall file a supplemental declaration with this Court and give not less than ten (10) business days' notice to the Debtor, the U.S. Trustee, and the TCC prior to any increases in the rates set forth herein or in the Quinn Declaration.  The supplemental declaration shall explain the basis for the requested rate increases

in accordance with Bankruptcy Code Section 330(a)(3)(F) and state whether the TCC has consented to the rate increase.

16.     In addition to the hourly rates set forth above, it is Gilbert's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, but are not limited to, major photocopying charges, courier and overnight delivery charges, travel-related charges (including mileage, parking, air or train fare, lodging, meals, and ground transportation), filing fees, and any third-party costs incurred related to a representation. Gilbert does not write up expenses for a profit. The TCC has been assured that Gilbert will charge the TCC for these expenses at rates consistent with charges made to other Gilbert clients, and subject to the Local Rules, including the BLR, orders of this Court, and the guidelines of the U.S. Trustee.

17.     Gilbert will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services provided to the TCC as described above, in accordance with applicable rules and guidelines.

18.     Pursuant to Bankruptcy Code Section 328(a), the TCC may retain counsel pursuant to reasonable terms and conditions. The TCC believes that the hourly rates and expense policies of Gilbert, which are applied to other Gilbert clients, all as specifically described above, constitute fair and reasonable terms and conditions for the retention by the TCC of Gilbert as counsel in accordance with Bankruptcy Code Section 328(a).

19.     Gilbert has not agreed to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

20.     None of Gilbert's professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case.

21.     Gilbert has not represented the TCC in the twelve months preceding the Petition Date.

22.     Gilbert will seek compensation and reimbursement of expenses for services provided on behalf of the TCC consistent with all interim compensation procedures approved by the Court.

23.     The TCC requests that Gilbert be allowed compensation for its services and reimbursement for its expenses in accordance with Bankruptcy Code Sections 330 and 331 and Bankruptcy Rule 2016 upon submission of appropriate applications therefor in compliance with all applicable orders, rules, and guidelines, subject to the review and approval of this Court.

WHEREFORE, the TCC respectfully requests that the Court enter the proposed order annexed hereto as **Exhibit C** authorizing and approving the employment and retention of Gilbert as special insurance counsel to the TCC, and grant the TCC such other and further relief as the Court deems just and proper.

Dated: July 23, 2024
Scottsdale, AZ

Respectfully submitted,

**THE OFFICIAL TORT CLAIMANTS' COMMITTEE**

By:   */s/ Paris Morgan*
Paris Morgan, in her capacity as the Co-Chair of the Official Tort Claimants' Committee

By:   */s/ Nathan Alvarez*
Nathan Alvarez, in his capacity as the Co-Chair of the Official Tort Claimants' Committee

## EXHIBIT A

## Co-Chair Declarations

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES, INC.[1] | Case No. 23-90086 (CML) |
| Debtor. | |

**DECLARATION OF PARIS MORGAN IN SUPPORT OF APPLICATION FOR ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT LLP AS
SPECIAL INSURANCE COUNSEL FOR THE OFFICIAL TORT CLAIMANTS'
COMMITTEE *NUNC PRO TUNC* TO JULY 18, 2024**

I, Paris Morgan, declare under the penalty of perjury:

1.      I am Co-Chair of the TCC of Tort Claimants (the "TCC").

2.      I submit this declaration (the "Morgan Declaration") in support of the *Application for Entry of an Order Authorizing the Employment and Retention of Gilbert LLP as Special Insurance Counsel for the Official Tort Claimants' Committee Nunc Pro Tunc to July 18, 2024.*

3.      On November 20, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") formed the TCC in this chapter 11 case appointing the following parties as members of the TCC: (i) Aanda Slocum; (ii) Elizabeth Frederick; (iii) Henry Snook; (iv) LaTonda Smith; (v) Nathan Alvarez; and (vi) Paris Morgan. See *Notice of Appointment of TCC of Tort Claimants* [Docket No. 1127].

---

[1]    The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4.      On July 18, 2024, the TCC selected Gilbert LLP ("Gilbert") as special insurance counsel, subject to the Court's approval.  In selecting Gilbert as its special insurance counsel, the TCC considered its expertise in the relevant legal issues and experience in similar proceedings.

5.      I believe that the TCC selected Gilbert for its significant experience in resolving issues for tort claimant committees related to insurance in bankruptcy, including its successful representation of tort claimants or future claimants' representatives in some of the most complex mass tort bankruptcies in recent history. I understand that professionals at Gilbert have substantial experience in bankruptcy cases involving asbestos, medical devices, environmental liabilities, pediatric dental services, talc, and other mass-tort insurance issues, and have participated in numerous proceedings before various bankruptcy courts. I understand that Gilbert represents or has represented debtors, chapter 7 trustees, official creditors' committees, and future claimants' representatives in bankruptcies filed in Texas, Delaware, New York, Ohio, Pennsylvania, Michigan, Tennessee, Washington, and other jurisdictions. As I understand it, this bankruptcy case will shortly transition into a plan confirmation phase and I understand the TCC believes that experienced and well regarded special insurance counsel is necessary for finalizing any Chapter 11 plan as well as successfully maximizing value for tort claimants.

6.      I believe that Gilbert has become familiar with the TCC, the TCC's goals, the Debtor, and many of the potential insurance legal issues that may arise in the context of this chapter 11 case. I believe that for this reason, as well as Gilbert's extensive insurance experience and expertise, Gilbert is well qualified to represent the TCC as its special insurance counsel in connection with this chapter 11 case.

7.      Counsel for the TCC has communicated with Gilbert regarding the firm's proposed rates and terms of engagement for the TCC.  Gilbert has informed the TCC that its rates for

bankruptcy representations are comparable to the rates Gilbert charges for nonbankruptcy representations.

8.    The TCC recognizes that it is its responsibility to closely monitor the billing practices of its counsel to ensure the fees and expenses paid by the estates remain consistent with the TCC's expectations and the exigencies of the chapter 11 case.

9.    The TCC will review all applications for compensation submitted by Gilbert to ensure that Gilbert's fees and costs are consistent with the budget, appropriate in scope and amount, and that there has been no duplication with the TCC's other professionals.

