IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 )  |
| TEHUM CARE SERVICES, INC.,[1] | ) Case No. 23-90086 (CML) ) |
| Debtor. | ) ) |

**DEBTOR'S OBJECTION TO ROBERT JOHNSON'S
FIRST AMENDED MOTION FOR RELIEF FROM STAY**
[Relates to Docket No. 1940]

Tehum Care Services. Inc., the above-captioned debtor and debtor in possession (the "Debtor"), for its objection (the "Objection") to the *First Amended Motion for Relief from Automatic Stay under Section 362 of the Bankruptcy Code* [Docket No. 1940] (the "Motion")[2] filed by the estate of Robert Johnson (the "Movant"), respectfully represents as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. The Debtor provided correctional healthcare services across the United States.[3] In May 2022, the Debtor effectuated a divisional merger pursuant to the Texas Business

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

[2] Although titled as the "First Amended" motion, this is the Movant's second amended motion for relief from stay.

[3] In further support of this Objection, the Debtor relies on the *Declaration of Russell A. Perry in Support of Debtor's Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*, filed on March 15, 2023 [Docket No. 186].

4916-8827-7788

Organizations Code in which (among other things) assets and liabilities were allocated between CHS TX, Inc. and the Debtor. Through this chapter 11 process, the Debtor aims to maximize the value of its estate and propose a chapter 11 plan that, to the best of the Debtor's ability, provides meaningful recoveries for creditors and other stakeholders.

4. On February 13, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On June 30, 2023, certain parties in interest requested the appointment of a chapter 11 trustee [Docket No. 731], which was denied [Docket No. 932]. No request for the appointment of an examiner has been made in this chapter 11 case. On March 2, 2023, the United States Trustee for the Southern District of Texas appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code [Docket No. 77], as amended on March 6, 2023 [Docket No. 145]. On November 20, 2023, the U.S. Trustee appointed a second committee, the official tort claimants' committee [Docket No. 1127].

5. On May 16, 2024, the Movant filed his *Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code* [Docket No. 1564] and on May 17, 2024, filed his *First Amended Motion for Relief from Automatic Stay Under Section 362 of the Bankruptcy Code* [Docket No. 1565]. Neither the Movant nor his counsel appeared at the hearing set on these prior motions, and they were thus denied without prejudice. The Motion is substantially similar to the two prior motions.

## Responses to Allegations

6. The Debtor denies the assertions contained in paragraph 1 of the Motion.

7. Upon information and belief, the Debtor generally admits the assertions contained in paragraph 2 of the Motion.

8. The Debtor denies the assertions contained in paragraph 3 of the Motion. The proof of claim bar date was August 14, 2023.

9. The Debtor admits the assertions contained in paragraph 4 of the Motion.

10. The Debtor denies the assertions contained in paragraph 5 of the Motion.

11. The Debtor denies the assertions contained in paragraph 6 of the Motion, given the outstanding self-insured retention, as discussed below.

12. The Debtor does not believe it is required to admit or deny the assertions contained in paragraph 7 of the Motion. To the extent the Debtor is required to admit or deny such assertions, the Debtor denies that the Movant is entitled to any of the relief requested in the Motion.

13. The Debtor denies the assertions contained in paragraph 8 of the Motion.

14. The Debtor does not believe it is required to admit or deny the assertions contained in paragraph 9 of the Motion. To the extent the Debtor is required to admit or deny such assertions, the Debtor denies that the Movant is entitled to any of the relief requested in the Motion.

15. The Debtor denies the assertions contained in paragraph 10 of the Motion.

16. The Debtor does not believe it is required to admit or deny the assertions contained in the prayer to the Motion. To the extent the Debtor is required to admit or deny such assertions, the Debtor denies that the Movant is entitled to any of the relief requested in the Motion.

## **Objection**

17. The Debtor incorporates by reference the statements contained above.

18. The injunction contained in section 362 of the Bankruptcy Code is self-executing, *Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 355 (5th Cir. 2008), and constitutes a

fundamental debtor protection that, together with other provisions of the Bankruptcy Code, provides a debtor with a "breathing spell" that is essential to a successful chapter 11 process. *Halo Wireless, Inc. v. Alenco Commc'ns, Inc. (In re Halo Wireless, Inc.)*, 684 F.3d 581, 586 (5th Cir. 2012) (internal quotations omitted); *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1146 (5th Cir. 1987); *see also Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 503 (1986) ("The automatic stay provision of the Bankruptcy Code, § 362(a), has been described as one of the fundamental debtor protections provided by the bankruptcy laws." (citation and internal quotation marks omitted)). *See Commonwealth Oil Refining Co. v. EPA (In re Commonwealth Oil Refining Co.),* 805 F.2d 1175, 1182 (5th Cir. 1986) ("The purpose of the automatic stay is to give the debtor a 'breathing spell' from his creditors, and also, to protect creditors by preventing a race for the debtor's assets." (citation omitted)).

