IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**TEHUM CARE SERVICES, INC.,**[1]<br><br>DEBTOR | Chapter 11<br><br>Case No. 23-90086 (CML) |

**THE UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE JOINT CHAPTER 11 PLAN OF THE TORT CLAIMANTS' COMMITTEE, OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND DEBTOR**

*Responds to the Joint Plan filed at* **[ECF NO. 1739]**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), submits this limited objection to the *Joint Chapter 11 Plan of the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor* (the "Joint Plan") [ECF No. 1739] filed by the Tort Claimants' Committee, Official Committee of Unsecured Creditors and Debtor (collectively referred to as the "Plan Proponents").

1. Since the filing of this case, the U.S. Trustee has taken several steps to ensure proper notice, due process, and fairness to all creditors, including those personal injury claimants that are incarcerated. The U.S. Trustee has and continues to maintain the position that any plan must be fair to all creditors, justly compensate personal injury claimants for their injuries, and comply with the Bankruptcy Code and applicable law. To that end, the U.S. Trustee objected to the initial $37 million settlement mediated by former Judge David R. Jones, appointed a tort claimants'

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

1

committee ("TCC") over several objections and subsequently objected, along with the TCC, to the second $50 million settlement that allocated settlement proceeds in a way that heavily favored a subset of creditors. As a result of these objections and the efforts of the TCC to dismiss this case, the Court is now presented with the Joint Plan that contains approximately $75 million in aggregate financial commitments to fund several trusts for the benefit of all creditors, and more importantly, gives personal injury claimants the option to return to the civil justice system.[2]

2. Nevertheless, the Joint Plan also provides that creditors that do not return an opt-out release form will be bound by their silence to third-party releases. Consistent with the U.S. Trustee's position at the hearing on approval of the Disclosure Statement, the U.S. Trustee opposes the use of the opt-out mechanism in the Joint Plan, because it does not comply with applicable state law governing non-debtors' rights and does not provide consent to the third party release in violation of *Harrington v. Purdue Pharma L.P.,* 144 S. Ct. 2071, 2082-88 (2024).[3] The U.S. Trustee filed an objection to the Solicitation Motion raising these and other concerns (the "U.S. Trustee Disclosure and Solicitation Objection"). ECF No. 1781. Following a hearing on the Solicitation Motion, the Court approved the Disclosure Statement and granted the Solicitation Motion. ECF No. 1813. The U.S. Trustee hereby renews his objection to the use of the opt-out procedures to binds claimants to the third-party releases in the Plan and incorporates the arguments made in the U.S. Trustee Disclosure and Solicitation Objection.

---

[2] Capitalized terms shall have the same meaning given to them in the Joint Plan, and Disclosure Statement unless otherwise noted.

[3] The U.S. Trustee files this objection to further preserve his appellate rights. The U.S Trustee appealed the confirmation order which used the opt outs in *The Container Store Group, Inc.* (Case No. 24-90627), which appeal is before the United States District Court for the Southern District in Case No. 25-00618.

3.     In addition, to the extent that applicable law authorizes exculpation beyond 11 U.S.C. § 1125(e), the Joint Plan's exculpation provisions are overly broad in violation of Fifth Circuit precedent.  The Fifth Circuit in 2022 affirmed that, following its prior decision in *Bank of New York Tr. Co., NA v. Official Unsecured Creditors' Comm. (In re Pac. Lumber Co.)* 584 F.3d 229 (5th Cir. 2009), "any exculpation in a Chapter 11 reorganization plan be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties . . . ." *In re Highland Cap. Mgmt., L.P.*, 48 F.4th at 437 (5th Cir. 2022).

4.     The Fifth Circuit in Highland Capital also analyzed whether the independent directors who were specifically appointed by the Official Committee of Unsecured Creditors in the Highland Capital bankruptcy case, pursuant to an order entered by the bankruptcy court to act together as the bankruptcy trustee, could be exculpated and concluded:

> That leaves one remaining question:  whether the bankruptcy court can exculpate the Independent Directors under Pacific Lumber.  We answer in the affirmative.  As the bankruptcy court's governance order clarified, nontraditional as it may be, the Independent Directors were appointed to act together as the bankruptcy trustee for Highland Capital.  Like a Debtors-in-possession, the Independent Directors are entitled to all the rights and powers of a trustee.  See 11 U.S.C. § 1107(a); 7 COLLIER ON BANKRUPTCY ¶ 1101.01.  It follows that the Independent Directors are entitled to the limited qualified immunity for any actions short of gross negligence.  See In re Hilal, 534 F.3d at 501.  Under this unique governance structure, the bankruptcy court legally exculpated the Independent Directors.

*In re Highland Cap. Mgmt., L.P.,* 48 F.4th at 437.

5.     Debtors, official committees and their members, and trustees are the only parties for which the Fifth Circuit has allowed exculpation.  Under *Highland Capital*, the mediator is not entitled to exculpation.  Indeed, the Court in *Highland* Capital struck from the definition of exculpated parties numerous parties, including professionals retained by the Debtors and the Claimant Trust, among others.  *In re Highland Cap. Mgmt., L.P.,* 48 F.4th at 438. Thus, to be

consistent with *Pacific Lumber* and *Highland Capital*, the definition of "Exculpated Party" in the Joint Plan must exclude the mediator.

6.  Accordingly, the exculpation should be tailored to comport with the Fifth Circuit's direction in *Highland*, because a plan containing an exculpation clause exceeding the limits of that decision cannot be confirmed in this Circuit.

Date: February 21, 2025                                         Respectfully Submitted,

                                                                KEVIN M. EPSTEIN
                                                                UNITED STATES TRUSTEE
                                                                REGION 7, SOUTHERN AND WESTERN
                                                                DISTRICTS OF TEXAS

                                                                By: */s/ Ha M. Nguyen*
                                                                    Ha Nguyen, Trial Attorney
                                                                    CA Bar #305411
                                                                    FED ID NO. 3623593
                                                                    United States Department of Justice
                                                                    Office of the United States Trustee
                                                                    515 Rusk Street, Suite 3516
                                                                    Houston, Texas 77002
                                                                    E-mail: Ha.Nguyen@usdoj.gov
                                                                    Cell: 202-590-7962

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2025 a copy of the foregoing *The United States Trustee's Limited Objection to the Joint Chapter 11 Plan of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor*, was served by electronic means for all Pacer system participants requesting notice.

*/s/ Ha M. Nguyen*
Ha Nguyen