IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>TEHUM CARE SERVICES, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-90086 (CML)<br><br>Re Dkt. Nos. 1978, 1979, 1980 & 1987 |

**OFFICIAL COMMITTEE OF TORT CLAIMANTS'
OMNIBUS REPLY TO RESPONSES AND OBJECTIONS
TO JOINT CHAPTER 11 PLAN OF THE TORT CLAIMANTS' COMMITTEE,
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND DEBTOR**

The Official Committee of Tort Claimants in the above-captioned proceedings (the "TCC"), submits this omnibus reply (the "Reply") to the responses and objections received to confirmation of the *Joint Chapter 11 Plan of the Tort Claimants' Committee, the Official Committee of Unsecured Creditors, and Debtor* [D.I. 1739] (the "Plan") and respectfully states as follows.

**REPLY**

1. The TCC responds to the following objections, responses and reservations of rights in turn:

    i. *The United States Trustee's Limited Objection to the Joint Chapter 11 Plan of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor* [D.I. 1979] (the "U.S. Trustee's Limited Objection");

    ii. *Tennessee Department of Revenue's Objection to Confirmation of the Chapter 11 Plan* [D.I. 1978] (the "Tennessee Dep't of Rev. Objection");

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

1

      iii. *Lexington Insurance Company and National Union Fire Insurance Company of Pittsburgh, PA's Reservation of Rights to Joint Chapter 11 Plan of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor* [D.I. 1987] (the "Lexington Reservation"); and

      iv. *Response by Coverys Specialty Insurance Company to the Joint Chapter 11 Plan of the Tort Claimants' Committee, the Official Committee of Unsecured Creditors, and Debtor* [D.I. 1980] (the "Coverys Response" and together with the Lexington Reservation, the "Insurers' Reservations").

    2.    The U.S. Trustee's Limited Objection raises two objections to confirmation of the Plan: (i) that exculpation of the mediator is not permitted under applicable law; and (ii) a renewed objection to the opt-out release structure embodied in the Plan. In order to resolve the U.S. Trustee's objection to the scope of exculpation under the Plan, the TCC and the other Plan Proponents intend to file a modified version of the Plan ahead of the confirmation hearing that removes the mediator from the list of exculpated parties. In response to the U.S. Trustee's renewed objection to opt-out release structure embodied in the Plan, the TCC incorporates the arguments contained in its *Omnibus Reply in Support of the Joint Motion of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor for entry of an Order (I) Approving Disclosure Statement and Form and Manner of Notice of Hearing thereon, (II) Establishing Solicitation Procedures, (III) Approving Form and Manner of Notice to Claim Holders (IV) Approving Form of Ballots, (V) Approving Form, Manner, and Scope of Confirmation Notices, (VI) Establishing Certain Deadlines in Connection with Approval of Disclosure Statement and Confirmation of Plan, and (VII) Granting Related Relief* [D.I. 1793] as if fully restated herein.

    3.    The TCC and other Plan Proponents intend to file a modified version of the Plan ahead of the confirmation hearing that incorporates the language changes requested in the Tennessee Dep't of Rev. Objection.

4.	The TCC has shared and will continue to share copies of the proposed Confirmation Order and any modified version of the Plan with the insurers, consistent with the Insurers' Reservations, and do not believe there will be an objection raised by such insurers at the confirmation hearing.

5.	The TCC is continuing to work with other parties ahead of the confirmation hearing to resolve informal requests and responses to confirmation of the Plan. The TCC reserves all rights with respect to these requests and responses to confirmation of the Plan.

## CONCLUSION

6.	Based on the foregoing, the objections, reservations, and responses should be denied.

Dated: February 26, 2025
         New York, New York

/s/ Eric R. Goodman
Eric R. Goodman, Esquire
D. Cameron Moxley, Esquire
Gerard T. Cicero, Esquire
Susan Sieger-Grimm, Esquire
BROWN RUDNICK LLP
7 Times Square
New York, NY 10036
(212) 209-4800; (212) 209-4801 (f)
egoodman@brownrudnick.com
cmoxley@brownrudnick.com
gcicero@brownrudnick.com
ssieger-grimm@brownrudnick.com
*Co-Lead Counsel to the Tort Claimants' Committee*

Michael W. Zimmerman, Esquire
BERRY RIDDELL LLC
6750 E. Camelback Rd. Suite #100
Scottsdale, AZ 85251
(480) 385-2727
mz@berryriddell.com
*Co-Lead Counsel to the Tort Claimants' Committee*

## CERTIFICATE OF SERVICE

I certify that on February 26, 2025, I caused a true and correct copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Michael Zimmerman*
Michael W. Zimmerman