IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>TEHUM CARE SERVICES, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-90086 (CML) |

**DECLARATION OF DAVID BARTON IN SUPPORT OF CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF THE TORT CLAIMANTS' COMMITTEE, OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND DEBTOR**

I, David Barton, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am of legal age, and I am otherwise competent and capable of making this declaration. This declaration is based on my personal knowledge gained during my time serving as Chairperson for the Official Committee of Unsecured Creditors (the "UCC") along with my review of relevant pleadings and correspondence.

2. I submit this declaration in lieu of direct testimony on behalf of the UCC in support of confirmation of the *Joint Chapter 11 Plan of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor* [Docket No. 1739] (the "Plan") jointly proposed by the Tort Claimants' Committee (the "TCC"), the UCC, and the above-captioned Debtor (the "Debtor").

3. I submit this declaration to explain the negotiations that led to the jointly-proposed Plan and the reasons the UCC supports the Plan.

---

[1] The last four digits of the Debtor's federal tax identification number is 8853. The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

4.  I am Deputy General Counsel at St. Luke's Health System, Ltd. ("St. Luke's") in Boise, Idaho.

5.  St. Luke's is a creditor in this case and filed a proof of claim in the amount of $31,304,520.14.

6.  Soon after the UCC was formed by the United States Trustee on March 2, 2023, I began serving as its Interim Chair. On March 23, 2023, when the UCC's by-laws were finalized, I became its Chair and remain in that position.

7.  From the outset of this case, the UCC has been fighting for the rights of unsecured creditors. When the Debtor sought an insider loan to fund the proceedings, the UCC's objections and arguments prevented those insiders of the Debtor from receiving releases and other benefits, such as an interest in estate claims, in return for lending money. Following that victory, the UCC engaged in a lengthy and arduous investigation that resulted in the identification and development of estate claims with significant value against the Debtor's insiders, including the entity that loaned those funds.

8.  Those estate claims are being addressed in the Plan, which incorporates a settlement with a number of affiliates of the Debtor and associated individuals (the "Settling Parties"). That settlement was reached following a mediation that began in May 2024 involving the TCC, UCC, Debtor, and the Settling Parties. I was present by videoconference for significant portions of the mediation. The UCC was an active participant in that mediation and advocated vigorously on behalf of all unsecured creditors for a result that was a favorable settlement of estate claims and preserved meaningful recoveries for unsecured creditors.

9.  The parties were successful in reaching a settlement at that mediation, and the UCC and TCC worked with the Debtor as plan proponents to draft the Plan with the terms and processes

reflecting both the settlement and both Committees' focus on creating a framework that provides a fair, effective path for recovery for all unsecured creditors.

10. I and the UCC support the Plan because the funds made available in the Plan for unsecured creditors constitute a significant return for the estate claims being resolved against the Settling Parties and the best opportunity to get those funds into the hands of unsecured creditors. Additionally, the framework and structure of the Plan, which was created by the UCC and TCC as plan proponents, helps to avoid appellate or other legal issues because it offers a structure for releases and assertion of rights.

11. As to unsecured creditors' claims generally as well as the claim filed by St. Luke's specifically, I believe the Plan offers the best outcome for resolution. If approved, the Plan will end and/or avoid many years of litigation, and the Debtor and Settling Parties will be required to fund settlement trusts or risk losing valuable releases.

12. Pursuant to the procedures outlined in the Plan and its related documents, the UCC has elected Matt Dundon of Dundon Advisors to serve as trustee for the General Unsecured Creditors' Trust. The UCC believes Mr. Dundon has the requisite experience and qualifications to serve in that position.

13. For the foregoing reasons, I and the UCC support confirmation of the Plan.

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 27, 2025

By: _____*/s/ David Barton*_____
David Barton, in his capacity as Chair of the
Official Committee of Unsecured Creditors

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 27th day of February 2025, he caused a true and correct copy of the foregoing document to be served on all parties who have subscribed for electronic notice via the Court's CM-ECF Notification System.

*/s/ Nicholas Zluticky*
Nicholas Zluticky
