**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>TEHUM CARE SERVICES, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-90086 (CML) |

**DECLARATION OF NATHAN ALVAREZ IN SUPPORT OF CONFIRMATION OF
THE JOINT CHAPTER 11 PLAN OF THE TORT CLAIMANTS' COMMITTEE,
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND DEBTOR**

I, Nathan Alvarez, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.      I am thirty-two (32) years of age, and I am otherwise competent and capable of making this declaration. This declaration is based on my personal knowledge along with my review of relevant pleadings and correspondence.

2.      I submit this declaration in lieu of direct testimony on behalf of the Tort Claimants' Committee (the "**TCC**") in support of confirmation of the *Joint Chapter 11 Plan of the Tort Claimants' Committee, Official Committee of Unsecured Creditors, and Debtor* [Docket No. 1739] (the "**Plan**") jointly proposed by the TCC, the Official Committee of Unsecured Creditors ("**UCC**"), and the above-captioned Debtor (the "**Debtor**").

3.      I submit this declaration to explain the history of the TCC's efforts to formulate the Plan. The Plan presents tort claimants with an opportunity to elect to receive fair and reasonable compensation for their allowed claims in the near term from a settlement trust, and possibly from insurance, or tort claimants can opt-out of receiving any payment from a settlement trust to litigate

---

[1]     The last four digits of the Debtor's federal tax identification number is 8853.  The Debtor's service address is: 205 Powell Place, Suite 104, Brentwood, Tennessee 37027.

their personal injury and wrongful death claims against non-Debtor defendants in the civil justice system.

4.      I am a personal injury claimant that was refused basic healthcare after my leg was broken while I was in custody. My leg healed improperly because I was denied necessary medical care, and I am now left permanently injured. I will need surgery that I understand will cost around $200,000 to re-break and mend my leg. Given the extent of my leg injury, there is a risk that surgery may not be entirely successful, and it will require up to two years for recovery. Surgery and recovery will also interfere with the time I have to spend with my young daughter and son.

5.      My claims against the Debtor *fdba* Corizon Health Services, Inc., were filed on February 13, 2021. My case was being actively litigated in the civil justice system before the Debtor's divisional merger and before the Debtor filed bankruptcy.

6.      I filed a Proof of Claim in the case after the Debtor filed for bankruptcy relief.

7.      I did not support the settlement proposal that was the result of the first mediation in this case that was held in August 2023 among the Debtor, the UCC, and the "**Settling Parties**," which include YesCare Corp., and its wholly owned subsidiaries (including CHS TX, Inc.), Geneva Consulting, LLC, Perigrove 1018, LLC Perigrove, LLC, M2 HoldCo, LLC, M2 LoanCo, LLC, and PharmaCorr. The parties abandoned the first settlement proposal.

8.      The TCC was formed on November 21, 2023. I am a proud member and a Co-Chair of the TCC. I participated in the second mediation with the TCC, UCC, Debtor and the Settling Parties that was held in December 2023 (the "**Second Mediation**"). The UCC, the Debtor, and the Settling Parties reached an agreement for a proposed global settlement at the Second Mediation, but the TCC unanimously opposed that settlement proposal.

4908-0522-1921

9.      The TCC opposed the Rule 9019 Moton to Approve the Settlement arising out of the Second Mediation. The TCC fought for the dismissal of this Chapter 11 Case and opposed the Rule 9019 settlement proposed by the Debtor and the UCC.

10.      After the Bankruptcy Court rejected the Rule 9019 settlement proposal advanced by the Debtor and UCC, and denied the TCC's Motion to Dismiss, the TCC, UCC, Debtor, and the Settling Parties participated in a third meditation that started in May 2024 (the "**Third Mediation**"). In the Third Mediation, the TCC, the UCC, and the Debtor worked diligently through multiple mediation sessions to negotiate terms of a settlement that is favorable and ensures meaningful recoveries for tort claimants like me, and other creditors.

11.      The Third Mediation was successful and resulted the terms reflected in the Plan. It is my firm belief that that TCC's commitment and strong advocacy led to this Plan and a favorable outcome for tort claimants like me. Nearly all of the tort claimants like me voted to approve the Plan. Based on my work with the TCC, it is my firm conviction that the TCC efforts played the most significant role in negotiating the settlement framework and the Plan.

12.      I support the Plan because after years of hard-fought litigation the Plan provides me with a clear path for cash recovery in the near term in exchange for the release of my claims against the Debtor, the Settling Parties, their non-debtor insiders and affiliates. My fellow members of the TCC similarly support confirmation of the Plan.

13.      If approved, the Plan will provide significant value through cash, release of claims against the Debtor, rights to tax credits, refunds, and other bankruptcy estate causes of action. Tort claimants like me that participate in the settlement trust will retain the right to pursue co-liable parties, but not the Settling Parties, non-debtor insiders, and affiliates. The Plan also presents tort claimants with the invaluable right to choose to opt-out of receiving any payment from a settlement

4908-0522-1921

trust to litigate their personal injury and wrongful death claims against non-Debtor defendants in the civil justice system.

14.     Although no amount of money will adequately compensate me for the pain and injury that I have suffered, but I support confirmation of the Plan. If approved, the Plan will end many years of litigation, and the Debtor and Settling Parties will be required to fund settlement trusts or risk losing the releases. Also, if the Plan is approved, I expect to receive compensation for my injury that may provide me with money to pay for surgery to repair my leg. Surgery may increase my mobility as work to support and care for my young family.

15.     For the foregoing reasons, and on behalf of the TCC, we unanimously support confirmation of the Plan.

16.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: February 27, 2025

By:     _/s/ Nathan Alvarez_____
          Nathan Alvarez, in his capacity as Co-Chair
          of the Tort Claimants' Committee

4908-0522-1921