IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TEHUM CARE SERVICES, INC., | Case No. 23-90086 (CML) |
| Debtor. | |

**MOTION FOR LEAVE TO FILE SUR REPLY AND SUR REPLY OF YESCARE CORP., CHS TX., INC. AND CORIZON HEALTH OF NEW MEXICO TO THE MOTION BY VINCENT WARD (PERSONAL REPRESENTATIVE OF THE WRONGFUL DEATH ESTATE OF LEON CASIQUITO) FOR DETERMINATION THAT THEY ARE NOT RELEASED IN THEIR OBLIGATIONS TO WARD BY THE CONFIRMATION ORDER AND PLAN AND IN RESPONSE TO THE PI/WD TRUSTEE'S RESPONSE TO MR. WARD'S MOTION**

YesCare Corp., CHS TX., Inc. and Corizon Health of New Mexico ("CHNM") (collectively, "Released Parties") respectfully seek leave to file this three-page Sur Reply limited to addressing CHNM because CHNM is the subject of new arguments raised by Mr. Ward for the first time in his Reply and in the PI/WD Trustee's Response to Mr. Ward's motion. The Court should reject these arguments and deny Mr. Ward's motion in its entirety.

The **only** argument that Mr. Ward raised in his motion was that he supposedly did not have notice of the impact of the Plan on his pre-Effective Date settlement with the Released Parties (and the Debtor) because he did not receive the Solicitation Package in the mail. The Released Parties rely on their Response to explain why that argument has no merit given Mr. Ward's actual knowledge of the bankruptcy while suing the Debtor and given his attempt to bind the Debtor to a payment obligation in the Settlement Agreement before the Confirmation Hearing. In his Reply, amongst a kitchen sink of meritless arguments, Mr. Ward argues for the first time that CHNM is

1

not included within the Plan's definition of "Released Parties" because CHNM is not mentioned by name. The PI/WD Trustee's Response to Mr. Ward's motion—which opposes Mr. Ward's requested relief—also opines without any analysis that CHNM is not included as a "Released Party."[1] The Court should reject this argument because (1) Mr. Ward waived it, and (2) CHNM is included within the definition of Released Party by the plan language in the Plan.

First, Mr. Ward waived any argument that CHNM is not a "Released Party" because his motion never raised this argument. "Failure to raise an argument in a motion waives the argument; raising it for the first time in a reply memorandum is too late." *Ramos v. Erwin*, 723 F. Supp. 3d 529, 540, n.4 (S.D. Tex. 2024), aff'd, No. 24-20164, 2024 WL 5040984 (5th Cir. Dec. 9, 2024). His motion did not argue that the Plan precluded enforcement of the Settlement Agreement on its terms. Accordingly, he cannot now argue that the Plan does not apply to CHNM.

Second, even if the Court were to consider this new argument, the Court should hold that CHNM is included within the Plan's definition of "Released Parties" by its plain language.[2] The Plan defines a "Released Party" to include the "Settlement Parties." (Plan at ¶175(j)). The Plan defines "Settlement Parties" to include "collectively, YesCare Corp., its wholly owned subsidiaries (including CHS TX, Inc.)." (Plan at Art.I, ¶ 182). CHNM is a wholly owned indirect subsidiary of YesCare Corp. because YesCare Corp. is the sole owner of CHS TX, Inc. CHNM became wholly owned by CHS TX, Inc. ("NewCo.") because of the Divisional Merger. *See* Doc. 63, Ex. 1 (Divisional Merger Plan, Schedule 3.01 ("100% of the membership interests in Corizon Health

---

[1] The PI/WD Trustee has no stake in the lack of enforceability of a pre-Effective Date settlement agreement. The Court should not give this conclusory opinion any weight.

[2] Non-opt out claimants like Mr. Ward who are subject to the Channeling Injunction cannot pursue claims against the Released Parties in court while the Channeling Injunction remains in effect.

of New Mexico, LLC" to NewCo.); Schedule 4.01(a)(NC)-NewCo. (listing Mr. Casiquito's lawsuit)). The Plan's broad definition of "Released Parties" does not limit "wholly owned subsidiaries" to "wholly owned direct but not wholly owned indirect subsidiaries." Mr. Ward's further argument that non-Debtors should not benefit from the Channeling Injunction and Releases directly conflicts with the Confirmation Order.

The Divisional Merger Plan has been docketed since March 1, 2023, which means Mr. Ward could have understood CHNM's subsidiary relationship with YesCare Corp. while the Debtor was still a defendant in his lawsuit, when he sued CHNM, when the Plan was available, when he tried to bind the Debtor to the settlement, or any time before the Confirmation Hearing had he ever done anything to investigate the impact of the bankruptcy on his claims. (Doc. 63, Ex. 1.) Accordingly, for all the reasons stated in its Response and herein, Defendants request that the Court issue an order denying Movant's motion in its entirety.

Dated: April 21, 2025                           Respectfully submitted,


                                                */s/ Trevor W. Carolan*
                                                Trevor W. Carolan
                                                Texas Bar No.: 24128898
                                                SDTX Bar No. 3794850
                                                **BOWMAN AND BROOKE LLP**
                                                5850 Granite Parkway, Suite 900
                                                Plano, TX 75024
                                                (972) 616-1700 (Telephone)
                                                Trevor.carolan@bowmanandbrooke.com

                                                Adam M. Masin
                                                *Pro Hac Vice pending*
                                                **BOWMAN AND BROOKE LLP**
                                                750 Lexington Avenue
                                                New York, NY 10022
                                                (646) 844-9252 (Telephone)
                                                Adam.masin@bowmanandbrooke.com

                                                ***Attorneys for YesCare Corp.,***
                                                ***CHS TX, Inc. and CHNM***

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 21st day of April 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served using the CM/ECF system. In addition, a true and correct copy has been electronically mailed to the following:

Rachel Higgins
rachel@rachelhigginslaw.com

                                                  */s/ Trevor W. Carolan*