# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WELLPATH HOLDINGS, INC., *et al.*, | Case No. 23-90086 (CML) |
| Debtors. | (Jointly Administered) |

## MOTION FOR LEAVE TO FILE AMICI CURIAE'S BRIEF IN SUPPORT OF TORT OBJECTORS [DKT. NO. 2366]

Worth Rises and Public Justice (together, the "proposed amici"), by and through undersigned counsel, hereby move for leave to file an amicus curiae brief in this case.

"The decision whether to permit a person to appear as amicus curiae is committed to the Court's discretion." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 550 B.R. 241, 256 (Bankr. S.D.N.Y. 2016); *see also In re Ginaldi*, 463 B.R. 314, 316 (Bankr. E.D. Pa. 2011) (recognizing bankruptcy court has "broad discretion to permit an amicus curiae to participate in a pending action"); *In re Edison Mission Energy*, 610 B.R. 871, 878 (Bankr. N.D. Ill. 2020) (same); *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) (same).

Although there is no rule in the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules of this Court governing the appearance of amicus curiae in these proceedings, Federal Rule of Appellate Procedure 29

provides that a motion for leave to appear as amicus curiae "must be accompanied by the proposed brief and (A) state the movant's interest and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." F.R.A.P. 29(a)(3). The Fifth Circuit, in the context of a bankruptcy case, has explained:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). The Fifth Circuit has also explained that courts would be "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted" because "if a good brief is rejected," the court "will be deprived of a resource that might have been of assistance." *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021). Here, the proposed amicus curiae brief satisfies the conditions set forth in Federal Rule of Appellate Procedure 29.

**<u>Interests of Proposed Amici</u>**

Proposed amici have a strong interest in this case. They are nonprofit organizations whose mission is to ensure that corporations are held accountable when they harm people. This mission includes ensuring that the bankruptcy process does not become a tool for corporations to evade accountability for civil rights abuses.

2

**Worth Rises** is a national non-profit advocacy organization dedicated to dismantling the prison industry and ending the exploitation of those it touches.[1] The organization is a leading expert on the prison industry and the ways it exploits and harms incarcerated people, their families, and our communities at large. It studies, documents, and organizes against the commercialization of the U.S. carceral system, including the entities that profit from incarceration and related industries. The organization also regularly engages with impacted communities and aims to ensure incarcerated people receive necessary redress when they have received substandard medical care.

**Public Justice** is a national public interest legal organization that specializes in precedent-setting, socially significant civil litigation, with a focus on fighting corporate and governmental misconduct. The organization maintains an Access to Justice Project that pursues litigation and advocacy efforts to remove procedural obstacles that unduly restrict the ability of consumers, workers, and people whose civil rights have been violated to seek redress in the civil court system. Public Justice has engaged in significant advocacy efforts to prevent abuse of the bankruptcy system to evade civil liability, which hinders and delays justice for survivors of corporate wrongdoing. For example, Public Justice has authored multiple amici curiae briefs urging bankruptcy courts to prevent corporations from using the "Texas

---

[1] Worth Rises is a 501(c)(3) nonprofit organization and is not a publicly held corporation. Accordingly, Worth Rises does not have any parent corporation, and has no shares owned by any publicly held corporation. Further, no party's counsel authored this brief in whole or in part, no party or party's counsel contributed money intended to fund this brief, and no person other than amicus, their members, and their counsel contributed money to fund this brief.

3

Two-Step" to avoid tort liability, including in the *In Re Tehum* proceedings in this Court.

**Desirability and Relevance**

The proposed amicus curiae brief is also desirable and relevant because it presents unique information or a unique perspective that can aid the court in considering whether Wellpath's Plan should be confirmed. *See In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) ("[a]n amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.") The primary purpose of the brief is to explain why Wellpath's business practices will continue to result in the accrual of significant tort liability. The brief also makes arguments regarding the public policy consequences plan confirmation could trigger. Accordingly, proposed amici's brief is desirable and relevant.

## CONCLUSION

For the foregoing reasons, proposed amici respectfully submit that the attached proposed amicus curiae brief satisfies the standard in Federal Rule of Appellate Procedure 29, and request the Court exercise its discretion to accept this brief.

Dated: April 22, 2025          Submitted,

/s/ *Jaqueline Aranda Osorno*

Jaqueline Aranda Osorno
PUBLIC JUSTICE
1620 L St. NW, Suite 630
Washington, DC 20036

(202) 797-8600
jaosorno@publicjustice.net

*Counsel for Amici Curiae*

**Certificate of Service**

  I hereby certify that a true and correct copy of the foregoing was served on April 22, 2025, via this Court's electronic case filing (ECF) system on all parties receiving ECF notices in this case.

*/s/ Jaqueline Aranda Osorno*
Jaqueline Aranda Osorno
