United States Courts
Southern District of Texas
FILED

AUG 04 2025

Nathan Ochsner, Clerk of Court

In The United State Bankruptcy Court

For The Southern District of Texas

Houston Division

IN Re: Tehum Care Service, Inc.   Chapter 11

Debtor   Case No. 23-90086 (CML)

---

**Evidentiary Brief in Opposition to YesCare Corp.'s Motion for Injunctive Relief**

This brief outlines the evidentiary basis for denying YesCare Corp.'s omnibus motion to enjoin plaintiffs from prosecuting civil claims against non-debtor parties. The motion seeks relief beyond the scope of the confirmed Chapter 11 Plan and fails to satisfy the legal and factual perquisites for injunctive protection. Thurman R. Watson, Plaintiff (Watson v YesCare Corp., et al. Case No. 123-cv-03520-LKG (D. Md))

**Factual Record Supporting Opposition**

A. Lack of Adequate Notice to Objecting Plaintiffs
Evidence of objections, suggest that some incarcerated plaintiffs did not receive timely or sufficient notice of the Plan, release and or opt-out-rights. YesCare has failed to present proof that affected plaintiffs received actual notice of the Plan, opt-out deadlines, or release provisions. Reliance on publication notice is insufficient under Mullane v Central Hanover Bank, 339 U.S. 306 (1950).

B. Unmet Conditions Precedent for Release
Article IV.B.I of the Plan states that release and injunctions do not take effect until final payment of all settlement installments. As of this filing, **final payment has not been completed,** rendering release **unenforceable.**

C. Active Litigation Against YesCare
Objecting Plaintiffs are pursuing claims solely against YesCare and its affiliates, not the Debtor. YesCare has actively participated in these proceedings, including filing answers and motions, without asserting bankruptcy protections.

D. Opt-Out Rights preserved

The Plan explicitly allows claimants to opt out and pursue litigation against non-debtor parties. Plaintiffs who opted out or who were denied meaningful notice, retain their right to pursue litigation against YesCare under Article IV.F.I.c of the Plan.

**Legal Deficiencies in YesCare's Motion**

A. The motion seeks to enjoin claims beyond those covered by the "Consensual Claimant Release" and "Channeled Claims" definition in the Plan. Plaintiffs who did not consent cannot be bound by the injunction under prevailing due process standards (*Mullane v Central Hanover Bank, 339 U.S. 306*).

B. YesCare has not shown that litigation against it would impair Tehum's reorganization nor has it established a sufficient identity of interest to warrant third=party protection under 105(a).

C. Injunctive relief would deprive plaintiffs of their jury trial rights and access to state courts for personal injury and 1983 claims. Courts have consistently rejected non-consensual third-party releases absent compelling justification (*In re Purdue Pharma, In re Millennium Lab*)

**Summary**

The Plan permits opt-outs, preserves non-debtors' liability exposure, and conditions releases on future payments. Courts have held that non-consensual releases require exceptional justification and strict adherence to due process. See In re Purdue Pharma, L.P., 69 F.4th 45 (2d Cir. 2023)

WHEREFORE, Thurman R. Watson, Plaintiff respectfully request that this Court:

1. Deny YesCare's Motion for Injunctive Relief as to any plaintiff who did not receive actual notice or failed to consent.
2. Require YesCare to produce individualized evidence of notice and consent
3. Uphold the Plan's opt-out provisions and protect preserved litigation rights.
4. Grant such other and further relief as is just and proper.

Respectfully Submited *[signature]*     July 30. 2025

Thurman R. Watson 1889 Addison Road S, District Heights, Md 20747