10.    The TCC will bring discipline, predictability and accountability to the counsel fees and expenses reimbursement process.  While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

11.    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 23, 2024

By:    */s/ Paris Morgan*
Paris Morgan in her capacity as Co-Chair of the Official Tort Claimants' Committee.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES, INC.[2] | Case No. 23-90086 (CML) |
| Debtor. | |

**DECLARATION OF NATHAN ALVAREZ IN SUPPORT OF APPLICATION FOR
ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT LLP
AS SPECIAL INSURANCE COUNSEL FOR THE OFFICIAL TORT CLAIMANTS'
COMMITTEE *NUNC PRO TUNC* TO JULY 18, 2024**

I, Nathan Alvarez, declare under the penalty of perjury:

1.      I am Co-Chair of the TCC of Tort Claimants (the "TCC").

2.      I submit this declaration (the "Alvarez Declaration") in support of the *Application for Entry of an Order Authorizing the Employment and Retention of Gilbert LLP as Special Insurance Counsel for the Official Tort Claimants' Committee Nunc Pro Tunc to July 18, 2024.*

3.      On November 20, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") formed the TCC in this chapter 11 case appointing the following parties as members of the TCC: (i) Aanda Slocum; (ii) Elizabeth Frederick; (iii) Henry Snook; (iv) LaTonda Smith; (v) Nathan Alvarez; and (vi) Paris Morgan. See *Notice of Appointment of TCC of Tort Claimants* [Docket No. 1127].

---

[2]     The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4.      On July 18, 2024, the TCC selected Gilbert LLP ("Gilbert") as special insurance counsel, subject to the Court's approval.  In selecting Gilbert as its special insurance counsel, the TCC considered its expertise in the relevant legal issues and experience in similar proceedings.

5.      I believe that the TCC selected Gilbert for its significant experience in resolving issues for tort claimant committees related to insurance in bankruptcy, including its successful representation of tort claimants or future claimants' representatives in some of the most complex mass tort bankruptcies in recent history. I understand that professionals at Gilbert have substantial experience in bankruptcy cases involving asbestos, medical devices, environmental liabilities, pediatric dental services, talc, and other mass-tort insurance issues, and have participated in numerous proceedings before various bankruptcy courts. I understand that Gilbert represents or has represented debtors, chapter 7 trustees, official creditors' committees, and future claimants' representatives in bankruptcies filed in Texas, Delaware, New York, Ohio, Pennsylvania, Michigan, Tennessee, Washington, and other jurisdictions. As I understand it, this bankruptcy case will shortly transition into a plan confirmation phase and I understand the TCC believes that experienced and well regarded special insurance counsel is necessary for finalizing any Chapter 11 plan as well as successfully maximizing value for tort claimants.

6.      I believe that Gilbert has become familiar with the TCC, the TCC's goals, the Debtor, and many of the potential insurance legal issues that may arise in the context of this chapter 11 case. I believe that for this reason, as well as Gilbert's extensive insurance experience and expertise, Gilbert is well qualified to represent the TCC as its special insurance counsel in connection with this chapter 11 case.

7.      Counsel for the TCC has communicated with Gilbert regarding the firm's proposed rates and terms of engagement for the TCC.  Gilbert has informed the TCC that its rates for

bankruptcy representations are comparable to the rates Gilbert charges for nonbankruptcy representations.

8.      The TCC recognizes that it is its responsibility to closely monitor the billing practices of its counsel to ensure the fees and expenses paid by the estates remain consistent with the TCC's expectations and the exigencies of the chapter 11 case.

9.      The TCC will review all applications for compensation submitted by Gilbert to ensure that Gilbert's fees and costs are consistent with the budget, appropriate in scope and amount, and that there has been no duplication with the TCC's other professionals.

10.     The TCC will bring discipline, predictability and accountability to the counsel fees and expenses reimbursement process.  While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

11.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: July 23, 2024

By:     _/s/ Nathan Alvarez_____
        Nathan Alvarez in his capacity as Co-Chair
        of the Official Tort Claimants' Committee.

# EXHIBIT B

**Kami E. Quinn Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - | § | |
| In re: | § | Chapter 11 |
|  | § | |
| TEHUM CARE SERVICES, INC.,[1] | § | Case No. 23-90086 (CML) |
|  | § | |
| Debtor. | § | |
|  | § | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - | § | |

## DECLARATION OF KAMI E. QUINN, ESQ. IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT LLP AS SPECIAL INSURANCE COUNSEL FOR THE OFFICIAL TORT CLAIMANTS' COMMITTEE *NUNC PRO TUNC* TO JULY 18, 2024

I, KAMI E. QUINN, declare under the penalty of perjury:

1.      I am a member in good standing of the Bars of the District of Columbia, the Commonwealth of Virginia, and the Third Circuit Court of Appeals, and am a partner and member of the law firm of Gilbert LLP ("Gilbert"), located at 700 Pennsylvania Avenue S.E., Suite 400, Washington, D.C. 20003.  I submit this declaration on behalf of Gilbert pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in connection with the application (the "Application") by the Official Tort Claimants' Committee ("TCC") for the entry of an order authorizing the retention of Gilbert as special insurance counsel to the TCC.  Unless otherwise stated, I have personal knowledge of the facts hereinafter set forth.

2.      Gilbert serves as special insurance counsel in various bankruptcy cases, including:

    a.  both the committee and the future claimants' representative in the Imerys Talc America, Inc., *et al.*, bankruptcy;

    b.  the future claimants' representative in the Boy Scouts of America and Delaware BSA, LLC bankruptcy;

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

    c.   the committee of asbestos personal injury claimants in the Aldrich Pump LLC, *et al.*, bankruptcy;

    d.   the Chapter 7 Trustee, Charles M. Forman, in the National Service Industries, Inc. bankruptcy;

    e.   both the committee and the future claimants' representative in the Endo International plc, *et al.*, bankruptcy;

    f.   the committee in the Kidde Fenwal, Inc. bankruptcy; and

    g.   both the committee and the future claimants' representative in the Whittaker, Clark & Daniels, *et al.*, bankruptcy.