19.     Where an insurance policy has an outstanding self-insured retention ("<u>SIR</u>"), there is effectively no insurance until the SIR is met. *See iHeartMedia, Inc.*, No. 18-31274 (Bankr. S.D. Tex. May 28, 2019), Docket No. 3381 (Isgur, J.) ("An SIR policy predicates an insurer's obligation to pay a claim on a prior payment by the policy holder."); *In re Tailored Brands, Inc.*, No. 20-33900, 2021 WL 2021472, at *5 (Bankr. S.D. Tex. May 20, 2021) (Isgur, J.) ("Tailored Brands was required to exhaust its [$500,000] self-insured retention before the policy's coverage took effect. This requirement effectively left Tailored Brands uninsured with respect to the first $500,000 it incurred in relation to Mr. Hoffman's action." citing *In re CJ Holding Co.*, No. 16-33590, 2018 WL 3965225, at *2 (Bankr. S.D. Tex. Aug. 15, 2018) (Jones, J.)).

20.     Moreover, although the proceeds of liability insurance policies are typically not property of the estate, in the Fifth Circuit the proceeds are nonetheless property of the estate

where such proceeds will be insufficient to cover all claims that have been asserted. *See Martinez v. OGA Charters, L.L.C. (In re OGA Charters, L.L.C.)*, 901 F.3d 599, 604 (5th Cir. 2018) ("We now make official what our cases have long contemplated: In the 'limited circumstances,' as here, where a siege of tort claimants threaten the debtor's estate over and above the policy limits, we classify the proceeds as property of the estate. Here, over $400 million in related claims threaten the debtor's estate over and above the $5 million policy limit, giving rise to an equitable interest of the debtor in having the proceeds applied to satisfy as much of those claims as possible." (citations omitted)).

21. The insurance policy relating to this claim is Lone Star Alliance #4-454719 (the "<u>Insurance Policy</u>"), which has a remaining SIR of over $16.5 million. Thus, the Debtor remains self-insured and the defense cost of any suit by the Movant will be borne by the Debtor. Such costs will reduce the amount of funds available to distribute to the Debtor's creditors under a chapter 11 plan. Furthermore, because the SIR has not been met, no insurance proceeds will be available to pay any resulting judgment.

22. Furthermore, the Insurance Policy is believed to have approximately $20,540,700 in remaining limits. However, claims against that Insurance Policy exceed **$120 million**. *See, e.g.*, KCC Claim Nos. 117, 229, 235, 236, 266, 341, 343, 415, 425, 437, 464, 476, 568, 565, 689, 703, 759. The total amount of claims asserted against the Insurance Policy vastly exceed the amount of available insurance limits. Thus, the Debtor's insurance proceeds are property of the Debtor's estate.

23. The Movant has failed to show cause to lift the automatic stay. As mentioned above, lifting the stay could subject the Debtor's estate to a significant claim for which there is currently no insurance, potential attorney's fees and expenses in litigating in the District Court, and will detract from the Debtor's efforts to efficiently formulate and confirm a chapter 11 plan

5

and exit this chapter 11 case. Additionally, it is unclear from the Motion whether the Movant will agree not to seek any recovery from the Debtor and its bankruptcy estate. The Movant filed two $4,000,000 claims against the Debtor's bankruptcy estate.

24. In contrast to the harm that the Debtor, its estate, and other creditors would face if the Motion were granted, the only potential harm faced by the Movant is a delay. Maintaining the automatic stay will only temporarily continue the pause of litigation that can negatively impact the Debtor's estate while the Debtor works to confirm a chapter 11 plan. Mere delay as a result of an injunction issued until bankruptcy proceedings are resolved is not a significant harm. *See Lazarus Burnam Assocs. v. Nat'l Westminster Bank USA (In re Lazarus Burnam Assocs.)*, 161 B.R. 891, 901 (Bankr. E.D.N.Y. 1993); *Am. Film Techs., Inc. v. Taritero (In re Am. Film Techs.)*, 175 B.R. 847, 849 (Bankr. D. Del. 1994).

25. Furthermore, as this Court is aware, confirmation of the *Joint Chapter 11 Plan of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor* is set for March 3, 2025. If the plan is confirmed, the Movant may have the opportunity to pursue a recovery from the PI/WD Trust (as defined in the Plan) and like all other tort claimants, should be subject to the channeling injunctions provided therein.

26. The Debtor opposes modification of the automatic stay as requested and respectfully submits that cause to modify the stay has not been satisfied.

4916-8827-7788

WHEREFORE, the Debtor requests that the Court deny the Motion and grant such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted this 18th day of February, 2025.

**GRAY REED**

By: */s/ Jason S. Brookner*
Jason S. Brookner
Texas Bar No. 24033684
Micheal W. Bishop
Texas Bar No. 02354860
Aaron M. Kaufman
Texas Bar No. 24060067
Lydia R. Webb
Texas Bar No. 24083758
Amber M. Carson
Texas Bar No. 24075610
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone:   (713) 986-7127
Facsimile:   (713) 986-5966
Email:   jbrookner@grayreed.com
  mbishop@grayreed.com
  akaufman@grayreed.com
  lwebb@grayreed.com
  acarson@grayreed.com

*Counsel to the Debtor
and Debtor in Possession*

### Certificate of Service

I certify that on February 18, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties authorized to receive electronic notice in this case.

*/s/ Jason S. Brookner*
Jason S. Brookner