3.      Gilbert has previously served as special insurance counsel to the committees and/or future claimants' representatives in various Chapter 11 reorganizations with confirmed Chapter 11 plans, including, but not limited to: Babcock & Wilcox Company; Burns & Roe Enterprises, Inc.; Plibrico Company; Christy Refractories Company, LLC; Geo V. Hamilton; Rapid-American; Duro Dyne; and ON Marine Services LLC.

4.      Gilbert currently serves or has served as insurance counsel for various trusts which were created for the benefit of mass tort claimants pursuant to the plans of reorganization confirmed in Chapter 11 bankruptcies.

5.      Aside from insurance-related bankruptcy and trust matters, Gilbert has represented, and continues to represent, numerous entities on insurance issues arising from other tort, and non-tort matters, including in litigation, and will continue to do so. The firm does not and will not represent any claimant against the Debtor or any non-debtor related parties.

6.      Gilbert is occasionally retained by law firms or other clients in an expert or consulting capacity. None of these engagements relate to the Debtor, but they may relate to insurance for tort-related claims. The firm may continue to provide consulting services to such clients in the future.

7.     The TCC has selected Gilbert as special insurance counsel to provide services with respect to the preservation, evaluation, and maximization of insurance coverage.

## GILBERT'S COMPENSATION

8.     Gilbert has been asked to serve as special insurance counsel to the TCC appointed by the United States Trustee for the Southern District of Texas (the "U.S. Trustee") in the above-captioned Chapter 11 case filed by Tehum Care Services, Inc. as a debtor-in-possession (the "Debtor").

9.     The TCC proposes to compensate Gilbert on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Gilbert according to its customary reimbursement policies.   The following standard hourly rates for Gilbert attorneys and paraprofessionals are currently in effect, but are subject to periodic adjustments:  Gilbert's hourly rates range from $925 to $1,625 per hour for partners, $350 to $1,500 per hour for non-partner attorneys, and $235 to $550 per hour for paraprofessionals.  The hourly rates set forth above are Gilbert's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate Gilbert for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

10.     Other than as disclosed in the prior paragraph, Gilbert shall file a supplemental declaration with this Court, and give not less than ten (10) business days' notice to the Debtor, the U.S. Trustee, and the TCC prior to any increases in the rates set forth herein or in the Quinn Declaration.  The supplemental declaration shall explain the basis for the requested rate increases in accordance with Bankruptcy Code Section 330(a)(3)(F), and state whether the TCC has consented to the rate increase.

11.     In addition to the hourly rates set forth above, it is Gilbert's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case.  The

3

expenses charged to clients include, but are not limited to, major photocopying charges, courier and overnight delivery charges, travel-related charges (including mileage, parking, air or train fare, lodging, meals, and ground transportation), filing fees, and any third-party costs incurred related to a representation. Gilbert does not write up expenses for a profit. The TCC has been assured that Gilbert will charge the TCC for these expenses at rates consistent with charges made to other Gilbert clients, and subject to the Local Rules, including the BLR, orders of this Court, and the guidelines of the U.S. Trustee.

12.     Gilbert will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services provided to the TCC as described above, in accordance with applicable rules and guidelines.

13.     Additionally, from time-to-time Gilbert may utilize the services of its wholly owned legal technology subsidiary, Tesseract Data Services ("TDS"), in connection with its services to the TCC. TDS offers a full range of the highest caliber legal technology and advisory services. TDS's services include electronic data storage and other eDiscovery-related services.

14.     Any services provided by TDS in these Chapter 11 cases will be at the direction of Gilbert and with approval by the TCC.

15.     The charges by TDS would be billed as a cost and invoiced at TDS's normal rates, rates that I believe are competitive with the rates as would be charged by other vendors for similar services.

16.     As a wholly owned subsidiary of Gilbert, any TDS conflict check would be subsumed under Gilbert's conflict check.

17.     Gilbert intends to apply for compensation for professional services rendered and for reimbursement of expenses incurred in accordance with applicable provisions of title 11 of the

United States Code (the "Bankruptcy Code"), the Bankruptcy Rules, the BLR, orders of this Court, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases.*

18.     Gilbert will seek compensation and reimbursement of expenses for legal services performed on behalf of the TCC consistent with any interim compensation procedures approved by this Court.

19.     Except as described below, neither Gilbert, any member of Gilbert, nor any professional or attorney associated with or employed by Gilbert has received a promise as to payment or compensation in connection with the Debtor's Chapter 11 case.  Gilbert does not have any agreement with any other entity to share with any such entity any compensation received by Gilbert.

## GILBERT'S CONNECTIONS IN THIS CASE

20.     In connection with its proposed retention by the TCC in this Chapter 11 case, Gilbert's conflicts department, under the supervision of Gilbert attorneys involved in representing the TCC, has undertaken the procedures described below to determine whether there exists any conflict or other relationship that might cause Gilbert not to be a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and whether Gilbert represents any person or entity having an adverse interest in connection with the case.

21.     Gilbert maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Gilbert to make and maintain these records. The conflict system maintained by Gilbert is designed to include (a) every active matter on which Gilbert is retained; (b) every closed matter on which Gilbert has been engaged since 2001; (c) the entity by which it is now or has been engaged; (d) the identity of related parties; (e) the identity of adverse parties; and (f) the attorney at Gilbert who is knowledgeable about the matter.  It is

5

Gilbert's policy that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each matter for conflicts, including the identity of the prospective client, the matter, and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by Gilbert. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

22.      Gilbert's conflicts department has searched, under the direction of Gilbert attorneys involved in representing the TCC, its electronic database for connections to the entities listed on **Schedule 1** attached hereto (collectively, the "Case Parties"). To the best of my knowledge, the Case Parties list has been used by Debtor's counsel and other professionals in this case for conflicts purposes.

23.      To ascertain Gilbert's "connections", as that term is used in Federal Rules of Bankruptcy Procedure 2014, with the TCC, the Debtors and other parties-in-interest, certain of my colleagues and I reviewed the list of parties in interest and counsel that is attached hereto as **Schedule 1**. The Case Parties include:  (a) the Debtor and the Debtor's bankruptcy professionals; (b) Yes/Care/CHS and Professionals; (c) Non-Debtor Related Parties; (d) Proposed DIP Lender and Counsel; (e) Bankruptcy Judges, Staff and Clerk for the Southern District of Texas; (f) the U.S. Trustee office for the Southern District of Texas; (g) Current and Former D&O; (h) Top 30 Unsecured Creditors/UCC and Counsel; (i) Governmental Agencies; (j) Insurance Parties; (k) Litigation and Notice Parties; (l) Vendors; and (m) the TCC and Professionals. Gilbert also conducted an electronic search of its conflicts database of the parties identified on **Schedule 1**.

24.      Gilbert has reviewed all current and former clients for the last five (5) years. In verifying the connections disclosed below, I have relied upon the professionals of Gilbert and the

investigation they have undertaken to compile the information upon which such disclosures are based.

25.     Gilbert has been both aligned with and adverse to various professionals involved in this case in cases that are unrelated to this Chapter 11 case.

26.     One of my partners, Craig Litherland, was a partner at the former law firm of Sheinfeld, Maley & Kay, P.C. in Houston, Texas. He worked with Millie Aponte Sall, the Assistant U.S. Trustee for the Southern District of Texas. Mr. Litherland and Ms. Sall have not worked together since 2001.

27.     Other than as set forth above, to the best of my knowledge and information after due inquiry, neither Gilbert nor any of its attorneys has any other interest or connection with the Debtors, their creditors, the United States Trustee or any person employed in that Office, the Judges for the United States Bankruptcy Court for the Southern District of Texas, or any other known party-in-interest. It is possible that Gilbert will represent in the future, in matters unrelated to this bankruptcy case, entities that are or will become parties in interest herein.

28.     The information listed on **Schedule 1** may have changed without my knowledge, and may change during the pendency of this Chapter 11 case. Should such information change, Gilbert will promptly review its files against any updated parties list received from the Debtor. Gilbert will update this Declaration, as described below, should Gilbert become aware of new material information during the pendency of this Chapter 11 case pursuant to the procedures described herein. To the extent any new relevant facts or relationships are discovered or arise in the course of such review, Gilbert will promptly make an additional disclosure to the Court as required by Bankruptcy Rule 2014(a).

29.     Gilbert does not currently employ or intend to employ contract attorneys in this Chapter 11 case.

30.     Approval of the proposed engagement of Gilbert is not prohibited by Bankruptcy Rule 5002. I am not related, and to the best of my knowledge, no attorney at Gilbert is related, to the United States Bankruptcy Judge assigned to this Chapter 11 case, or to the UST for the Southern District of Texas.

31.     To the extent that issues arise that would cause the TCC to be adverse to any of Gilbert clients such that it would not be appropriate for Gilbert to represent the TCC with respect to any insurance-related matters, the TCC will request that this Court allow the TCC to seek approval to employ and retain other insurance coverage counsel.

32.     Notwithstanding the above, I believe that Gilbert is a disinterested person, and does not hold or represent an interest adverse to the Debtor's estates with respect to the matters for which Gilbert is to be employed, as required by Bankruptcy Code Section 328(c).

Based upon the foregoing, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: July 18, 2024
Washington, D.C.

Respectfully submitted,

By:   /s/ Kami E. Quinn

8

## SCHEDULE 1

**Case Parties**

## Schedule 1

## Potential Parties in Interest

**Debtor and Professionals**
Corizon Health, Inc. n/k/a Tehum Care Services, Inc.
Corizon, LLC n/k/a/ Tehum Care Services, Inc.
Tehum Care Services, Inc.
Ankura Consulting Group, LLC
Gray Reed
Kurtzman Carson Consultants

**YesCare/CHS and Professionals**
CHS TX, Inc.
YesCare Corp.
White & Case LLP
Dowd Bennett LLP

**Non-Debtor Related Parties**
Corizon Health Clinical Solutions, LLC
Corizon Health of Alabama, LLC
Corizon Health of Arizona, LLC
Corizon Health of California, LLC
Corizon Health of Florida, LLC
Corizon Health of Kansas, LLC
Corizon Health of Maryland, LLC
Corizon Health of Mississippi, LLC
Corizon Health of New Jersey, LLC
Corizon Health of Ohio, LLC
Corizon Health of Pennsylvania, LLC
Corizon Health of Tennessee, LLC
Corizon Health of Virginia, LLC
Corizon Health, Inc.
Corizon, LLC
PHS Community Care, LLC
Sigma Risk Management
Valitás Health Services, Inc.
Valitás Intermediate Holdings, Inc.

**Proposed DIP Lender and Counsel**
M2 Loan Co LLC
Norton Rose Fulbright US LLP

**SDTX Bankruptcy Judges, Staff, and Clerk**
Judge David R. Jones
Judge Christopher M. Lopez
Judge Marvin Isgur
Judge Jeffrey P. Norman
Judge Eduardo V. Rodriguez
Albert Alonzo
Ana Castro
Jeannie Chavez
LinhThu Do
Mario Rios
Rosario Saldana
Tracey Conrad
Tyler Laws
Vriana Portillo
Zilde Martinez

**U.S. Trustee**
Alethea Caluza
Alicia Barcomb
Brian Henault
Christopher R. Travis
Christy Simmons
Clarissa Waxton
Glenn Otto

Gwen Smith
Ha Nguyen
Hector Duran
Ivette Gerhard
Jana Whitworth
Jayson B. Ruff
Kevin M. Epstein
Linda Motton
Luci Johnson-Davis
Millie Aponte Sall
Samantha Chilton
Stephen Statham
Yasmine Rivera

**Current and Former D&Os**
Abe Goldberger
Ayodeji Ladele, M.D.
David Gefner
F. Jeffrey Sholey
Isaac Lefkowitz
J. Scott King
Jay Leitner
Sara Tirschwell

**Top 30 Unsecured Creditors/UCC and Counsel**
ABC/Amega
Alight
Arizona DOC
BDO
Bialson Bergen & Schwab
Bio-Rad Laboratories, Inc.
Blue Cross Blue Shield of MI
Cameron Regional Medical Center
Canon Financial
Capital Region Medical Center
Capitol Eye
Cell Staff
Cohen Weiss and Simon
Curators of the University of MO
Dell Financial Services, LLC
Foley & Lardner LLP
GHR General Healthcare Resources
Halo Branded Solutions
HCA Health Services of FL
Highwoods Properties
King & Spalding LLP
Latricia Revell
Liftforward / Hitachi / Mitsubishi
Linda Markowitz
Manziel Law Offices
Maxim Healthcare Staffing Services, Inc.
Mercy Hospital (MO)
Microsoft
Nephrology and Hypertension Associates L.L.P.
New York State Nurses Association Pension Plan
Newman, Kathleen
Pike County Memorial Hospital
Rachell Garwood
Rifkin Law Office
Riley Stingley Brazas P.C.
RMS LLC
Saint Alphonsus Health System, Inc.
Schaefers Law Group LLC
Spencer Fane LLP

i

St. Luke's Health System, Ltd.
St. Luke's Regional Medical Center, Ltd.
Stoel Rives, LLP
Streusand Landon Ozburn Lemmon LLP
Struck Love Bojanowski & Acedo, PLC
Stueve Siegel Hanson LLP
Supplemental Healthcare
Tallahassee Medical Center, Inc.
TGH Litigation LLC
The Magnozzi Law Firm, P.C.
Thompson Burton
Truman Medical Center, Inc. d/b/a University Health
Vang, Ka et al
Webb Law Group
WhiteGlove Placement
Willis Towers Watson

**Governmental Agencies**
California Franchise Tax Board
Florida Attorney General
Internal Revenue Svc
Kansas Attorney General
Kentucky Attorney General
Maryland Attorney General
Michigan Attorney General
Missouri Attorney General
New Jersey Attorney General
New Mexico Attorney General
New York Attorney General
Pennsylvania Attorney General
Southern District of Texas
U.S. Department of Justice
Virginia Attorney General
Wyoming Attorney General

**Insurance Parties**
American Fidelity Assurance Co.
Applied Medico-Legal Solutions Risk Retention Group, Inc.
Beazley Group
COPIC A Risk Retention Group
Coverys Specialty Insurance Company
Everest Indemnity Insurance Company
Harbour
Hartford
HCC Life
Intermed
Ironhealth
Ironshore Specialty Insurance Company
Kansas Medical Mutual Insurance Company on Behalf of Kansas
KS JUA
Lone Star Alliance A Risk Retention Group
Med Pro
NAS
Phico
Reliance
RKH/Beazley
Scottsdale Insurance Company
St. Paul
TDC
Truck Insurance Exchange
Zurich

**Litigation and Notice Parties**
Adam Baker
Adree Edmo
Alex Scott #98450
Aanda Slocum
Andrew Lyles
Andrew Wolf #35408
Angela Branum & Estate of Justin Branum

Antoinette Windhurst
Antonio Reali
Armandon Banuelos
Bay Hospital, Inc. d/b/a Gulf Coastal Regional Medical Center
Bradley Schwartz
Brian Zeiger
Camron Belcher #91436
Capital Region Medical Center
Capital Region Medical Center / Curators of the University of MO
Capitol Eye Care, et al.
Capitol Eye Class Action
Carson & Coil, PC
Cassandra Oliver
Chaney Law Office
Charles Jones
Chester Bird
Christopher Brightly
Clarence Dean
Coyte Law, PC
Cross Law PLLC
Curtis Lee
Darren Robert Pedersen
David Wichternman, Jr.
Dennis Mintun #69558
Derico Thompson
Doshi Legal Group, P.C.
Drew Daddano
Duke Evett PLLC
Dunn Carney Allen Higgins & Tongue, LLP
Edward Stenberg #124629
Eileen McNamara
Ferguson Durham PLLC
Fieger Law
Forshey & Prostok LLP
Frederick Carr
Gregory Abraham
Gregory Barrow
Hallinan & Killpack Law Firm
Halo Branded Solutions, Inc.
HCA Health Servs of Florida, Inc. d/b/a St. Lucie Medical Center
HDR LLC
Hector Garcia, Jr.
Held & Hines, LLP
Henry Snook
Isaac Bernstein
James Hyman
Jennifer Power
Jeremy Wilkinson, #47239
Johnson Jensen, LLP
Joseph P. Hunter
Joshua Snider #834248
K.A., S.A., L.R., L.J., and JANE DOES 1-25
Kay Griffin, PLLC
Kerrie Milkiewicz PR of the Estate of Milkiewicz
Khazaeli Wyrsch, LLC
Kimberly Briggs for Estate of Sean Parks
Kohchise Jackson
Lane & Nach PC
Law Office Of James Cook
Lawnwood Medical Center, Inc. d/b/a Lawnwood Regional Medical Center and Heart Institute
Leona Miotke
Lewis Roca Rothgerber Christie LLP
Lexington Insurance Company
Linda Floyd
Lone Star Alliance Inc.
M.E. Heard, Attorney, PLLC
Machelle Pearson
Margolis & Cross
Maria Sheldon

4869-4060-1427

Marie A. Mattox, PA
Marion Community Hospital, Inc. d/b/a Ocala Regional Medical Center
Mark Stewart #203381
Martin Olsen
Mehaffy Weber, P.C.
Memorial Healthcare Group, Inc. d/b/a Memorial Hospital Jacksonville
Mesch Clark Rothschild
Michael Chapman #271129
Mitsubishi HC Capital America, Inc. f/k/a Hitachi Capital America, Corp.
Nichols Kaster PLLP
Noah Schroder #72050
North Florida Regional Medical Center, Inc. d/b/a North Florida Regional Medical Center
Office of the US Trustee
Patrick Lynn
Paul Lupe
Phillip Buchanan
Ralson Pope & Diehl LLC
Rania Major, P.C.
Raynard Coleman #243482
Richard Dague
Ricky Scott
Riley & Jacobson, PLC
Robert Gamez, Jr.
Ronald Johnson #159768
RSMC Plaintiffs
Ryan Brown
Sabrie Alexander
Saint Alphonsus Health System, Inc.
Saint Alphonsus Regional Medical Center
Saint Louis University School of Law
Sean Deloatch
Sefika Lakie
Shaidon Blake, #96323
Shannon & Lee LLP
Smith Foster King LLP
St. Louis University Legal Clinic
Stromberg Stock, PLLC
Texas Medical Liability Trust
The Putative Class in Pearson v. Washington 2:19-cv-10707 (E.D. Mich.)
Tiffany Smith
Waheed Nelson
Walker & Patterson, P.C.
Wilber Hasty
William Kelly
Zeichner Ellman et al
Zemina Lakie

**Vendors**
A World of Hearing
Abbott Ambulance Inc
Accupath Diagnostic Laboratories
Acute Rescue and Transport
Ada West Dermatology
Advanced Radiology Consultants of Kansas City PA
Advantage Eye Centers
Air Evac EMS Inc
Alachua County Fire/Rescue
Allegiant Pathologists LLC
Alliance Radiology Liberty PC
American Medical Response Ambulance Service Inc
AMR of Mid Atlantic
Anesthesia Associates of Boise
Anesthesia Associates of Laramie
Anesthesia of HRMC
Anesthesia Partners Ltd
Associated Pathologists LLC
Associated Radiologists PA

Audrain Emergency Group LLC
Audrain Medical Center Physicians
Baltimore City Fire Department
Baltimore Washington Medical Ctr
Baptist Health Medical Group
Barnes Jewish Hospital
Bingham Healthcare Specialty Care
Bingham Healthcare Specialty Clinic - Vista
Bingham Memorial Hospital
Bingham Memorial Physicians
BJC Medical Group of MO
Blue Mountain Diagnostic Imaging, Inc
Boise Anesthesia PA
Boise Endoscopy Center LLC
Boise Pathology Group PA
Boise Plastic Surgery Boise Hand Center, PLLC
Boise Radiology Group PLLC
Boone Hospital
Boyce & Bynum Path Pro Serv
Breg Inc
Brian W. Christensen MD PA
Butler County EMS, LLC
Callaway County Ambulance
Cameron Ambulance District
Cameron Regional Medical Center Inc
Cameron Regional Medical Center Physicians
Cape Radiology Group, P.C.
Capital Region Med Center Physicians
Capital Region Physicians
Capital Region Physicians - Central Missouri Cardiology
Cardionet, LLC
Caris MPI, Inc
Carroll County Hospital
Catalyst Medical Group, PLLC
Caton & Taylor
Central Florida Pathology Associates, PA
Centric Ambulatory Surgery Center, LLC
Centric Outpatient Cath Lab
CEP America LLC
Chesapeake Urology Associates
Cheyenne Radiology Group
Cheyenne Regional Medical Ct
Chillicothe Ambulance Service
Clearwater County Ambulance Svc
Clearwater Valley Hospital Clinic
CMMP Surgical Center LLC
Cogent Healthcare of Missouri
Cole County EMS
Community Hospital Physicians
Comprehensive Pathology Services
Cooper County Ambulance District
County of Ada
CRP - Central Missouri Cardiology
Curators of the University of Missouri Phys
Curtis Hale d/b/a Curtis Medical, LLC
D J Marc Cardinal Md PA
De Priest, Michael D
Dekalb-Clinton Ambulance Dist
Delmarva Radiology PA
Diagnostic Imaging Centers, P.A.
Diagnostic Imaging Service of Idaho
Digestive Health Clinic LLC
Digestive Health Specialists, LLC
Drs. Mori, Bean & Brooks, PA
Emergency Service Associates
Ernst Radiology Clinic Inc
Family Medicine Residency of Idaho Inc
Florida Clinical Practice
Foothills Dental Care
Gainesville Emergency Med Assoc PA

iii

Garcia Clinical Laboratory, Inc
Gastroenterology Associates PA
Gem State Radiology LLP
Gerdes LLC, Kenneth
Greater St Louis Oral and Maxillofacial Surgery
Grove Creek Medical Center
Hagerstown Heart PA
Hannibal Clinic Operations LLC
Hannibal Regional Hospital
Hannibal Regional Medical Group
Health West Inc
Heart and Vascular Associates, LLC
HeartLand Regional Medical Center
HeartLand Regional Medical Center Physicians
Hedrick Medical Ctr Physicians
Hospital Internal Medicine PA
Hospital Medicine Svcs of TN
HRMC dba Mosaic Life Care/HeartLand Health
Hutchinson Regional Medical Center
ID Consultants PC
Idaho Gastroenterology Associates LLP
Idaho Physicians Clinic
Idaho Urologic Institute PA
Infectious Diseases, P.C.
Injury Care Emergency Medical Services
Intermountain Emergency
Intermountain Eye & Laser Centers PLLC
Intermountain Radiation Oncology PA
iRhythm Technologies, Inc
JC Oral & Maxillofacial
JCMG Family Medicine
Jeff City Medical Group
Joachim Plattin Township Ambulance District
John Hopkins Regional Physicians LLC
John Hopkins University - Emergency Medicine
John Hopkins University - Reference Laboratory
John Hopkins University - Transplant/Vascular Surgery
Johns Hopkins University d/b/a JHU - Orthopaedic Surgery
Johns Hopkins University Dermatology
Kansas City Gastroenterology and Hepatology Physicians Group
Kansas University Phys. Inc.
KC Gastro and Hepa Phys Grp
KCI USA Incorporated
Kentucky Medical Services Foundation
Khokhar, Anwar I
Kindred Development 17, LLC
Kinghorn Medical LLC
Kirksville Clinic Corp
Kootenai Health (Physician)
Lab Corp of Amer Holdings
Labcorp of America
Las Cruces Physician Services LLC
Lester E Cox Health Ambulance Service
Lewis and Clark Orthopedic Inst
Lexington Fayette Urban County Government Fire Department
LFUCG Fire Dept Ambulance
Liberty Cardiovascular Specialists
Liberty Hospital Physicians
Lifebridge Community Gastroenterology, LLC
Lifenet, Inc. d/b/a Arch Air Medical Services, Inc.
Lifestar Ambulance Service Inc
Lifestar Response of Maryland, Inc
Madison Anesthesia Services
Madison Clinic Physicians
Maryland General Clinical Practice Group Inc
Maryland General Hospital
MAWD Laboratory Partners PA
MAWD Pathology Group PA
MAWD Pathology Partners PA
MCV Associated Physicians

MDICS at Meritus Medical Ctr LLC
Medical Imaging Associates of Idaho Fall
Memorial Hospital of Converse County
Memorial Hospital of Laramie County
MEP Health, LLC
Mercury Surgery Center LLC
Mercy Clinic Adult Critical Care LLC
Mercy Clinic Adult Hospitalists
Mercy Clinic E. Comm
Mercy Clinic East
Mercy Clinic East Communities
Mercy Clinic Heart & Vascular
Mercy Clinic Hyperbaric and Wound Care
Mercy Clinic Infectious Disease LLC
Mercy Clinic Pulmonology
Mercy Clinic South Specialists
Mercy Clinic Springfield Comm
Mercy Clinic Surgical Specialists LLC
Mercy Hospital Jefferson
Mercy Hospital Jefferson Sole Mbr
Mercy Hospital South
Mercy Hospital South Physicians
Mercy Hospital Springfield
Mercy Hospital Springfield Phys
Mercy Hospital St Louis
Mercy Hospital St Louis Physicians)
Mercy Hospitals East Communities
Mercy Hospitals East Communities
Mercy Medical Center
Mercy Virtual
Meritus Medical Center, LLC
Meritus Medical Laboratory, LLC
Meritus Physician Trauma
Metro Emergency Physicians, LLC
Metro Hypertension Kidney Center
Metropolitan Neurology Ltd
Mid Missouri Anesthesia Consultants
Mid Missouri Orthotics & Prosthetics
Mid-America Clinical Pathology
Mid-Mo Ambulance Dist
Midwest Hosp Physicians LLP
Midwest Imaging Center LLC
Midwest Radiological Associates PC
Mississippi County Ambulance
Missouri Baptist Medical Center
Missouri Baptist Physician Services LLC
Missouri Cancer Associates LLC
Missouri Delta Med Cntr Physicians
Missouri Delta Medical Center
Moberly Hospital Company LLC
Moberly Medical Clinics Inc
Moberly Regional Med Center
Montalbano, Paul J
Mosaic Life Care/HeartLand Health
Mountain River Birthing and Surgery Center
Mountain View Hospital
Murphy Watson Burr Eye Center
Murphy Watson Burr Surgery Center Inc
MV Pocatello ENT
National HME, Inc.
Neogenomics Laboratories Inc
North Florida Regional Medical Ctr
North Okaloosa Clinic Corporation
North Okaloosa Dialysis
Northwest Missouri Oral & Maxillofacial
Orthopedic Surgeons Inc
Osage Ambulance District
Ototronix LLC
P and C Labs LLC
Parkland Health Ctr

iv

Parkland Medical Center
Pathology Associates of Idaho Falls PA
Pathology Associates PC
Phoenix Urology of St Joseph Inc
Physician Groups LC
Physicians & Surgeons Clinic of Pocatello
Pike County Memorial Hospital
Poplar Bluff HMA Physicians Management, LLC
Poplar Bluff Regional Medical Center LLC
Portneuf Medical Center
Portneuf Medical Practices
Potential Therapy Services
Potosi Emergency Group LLC
PPG Clinical Pathology LLC
Premier Eye Care of Eastern ID
Premier Surgical Center
Premiere Eye Associates
Primary Eyecare Inc d/b/a Lifetime Optometry
Princess Anne VFC
Princess Anne Volunteer Fire Company
Prison Ophthalmic Services, LLC
Privia Medical Group
Progressive Medical Group Inc
Propath Services LLC
Quest Diagnostics Inc
Radiology Assoc. of Richmond
Radiology Associates of North Idaho, PA
Radiology Imaging Associates PC
Randolph County Ambulance Dist
Regional Emergency Medical Services Authority
Resource Anesthesiology Associates of Missouri, LLC
Reti, Robert
Retina Consultants of ID
Retina Specialists of Idaho
Rexburg Vision Center
Ripley Emergency Group, LLC
River Rock Dental
River West Dental
Rocky Mountain Physician Group
Rural Physicians Group Pannu PLLC
Saint Alphonsus Medical Center - Nampa
Saint Alphonsus RMC
Saint Francis Medical Center Anesthesia
Saint Francis Medical Center Physicians
Saint Louis University Dept of Internal Med
Saint Louis University Dept of Internal Med - Infectious Disease
Saint Louis University Dept of Internal Medicine Cardiovascular Disease
Saint Louis University Dept of Neurological Surgery
Saint Louis University Dept of Neurology
Saint Louis University Dept of Ophthalmology
Saint Louis University Dept of Otolaryngology
Saint Louis University Dept of Pathology
Saint Louis University Dept of Pathology - Cytopathology
Saint Louis University Dept of Radiology
Saint Louis University Dept of Surgery
Saint Louis University Dept Trauma Surgery
Saint Louis University Internal Medicine Pulmonary Disease
Saint Lukes Northland Hospital
Saint Lukes Physician Group Inc
Samaritan Memorial Hospital
Sawtooth Orthotics & Prosthetics
SE Emergency Phys Memphis (Missouri)
Shands at UF
Shands at University of Florida
Shore Health System Inc
Si Paradigm LLC
Signature Health Service
Sikeston Emergency Group LLC
Sinai Hospital Baltimore
Singh, Inderjit

Skyline Surgery Center Inc
Slucare Dept of Ophthalmology-Optometry
Snap Diagnostics LLC
Sound Physicians of Illinois LLC
Southeast Missouri Hospital
Southeast Missouri Hospital Physicians LLC
Southern Idaho Health Partners LLC d/b/a Saltzer Clinics
Southside Regional Medical Center
SSM Health Care Center St Joseph
SSM Health Care dba SSM Depaul Health Center
SSM Health Depaul Hospital
SSM Health Saint Louis Univ. Hosp.
SSM Health Slu Hospital Anesthesia Physician Billing, LLC
SSM Health St Clare Hospital - Fenton
SSM Health St Mary's Hosp - Jefferson City
SSM Health St Mary's Hospital
SSM Medical Group Inc
SSM Regional Health
SSM-SLUH Inc
St Alphonsus Pathology Physician Services
St Alphonsus RMC Physicians
St Clair Specialty Physicians
St Francis Medical Center
St Francois County Ambulance
St Johns Mercy Gastroenterology Specialists
St Joseph Health Center
St Joseph Hospital LLC
St Joseph Regional Medical Ctr
St Louis Clinical Pathology LLC
St Louis Nephrolophypertensi
St. Luke's Hospital of Kansas City
St. Luke's Nampa Medical Center
St. Luke's Regional Medical Center
St. Luke's Treasure Valley Clinic LLC
St. Mary's Cardiovascular and Thoracic Surgery
St. Mary's Clinic dba St. Mary's Health
St. Mary's Hospital dba St. Mary's Health
State of Missouri
Steve's Precision Dental
Steward Rockledge Hospital, Inc
Surgery Center of Columbia
Survival Flight Inc
Table Rock Dialysis Center
Taylor & Ratliff Oral & Maxillofacial Surgery
Teton Radiology Diagnostic LLC
Texas County Memorial Hospital
The Centers for Advanced Orthopeadics
The Johns Hopkins Hospital
The Pulmonary and Sleep Clinic
TidalHealth Peninsula Regional
TidalHealth Specialty Care, LLC
Tidewater Physical Therapy & Rehabilitation Associates, PA
Treasure Valley Oral and Facial Surgery
Tristate Surgeons LLC
Truman Medical Center
Truman Medical Center Academic Physicians
Truman Medical Cntr Hosp Hill
Turnbaugh Surgical Assoc
U.S. Renal Care Casper Dialysis
University of Kansas Hospital dba Professional Serv of Ku
University of Kentucky College of Dentistry
University of Kentucky Healthcare Hospitals
University of Kentucky Physicians
University of Maryland Anesthesiology Associates PA
University of Maryland Community Medical Group
University of Maryland Community Medical Group, Inc
University of Maryland Dermatologists PA
University of Maryland Eye Assoc PA
University of Maryland Medical Group Gastr
University of Maryland Medical System Corporation

v

University of Maryland Radiation Oncology Assoc PA
University of Missouri Hosp
University of Utah Adult Services
University of Utah Hospitals and Clinics
University Physician Associates
University Physicians Inc
Urology Assoc. of Central MO
USA Radiology Management Solutions LLC
Van-Far Ambulance District
VEP Hutchinson Emergency Med Grp LLC
Vernon L. Goltry dba V.L. Goltry, M.D.
VHC Physician Group Cardiology
Vibra Hospial of Boise, LLC dba Vibra Hospital of Boise
Vibra Physicians LLC
Virginia Hospital Center Physicians Group LLC
Virtual Radiologic Professionals
Vision Quest Medical Center PA
Washington County Ambulance District
Washington County Memorial Hospital
Washington Oral Surgery Center LLC
Washington University School of Medicine Dept of Anesthesiology
Washington University School of Medicine Dept of Emergency Med
Washington University School of Medicine Dept of General Surgery
Washington University School of Medicine Dept of Internal Medicine
Washington University School of Medicine Dept of Neurology
Washington University School of Medicine Dept of Ophthalmolgy
Washington University School of Medicine Dept of Radiology
West County Radiology Grp
West Florida Radiology Associates
West Idaho Anesthesia, LLP
West Valley Medical Center
Western Maryland Regional Medical Center
Weyhrich, Darin

**TCC and Professionals**
Aanda Slocum
Elizabeth Frederick
Henry Snook
LaTonda Smith
Nathan Alvarez
Paris Morgan
Berry Riddell LLC
Brown Rudnick LLP
Province, LLC
Daniel Shaffer Law Office
Slater Legal PLLC
Robbins Curtin Millea & Showalter, LLC
Zwillinger Wulkan
Griffith Law Office
Huffman Wallace & Monagle, LLC

## EXHIBIT C

## Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TEHUM CARE SERVICES, INC.,[1] | § | Case No. 23-90086 (CML) |
| | § | |
| Debtor. | § | |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GILBERT LLP AS SPECIAL INSURANCE COUNSEL FOR THE OFFICIAL TORT CLAIMANTS' COMMITTEE *NUNC PRO TUNC* TO JULY 18, 2024

This matter having been brought before the Court by the Official Tort Claimants' Committee (the "TCC") in the above-captioned case, upon application (the "Application")[2] for entry of an order (this "Order") pursuant to Section 1103(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Texas 2014-1 ("BLR"), authorizing the employment and retention of Gilbert LLP ("Gilbert") as special insurance counsel for the TCC, as of July 18, 2024; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the consideration of the Application and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b); and the Court having considered the Application, the accompanying declarations of Kami E. Quinn in support of the Application, and all responses or objections to the Application; and the Court being satisfied that Gilbert is a disinterested person, and does not hold or represent an interest adverse to

---

[1] The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Any terms not defined herein shall have the meanings ascribed to them in the Application.

1

the Debtor's estates with respect to any of the matters for which Gilbert is to be engaged; and the Court finding that the employment of Gilbert is necessary to the performance of the TCC's duties; and notice of this Order having been given to all parties entitled to receive notice; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby,

ORDERED, that the Application is approved, as set forth herein; and it is further,

ORDERED, that pursuant to Bankruptcy Code Sections 328 and 1103(a), the TCC is authorized to employ and retain Gilbert as its special insurance counsel as of July 18, 2024; and it is further,

ORDERED, that Gilbert shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 case in compliance with Bankruptcy Code Sections 330 and 331 and applicable provisions of the Bankruptcy Rules, BLR, the U.S. Trustee Guidelines, and any other applicable procedures and orders of the Court, both in connection with the Application and the interim and final fee applications to be filed by Gilbert in this Chapter 11 case. Gilbert shall not seek reimbursement from the Debtor's estates for any fees incurred in defending any of Gilbert's fee applications in this bankruptcy case. For billing purposes, Gilbert shall keep its time in one tenth (1/10) hour increments in accordance with the U.S. Trustee Guidelines. All billing records filed in support of fee applications will use an open and searchable LEDES or other electronic data format. Billing records will use the U.S. Trustee's standard project categories; and it is further

ORDERED, that Gilbert shall use its reasonable efforts to avoid any duplication of services provided by any of the TCC's other retained professionals in this Chapter 11 case; and it is further

ORDERED, that Gilbert shall be considered a "Professional Person" for purposes of the Final DIP Order; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Application, the Quinn Declaration, and this Order, the terms of this Order shall govern; and it is further

ORDERED that notice of the Application satisfies the requirements of Bankruptcy Rule 6004(a); and it is further

ORDERED that the TCC is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to any matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: July __, 2024
Houston, Texas

_____
The Honorable Christopher M. Lopez
United States Bankruptcy Judge